IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAULINE STONEHILL, Co-executor and  )
Co-special administrator of the Estate of Harry )
S. Stonehill,                                    )
Calle Guillermo Tell 14                          )
Churriana 29140 Malaga, ESP                      )        Case No. _____
                                                 )
         **Plaintiff,**                          )
                                                 )
v.                                               )
                                                 )
**INTERNAL REVENUE SERVICE**                     )
1111 Constitution Avenue, N.W.                   )
Washington, D.C. 20224                           )
                                                 )
         **Defendant.**                          )
                                                 )
_____        )

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Pauline Stonehill, Co-executor and Co-special administrator of the Estate of Harry S. Stonehill ("Stonehill"), for her Complaint for Injunctive Relief against Defendant, Internal Revenue Service ("IRS"), alleges as follows:

### Nature of Action

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to obtain agency records related to Stonehill that the IRS has improperly withheld.

### Jurisdiction and Venue

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

3. Venue in this District is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

**Parties**

4.  Plaintiff Pauline Stonehill is the Co-executor and Co-special administrator of the Estate of Harry S. Stonehill, and she resides at Calle Guillermo Tell 14, Churriana 29140, Malaga, Spain.

5.  The Internal Revenue Service ("IRS") is the agency that has wrongfully withheld the documents at issue, and it has headquarters in the District of Columbia.

**The Original Tax Proceedings**

6.  In 1962, Philippine authorities conducted warrantless raids of Stonehill's Philippine enterprises.

7.  The Philippine government then provided seized documents to the United States, and the United States used these materials to commence both civil and criminal tax proceedings against Stonehill.

8.  The criminal tax proceedings ended in an acquittal following a bench trial.

9.  In the civil tax litigation, Stonehill moved to suppress the seized documents on the theory that the United States, acting without a warrant, actually instigated and helped plan the raids in violation of the Fourth Amendment to the United States Constitution.

10. The Government vehemently denied these charges to both the United States District Court for the Central District of California and the United States Court of Appeals for the Ninth Circuit.

11. The Government further represented to the Ninth Circuit that "[e]very piece of relevant correspondence, memoranda, cablegrams, etc. whose existence has been identified in either the extensive discovery conducted on behalf of the taxpayers or at the trial have been produced."

12. In reliance on Government representations, a divided Ninth Circuit panel found that the Government did not instigate or help plan the raids. See Stonehill v. United States, 405 F.2d 738 (9th Cir. 1968).

13. The dissenting Judge concluded that, despite Government representations otherwise, the evidence indicated that the Government instigated and helped plan the raids without a warrant, thereby rendering the search illegal. See id. (Browning, J., dissenting).

14. The Government ultimately obtained a tax judgment against Stonehill in 1984 and receivership proceedings continued for twelve years thereafter.

### FOIA Request No. 99-12084 and the Rule 60(b) Proceedings

15. On July 10, 1998, Stonehill filed FOIA Request No. 99-12084 with the IRS seeking "all records, files, hearing transcripts, notes or memoranda of meetings or telephone conversations, and other data in your possession, custody, or control pertaining to Robert P. Brooks [and] Harry S. Stonehill[.]"

16. Stonehill also filed FOIA requests with the State Department, Federal Bureau of Investigation ("FBI") and the Tax Division of the Department of Justice ("DOJ") on July 10, 1998.

17. In December 1998, the IRS produced five documents responsive to Request No. 99-12084.

18. On August 14, 2000, Stonehill filed FOIA complaints against the FBI and DOJ seeking documents that these agencies had withheld.

19. In response, the FBI and DOJ released documents containing evidence that two key Government agents, Robert Chandler and Robert Hawley, lied when testifying during the suppression hearings.

3

20. On October 2, 2000, pursuant to Federal Rule of Civil Procedure 60(b), Stonehill moved to set aside the judgment.

21. On March 15, 2001, Stonehill filed a renewed request with the IRS for documents responsive to Request No. 99-12084.

22. On May 18, 2001, 1999, after briefing had been completed in the Rule 60(b) proceeding, the IRS located eight boxes of documents responsive to Request No. 99-12084 and produced them over the next several months.

