IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAULINE STONEHILL, Co-executor )
and Co-special administrator of the )
Estate of Harry S. Stonehill, )
)
      Plaintiff, )
)
v. )   NO. 1:06-cv-00599 JDB
)
INTERNAL REVENUE SERVICE, )
)
      Defendant. )

## ANSWER

DEFENDANT, the Internal Revenue Service, answers and responds to plaintiff's Complaint for Injunctive Relief as follows:

FIRST DEFENSE

Plaintiff is not entitled to its costs or attorneys' fees.

SECOND DEFENSE

FOR ITS FURTHER ANSWER, the Internal Revenue Service answers the enumerated paragraphs of the Complaint for Declaratory and Injunctive Relief as follows:

    1. This is a characterization of Plaintiff's complaint to which no response is required. To the extent a response is required, the Service denies the allegations of paragraph 1.

    2. The Service admits the allegations contained in paragraph 2.

3. The Service admits the allegations contained in paragraph 3.

4. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. The Service admits that the Internal Revenue Service is an agency with its national headquarters in Washington D.C. The Service denies the remainder of the allegations contained in paragraph 5.

6. The Service is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. The Service is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. The Service is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. The Service is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. The Service is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. The Service is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. The Service is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. The Service is presently without knowledge or information sufficient

...

to form a belief as to the truth of the allegations contained in paragraph 13.

14. The Service is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. The Service admits the allegations contained in paragraph 15.

16. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. The Service admits that it produced documents responsive to the FOIA request. The Service is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in remainder of paragraph 17.

18. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. The Service is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21. The Service admits the allegations contained in paragraph 21.

22. The Service admits that it initially located eight boxes responsive to Request No. 99-12084. The Service is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 22.

23. The Service admits that Mr. Heggestad, attorney for Stonehill, was permitted to review the documents contained in the eight boxes that were subject to disclosure. The Service is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 23.

24. The Service admits that it located an additional eighty-six boxes of documents. The Service is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 24.

25. The Service admits that it released documents from the eight-four boxes that were not subject to withholding. The Service is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 25.

26. This paragraph contains a characterization of the documents as "smoking gun documents" to which no response is required. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. The Service admits that it withheld certain documents. The Service is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 27.

28. The Service is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 28.

29. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. The Service admits the allegations contained in paragraph 31.

32. The Service admits the allegations contained in paragraph 32.

33. The Service admits the allegations contained in paragraph 33.

34. The Service admits that it issued a partial determination response on June 17, 2003 that did not address potentially responsive documents contained within two boxes withheld under 5 U.S.C. §552(b)(3) and 26 U.S.C. §6103. The Service is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 34.

35. The Service admits it withheld documents under statutes 5 U.S.C. §552(b)(3) and 26 U.S.C. §6103 because they contain the return information of taxpayers other than plaintiff. The Service denies the remainder of the allegations contained in paragraph 35.

36. The Service admits the allegations contained in paragraph 36.

37. The Service admits the allegations contained in paragraph 37.

38. The Service admits that it received a letter dated September 5, 2003, in which Stonehill objected to the Service's refusal to review the documents

concurrently. The Service denies the remainder of the allegations contained in paragraph 38.

39. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40. The Service admits the allegations contained in paragraph 40.

41. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

42. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

43. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45. The Service admits that relevance is not a basis for withholding documents under the FOIA. The Service is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 45.

46. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48.

49. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49.

50. The Service admits that IRS Form 8821, Tax Information Authorization, is the standard release form for consent to release of taxpayer's information to a third party. The Service is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 50.

51. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51.

52. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

53. The Service admits that it received the IRS Form 8821, the Document Release Authorization and the Letters Testamentary. The Service is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 53.

54. The Service denies the allegations contained in paragraph 54.

55. The Service admits that pursuant to 5 U.S.C. §552(b)(3) and 26 U.S.C. §6103, it continues to withhold documents consisting of the return information of

one or more third-parties that are responsive to plaintiff's FOIA request dated July 10, 1998. The Service is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 55.

56. This paragraph incorporates the preceding paragraphs; therefore, the Service incorporates the same responses.

57. The Service admits that plaintiff has a right to certain documents that are the return information of one or more third-parties pursuant to 5 U.S.C. §552(a)(3) and Form 8821. The Service denies the remainder of the allegations contained in paragraph 57.

58. The Service denies the allegations contained in paragraph 58.

WHEREFORE, the Internal Revenue Service prays that this Court enter an order:

A. Dismissing this action with prejudice; and

B. Awarding such other and further relief as is just and proper in the circumstances.

//
//
//
//
//

Dated: June 8, 2006.

/s/ Brittney N. Campbell
BRITTNEY N. CAMPBELL
DAVID M. KATINSKY
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6435

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that the foregoing ANSWER was caused to be served this 8th day of June, 2006, by depositing a true and correct copy thereof in the United States mail, postage prepaid, addressed as follows:

>John R. Gerstein
>Robert E. Heggestad
>Jonathan Cohen
>Ross, Dixon & Bell, LLP
>2001 K Street, N.W.
>Washington, D.C. 20006-1040

>/s/ Brittney N. Campbell
>BRITTNEY N. CAMPBELL