IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAULINE STONEHILL, Co-executor )
and Co-special administrator of the )
Estate of Harry S. Stonehill, )
                                         )
        Plaintiff, )
                                         )
    v. )    NO. 1:06-cv-00599 JDB
                                         )
INTERNAL REVENUE SERVICE, )
                                         )
        Defendant. )

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

DEFENDANT, the Internal Revenue Service, answers and responds to plaintiff's First Amended Complaint for Injunctive Relief as follows:

FIRST DEFENSE

Certain documents responsive to plaintiff's FOIA request are exempt from disclosure under 5 U.S.C. §552(b).

SECOND DEFENSE

The Service has released all responsive documents previously withheld pursuant to 5 U.S.C. §552(b)(3) in conjunction with 26 U.S.C. §6103 concerning William W. Saunders Sr.

THIRD DEFENSE

Plaintiff is not entitled to his costs or attorneys' fees.

FOURTH DEFENSE

Plaintiff is not entitled to further or other equitable relief.

FIFTH DEFENSE

FOR ITS FURTHER ANSWER, the Internal Revenue Service answers the enumerated paragraphs of the First Amended Complaint for Injunctive Relief as follows:

1.  This is a characterization of plaintiff's complaint to which no response is required.  To the extent a response is required, the Service denies the allegations of paragraph 1.

2.  The Service admits the allegations contained in paragraph 2.

3.  The Service admits the allegations contained in paragraph 3.

4.  The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5.  The Service admits that the Internal Revenue Service is an agency with its national headquarters in Washington D.C.  The Service denies the remainder of the allegations contained in paragraph 5.

6.  The Service is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7.  The Service is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8.  The Service is presently without knowledge or information sufficient to form

a belief as to the truth of the allegations contained in paragraph 8.

9.  The Service is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10.  The Service is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11.  The Service is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12.  The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.  The Service admits that Judge Browning dissented from the majority opinion and opined that the search was in violation of the Fourth Amendment.  The Service denies the remainder of the allegations contained in paragraph 13.

14.  The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15.  The Service admits the allegations contained in paragraph 15.

16.  The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17.  The Service admits that it produced documents responsive to the FOIA request.  The Service is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in remainder of paragraph 17.

18.  The Service is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 18.

19. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. The Service is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21. The Service admits the allegations contained in paragraph 21.

22. The Service admits that it initially located eight boxes responsive to Request No. 99-12084. The Service is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 22.

23. The Service admits that Mr. Heggestad, attorney for Stonehill, was permitted to review the documents contained in the eight boxes that were subject to disclosure. The Service is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 23.

24. The Service admits that it located additional boxes of documents. The Service denies the remainder of the allegations contained in paragraph 24.

25. The Service admits that it released documents from the additional boxes that were not subject to withholding. The Service is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 25.

26. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. The Service admits that it withheld certain documents.  The Service is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 27.

28. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. The Service admits the allegations contained in paragraph 31.

32. The Service admits the allegations contained in paragraph 32.

33. The Service admits the allegations contained in paragraph 33.

34. The Service admits that it issued a partial determination response on June 17, 2003 that did not address potentially responsive documents contained within two boxes withheld under 5 U.S.C. §552(b)(3) and 26 U.S.C. §6103.  The Service is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 34.

35. The Service admits it withheld documents under statutes 5 U.S.C. §552(b)(3) and 26 U.S.C. §6103 because they contain the return information of taxpayers other than plaintiff.  The Service denies the remainder of the allegations contained in paragraph 35.

36. The Service denies the allegations contained in paragraph 36.

37. The Service admits the allegations contained in paragraph 37.

38. The Service admits that it received a letter dated September 5, 2003, in which Stonehill objected to the Service's refusal to review the documents concurrently. The Service denies the remainder of the allegations contained in paragraph 38.

39. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41. The Service admits the allegations contained in paragraph 41.

42. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

43. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

46. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48.

49. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49.

50. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50.

51. The Service admits that plaintiff filed a FOIA request on April 10, 2006, for a copy of the transcript of the November 20, 1984 hearing in the District Court of Hawaii in United States v. Stonehill et al., Civil Action No. 65-127 and a copy of the transcript of the deposition of Internal Revenue Service Agent Sterling Powers.  The Service denies the remainder of the allegations contained in paragraph 51.

52. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

53. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

54. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54.

55. The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55.

56. The Service admits the allegations contained in paragraph 56.

57. The Service is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 57.

58.  The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58.

59.  The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59.

60.  The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60.

61.  The Service admits that relevance is not a basis for withholding documents under the FOIA.  The Service denies the remainder of the allegations contained in paragraph 61.

62.  The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62.

63.  The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63.

64.  This paragraph contains plaintiff's characterization of the number of documents related to William W. Saunders, to which no response is required.  The Service denies the remainder of the allegations of paragraph 64.

65.  The Service is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65.

66.  The Service admits that IRS Form 8821, Tax Information Authorization, is the standard release form for consent to release of taxpayer's information to a third party.

The Service is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 66.

67. The Service admits that by letter dated March 23, 2006, the Service received a Form 8821 dated February 27, 2006, signed by William W. Saunders Jr. from plaintiff's counsel, Heggestad, with an attachment entitled "Document Release Authorization." The Service lacks sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraph 67.

68. The Service admits that it received from plaintiff's counsel Robert E. Heggestad, by letter dated March 23, 2006, Letters Testamentary stating that William W. Saunders Jr., is a co-personal representative of the estate of William W. Saunders Sr. The Service lacks sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraph 68.

69. The Service admits that it received the Form 8821 referred to in paragraph 67 and the Letters Testamentary referred to in paragraph 68. The Service lacks sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraph 69.

70. The Service denies the allegations contained in paragraph 70.

71. The Service denies the allegations contained in paragraph 71.

72. This paragraph incorporates the preceding paragraphs; therefore, the Service incorporates the same responses.

73. The Service admits that plaintiff has a right to certain documents that are the

return information of one or more third-parties pursuant to 5 U.S.C. §552(a)(3) and Form 8821. The Service denies the remainder of the allegations contained in paragraph 73.

    74. The Service denies the allegations contained in paragraph 74.

    75. The Service denies the allegations contained in paragraph 75.

WHEREFORE, the Internal Revenue Service prays that this Court enter an order:

    A. Dismissing this action with prejudice; and

    B. Awarding such other and further relief as is just and proper in the circumstances.

Dated: September 6, 2006.

                                      /s/ Brittney N. Campbell
                                      BRITTNEY N. CAMPBELL
                                      DAVID M. KATINSKY
                                        Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      P.O. Box 227
                                      Ben Franklin Station
                                      Washington, D.C. 20044
                                      Telephone: (202) 307-6435

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

## **CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that the foregoing ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT was caused to be served this 6th day of September, 2006, by depositing a true and correct copy thereof in the United States mail, postage prepaid, addressed as follows:

>John R. Gerstein
>Robert E. Heggestad
>Jonathan Cohen
>Ross, Dixon & Bell, LLP
>2001 K Street, N.W.
>Washington, D.C. 20006-1040

>/s/ Brittney N. Campbell
>BRITTNEY N. CAMPBELL