IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULINE STONEHILL, Co-executor<br>and Co-special administrator of the<br>Estate of Harry S. Stonehill,<br><br>      Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>      Defendant. | NO. 1:06-cv-00599 JDB |

## MOTION FOR ENLARGEMENT OF TIME

DEFENDANT, the Internal Revenue Service, by and through its attorneys, and pursuant to Fed. R. Civ. P. 6(b)(1), moves the Court to enlarge the time for complying with the Court's Order of August 4, 2006, by 90 days, to and including March 5, 2007.

As grounds for the motion, defendant states that the Internal Revenue Service has been unable to complete a Vaughn index of the documents claimed to be exempt from production under the Freedom of Information Act (FOIA), and, accordingly, has been unable to complete its motion for summary judgment within the period prescribed by the Court's Order of August 4, 2006.

The Internal Revenue Service is of the belief that the foregoing Vaughn index and motion for summary judgment can be completed within an additional 90 days. These grounds are more fully set forth in the Declaration of Krista Piersol, attached to this motion as Exhibit 1, and in a memorandum in support of this motion, which is served and filed herewith.

The specific relief sought in this motion is an enlargement of time of 90 days, to and including March 5, 2007, in which to complete compliance with the Court's Order of August 4, 2006.

The Internal Revenue Service conferred with plaintiff for the purpose of attempting to reach agreement on the relief sought herein. The Internal Revenue Service and plaintiff's counsel could not reach an agreement regarding the conditions of the requested enlargement. Accordingly, plaintiff's counsel advised that plaintiff does not agree to the relief requested.

DATE: December 4, 2006.

                                        Respectfully submitted,

                                        /s/ Brittney N. Campbell
                                        BRITTNEY N. CAMPBELL
                                        DAVID KATINSKY
                                        Trial Attorneys, Tax Division
                                        U. S. Department of Justice
                                        Post Office Box 227
                                        Washington, DC  20044
                                        Telephone:  (202) 353-2260

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

## CERTIFICATE OF SERVICE

_____IT IS CERTIFIED that service of the foregoing MOTION FOR ENLARGEMENT OF TIME was caused to be served upon plaintiff's counsel on the 4th day of December, 2006, by depositing a copy thereof in the United States' mail, postage prepaid, addressed as follows:

>JOHN R. GERSTEIN
>ROBERT E. HEGGESTAD
>JONATHAN COHEN
>Ross, Dixon & Bell, LLP
>2001 K Street, N.W.
>Washington, D.C. 20006-1040

>/s/ Brittney N. Campbell
>BRITTNEY N. CAMPBELL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULINE STONEHILL, Co-executor and Co-special administrator of the Estate of Harry S. Stonehill,<br><br>  Plaintiff,<br><br>  v.<br><br>INTERNAL REVENUE SERVICE,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) NO. 1:06-cv-00599 JDB<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF UNITED STATES' MOTION
FOR ENLARGEMENT OF TIME**

This is an action in which plaintiff seeks an injunction against further withholding of certain documents and records under the Freedom of Information Act.

STATEMENT & DISCUSSION

1. <u>Introduction.</u>  Plaintiff filed its initial complaint on March 31, 2006 requesting injunctive relief related to documents related to William Saunders and withheld by the Internal Revenue Service based on 26 U.S.C. §6103 (the "Saunders Documents").  The Internal Revenue Service released those documents to plaintiff on or about June 20, 2006 (Piersol Decl. ¶3(b) ).  Plaintiff filed its amended its complaint on August 11, 2006.  In the amended complaint, plaintiff seeks over 9,500 pages of responsive documents and 90 audio tapes. (Pl. Compl. Exhibit A).   The complaint requests a mandatory injunction requiring the Internal Revenue Service to produce certain documents and records for plaintiff's inspection and copying under the Freedom of Information Act, 5 U.S.C. § 552. (Pl. Amended Compl. ¶¶ 72-75.)

2. <u>The Order of August 4, 2006.</u>  The Court, on August 4, 2006, ordered that the Internal Revenue Service produce a Vaughn index and file its motion for summary judgment on or before December 5, 2006. Order of August 4, 2006.

4. <u>The status of the United States' compliance with the discovery order.</u>

In Exhibit A of the amended complaint, plaintiff requests over 9,500 pages of responsive documents.  (Piersol Decl. ¶3(d)).  The Internal Revenue Service is in the process of reviewing and creating a Vaughn Index of the documents responsive to plaintiff's request.   In addition to the Saunders Documents requested in plaintiff's original complaint, the remainder of the requested documents can be divided into three categories: (1) "Bates-Stamped Documents"; (2) "Non Bates-Stamped Documents"; and (3) "Reel to Reel Audio Tapes." (Piersol Decl. ¶3(d)(i-iii)).  The following work has been completed for each category of documents:

a. <u>The Saunders Documents</u>.  In response to plaintiff's FOIA request dated March 23, 2006 and plaintiff's original complaint, on or about June 20, 2006, the Internal Revenue Service (IRS) released responsive documents to plaintiff. (Piersol Decl. ¶3(e)(i)). Attached to Piersol's Declaration as <u>Exhibit A</u> is a completed Vaughn Index for the Saunders Documents.  There are no further responsive documents to be released. Id.

