Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **PAULINE STONEHILL**, Co-executor and ) <br> Co-special administrator of the Estate of Harry ) <br> S. Stonehill, ) <br> Calle Guillermo Tell 14 ) <br> Churriana 29140 Malaga, ESP ) <br> ) <br>        **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **INTERNAL REVENUE SERVICE** ) <br> 1111 Constitution Avenue, N.W. ) <br> Washington, D.C. 20224 ) <br> ) <br>        **Defendant.** ) <br> ) <br> ) <br> _____ ) | **Case No. 06 599 (JDB)** |

**DECLARATION OF ROBERT E. HEGGESTAD IN SUPPORT OF**
**PLAINTIFF'S OPPOSITION TO GOVERNMENT'S**
**MOTION FOR ENLARGEMENT OF TIME**

I, Robert E. Heggestad, declare as follows:

1. I am an attorney with the law firm of Ross, Dixon & Bell, LLP, attorneys for Plaintiff Pauline Dale Stonehill (hereinafter "Stonehill"). I make this declaration in Support of Plaintiff's Opposition to Government's Motion for Enlargement of Time.

2. I offered a compromise concerning duplication and search costs to the IRS, but the IRS never communicated that it had accepted the offer (until the instant motion for extension).

3. After reviewing the IRS' motion, I contacted IRS counsel who informed me that she "forgot" to convey the agency's agreement to Plaintiff's offer.

346775

4. On November 26, 2002, during earlier Freedom of Information Act ("FOIA") proceedings, the IRS reviewed and decided to withhold approximately 3000 documents pursuant to various FOIA exemptions.

5. The 3000-document set includes the 1300 documents at issue here.

6. Subsequently, on October 15, 2004, in the related Stonehill Rule 60(b) litigation, the IRS (through the Department of Justice Tax Division) submitted a final privilege log, again asserting various privileges to justify its decision to withhold the 3000-document set.

7. Again, the 3000-document-set includes the 1300 documents at issue here.

8. The IRS initially requested only thirty days to complete its Vaughn index, although I offered the IRS another sixty days.

9. On Friday, December 1, 2006, IRS counsel left a message for me seeking a ninety-day extension.

10. I returned her call later that day, leaving a message, but IRS counsel did not return my call until Tuesday, December 5, 2006, after the IRS had already filed this motion.

11. During this conversation, Plaintiff attempted to negotiate a less lengthy extension, but the IRS would not agree to anything shorter than three months.

12. Plaintiff specifically offered another month, but the IRS declined.

13. The IRS did not contact Plaintiff about the reel-to-reel audio tape expenses until early late October, 2006, nearly three months after the scheduling conference.

14. There has already been correspondence between the parties concerning the reel-to-reel audio tape costs and it should take the parties very little time to reach an agreement.

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct, and if called upon as a witness, I could and would competently testify thereto.

Executed this __8th__ day of December, 2006 in Washington, D.C.

_____

Robert E. Heggestad

Exhibit 2

# ROSS, DIXON & BELL, LLP

2001 K Street, N.W. • Washington, D.C. 20006-1040 • *p* (202) 662-2000 *f* (202) 662-2190

**ROBERT E. HEGGESTAD**
DIRECT DIAL    (202) 662-2054
EMAIL    RHEGGESTAD@RDBLAW.COM

December 8, 2006

**VIA U.S. MAIL**

Britney Campbell, Esquire
U.S. Department of Justice
Tax Division
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044

Re:    **Stonehill v. Internal Revenue Service**

Dear Ms. Campbell:

You advised me during our conversation on December 5, 2008 that David Katinski had approved our proposal to pay one-half of the search costs incurred to date. Enclosed is a check in the amount of $527 as agreed.

