IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULINE STONEHILL, Co-executor )<br>and Co-special administrator of the )<br>Estate of Harry S. Stonehill, )<br>                                )<br>       Plaintiff, )<br>                                )<br>   v. )   NO. 1:06-cv-00599 JDB<br>                                )<br>INTERNAL REVENUE SERVICE, )<br>                                )<br>       Defendant. ) | |

**REPLY IN SUPPORT OF UNITED STATES' MOTION
FOR ENLARGEMENT OF TIME**

The Internal Revenue Service ("Service"), through its attorneys, submits this reply in support of its motion to extend time to comply with the Court's August 4, 2006 order (the "Order"). For the reasons set forth in the Service's motion for enlargement of time, the Service needs an additional 90 days to complete the Vaughn index. The attorney assigned to the case has only been able to review a limited number of boxes to date and needs the additional time to complete the review and complete the Vaughn index. The attorney assigned to the case has now been assigned a paralegal to assist her with the review and completion of the Vaughn index and she anticipates completing the review and index within 90 days. Although none of the issues raised in plaintiff's opposition change the fact that the Service needs additional time to complete the index, several issues raised by plaintiff in plaintiff's opposition to the Service's Motion for Enlargement of Time ("Opposition") need clarification.

1995978.1

A.  <u>Fee agreement and payment of fees</u>.  In plaintiff's opposition, plaintiff states that the Service did not contact Plaintiff about the reel-to-reel audio tape expenses until late October, 2006.  (Pl. Opp. 6).  This is not accurate.  The Service contacted counsel for plaintiff on October 8, 2006 by e-mail and letter.  (Campbell Decl. ¶4, Ex. A).  Plaintiff was advised that it would cost $6,400 to duplicate the tapes.  Plaintiff wanted to obtain his own estimate.  Although the Service agreed to plaintiff's proposal to allow him to obtain his own estimate, to date, plaintiff has not provided an estimate or entered into an agreement regarding the duplication costs of the reel-to-reel audio tapes. (Campbell Decl. ¶5, Ex. B, C, D).  The Service has already spent considerable time (approximately 60 hours) reviewing the tapes and will not commit additional time to reviewing the tapes until an agreement has been reached.  A Vaughn index concerning the tapes cannot be created until the tapes have been fully reviewed.

Plaintiff also states that counsel for the Service's failure to convey the acceptance of the fee agreement "typifies the communications between plaintiff and IRS over the past three months." (Pl. Opp. 2).  This is a gross mischaracterization of the communications between the Service and plaintiff.   Plaintiff and the Service have been attempting to negotiate a fee agreement since October 8, 2006.  (Campbell Decl. ¶4, Ex. A.)  This was an ongoing negotiation between the parties and, at times, both parties would take several weeks to respond to the other's communications.  (*see e.g.* Campbell Decl. ¶5, 6, 7, Ex. E, F, G, H).  The Service agreed to accept one-half of the fees incurred to date with respect to the Bates-stamped documents.

B. <u>Copy of June 29, 1962 memo</u>.  Plaintiff also complains that it took the Service more than two months to produce a legible copy of a June 29, 1962 memorandum.  This document (Bates-stamp 1347, Box 29) was not included in plaintiff's amended complaint. (*see* Pl. Amended Compl. Exhibit A).  The Service provided this document to plaintiff as a courtesy.

C. <u>Deposition Transcript and Hearing Transcript</u>.  Plaintiff further complains that Service will not produce two public documents: a deposition transcript of an IRS agent and a court hearing. (Pl. Opp. 3).  Plaintiff states that "for reasons that Plaintiff does not understand, the IRS will not produce them." (Id.)  Plaintiff has been informed that the Service does not know where these documents are located or even whether the Service has these documents in its possession.  The Service must perform a search for the documents.  Plaintiff has not agreed to pay for the search of any non Bates-stamped documents. (Campbell Decl. Ex. E).  Accordingly, the Service has not performed a search for these documents.<u>1</u>/

D. <u>IRS exaggerates the workload of the Vaughn Index</u>.  Plaintiff states that the IRS is exaggerating the workload that the Vauhgn index involves. (Pl. Opp. 3).  As a

