IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULINE STONEHILL, Co-executor and Co-special administrator of the Estate of Harry S. Stonehill,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>Defendant. | NO. 1:06-cv-00599 JDB |

**DECLARATION OF BRITTNEY N. CAMPBELL**

I, Brittney N. Campbell, pursuant to 28 U.S.C. §1726, do hereby declare as follows:

1. I am a trial attorney with the Tax Division of the United States Department of Justice in Washington, D.C.

2. I have been assigned litigation responsibility for the present civil action.

3. On August 3, 2006, I attended a status conference in the District Court for the District of Columbia. Prior to that hearing, Mr. Heggestad had indicated that he intended to amend his complaint to seek a limited number of additional documents. Based on that representation, I initially indicated to the court that the Service would need thirty days to complete the Vaughn Index. Mr. Heggestad then informed me at the hearing that he was seeking additional documents and that the Service would need

additional time. At the time, Mr. Heggestad indicated that plaintiff was seeking approximately 1,300 documents.

    4. On October 11, 2006, I sent an e-mail with a letter attached to Robert Heggestad detailing the search and duplication costs involved in plaintiff's FOIA request. The letter was also sent to Mr. Heggestad by U.S. Mail. The letter included the duplication costs for the audio tapes. This e-mail and letter are attached hereto as Exhibit A.

    5. Mr. Heggestad did not agree to the duplication cost of the audio tapes as proposed by the Internal Revenue Service (the "Service"). Despite several communications regarding the duplication costs (*see* Exhibits B, C, D), Mr. Heggestad has not yet agreed to pay the duplication costs for the audio tapes.

    6. Mr. Heggestad sent a letter to me dated November 1, 2006 indicating that he was willing to pay one-half of the costs that we had requested. (*see* Exhibit E). By letter dated November 8, 2006, I informed Mr. Heggestad that the Service would not compromise regarding the search costs. A copy of the letter is attached as Exhibit F.

    7. I did not receive a response from Mr. Heggestad regarding our November 8, 2006 letter and on November 16, I sent an e-mail to Mr. Heggestad requesting his position regarding the search fees. A copy of the e-mail is attached as Exhibit G.

    8. On November 16, 2006, Mr. Heggestad responded by e-mail that he would agree to pay half of the search costs. A copy of this e-mail is attached as Exhibit H.

9.  I was on pre-approved vacation from November 17, 2006-November 28, 2006 and did not discuss Mr. Heggestad's response with the Internal Revenue Service until my return. I received a determination from the Internal Revenue Service that it would accept Mr. Heggestad's proposal for payment of half of the search costs. I did not relay this information to Mr. Heggestad until Friday, December 1, 2006, in a telephone conversation with Mr. Heggestad regarding the Internal Revenue Service's request for an extension for time to complete its Vaughn index.

10.  In his declaration, Mr. Heggestad states that I left a message on Friday, December 1, 2006 and did not return his call until Tuesday. This is not accurate. I contacted Mr. Heggestad on Friday, December 1, 2006 and discussed with Mr. Heggestad the Internal Revenue Service's need for additional time to complete its Vaughn index. Mr. Heggestad indicated that plaintiff would not agree to a 90 day extension and would only agree to a limited extension if the Internal Revenue Service would produce certain documents immediately. I indicated to Mr. Heggestad that I would relay his proposal to the Internal Revenue Service but did not anticipate that the Service would agree to less than 90 days to complete the Vaughn Index. I also informed Mr. Heggestad that some of the documents he had requested were located in a safe in the Department of Justice, main building, and only a person with top secret clearance may review them. It was not possible to review those documents and release them to plaintiff in the immediate future.

11. After discussing with the Service Mr. Heggestad's counterproposal regarding the extension of time to complete the Vaughn Index, I left Mr. Heggestad a voicemail message indicating that the Service could not agree to less than 90 days to complete the Vaughn index. I further stated that I understood this to mean that he would not consent to the extension of time.

12. I received a phone call from Mr. Heggestad on Tuesday, December 5, 2006, regarding the Service's filed motion for enlargement of time to complete the Vaughn index. Again, I discussed the search fees with Mr. Heggestad. I agreed with Mr. Heggestad that prior to the Service seeking the extension of time, I had not informed him of the Service's acceptance of his proposal regarding the search fees.

I declare under penalty of perjury that the foregoing is correct.

