IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULINE STONEHILL, Co-executor and Co-special administrator of the Estate of Harry S. Stonehill,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>Defendant. | NO. 1:06-cv-00599 JDB |

## SECOND MOTION FOR ENLARGEMENT OF TIME

  DEFENDANT, the Internal Revenue Service, by and through its attorneys, and pursuant to Fed. R. Civ. P. 6(b)(1), moves the Court to enlarge the time for complying with the Court's Order of December 21, 2006, by 90 days, to and including May 10, 2007.

  As grounds for the motion, defendant states that the Internal Revenue Service has been unable to complete a Vaughn index of the documents claimed to be exempt from production under the Freedom of Information Act (FOIA), and, accordingly, has been unable to complete its motion for summary judgment within the period prescribed by the Court's Order of December 21, 2006. The Service has completed approximately 80 pages of the Vaughn Index, attached to this motion as Exibit 2. The Service has also released 98 documents to plaintiff.

  The Internal Revenue Service is of the belief that the complete Vaughn index and motion for summary judgment can be completed within an additional 90 days. These grounds are more fully set forth in the Declaration of Krista Piersol, attached to this motion as Exhibit 1, and in a memorandum in support of this motion, which is served and filed herewith.

The specific relief sought in this motion is an enlargement of time of 90 days, to and including May 10, 2007, in which to complete compliance with the Court's Order of December 21, 2006.

The Internal Revenue Service conferred with plaintiff for the purpose of attempting to reach agreement on the relief sought herein.  Defendant's counsel attempted to reach plaintiff's counsel on Wednesday, February 7, 2007 to discuss the request for an extension.  Plaintiff's counsel was out of town Wednesday, February 7, 2007 but agreed to discuss the matter with defendant's counsel on Thursday, February 8, 2007.  The parties discussed an offer made by plaintiff several weeks ago regarding the request for an extension.  Plaintiff's counsel had offered to agree to a two or three week extension if the Service would provide plaintiff with certain documents, specifically, a deposition transcript, a hearing transcript, and certain Chief Counsel documents.  The Internal Revenue Service was unable to agree with the terms of the agreement for the following reasons: (1) the Service needs more than three weeks to complete the review and <u>Vaughn</u> index of the documents; (2) the Central Intelligence Agency must redact information from the Chief Counsel documents at issue and currently has possession of the documents; and (3) the Internal Revenue Service has not located the transcripts at issue.  The Service will not search for these documents unless the plaintiff enters into an agreement to pay the search fees.  To date, no agreement has been reached.  The Department of Justice has copies of the transcripts; however, those copies are not Internal Revenue Service documents and the Internal Revenue Service can not be compelled to release the documents that do not belong to it.   Because the Internal Revenue Service and plaintiff's counsel could not reach an agreement regarding the conditions of the requested enlargement, plaintiff's counsel advised that plaintiff does not agree to the relief requested.

DATE: February 8, 2007.

                                              Respectfully submitted,

                                              <u>/s/ Brittney N. Campbell</u>
                                              BRITTNEY N. CAMPBELL
                                              DAVID KATINSKY
                                              Trial Attorneys, Tax Division
                                              U. S. Department of Justice
                                              Post Office Box 227
                                              Washington, DC  20044
                                              Telephone:  (202) 353-2260

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

## CERTIFICATE OF SERVICE

_____IT IS CERTIFIED that service of the foregoing SECOND MOTION FOR ENLARGEMENT OF TIME was caused to be served upon plaintiff's counsel on the 8th day of February, 2007, by depositing a copy thereof in the United States' mail, postage prepaid, addressed as follows:

>JOHN R. GERSTEIN
>ROBERT E. HEGGESTAD
>JONATHAN COHEN
>Ross, Dixon & Bell, LLP
>2001 K Street, N.W.
>Washington, D.C. 20006-1040

>/s/ Brittney N. Campbell
>BRITTNEY N. CAMPBELL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULINE STONEHILL, Co-executor and Co-special administrator of the Estate of Harry S. Stonehill, <br><br> Plaintiff, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, <br><br> Defendant. | ) ) ) ) ) ) ) ) NO. 1:06-cv-00599 JDB ) ) ) ) ) |

**MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF DEFENDANT'S SECOND MOTION
FOR ENLARGEMENT OF TIME**

This is an action in which plaintiff seeks an injunction against further withholding of certain documents and records under the Freedom of Information Act.

