IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STONEHILL, <br><br> Plaintiff, <br><br> v. <br><br> INTERNAL REVENUE SERVICE <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:06-cv-0599 <br> ) <br> ) <br> ) <br> ) |

### DECLARATION OF KRISTA L. PIERSOL

I, Krista L. Piersol, being of legal age and pursuant to the provisions of 28 U.S.C. § 1746, declare and say:

1. I am an attorney with the Office of the Assistant Chief Counsel (Disclosure and Privacy Law), in Washington, D.C. I have held this position since February 2006. The duties of attorneys in this office include assisting the Department of Justice (DOJ) and Offices of the United States Attorneys in defending the Government in litigation brought under the Freedom of Information Act (FOIA), the Privacy Act, and 26 U.S.C. § 7431.

2. Within the course and scope of my duties, I have been assigned to assist the DOJ in connection with the above-captioned litigation. The Internal Revenue Service (IRS) is in the process of reviewing and creating a Vaughn Index of the documents responsive to the Plaintiff's FOIA request and withheld pursuant to various FOIA exemptions. This process will not be complete in time to meet the Court's order to file dispositive motions on February 9, 2006, for the following reasons: (1) there is a large amount of responsive material to review and index; (2) Chief Counsel and/or the IRS is no longer in possession of the original documents and Disclosure and Privacy

Law are still attempting to obtain a portion of the documents from the DOJ Tax Division, Western Region, as they are the subject of an ongoing litigation in that Division; (3) approximately 600 documents have been sent to the CIA for review and redaction due to a potential to compromise national security; (4) I have a full docket of other cases and opinion work to handle; and (5) it is not possible at the current time to transfer my other work to the other attorneys in my division because they also have large workloads including court and opinion deadlines.

    3.    I have spoken with IRS and Chief Counsel personnel who were originally involved in processing plaintiff's FOIA request, namely Richard Fultz and Carol Field. Further, I have reviewed the Case Notes Report written by Carol Field which provides a summary of the daily activities of the Disclosure Officer with regards to plaintiff's FOIA request. From a review of the notes and the interviews, I determined plaintiff has had access to all of the documents responsive to his FOIA request and not exempt under the FOIA. I am in the process of creating a <u>Vaughn</u> Index of the exempt documents or the exempt portions thereof. Any documents being released to the plaintiff through this proceeding have previously been released, or plaintiff has had access to them, through the FOIA, and a substantial portion were released again through the discovery process in the tax proceeding pending in the Central District of California, <u>United States v. Stonehill</u>, 65-cv-0127. From a review of the FOIA appeal file and the privilege logs from discovery, it appears some of the documents in Exhibit A to the Amended Complaint that plaintiff claims to have been wrongfully withheld were actually released through the FOIA and only withheld from plaintiff through the discovery process. Therefore, while

2

the IRS is releasing documents to the plaintiff, he has in fact already been provided with the documents themselves or access to them.

4. The following summarizes my substantial work on Plaintiff's request to date:

   a. Chief Counsel has allocated three paralegals, one who devotes her time exclusively to this case, to assist me with reviewing and indexing the documents. Hours expended on the case to date are 848 and 476 hours on completing the <u>Vaughn</u> Index itself.

   b. Approximately 1,048 documents have been reviewed and indexed. A partial 80 page Index is being submitted to the Court. In addition, plaintiff is being provided with a copy of the documents ready for release, 98 documents, at a cost of $0.20 per page.

   c. There are approximately 8,666 pages remaining. Chief Counsel is willing and able to intermittently re-release documents and sizable portions of the Index to the Court and plaintiff upon completion.

5. I currently have a full case load that includes, in addition to the *Stonehill* litigation, other Freedom of Information Act litigation, opinion projects, and informal advice. Although I have done everything I could to minimize the work I devote to these other cases, these assignments require daily attention.

6. Most recently, my husband, also a Federal Government employee for NASA was transferred to a facility in Fairmont, WV. Chief Counsel and myself have

3

worked together to ensure continuity on the case. I am holding my resignation in abeyance until such time as my work upon this case is no longer necessary.

7.	The Disclosure and Privacy Law Division anticipates finishing the <u>Vaughn</u> Index and declarations for a dispositive motion by April 2006.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 5th day of January 2007.

*[signature]*
Krista L. Piersol
Office of Chief Counsel
1111 Constitution Avenue
Washington, DC 20224