23. On August 28, 2001, while Stonehill reviewed the eight newly-discovered boxes of IRS documents, the court denied Stonehill's Rule 60(b) motion.

24. On September 28, 2001, the IRS announced that it had located eighty-six additional boxes of documents responsive to Request No. 99-12084.

25. During the pendency of Stonehill's appeal of the court's denial of his Rule 60(b) motion, the IRS slowly released documents from the eighty-four box set.

26. The new material included various "smoking gun" documents including, among other things, a folder of photographs of the raid locations containing handwritten instructions from both Chandler and Philippine agent Jose Lukban; a memorandum from an IRS official, Sterling Powers, confirming that Chandler prepared the folder specifically for Philippine authorities to use (the "Powers Memorandum"); and a note from Powers directing that the Department of Justice attorney litigating the suppression issue receive a copy of the Powers Memorandum.

27. In addition to the many remarkable documents the IRS did release, the Government still refused to produce many of the remaining documents from the new eighty-four box set.

28. Before the Ninth Circuit, the Government advanced various "alternative" bases to support the district court's decision not to set aside the judgment, including that (a) Stonehill had no "subjective expectation of privacy in the area[s] searched" during the raids; (b) the exclusionary rule did not apply for other reasons, including the "good faith exception"; and that (c) Stonehill's motion to vacate was untimely.

29. The Ninth Circuit rejected all of the Government's "alternative" bases for affirmance, vacated the order denying Stonehill's Rule 60(b) motion, and remanded the case for additional discovery. See United States v. Stonehill, No. 01-3593, 2002 U.S. App. LEXIS 26417 (9th Cir. Dec. 19, 2002).

**Post-Remand Discovery and the IRS' Refusal To Release Certain Documents**

30. Following the remand, over a two-year period, the DOJ Tax Division produced numerous irrelevant financial documents from the eighty-four box set along with nine separate privilege logs asserting numerous alleged bases for withholding the remaining material, including various "national security"-related privileges.

31. Additionally, on November 26, 2002, the IRS issued a final decision withholding documents pursuant to the attorney work-product and attorney-client privilege, the so-called "executive" or deliberative process" privilege (5 U.S.C. §552(b)(5)), privacy interests (5 U.S.C. § 552(b)(7)(c)), protection of confidential sources (5 U.S.C. § 552(b)(7)(d)), and third-party taxpayer information (5 U.S.C. § 552(b)(3)).

32. On December 30, 2002, Stonehill appealed the November 26, 2002 IRS decision.

33. On June 17, 2003, the IRS Office of General Appeals issued a partial determination affirming the IRS Disclosure Officer's to withhold documents pursuant to 5 U.S.C. §§ (b)(5), (b)(7)(C) and (b)(7)(D).

34. The June 17, 2003 IRS partial determination did not address two boxes of material (hereinafter the "6103 Documents") responsive to FOIA Request No. 12084 and withheld only under 5 U.S.C. §552(b)(3) and 26 U.S.C. § 6103, because the IRS Disclosure Office had not provided that material to the IRS Appeals Officer.

35. With respect to the 6103 Documents, the IRS withheld their contents from Stonehill exclusively based on privacy concerns pursuant to 5 U.S.C. § 552(b)(3) (FOIA Exception 3) and 26 U.S.C. § 6103, because the 6103 Documents allegedly contain information about other taxpayers.

36. The IRS raised no other privileges or objections to releasing the 6103 Documents.

37. On September 5, 2003, the IRS FOIA Appeals Office "decline[d] concurrent review of the issues you raised in your FOIA appeal while a Federal Court has jurisdiction over the potential release of the identical material you sought to access pursuant to your request under the FOIA."

38. On November 5, 2003, Stonehill strenuously objected to the IRS' decision to "decline concurrent review" because the existence of an active Rule 60(b) proceeding does not absolve the IRS of its responsibilities under FOIA.