b. <u>Bates-Stamped Documents</u>.  The IRS received a copy of plaintiff's amended complaint on August 14, 2006. (Piersol Decl. ¶3(e)(ii)). On August 30, 2006, the IRS reallocated personnel to search for the documents. Id.  Two IRS employees spent 64 hours searching and copying the documents requested by plaintiff.  Id.  The search was completed on September 8, 2006. Id.  Krista Piersol, attorney for the IRS's Office of Chief Counsel, Office of the Assistant Chief Counsel (Disclosure and Privacy Law), is currently reviewing and creating a Vaughn Index for these documents. Id.  To date, she

has completed seven of the requested 48 boxes.  Id.  Until recently, plaintiff and the IRS were unable to reach an agreement regarding reasonable search and duplication costs.  The IRS was reluctant to allocate additional manpower to the review and indexing of the documents prior to the agreement being reached.  Id.  Although an agreement has been reached, to date no payment has been received from plaintiff. Id.

     c. <u>Non Bates-Stamped Documents</u>.  Plaintiff has agreed to waive the search for these documents until he has had an opportunity to review the Vaughn Index for the Bates-Stamped Documents. Id.

     d. <u>Reel to Reel Audio Tapes</u>.  Plaintiff requested approximately 90 reel to reel audio tapes.  The IRS provided to plaintiff a list of the tapes' contents and agreed to pro-rate the cost to only the cost of those tapes plaintiff actually requests and receives.  (Piersol Decl. ¶3(e)(iv)).  The IRS informed plaintiff that the duplication costs for the tapes would be approximately $6,000.  Plaintiff indicated that he believed he could obtain the duplication for a lower cost.  Id.  The IRS requested that plaintiff provide the IRS with an estimate and, to the extent it is reasonable, the IRS would produce the tapes at a cost pursuant to the estimate.  Id.  Plaintiff has not provided the IRS with an estimate.  To date, Piersol has reviewed approximately 40 of the tapes expending approximately 60 hours for the review.  Id.  Piersol stopped reviewing the tapes pending an agreement being reached and payment made regarding the tapes.  Id.

     In addition to the reasons listed above in Paragraph 4 (b) and (d), the review of the responsive documents will not be complete in time to the meet the Court's order to produce a Vaughn index and file a motion for summary judgment by December 5, 2006 for the following reasons:

     a. In addition to the Stonehill litigation, Piersol has a full case load that includes other Freedom of Information Act litigation, opinion projects, and informal

advice. (Piersol Decl. ¶4.) Although Piersol has attempted to minimize the work devoted to her other cases, those assignments require her daily attention. (Id.) Piersol has informed her supervisors of the significant amount of time necessary to review and create a Vaughn Index in this case. (Piersol Decl. ¶4(a)). Piersol' supervisors informed her that at the current time, it is not possible to transfer her other cases to other attorneys within her branch because they also have large workloads including court and opinion deadlines. (Id.)

      b. In an effort to assist Piersol with the creation of a Vaughn Index, on November 28, 2006, managers within the Office of the Associate Chief Counsel (Procedure and Administration), arranged for a Paralegal Specialist to assist with the creation of the indexing of the documents. (Piersol Decl. ¶2(h).)

      c. The Office of Chief Counsel is currently in the process of returning operations to the National Office at 1111 Constitution Ave., Washington, DC 20001. (Piersol Decl. ¶5). The office was displaced due to recent flooding of the National Office. This will cause a delay in processing because Piersol's and Piersol's paralegal's office will be packed and moved the week of December 4, 2006 and unpacked the week of December 10, 2006. Id.

    5. <u>Relief requested.</u> Based on the foregoing the United States is of the belief that an enlargement of time of 90 days would be sufficient to allow it to comply with the Order of August 4, 2006. A 90-day enlargement of time would result in a new compliance deadline of March 5, 2007.

    6. <u>The Court has discretion to grant this motion.</u> Pursuant to Fed. R. Civ. P. 6(b)(1), the Court for cause shown, may enlarge the time for filing dispositive motions, among other things. *See Poe v. Christina Copper Mines, Inc.*, 15 F.R.D. 85, 87-88 (D. Del. 1953) As Professor Moore has commented:

> Ordinarily, of course, the court should be liberal in granting extensions of time before the period to act has elapsed, so long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions is not abused.

2 Moore, *Federal Practice*, § 6108 at 6-83; *Motzinger v. Flynt*, 119 F.R.D. 373, 375 (M.D.N.C. 1988); *Baden v. Craig-Hallum, Inc.*, 115 F.R.D. 582, 585 (D. Minn. 1987). The United States has not been guilty of negligence or bad faith, nor has the privilege of extensions been abused by the United States.

7. <u>Summary.</u>  The Court should exercise its discretion to grant the requested enlargement of time in the interests of justice and for cause shown.

## CONCLUSION

It is the position of the United States that the motion for enlargement of time for complying with the Court's Order of August 4, 2006, ought to be granted.

DATE:  December 4, 2006.

          Respectfully submitted,

          /s/ Brittney N. Campbell
          BRITTNEY N. CAMPBELL
          DAVID KATINSKY
          Trial Attorneys, Tax Division
          U. S. Department of Justice
          Post Office Box 227
          Washington, DC  20044
          Telephone:  (202) 353-2260

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

    IT IS CERTIFIED that the foregoing United States' MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF UNITED STATES' MOTION FOR ENLARGEMENT OF TIME was caused to be served upon plaintiff's counsel on the 4th day of December, 2006, by depositing a copy thereof in the United States' mail, postage prepaid, addressed to:

        JOHN R. GERSTEIN
        ROBERT E. HEGGESTAD
        JONATHAN COHEN
        Ross, Dixon & Bell, LLP
        2001 K Street, N.W.
        Washington, D.C. 20006-1040.

        /s/ Brittney N. Campbell
        BRITTNEY N. CAMPBELL

1995978.1