Very truly yours,

ROSS, DIXON & BELL, LLP

By _____
Robert E. Heggestad

REH:cfw

WASHINGTON • ORANGE COUNTY • SAN DIEGO • CHICAGO

346736 v 1

**ROSS, DIXON & BELL, LLP**

| Invoice/Reference | Description | Amount | 114089 |
|---|---|---|---|
| 120806 | | $527.00 | |

**ROSS, DIXON & BELL, LLP**
2001 K STREET, N.W.
WASHINGTON, DC  20006-1040

CITIBANK, F.S.B.
WASHINGTON, DC   20036-0967
15-7011-2540

114089

| DATE | AMOUNT |
|---|---|
| 12/08/06 | $527.00 |

PAY   FIVE HUNDRED TWENTY-SEVEN AND 00/100 DOLLARS

TO THE
ORDER   United States Treasury

VOID IF NOT CASHED WITHIN 180 DAYS
TWO SIGNATURES REQUIRED IF OVER $2000.00

⑈114089⑈ ⑆254070116⑆   ⑈1506 1809⑈

Exhibit 3

# ROSS, DIXON & BELL, LLP

2001 K Street, N.W. • Washington, D.C. 20006-1040 • *p* (202) 662-2000 *f* (202) 662-2190

ROBERT E. HEGGESTAD
DIRECT DIAL   (202) 662-2054
EMAIL   RHEGGESTAD@RDBLAW.COM

September 8, 2006

## VIA ELECTRONIC MAIL AND U.S. MAIL

Britney Campbell
U.S. Department of Justice
Tax Division
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044

          Re:     **Stonehill v. IRS**

Dear Ms. Campbell:

        As a follow-up to our recent meeting, I am providing the following additional information related to various issues discussed during the meeting:

## 1.     Documents Related To William W. Saunders

        In addition to the 6103 documents that were produced relating to William W. Saunders ("Saunders"), I understand that the Internal Revenue Service ("IRS") has withheld certain documents containing information related to Saunders based on claims of attorney-client and work product privilege. We have requested that you produce an initial Vaughn Index identifying these documents at your earliest convenience. The remainder of the Vaughn Index would be produced according to the schedule that was agreed to during the status conference.

## 2.     Department of Justice Relevancy Redactions

        We are requesting that the IRS produce copies of the documents described below which contain redactions of certain information based on the Government's claim that the information was not relevant to the issues in United States v. Stonehill. When these documents were produced by the Government on April 14, 2006, the Government also asserted that the documents were "privileged documents (i.e., documents prohibited from disclosure based on the attorney-client privilege and attorney work product privileges)" and that it was the Government's intent to "preserve those privileges."[1]

        At the June 6, 2006 hearing, the District Court rejected the Government's claims of privilege and overruled all objections asserted by the Government except those based on

___

[1] See April 14, 2006 letter from Charles M. Duffy to Robert E. Heggestad, attached hereto as Attachment A.

# ROSS, DIXON & BELL, LLP

Britney Campbell
September 8, 2006
Page 2

relevance grounds.[2] Subsequently, during the hearing held on July 12, 2006, the Court allowed the Government to redact certain information in the following documents because it was not relevant to the issues in the Stonehill proceeding:[3]

1. Hand written notes "Ragland Comments re Newcomb Affidavit:"[4] The Court allowed the "DOJ relevance redactions" on pages 42 and 47-50.[5]

2. Interviews with Revenue Service Representative Robert L. Chandler in Rome, Italy on February 11, 12, and 13, 1966.[6] The Court allowed the Government to make relevance redactions on the last three lines of page 100, the first paragraph of page 101 and the first paragraph of 102.[7]

3. Chief Counsel's March 4, 1966 Memorandum of Fact and Law.[8] The Court allowed "DOJ relevance redactions" on pages 2 (Bates Stamp 116), page 3 (Bate Stamp 117) and pages 101-115 (Bate Stamp 218-232).[9] We are also requesting that you provide complete copies of this Memorandum, CC Box 2, pages 569-686[10] and CC Box 2, pages 696-813, subject to any Court approved CIA redactions on the Memorandum which was produced (CC Box 2, pages 115-232, Attachment F).