---

<u>1</u>/ Plaintiff's request is based on his knowledge that the Department of Justice has these documents in its possession.  Plaintiff is unable to make a FOIA request to the Department of Justice due to a settlement agreement reached between plaintiff and the Department of Justice in a prior FOIA lawsuit.  Plaintiff appears to be attempting to circumvent his prior agreement with the Department of Justice by requesting that the Service obtain these documents.  Plaintiff must pay the search costs before the Service will commit time and expense to searching for the documents that may not be in its own files.

basis for this conclusion, plaintiff states that "the IRS has already reviewed the documents at issue twice." (Id.)  This is not entirely accurate.  The Service reviewed the documents in 2002 pursuant to an earlier FOIA request.  The second review, as stated in plaintiff's Opposition, was conducted pursuant to Department of Justice litigation.  This review was not made for the purposes of creating a Vaughn index nor was the second review made for the purposes of FOIA litigation.  Accordingly, the documents would not have been reviewed for the purpose of making FOIA exemptions determinations.

More importantly, regardless of the prior reviews, the current attorney assigned to the case, Krista Piersol, must make an independent review of every document and make her own determinations with respect to all potential FOIA exemptions.  Ms. Piersol cannot simply refer to prior privilege logs and rely on prior attorney's representations regarding the contents of the documents in creating the Vaughn index as plaintiff appears to suggest (*see* Pl. Opp. 4).  If this were the case, then plaintiff could simply rely on the prior privilege logs previously provided to him.  As plaintiff has indicated, the withheld documents are the same documents at issue in this case. (Pl. Opp. 4).  Counsel for plaintiff has emphasized on numerous occasions that he would like a detailed Vaughn index in this case.  A detailed Vaughn index of over 9,000 pages of documents takes considerable time to create. (*see* Mot. Extension of Time, Piersol Decl.).

Finally, as set forth in plaintiff's Opposition, plaintiff has had two other opportunities to obtain the documents at issue.  Furthermore, plaintiff has had the

opportunity to personally review many of the boxes of documents at issue in this case, as set forth in the case history notes of Carol Shields. A copy of the relevant portions of Shields' history notes is attached hereto as Exhibit 1.

    E. <u>Number of Documents at issue</u>. In the Opposition, plaintiff states that the "documents at issue have not changed since the August 3, 2006 conference." Plaintiff appears to forget that at the August 3, 2006 conference, plaintiff had not yet filed the amended complaint that listed the requested documents. Counsel for the Service relied on plaintiff's characterization at the hearing of the number and nature of the documents at issue. (Campbell Decl. ¶3). Although plaintiff represented that 1,300 documents were at issue (*see* Pl. Opp. 4), in reality there are over 9,000 pages of Bates-stamped documents that are responsive. (Pl. Amended Compl. Ex. A). This does not include the non Bates-stamped documents listed in plaintiff's complaint nor does it include the approximately 90 reel-to-reel audio tapes. (Id). At the time of the request, Counsel for the Service did not know the extent of the request plaintiff would seek in the amended complaint. Had counsel for the Service had this knowledge and been able to consult with the Service to determine its timing requirements, Counsel would more than likely have been able to give a more accurate estimation of the time needed to complete the Vaughn index at the time of the August 3, 2006 status conference.

## CONCLUSION

    For the reasons states in its motion and reply, it is the position of the United States that the motion for enlargement of time for complying with the Court's Order of

August 4, 2006, ought to be granted.

DATE: December 15, 2006.

                                              Respectfully submitted,

                                              /s/ Brittney N. Campbell
                                            BRITTNEY N. CAMPBELL
                                            DAVID KATINSKY
                                            Trial Attorneys, Tax Division
                                            U. S. Department of Justice
                                            Post Office Box 227
                                            Washington, DC  20044
                                            Telephone:  (202) 353-2260

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing United States' REPLY IN SUPPORT OF UNITED STATES' MOTION FOR ENLARGEMENT OF TIME was caused to be served upon plaintiff's counsel on the 15th day of December, 2006, by depositing a copy thereof in the United States' mail, postage prepaid, addressed to:

>JOHN R. GERSTEIN
>ROBERT E. HEGGESTAD
>JONATHAN COHEN
>Ross, Dixon & Bell, LLP
>2001 K Street, N.W.
>Washington, D.C. 20006-1040.

/s/ Brittney N. Campbell
BRITTNEY N. CAMPBELL

1995978.1