Executed on December 15, 2006.

/s/ Brittney N. Campbell
BRITTNEY N. CAMPBELL
Trial Attorney, Tax Division

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that the foregoing DECLARATION OF BRITTNEY CAMPBELL was caused to be served upon defendant on the 15th day of December, 2006, by depositing a copy thereof in the United States' mail, postage prepaid, addressed as follows:

>JOHN R. GERSTEIN
>ROBERT E. HEGGESTAD
>JONATHAN COHEN
>Ross, Dixon & Bell, LLP
>2001 K Street, N.W.
>Washington, D.C. 20006-1040.

>/s/ Brittney N. Campbell
>BRITTNEY N. CAMPBELL

## Campbell, Brittney N. (TAX)

**From:** Campbell, Brittney N. (TAX)
**Sent:** Wednesday, October 11, 2006 4:35 PM
**To:** rheggestad@rdblaw.com
**Subject:** re: Stonehill
**Attachments:** 10.11.06.o_c.letter.searchfee.WPD

Bob,

Attached is a letter regarding the search and duplication fees associated with your FOIA request. I received your messages but I was out of the office Monday and Tuesday. I am here for the remainder of the week. Please call me when you have a moment to discuss the attached letter and the other issues we discussed last time we spoke.

Thanks,
Brittney

*******************************
Brittney N. Campbell
Trial Attorney, Tax Division
U.S. Department of Justice
PO Box 227, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 353-2260
Facsimile: (202) 514-6866
brittney.n.campbell@usdoj.gov



12/13/2006



U.S. Departme of Justice

Tax Division

*Civil Trial Section, Eastern Region*

BNC:dlb
5-16-4036
CMN 2006103375

Post Office Box 227
Washington, DC 20044

*Telephone:* (202) 514-0472
*Telecopier:* (202) 514-6866

October 11, 2006

**Via E-mail and U.S. mail**
Robert E. Heggestad
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040

Re:   Stonehill v. Internal Revenue Service
      Civil No. 1:06-CV-00599 (JDB) (USDC DDC)
      Your ref.: CC:PA:DPL:B01:KLPiersol:DL-120314-06

Dear Mr. Heggestad:

Pursuant to 5 U.S.C. §552(A)(4), you are required to pay the following fees related to your FOIA request:

> 1) **Duplication fees:** The fee for copies of documents is $.20 per copy of each page, up to 8 ½" x 14". For records produced in electronic format, i.e. records that can be downloaded or transferred intact to a diskette, compact disk (CD), magnetic tape/cartridge or other electronic medium, the charge is the actual cost of duplication.[1]

> 2) **Search Fees:** The average fee for services of clerical, professional, and supervisory personnel involved in locating records (other than electronic records) is $ 17.00 for each hour or fraction thereof.[2]

At this point, the Internal Revenue Service ("Service") has spent 64 hours searching for and locating documents you requested in Exhibit A of

---

[1] I.R.M. 11.3.5.7.1. *Copies.*

[2] 26 CFR 601.702(f)

your amended complaint for a search fee of $1,088. The Service anticipates spending a minimum of 160 hours searching for remainder of the documents (documents for which no bate stamp number or box number was provided) listed in Exhibit A of your amended complaint.

The documents for which you provided box numbers and bate stamp numbers listed in Exhibit A total approximately 9,000 pages. The number of pages of documents for the documents that do not have bate stamp numbers or box numbers is unknown. The cost to duplicate the sound recordings from Boxes 30 and 42, as requested in Exhibit A, is $6,468.

Prior to incurring any additional expense related to the search, the Service requests that you submit a written agreement to pay the search and duplication fees. The Service also requests that you pay the fees for the work that has already been completed.[3]

Please contact me if you have any questions (202) 353-2260.

Sincerely yours,

BRITTNEY CAMPBELL
Trial Attorney
Civil Trial Section, Eastern Region

---

[3] *See* I.R.M. 11.3.5.5.1. *Requests Involving Extensive Efforts.* ("If a request for access to records is anticipated to generate fees of $ 250.00 or more due to the need for extensive search, review or duplication, payment of the estimated fees should be obtained prior to performing such work.")