STATEMENT & DISCUSSION

1. <u>Introduction.</u>  Plaintiff filed its initial complaint on March 31, 2006 requesting injunctive relief related to documents related to William Saunders and withheld by the Internal Revenue Service (the "Service") based on 26 U.S.C. §6103.  The Service released those documents to plaintiff on or about June 20, 2006.  Plaintiff filed its amended its complaint on August 11, 2006.  In the amended complaint, plaintiff seeks over 9,500 pages of responsive documents and 90 audio tapes. (Pl. Compl. Exhibit A).  The complaint requests a mandatory injunction requiring the Service to produce certain documents and records for plaintiff's inspection and copying under the Freedom of Information Act, 5 U.S.C. § 552. (Pl. Amended Compl. ¶¶ 72-75.)

Based on a review of the Service's and Chief Counsel's actions taken as a result of plaintiff's original FOIA request, Krista Piersol, attorney for the Service's Office of Chief Counsel, Office of the Assistant Chief Counsel (Disclosure and Privacy Law), has

determined that plaintiff has had previous access to all of the non-exempt documents responsive to his FOIA request. (2d Piersol Decl. ¶3.) The documents being released to plaintiff through this proceeding have previously been released to plaintiff, or plaintiff had access to them, through the FOIA. (Id.) Additionally, a substantial portion of the documents were released to plaintiff again through the discovery process in the tax proceeding pending in the Central District of California, <u>United States v. Stonehill,</u> 65-cv-0127. (Id.).

    2. <u>The Order of August 4, 2006.</u>  The Court, on August 4, 2006, ordered that the Internal Revenue Service produce a <u>Vaughn</u> index and file its motion for summary judgment on or before December 5, 2006. Order of August 4, 2006.

    3. <u>The United States' first motion for enlargement of time.</u>  Following the Court's August 4, 2006 Order, plaintiff filed its amended its complaint on August 11, 2006. The Service received a copy of plaintiff's amended complaint on August 14, 2006. On August 30, 2006, the Service reallocated personnel to search for the documents. Two Service employees spent 64 hours searching and copying the documents requested by plaintiff. Id. The search was completed on September 8, 2006. Id. Piersol began reviewing and creating a Vaughn Index for these documents. Additionally, Piersol reviewed approximately 40 of the 90 requested tapes, expending approximately 60 hours for the review. Piersol stopped reviewing the tapes pending an agreement being reached and payment made regarding the tapes. Id.

    The Service was unable to complete the review and the creation of a <u>Vaughn</u> index of the documents responsive to plaintiff's request by December 5, 2006 for the following reasons:

        a. In addition to the Stonehill litigation, Piersol had a full case load that included other Freedom of Information Act litigation, opinion projects, and informal

advice. (Piersol Decl. ¶4.) */ Although Piersol attempted to minimize the work devoted to her other cases, those assignments required her daily attention. (Id.)  Additionally, a significant amount of time is necessary to review and create a Vaughn Index in this case. (Piersol Decl. ¶4(a)).

      b. In an effort to assist Piersol with the creation of a Vaughn Index, on November 28, 2006, managers within the Office of the Associate Chief Counsel (Procedure and Administration), arranged for a Paralegal Specialist to assist with the creation of the indexing of the documents. (Piersol Decl. ¶2(h).)

      c. For the weeks of December 4, 2006 and December 10, 2006, the Office of Chief Counsel was in the process of returning operations to the National Office at 1111 Constitution Ave., Washington, DC 20001. (Piersol Decl. ¶5).  The office was displaced due to recent flooding of the National Office.  Id.

    3. <u>The Order of December 21, 2006.</u>  The Court, on December 21, 2006, ordered that the Internal Revenue Service produce a Vaughn index and file its motion for summary judgment on or before February 9, 2007. Order of December 21, 2006.