39. In the Rule 60(b) proceeding, on December 19, 2003, the district court ordered the Government to produce various still-withheld documents, including the 6103 Documents responsive to FOIA Request No. 99-12084 and at issue here.

40. On March 8, 2004, the IRS issued a "final determination" in which it refused to produce the 6103 Documents.

41. On April 15, 2004, before the Government had produced documents in accordance with the district court's December 19, 2003 order, the district court reconsidered its decision.

42. The parties spent approximately two years briefing discovery-related issues concerning the Government's obligation to produce the remaining documents from the boxes identified as responsive to FOIA Request No. 99-12084, including the two-box set of 6103 Documents.

43. On December 20, 2005, the district court granted in part and denied in part Stonehill's omnibus motion to compel.

44. The district court denied Stonehill's motion to compel with respect to the 6103 Documents because Stonehill had allegedly failed to show that the 6103 Documents were "likely to lead to admissible evidence" in the Rule 60(b) proceeding, and thus were irrelevant.

45. Relevance, however, is not a basis for withholding documents under FOIA, and on March 9, 2006, Stonehill asked the IRS to reconsider his FOIA appeal.

**The IRS' Refusal To Reconsider Stonehill's FOIA Appeal Despite a 6103 Release**

46. Some of the documents the IRS released in 2002 raised significant questions about how one of Stonehill's attorneys, William W. Saunders, Sr. ("Saunders"), represented Stonehill during the Government's original tax investigation.

47. These documents led to a malpractice action against Saunders' estate now pending in Hawaii state court. See Complaint, Stonehill v. Estate of William W. Saunders, No. 04-1-1747-09 (filed Haw. Cir. Ct. Sept. 24, 2004).

48. On information and belief, a significant number of the 6103 Documents relate to Saunders.

49. Saunders' son, William W. Saunders, Jr., is heavily involved in the litigation and believes the 6103 Documents will exonerate his father.

50. On February 17, 2006, William W. Saunders, Jr. provided Stonehill with an executed IRS Form 8821, which is the IRS standard-form release waiving any privacy right pursuant to 26 U.S.C. § 6103.

51. William W. Saunders, Jr. also provided Stonehill with a "Document Release Authorization" expressly authorizing the release to Stonehill of all documents responsive to FOIA Request No. 99-12084 that relate to Saunders.

52. William W. Saunders, Jr. further provided Stonehill with Letters Testamentary establishing that he is the authorized representative of his father's estate.

53. On March 9, 2006, Stonehill provided the executed IRS Form 8821, the Document Release Authorization, and the Letters Testamentary to the IRS FOIA Appeals Office, and asked that the IRS produce those 6103 Documents related to Saunders.

54. The IRS refused to consider these materials.

55. The IRS improperly continues to withhold the 6103 Documents responsive to FOIA Request No. 99-12084 and related to Saunders exclusively on the basis of privacy interests that 26 U.S.C. § 6103 allegedly protects, although Saunders' estate has waived all privacy rights with respect to these documents.

## COUNT ONE: VIOLATION OF FOIA

56. Plaintiff repeats, realleges, and incorporates as if fully set forth herein the allegations set forth in Paragraphs One through Fifty-Five.

57. Under 5 U.S.C. § 552(a)(3), Stonehill has a right of access to the 6103 Documents responsive to FOIA Request No. 99-12084 and related to Saunders.

58.   There is no legal basis for the IRS' denial of such access.

WHEREFORE, Plaintiff requests that this Court enter a judgment in his favor as follows:

A.   Order the IRS to make available to Plaintiff all documents responsive to FOIA Request No. 99-12084 that relate to William W. Saunders, Sr.;

B.   Pursuant to 5 U.S.C. § 552(a)(4)(E), award Plaintiff costs and reasonable attorneys' fees in this action.

C.   Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____
John R. Gerstein (D.C. Bar. No. 913228)
Robert E. Heggestad (D.C. Bar. No. 953380)
Jonathan Cohen (D.C. Bar. No. 483454)
ROSS, DIXON & BELL, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040
(202) 662-2000

Attorneys for Plaintiff

Date:   March 31, 2006