4. March 9, 1966 Memorandum from McAleer to Rogovin.[11] The Court allowed "DOJ relevance redactions" on Pages 1,7-8 (Bates Stamp 106, 112-113.)[12]

5. Hand Written Notes re Huckabee telephone conversation.[13] The Court allowed "DOJ relevance redactions" on page 1, bottom paragraph.[14]

---

[2] See Transcript of Proceedings, June 6, 2006 at Page 3, Tr. 3: 8-11; Tr. 4:6-7; Page 4, Tr. 4:8-13, attached hereto as Attachment B.

[3] I am also attaching electronically a copy of the Rule 60(b) motion recently filed which I agreed to send to Richard Fultz.

[4] Attached hereto as Attachment C.

[5] See Transcript of Proceeding, July 12, 2006 at Page 9, Tr. 10:15-25: Page 10, Tr. 11:1-22. Attached hereto as Attachment D.

[6] Attached hereto as Attachment E.

[7] July 12, 2006 Transcript, Attachment D at Page 11, Tr. 12:20-25; 13:1-2; Page 12, Tr. 13:3-25; 14:1-5; Page 13, Tr. 14:6-25.

[8] Attached hereto as Attachment F.

[9] July 12, 2006 Transcript, Attachment D at page 14-16.

[10] Additional CIA redactions were made on the hand written notations on pages 574-583, 635, 638 and 645, attached hereto as Attachment G; See also Attachment A at 2, No. 4.

[11] Attached hereto as Attachment H.

[12] July 12, 2006 Transcript, Attachment D at page 16, Tr. 18:16-17; Page 17, Tr. 18:18-25., Tr. 19:1-20, Page 18, Tr. 19:21-25, Tr. 20:1-8.

[13] Attached hereto as Attachment I.

[14] July 12, 2006 Transcript, Attachment D at Page 18, Tr. 20:10-14.

342347 v 1

# ROSS, DIXON & BELL, LLP

Britney Campbell
September 8, 2006
Page 3

The Government has acknowledged that relevance is not a proper basis for withholding documents under the Freedom of Information Act. The District Court in <u>Stonehill</u> has also held that the attorney-client and /or work product privileges do not apply to the documents described above. Under these circumstances, I would appreciate it if you could review the attached documents and provide us with a copy of the relevancy redacted sections at your earliest convenience.[15]

If you do not agree that the redacted information can be produced on an expedited basis, alternatively any issues regarding disclosure of the relevance redactions could be resolved in a motion for partial summary judgment.

**3.      Deposition Transcript of Sterling Powers and November 20, 1980 Hearing Transcript**

I understand that the Disclosure Office is still attempting to find copies of these documents.

**4.      <u>Missing Documents Identified In Produced Documents</u>**

I am enclosing copies of the documents referenced in the attachment to our First Amended Complaint which contain information describing documents that have not been identified in the Government's privilege logs.[16] I have also attached a copy of the June 29, 1962 memorandum from Sterling Powers which is covered in part by an air delivery label.[17]

Please let me know if there additional information that we can provide regarding any of the above issues.

Very truly yours,

ROSS, DIXON & BELL, LLP

By_____

Robert E. Heggestad

REH:cfw

---

[15] At this time, we are not disputing the basis for the CIA redactions previously approved by the Court.

[16] <u>See</u> Attachment J. We have obtained a copy of the December 1, 1967 letter from L. Uretz.

[17] <u>See</u> Attachment K.

Exhibit 4

## Chelbe Williams

**From:**          Robert Heggestad
**Sent:**          Tuesday, December 05, 2006 3:22 PM
**To:**          Chelbe Williams
**Subject:**        FW: Document

**Attachments:**        tmp.htm; doc Box29_0347.pdf



tmp.htm (869 B)      doc
                ox29_0347.pdf (2 M

```
-----Original Message-----
From: Brittney.N.Campbell@usdoj.gov [mailto:Brittney.N.Campbell@usdoj.gov]
Sent: Tuesday, November 14, 2006 6:20 PM
To: Robert Heggestad
Subject: FW: Document

Mr. Heggestad,

Attached for release to you is document 0347 from Box 29. You will also receive a hard
copy of this document by mail.

Sincerely,

Brittney Campbell


}
```

Brittney,

⌐─┐ is the document for release.