## Campbell, Brittney N. (TAX)

**From:** rheggestad@rdblaw.com
**Sent:** Wednesday, November 01, 2006 10:25 AM
**To:** Campbell, Brittney N. (TAX)
**Subject:** RE: List of Tapes/Fees

Brittney-that sounds very high-Who are you paying to duplicate them? I am confident that I could find someone who is considerably cheaper.

-----Original Message-----
From: Brittney.N.Campbell@usdoj.gov
[mailto:Brittney.N.Campbell@usdoj.gov]
Sent: Wednesday, November 01, 2006 8:57 AM
To: Robert Heggestad
Subject: RE: List of Tapes/Fees

The cost to duplicate the sound recordings from Boxes 30 and 42, as requested in Exhibit A, is $6,468--(which would be divided by the tapes actually produced.)

-----Original Message-----
From: rheggestad@rdblaw.com [mailto:rheggestad@rdblaw.com]
Sent: Tuesday, October 31, 2006 4:21 PM
To: Campbell, Brittney N. (TAX)
Subject: RE: List of Tapes/Fees

Brittney-what is the approximate cost of each tape

-----Original Message-----
From: Brittney.N.Campbell@usdoj.gov
[mailto:Brittney.N.Campbell@usdoj.gov]
Sent: Tuesday, October 31, 2006 3:49 PM
To: Robert Heggestad
Subject: re: List of Tapes/Fees

Bob,

Attached is a list of the tapes that you have requested.  Please provide a list as soon as possible of the specific tapes that you would like us to copy and produce to you.

Additionally, below is the address to which you send the check for the FOIA search fees:
The check is to be made payable to the United

> States Treasury and should reference the case number. It can be

> mailed to 31 Hopkins Plaza Room 1210 Baltimore, MD 21201.


*********************************
Brittney N. Campbell
Trial Attorney, Tax Division
U.S. Department of Justice
PO Box 227, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 353-2260
Facsimile: (202) 514-6866
brittney.n.campbell@usdoj.gov

1

**EXHIBIT B**

**Campbell, Brittney N. (TAX)**

**From:** Campbell, Brittney N. (TAX)
**Sent:** Thursday, November 02, 2006 6:19 PM
**To:** rheggestad@rdblaw.com
**Subject:** re: Stonehill

Bob,

Krista Piersol (IRS Disclosure/Privacy attorney assigned to case) was out of the office today and will not be back until Monday. I forwarded her your letter yesterday but she did not have an opportunity to respond. She indicated that she would have a response Monday. One of the requested documents was not listed on Exhibit A to your amended complaint. That document will need to be located --she anticipated that should happen next week.

Regarding the tapes--if you can get an estimate to convert from reel to reel then we will use the estimate as the duplication fee. I'm not sure how many tapes are in the boxes but I will try to count them tomorrow and give you the number.

Brittney

*******************************
Brittney N. Campbell
Trial Attorney, Tax Division
U.S. Department of Justice
PO Box 227, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 353-2260
Facsimile: (202) 514-6866
brittney.n.campbell@usdoj.gov



EXHIBIT C

12/13/2006

**Campbell, Brittney N. (TAX)**

From: Campbell, Brittney N. (TAX)
Sent: Friday, November 03, 2006 6:19 PM
To: rheggestad@rdblaw.com
Subject: RE: Stonehill

Bob,

The doc that was not listed in Exhibit A was doc from Box 29 -- 0347.  We've located a copy.  I'm sending it to IRS for their review.

The tapes:

Box 30 contains 32 reel to reel tapes.  The tapes are 7" reel (6.35 X 540m)

Box 42 contains 30 7" reel  and 4 600ft reel to reel.

The speed for the tapes is 3.75.

Thanks,

Brittney

-----Original Message-----
From: rheggestad@rdblaw.com [mailto:rheggestad@rdblaw.com]
Sent: Thursday, November 02, 2006 6:21 PM
To: Campbell, Brittney N. (TAX)
Subject: RE: Stonehill

Thank you Brittney.  Which document was not listed in Exhibit A?

-----Original Message-----
From: Brittney.N.Campbell@usdoj.gov
[mailto:Brittney.N.Campbell@usdoj.gov]
Sent: Thursday, November 02, 2006 6:19 PM
To: Robert Heggestad
Subject: re: Stonehill

Bob,

Krista Piersol (IRS Disclosure/Privacy attorney assigned to case) was out of the office today and will not be back until Monday.  I forwarded her your letter yesterday but she did not have an opportunity to respond.  She indicated that she would have a response Monday.   One of the requested documents was not listed on Exhibit A to your amended complaint.  That document will need to be located --she anticipated that should happen next week.