    4. <u>The status of the United States' compliance with the December 21, 2006 Order.</u>

The Internal Revenue Service has now allocated three paralegals to assist Piersol with reviewing and indexing the documents at issue in this case. (2d Piersol Decl. ¶ 4(a).)  A total of 848 hours have been expended on this case to date and 476 of those hours were spent specifically on the creation of the <u>Vaughn</u> Index. (Id.)

Approximately 1,048 documents have been reviewed and indexed.  (2d Piersol Decl. ¶ 4(b).)  A partial 80 page Vaughn index is submitted to the Court along with this motion.  Additionally, plaintiff is being provided with a copy of 98 documents

---

*/The first Piersol declaration was filed in connection with the United States' first motion for enlargement of time.  See PACER # 15.

approved for release. Approximately 8,666 pages remain to be reviewed.(Id.) Chief Counsel will be able to intermittently re-release documents and corresponding portions of the Vaughn index to the Court and plaintiff until the review of all responsive documents is complete. (Id.) The Service anticipates being able to complete the review of the documents and the Vaughn index in April, 2007. (2d Piersol Decl. ¶7.)

The review of the responsive documents will not be complete in time to the meet the Court's order to produce a Vaughn index and file a motion for summary judgment by February 9, 2007, for the following reasons:

a. There is a large amount of responsive material to review and index (2d Piersol Decl. ¶2(1));

b. Approximately 600 documents have been sent to the CIA for review and redaction due to a potential compromise of national security (2d Piersol Decl. ¶2(2));

c. In addition to the Stonehill litigation, Piersol has a full case load that includes other Freedom of Information Act litigation, opinion projects, and informal advice. (2d Piersol Decl. ¶5.) Although Piersol has attempted to minimize the work devoted to her other cases, those assignments require her daily attention. (Id.) Recently, Piersol's husband, a NASA employee, was transferred to West Virginia. In order to ensure continuity on the case and consequently, complete the review and <u>Vaughn</u> index in the most expeditious manner, Piersol is holding her resignation in abeyance until she has completed the work on this case. (Id.)

5. <u>Relief requested.</u> Based on the foregoing, the United States is of the belief that an enlargement of time of 90 days would be sufficient to allow it to comply with the Order of December 21, 2007. A 90-day enlargement of time would result in a new compliance deadline of May 10, 2007.

6. <u>The Court has discretion to grant this motion.</u> Pursuant to Fed. R. Civ. P. 6(b)(1), the Court for cause shown, may enlarge the time for filing dispositive motions, among other things. *See Poe v. Christina Copper Mines, Inc.*, 15 F.R.D. 85, 87-88 (D. Del. 1953) As Professor Moore has commented:

> Ordinarily, of course, the court should be liberal in granting extensions of time before the period to act has elapsed, so long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions is not abused.

2 Moore, *Federal Practice*, § 6108 at 6-83; *Motzinger v. Flynt*, 119 F.R.D. 373, 375 (M.D.N.C. 1988); *Baden v. Craig-Hallum, Inc.*, 115 F.R.D. 582, 585 (D. Minn. 1987). The United States has not been guilty of negligence or bad faith, nor has the privilege of extensions been abused by the United States.

7. <u>Summary.</u> The Court should exercise its discretion to grant the requested enlargement of time in the interests of justice and for cause shown.

## CONCLUSION

It is the position of the United States that the motion for enlargement of time for complying with the Court's Order of December 21, 2006, ought to be granted.

DATE: February 8, 2007.

                Respectfully submitted,

                /s/ Brittney N. Campbell
                BRITTNEY N. CAMPBELL
                DAVID KATINSKY
                Trial Attorneys, Tax Division
                U. S. Department of Justice
                Post Office Box 227
                Washington, DC  20044
                Telephone:  (202) 353-2260

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

2209558.1

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing United States' MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF UNITED STATES' SECOND MOTION FOR ENLARGEMENT OF TIME was caused to be served upon plaintiff's counsel on the 8th day of February, 2007, by depositing a copy thereof in the United States' mail, postage prepaid, addressed to:

> JOHN R. GERSTEIN
> ROBERT E. HEGGESTAD
> JONATHAN COHEN
> Ross, Dixon & Bell, LLP
> 2001 K Street, N.W.
> Washington, D.C. 20006-1040.

/s/ Brittney N. Campbell
BRITTNEY N. CAMPBELL