<<doc Box29_0347.pdf>>

*Krista L. Piersol*
Attorney CC:PA:DPL:BO1
202-622-8543
703-605-1930 (fax)

}

Chief, Intelligence Division                                June 2, 1962
Honolulu, Hawaii

Sterling W. Powers, Assistant Revenue Service Representative
Manila    Philippines

Harry S. Stonehill    RAP-312-OIC; SAP-2-OIK-81-A
Robert J. Brooks    RAP-312(1)-OIC; SI 62-AED-62-A-T
Attorney Representation

Mr. William W. Saunders, attorney of your city, has presented powers of attorney
to this office from the above taxpayers to represent them before the Internal
Revenue Service. Mr. Saunders indicated to me while in Manila that he and his
clients wished to cooperate fully with this investigation.

He was, however, concerned about communications between him and myself for fear
they might be intercepted by representatives of the Philippine Government. In
this respect it was agreed that I would send all communications to him registered
confidential mail and that he in turn would communicate with me through the
Internal Revenue Service at Honolulu who would in turn transmit his communications
by registered confidential mail.

It is therefore requested that you receive any communications Mr. Saunders may
have for me and forward them in accordance with his request.

Would you please call Mr. Saunders and inform him of this arrangement.

                                    Sterling W. Powers
                                    Sterling W. Powers
                                    Assistant Revenue Service Representative
                                    c/o American Embassy
                                    APO 928
                                    San Francisco, California

Box 29-0347

CONFIDENTIAL

# Exhibit 5

# ROSS, DIXON & BELL, LLP

2001 K Street, N.W. ● Washington, D.C. 20006-1040 ● *p* (202) 662-2000 *f* (202) 662-2190

ROBERT E. HEGGESTAD
DIRECT DIAL: (202) 662-2054
EMAIL: RHEGGESTAD@RDBLAW.COM

October 12, 2006

**VIA ELECTRONIC MAIL AND U.S. MAIL**

Britney Campbell
U.S. Department of Justice
Tax Division
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044

        Re:    **USA v. Stonehill**

Dear Ms. Campbell:

        As a follow-up to yesterday's conversation, I am enclosing two additional documents which reference documents related to William W. Saunders:

  (1)    The May 20, 1966 criminal reference letter from Mr. Uretz to Mr. Rogovin refers to a "statement of William Saunders" which is either "Stonehill-Brooks Exhibit 122" (or Exhibit 152) or Exhibit 86 to the Los Angeles Collateral Report received May 28, 1963.[1]

  (2)    The November 23, 1962 memorandum from Byron H. Davis to Joseph Harmon references memoranda of interviews with William Saunders which occurred on August 6, September 27, October 10, October 22 and October 23, 1962 and a telephone conversation on November 19, 1962 which are attached to the memorandum as Exhibit H-I.[2]

        If it is possible to have the initial Vaughn Index descriptions for these and other withheld Saunders related documents prior to the end of next week, it would be very much appreciated. It would also be helpful to have a description of the audio tapes so that we can designate those tapes that should be included within the scope of our pending request. Thank you.

---

[1] Attachment A at 16.
[2] Attachment B at 4.

344023 v 1          **WASHINGTON ● ORANGE COUNTY ● SAN DIEGO ● CHICAGO**

# ROSS, DIXON & BELL, LLP

Britney Campbell
October 12, 2006
Page 2

Very truly yours,

ROSS, DIXON & BELL, LLP

By _____
    Robert E. Heggestad

REH:cfw

344023 v 1

Exhibit 6

## Chelbe Williams

From:        Robert Heggestad
Sent:        Tuesday, December 05, 2006 4:05 PM
To:          Chelbe Williams
Subject:     FW: List of Tapes/Fees

Attachments:    Title of the TapesPiersol.doc.DOC


Title of the
TapesPiersol.doc....