Regarding the tapes--if you can get an estimate to convert from reel to reel then we will use the estimate as the duplication fee.  I'm not sure how many tapes are in the boxes but I will try to count them tomorrow and give you the number.

Brittney

*****************************
Brittney N. Campbell
Trial Attorney, Tax Division
U.S. Department of Justice
PO Box 227, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 353-2260
Facsimile: (202) 514-6866
brittney.n.campbell@usdoj.gov



1

# ROSS, DIXON & BELL, LLP

2001 K Street, N.W. • Washington, D.C. 20006-1040 • *p* (202) 662-2000 *f* (202) 662-2190

ROBERT E. HEGGESTAD
DIRECT DIAL: (202) 662-2054
EMAIL: RHEGGESTAD@RDBLAW.COM

November 1, 2006

**VIA ELECTRONIC & FIRST CLASS MAIL**

Britney Campbell, Esquire
United States Department of Justice
Tax Division
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044

Re: **Stonehill v. Internal Revenue Service**
Case No. 1:06-CV-0599 (JDB)

Dear Ms. Campbell:

We are willing to pay one-half of the search costs incurred to date ($527) and the duplication expenses associated with any documents the Internal Revenue Service ("IRS") releases. Unfortunately, we cannot negotiate an agreement concerning other costs until we receive a comprehensive Vaughn Index, including those documents upon which the IRS has not placed bates-numbers. At that time, we will gladly work with you to determine the most equitable and cost-effective way to proceed.

In addition, there are several extremely simple issues that your client should resolve immediately, without Court intervention:

(1) We have repeatedly asked that the IRS provide the two duplicate copies (B2 CC 569-686 and B2 CC 696-813) of the redacted March 4, 1966 Chief Counsel's memorandum (B2 CC 106-114). Because we are seeking only copies of documents the substance of which the IRS purports to have already released in their entirety, we are unaware of any possible reason the IRS could withhold these documents.

(2) We have repeatedly asked that the IRS provide us (through FOIA) those portions of documents that the IRS withheld in the Rule 60(b) litigation only as "irrelevant." As you properly conceded in your answer to our complaint, FOIA does not allow the Government to assert relevance objections.



WASHINGTON • ORANGE COUNTY • SAN DIEGO • CHICAGO

344836

# Ross, Dixon & Bell, LLP

Britney Campbell
November 1, 2006
Page 2

(3) We have repeatedly asked that the IRS produce a copy of the December 20, 1984 hearing transcript in which your client pursued various tax liens against Stonehill.[1] This is a publicly-available document that the Government has previously acknowledged it possesses. And, as we have already indicated, Mr. Charles Duffy (of your office) has this document.

(4) We have repeatedly asked that the IRS produce a legible copy of the June 29, 1962 memorandum from Sterling Powers to the Chief of Intelligence in Honolulu, Hawai'i (B29-0347). The IRS previously released a copy in which a "Diplomatic Pouch Mail Registration" stapled to the memorandum obscures its text. Again, since the IRS has already produced this document (albeit illegibly), we cannot conceive of any possible reason for the agency's continued delay.

We would appreciate anything you can do to resolve these simple issues expeditiously. As noted, we will reimburse the Government for any duplication costs associated with documents the IRS releases. It would be unfortunate (to say the least) if we have to brief whether the IRS can withhold hearing transcripts from public hearings, or whether the IRS can withhold copies of documents that it has already released. Nevertheless, if we have not heard from you by the end of the week, we will begin preparing a narrow motion for summary judgment addressing certain of the above-outlined issues.

Very truly yours,

ROSS, DIXON & BELL, LLP

By _____
Robert E. Heggestad

REH:cfw

---

[1] United States v. Stonehill, Nos. 2348 and 65-127 (D. Haw. 1984).