Attachment also
-----Original Message-----
From: Brittney.N.Campbell@usdoj.gov [mailto:Brittney.N.Campbell@usdoj.gov]
Sent: Tuesday, October 31, 2006 3:49 PM
To: Robert Heggestad
Subject: re: List of Tapes/Fees

Bob,

Attached is a list of the tapes that you have requested.  Please provide a list as soon as
possible of the specific tapes that you would like us to copy and produce to you.

Additionally, below is the address to which you send the check for the FOIA search fees:
The check is to be made payable to the United

> States Treasury and should reference the case number. It can be
)
> mailed to 31 Hopkins Plaza Room 1210 Baltimore, MD 21201.


*******************************
Brittney N. Campbell
Trial Attorney, Tax Division
U.S. Department of Justice
PO Box 227, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 353-2260
Facsimile: (202) 514-6866
brittney.n.campbell@usdoj.gov

1

| Number | Label on the CD | Content of the Tape |
|---|---|---|
| 1 | No. 1 S.W.P. | Powers Deposition |
| 2 | No. 2 S.W.P. | Powers Deposition |
| 3 | No. 3 S.W.P. | Powers Deposition |
| 4 | No. 4 Powers | Powers Deposition |
| 5 | No. 5 Powers | Powers Deposition |
| 6 | No. 6 Powers | Powers Deposition |
| 7 | No. 7 Powers | Powers Deposition |
| 8 | No. 8 Powers | Powers Deposition |
| 9 | No. 9 Powers | Powers Deposition |
| 10 | No. 10 Powers | Powers Deposition |
| 11 | No. 11 Powers | Powers Deposition |
| 12 | No. 12 Powers | Powers Deposition |
| 13 | No. 1 Antonio Carrion, Jr. | Carrion Deposition |
| 14 | No. 2 Antonio Carrion, Jr. | Carrion Deposition |
| 15 | No. 3 Antonio Carrion, Jr. | Carrion Deposition |
| 16 | No. 4 Antonio Carrion, Jr. | Carrion Deposition |
| 17 | No. 5 Carrion, Jr. & Mr. Taal | Carrion Deposition |
| 18 | No. 2 | Diokno Deposition |
| 19 | No. 2 | Diokno Deposition |
| 20 | No. 3 | Diokno Deposition |
| 21 | No. 4 | Diokno Deposition |
| 22 | No. 5 | Diokno Deposition |
| 23 | No. 6 Antonio Carrion Jr. | Diokno Deposition |
| 24 | No. 7 Antonio Carrion Jr. | Diokno Deposition |
| 25 | No. 6 Taal | Taal Deposition |
| 26 | No. 6 Mr. Wellington Koo | Koo Deposition |
| 27 | No. 1 Sokolow May 2, 1967 | Sokolow Deposition |
| 28 | No. 2 Sokolow Mr. Buthala | Sokolow & Buthala Deposition |
| 29 | No. 3 Mr. Buthala Mr. John Joseph Brooks Mr. Murray M. Otstott, Jr. | Buthala & Brooks Deposition |
| 30 | No. 4 Mr. Murray Otstott, Jr. Mr. Sheff | Otstott & Sheff Deposition |
| 31 | No. 5 Mr. Sheff & Mr. Real | Sheff & Real Deposition |
| 32 – 92 | Deportation Hearings | |

Exhibit 7

**Chelbe Williams**

| | |
|---|---|
| —From: | Robert Heggestad |
| )ent: | Monday, October 30, 2006 12:10 PM |
| To: | Chelbe Williams |
| Subject: | FW: re |

-----Original Message-----
From: Robert Heggestad
Sent: Tuesday, October 17, 2006 11:42 AM
To: 'Brittney.N.Campbell@usdoj.gov'
Subject: RE: re