344836



U.S. Department of Justice

Tax Division

*Civil Trial Section, Eastern Region*

BNC:dlb
5-16-4036
CMN 2006103375

Post Office Box 227
Washington, DC 20044

Telephone: (202) 514-0472
Telecopier: (202) 514-6866

November 8, 2006

**Via Facsmile and U.S. mail**
Robert E. Heggestad
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040
(202) 662-2190

Re: Stonehill v. Internal Revenue Service
Civil No. 1:06-CV-00599 (JDB) (USDC DDC)
Your ref.: CC:PA:DPL:B01:KLPiersol:DL-120314-06

Dear Mr. Heggestad:

This letter is in response to your letter dated November 1, 2006. In accordance with 26 C.F.R. § 601.702, the Internal Revenue Service (the "Service") does not wish to discount or compromise the search fees incurred to date. Prior to releasing any of the Bates-stamped documents, the Service expects payment in full for the search costs already incurred.

With respect to the search for the documents that do not have Bates-stamped numbers, as indicated in our prior two letters, the Service will not begin to search for these documents unless you enter into an agreement to pay the search costs. The Service is permitted to require payment prior to performing a search when the cost of the search is estimated to exceed $250. See 26 C.F.R. § 601.702. The search for the non-Bates Stamped documents will require personnel to look through the entire set of boxes for responsive documents. The previous search conducted pursuant to your FOIA request required 1,400 hours. Although this search will not require the prior level of review, the searcher will be required to read each document to determine whether it is responsive. It is estimated that the search for these documents will more than likely exceed $5,000. As indicated previously, if you do wish the Service to perform a full search for the non Bates-stamped documents at this time, you may propose a maximum amount that you are willing to pay or you may eliminate the search altogether. The Service will not begin any search for the non Bates-stamped documents unless you have agreed to pay for the search time. The



EXHIBIT F

- 2 -

Service cannot prepare a Vaughn index unless it has located the documents. In order to locate the documents, the Service must conduct the search. Accordingly, your proposal that the Service prepare a Vaughn index prior to you agreeing to pay any search costs is not feasible or acceptable.

The FOIA requires a requester to comply with the regulations promulgated by the agency. For FOIA requests, the Internal Revenue Service requires that the requester state that he agrees to pay the fees for the search and duplication. If you refuse to pay the fees already incurred as well as those requested in advance, then we will move to dismiss this case.

Please contact me if you have any questions (202) 353-2260.

Sincerely yours,

BRITTNEY CAMPBELL
Trial Attorney
Civil Trial Section, Eastern Region

**Campbell, Brittney N. (TAX)**

**From:** Campbell, Brittney N. (TAX)
**Sent:** Thursday, November 16, 2006 2:33 PM
**To:** rheggestad@rdblaw.com
**Subject:** re: Stonehill

Bob,

We didn't discuss this on Tuesday--what is your position with respect to the fees related to the search for the bates stamped documents (approximately $1,050)?

Thanks,
Brittney

*******************************

Brittney N. Campbell
Trial Attorney, Tax Division
U.S. Department of Justice
PO Box 227, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 353-2260
Facsimile: (202) 514-6866
brittney.n.campbell@usdoj.gov



EXHIBIT
G

12/13/2006

**Campbell, Brittney N. (TAX)**

From: rheggestad@rdblaw.com
Sent: Thursday, November 16, 2006 4:07 PM
To: Campbell, Brittney N. (TAX)
Subject: RE: Stonehill


Brittney-Our position was that we would pay half. I have reviewed our records and we have already paid the IRS for search costs and copying costs for the IRS production. We could have asked for a Vaughn Index for all of the withheld documents and there would not have been any "search"
costs to locate Bate stamped documents.  If you want us to add the documents we didn't identify, we can do that but it doesn't make  a great deal of sense and it would require considerable additional work on the Index. Our proposal is very fair under the circumstances.  Please call me if this is your last day.  Did you get any feed back on the other documents?  I hope to talk to you but if I don't, I hope you have a very good and fun vacation (even though its short) Bob

-----Original Message-----
From: Brittney.N.Campbell@usdoj.gov
[mailto:Brittney.N.Campbell@usdoj.gov]
Sent: Thursday, November 16, 2006 2:33 PM
To: Robert Heggestad
Subject: re: Stonehill

Bob,

We didn't discuss this on Tuesday--what is your position with respect to the fees related to the search for the bates stamped documents (approximately $1,050)?

Thanks,
Brittney

*******************************
Brittney N. Campbell
Trial Attorney, Tax Division
U.S. Department of Justice
PO Box 227, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 353-2260
Facsimile: (202) 514-6866
brittney.n.campbell@usdoj.gov

1