Brittney-Have you heard back from the IRS on the status of getting descriptions of the withheld Saunders documents. I am assuming that some of the document descriptions will cover the  document I sent recently referencing "statements" by Saunders.  I would also appreciate it if you can send me correspondence advising me of the IRS position regarding the Powers deposition and the 1984 hearing transcript.  Finally, when can we get the duplicate copies of the March 4, 1966 Chief Counsels memorandum. It would be helpful to dispose of some of these miscellaneous issues.  I think that I had previously asked that you send me something in writing detailing the IRS position on the Districts Court's decision re attorney-client/work product privilege.  Thank you  Bob
-----Original Message-----
From: Brittney.N.Campbell@usdoj.gov [mailto:Brittney.N.Campbell@usdoj.gov]
Sent: Wednesday, October 11, 2006 5:21 PM
To: Robert Heggestad
Subject: re


}
*******************************
Brittney N. Campbell
Trial Attorney, Tax Division
U.S. Department of Justice
PO Box 227, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 353-2260
Facsimile: (202) 514-6866
brittney.n.campbell@usdoj.gov

Exhibit 8

## Chelbe Williams

**From:**      Robert Heggestad
**Sent:**      Tuesday, December 05, 2006 4:22 PM
**To:**        Chelbe Williams
**Subject:**   FW: List of Tapes/Fees


-----Original Message-----
From: Robert Heggestad
Sent: Tuesday, October 31, 2006 4:16 PM
To: 'Brittney.N.Campbell@usdoj.gov'
Cc: Jonathan Cohen
Subject: RE: List of Tapes/Fees

Brittney-on the search fees, Jonathan said that he had spoken to you-and that as a
compromise, you would consider our offer of 1/2 of the $1000 + fees and copying costs. We
will also agree to pay pro-rata search fees above that amount if more than 50% of the
documents are produced.  I am sending a letter to that effect and I will get back to you
on the tapes.  Also, my letter addresses the other issues we discussed yesterday.  Thanks
Bob

-----Original Message-----
From: Brittney.N.Campbell@usdoj.gov [mailto:Brittney.N.Campbell@usdoj.gov]
Sent: Tuesday, October 31, 2006 3:49 PM
To: Robert Heggestad
Subject: re: List of Tapes/Fees

Bob,

Attached is a list of the tapes that you have requested.  Please provide a list as soon as
possible of the specific tapes that you would like us to copy and produce to you.

Additionally, below is the address to which you send the check for the FOIA search fees:
The check is to be made payable to the United

> States Treasury and should reference the case number. It can be

> mailed to 31 Hopkins Plaza Room 1210 Baltimore, MD 21201.


*******************************
Brittney N. Campbell
Trial Attorney, Tax Division
U.S. Department of Justice
PO Box 227, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 353-2260
Facsimile: (202) 514-6866
brittney.n.campbell@usdoj.gov

1

Exhibit 9

## Chelbe Williams

**From:**                Robert Heggestad
**Sent:**                Tuesday, December 05, 2006 4:18 PM
**To:**                Chelbe Williams
**Subject:**              FW: Attached Image

**Attachments:**        3287_001.pdf

---

**From:**              Robert Heggestad
**Sent:**              Wednesday, November 08, 2006 12:44 PM
**To:**              'Brittney.N.Campbell@usdoj.gov'
**Subject:**            FW: Attached Image

Brittney-enclosed are two documents which discuss the location of the Powers deposition transcript and the tapes of Manning Kess's interview-both of which the IRS claims are not in its files. The tape recordings of the interview with Kless (and the tape recording of Jose Lukban's deposition) were removed from Box 16 (renumbered either 30 or 42) and "retained" by the Justice Department. The Powers deposition transcript was included in Box 8 which was sent to the Department of Justice from Manila with the depositions of Durkin, Thompson and Hawley. Please advise the IRS of the location of these documents, both of which we have requested.

It has been more than 4 1/2 months since we first met to discuss issues related to several categories of documents and ways to resolve those issues. Other than the production of 6103 Saunders related documents, the IRS has refused to produce any documents voluntarily, other than proposing a several thousand dollar charge for several CD's. The Tax Division has also refused to respond to my request that it state in writing the reasons why various categories of documents cannot be produced. We have asked for a response to avoid the necessity of filing motions for partial summary judgment.

The IRS refusal to provide any response after several months appears to be simply an excuse to delay production of any documents absent an order from the Court. This delay is consistent with the IRS initial response to my FOIA request in December 1998 that only eight responsive documents could be located. Almost ten years later, the IRS will not even agree that copies of a document which has already been produced can be made available to the Taxpayers.

We will proceed to draft motions for partial summary and advise the Court that we have been unable to resolve these issues.
Regards,  Bob

---

**From:**              copier@rdblaw.com [mailto:copier@rdblaw.com]
**Sent:**              Wednesday, November 08, 2006 11:02 AM
**To:**              Robert Heggestad
**Subject:**            Attached Image



3287_001.pdf (51
KB)

Exhibit 10

# Ross, Dixon & Bell, llp

2001 K Street, N.W. • Washington, D.C. 20006-1040 • *p* (202) 662-2000 *f* (202) 662-2190

ROBERT E. HEGGESTAD
DIRECT DIAL· (202) 662-2054
EMAIL· RHEGGESTAD@RDBLAW.COM

November 29, 2006

**VIA ELECTRONIC MAIL AND U.S. MAIL**

Britney Campbell, Esquire
U.S. Department of Justice
Tax Division
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044

     Re:    **Stonehill v. IRS**

Dear Ms. Campbell:

     We have previously discussed the scope of IRS review of 6103 documents relating to William W. Saunders (:Saunders"). Apparently, the IRS has assured you that it has produced all documents relating Saunders and that no documents have been withheld separately relating to Saunders based on attorney-client/work product privilege.

     In the documents that were produced by the IRS on June 20, 2006, the first document, Bate-stamped Box 18-0965, discusses Saunders tax liability arising from various transactions and his upcoming deposition. Although the pages following 18-0965 (Box 18-0966-0967) were withheld based on 6103 ("schedule and election made by third-party taxpayers in connection with their U.S. income tax returns"), they were not produced as part of the Saunders 6103 documents. Please confirm that the documents Bate-stamped Box 18-0966-0967 do not relate to Saunders.

     A second document produced on June 20, 2006 was the Statement of Examining Officer's Proposed Adjustment for William and Gertrude Saunders, Box 54-1251-1260. The second to last page of this document (Box 54-1259) has been largely redacted except for the phrase "such time as a final determination is made in the case of Williams W. Saunders, who has pending before you." According to the privilege log, the only exemption claimed for withholding that page was 6103. Please provide me with an unredacted copy of that page.

     Finally, during the litigation with the Tax Division, I attempted to identify 6103 documents relating to Saunders in the privilege log. Subsequently, I requested that all documents relating to Saunders, regardless of whether they were highlighted in the privilege log, should be included within the scope of the document request. Please confirm that all 6103 documents related to Saunders have been produced, regardless of whether they were highlighted in the privilege log.

WASHINGTON • ORANGE COUNTY • SAN DIEGO • CHICAGO

346129 v 1

# ROSS, DIXON & BELL, LLP

Britney Campbell, Esquire
November 29, 2006
Page 2

    I have not received a response to my repeated requests for the following documents: (1) the November 20, 1984 hearing transcript and the Powers deposition transcript (both of which can be obtained from Tax Division counsel); (2) the copies of the March 4, 1966 Memorandum of Fact and Law; and (3) the documents previously identified that containing redactions based on relevance. My e-mail to you (and David Katinski) regarding the IRS request for search costs, also remains unanswered.

    Please advise me of the status of these requests at your earliest convenience.

Very truly yours,

ROSS, DIXON & BELL, LLP

By _____
    Robert E. Heggestad

REH:cfw

346129 v 1