UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULINE STONEHILL, Co-executor and Co-special administrator of the Estate of Harry S. Stonehill, Calle Guillermo Tell 14 Churriana 29140 Malaga, ESP <br><br> Plaintiff, <br><br> v. <br><br> INTERNAL REVENUE SERVICE 1111 Constitution Avenue, N.W. Washington, D.C. 20224 <br><br> Defendant. | Case No. 06-599 (JDB) |

**PLAINTIFF'S OPPOSITION TO THE INTERNAL REVENUE SERVICE'S SECOND MOTION FOR ADDITIONAL TIME**

Since August, 11, 2006, and including the previous sixty-day extension, the IRS has had 128 workdays (or 180 days total, including weekends and holidays) to complete its <u>Vaughn</u> index. So far, it has indexed only 188 documents, 53 of which have been released in substantially redacted form.[1] Thus, the IRS is analyzing (indexing and deciding whether to produce), on average, fewer than two documents per workday. There are 1112 documents remaining, and had the IRS chosen to analyze ten documents per workday (or more), it would have completed this process long ago.

---

[1] The IRS also released 9 documents without redactions.

The IRS' motion recent motion for an extension is largely the same as its last one. With one notable exception, the rationales offered are all the same: busy staff, other responsibilities, and the alleged difficulty of the task.[2] None of these excuses justifies the agency's absurdly slow pace. The only new reason provided is that, supposedly, the IRS needs to give five hundred pages of documents to the CIA for "national security" review. As the IRS is well aware, however, it did not raise "national security" (FOIA exemption (b)(1)) as a basis for withholding *any* of the documents at issue.[3] It cannot raise FOIA exemption (b)(1) now when it did not do so at the administrative level, and the IRS' attempt to assert it belatedly does not excuse additional delay. Indeed, not only did the IRS not assert (b)(1) during the FOIA administrative process, it did not assert (b)(1) when answering Plaintiff's complaint,[4] or even when seeking its last extension.[5]

Even more remarkably, in the related Rule 60(b) litigation, the CIA has already reviewed – twice – all documents the Government designated as posing a potential threat to national security.[6] The IRS offers no new reason for its delay other than the alleged need to allow the CIA to review these documents a third time. And, regardless, because the IRS has waived the

---

[2] K. Piersol Dec. (Jan. 7, 2007), at 1-2, attached hereto as Exhibit 1.

[3] See Letter from C. Field to R. Heggestad (Nov. 26, 2002), at Tab 4, attached hereto as Exhibit 2.

[4] See IRS Answer to Plaintiff's First Amended Complaint, Stonehill v. IRS, No. 06-599 (JDB) (filed D.D.C. Sept. 6, 2006), at 5 (answers to paragraphs 31 and 33).

[5] See IRS' First Motion for Additional Time, Stonehill v. IRS, No. 06-599 (JDB) (filed D.D.C. Dec. 4, 2006).

[6] See Letter from C. Duffy to R. Heggestad (April 14, 2006), attached hereto as Exhibit 3; Supplemental Privilege Logs 1 and 3 (Aug. 27, 2004) and 5 (Oct. 4, 2004), attached hereto as Exhibit 4. See also Letter from C. Duffy to R. Heggestad (Oct. 12, 2004 at 2, attached hereto as Exhibit 5.

FOIA (b)(1) exemption in this proceeding, any CIA review does not justify still further delay. Plaintiff respectfully requests that the Court (1) order the IRS to produce its <u>Vaughn</u> index no later than February 23, 2006, and that the Court (2) prohibit the IRS from seeking additional extensions absent a showing of extraordinary circumstances.

## I. THE IRS' NEAR-NONEXISTENT EFFORT THUS FAR MAKES A STILL-FURTHER EXTENSION INAPPROPRIATE.

Reviewing an average of less than two documents per day reflects insufficient effort to warrant this Court's further indulgence. At the IRS' current pace, the agency will need approximately three more years to complete its <u>Vaughn</u> index. This sort of determined, apparently intentional delay unfairly deprives Plaintiff of access to public information and contravenes what Congress intended when enacting the FOIA.

In fact, the IRS apparently *slowed down* its review after the Court granted the IRS' previous extension request. In her December 4, 2005 declaration, Ms. Piersol admitted that, during the preceding four months, she had reviewed only "approximately seven boxes of the requested 48 boxes."[7] Now, after another two months, Ms. Piersol has reviewed only one additional box.[8]

Attempting to downplay its minimal progress, the IRS apparently conflates "documents" reviewed with "pages" reviewed. According to the IRS, "approximately 1048 documents have

---

[7] K. Piersol Dec. (Dec. 4, 2006), at 4, attached hereto as Exhibit 6.

[8] The IRS' incomplete <u>Vaughn</u> index covers eight boxes (Chief Counsel Boxes 1, 3, 4, 7, 8, Box 18 and 21 and a Misc. Box). See Partial IRS <u>Vaughn</u> Index (served Feb. 7, 2007), attached hereto as Exhibit 7. Thus, as of December 4, 2006, prior to the first extension, the IRS had reviewed seven boxes. Now, it has reviewed eight.

been reviewed and indexed" and it has sent Plaintiff "98 documents."[9] The IRS, however, does not attach the documents it produced. They are attached hereto.[10] Simply put, the IRS indexed 188 documents and released only 65 (and all but nine in substantially redacted form). The IRS' references to "1048 documents" indexed and "95 documents" produced apparently mean 1048 *pages* of documents indexed and 95 *pages* of documents produced.

The agency's paltry effort establishes that an attempt to delay further motivates this second request for an extension, not legitimate hardship. Accordingly, this Court should deny the IRS' request.

## II.   THE IRS WAIVED ANY RIGHT TO WITHHOLD DOCUMENTS UNDER FOIA EXEMPTION (B)(1).

During the administrative proceedings, the IRS did not raise "national security" (FOIA exemption (b)(1))[11] as a basis for withholding *any* of the documents at issue in its Final Decision on November 26, 2002.[12] The IRS also failed to assert (b)(1) when answering Plaintiff's complaint,[13] or even when seeking its last extension.[14] Because the IRS has waived any right to assert FOIA exemption (b)(1), it cannot use "national security" to justify another extension.

---

[9] See IRS' Memorandum of Points and Authorities in Support of Second Motion for Additional Time, Stonehill v. IRS, No. 06-599 (JDB) (filed D.D.C. Feb. 8, 2006), at 7-8.

[10] See Letter from B. Campbell to R. Heggestad (Feb. 7, 2007), attached hereto as Exhibit 8.

[11] FOIA exemption (b)(1) provides that the FOIA does not apply to matters that are "specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy[.]" See Exhibit 1 at Tab 5.

[12] See Letter from C. Field to R. Heggestad (Nov. 26, 2002), Final Response to March 15, 2001 Freedom of Information Act ("FOIA") request, at Tab 4, attached hereto as Exhibit 1.

[13] See IRS Answer to Plaintiff's First Amended Complaint, Stonehill v. IRS, No. 06-599 (JDB) (filed D.D.C. Sept. 6, 2006), at 5 (answers to paragraphs 31 and 33).

Moreover, on two separate occasions, the CIA has already reviewed, all of the documents that the Government contends implicate national security considerations. Specifically, the related Rule 60(b) litigation, the Government sent all of those documents it thought might raise "national security" issues[15] to the CIA to allow that agency to redact "national security" materials.[16] The alleged need to repeat the process yet again should not excuse still-further delay.

### III. THE IRS COULD PRODUCE THE TWO PUBLICLY-FILED TRANSCRIPTS IF IT CHOSE.

On January 23, 2007, the Plaintiff offered the IRS a limited extension to file its Vaughn index if the agency would agree to produce by January 26, 2007 a deposition transcript and a hearing transcript, both public record documents.[17] On January 26, 2007, the IRS rejected this offer, stating that the IRS could not locate the documents and Plaintiff had not agreed to pay the "search costs."[18] Although the IRS has acknowledged that its counsel, the Department of

---

[14] See IRS' First Motion for Additional Time, Stonehill v. IRS, No. 06-599 (JDB) (filed D.D.C. Dec. 4, 2006).

[15] The Government selected those documents from the same set at issue here – those responsive to Plaintiff's FOIA request.

[16] See Letter from Charles M. Duffy to Robert E. Heggestad (April 14, 2006) at 2-3, attached hereto as Exhibit 3. See also Supplemental Privilege Logs 1 and 3 (Aug. 27, 2004) and 5 (Oct. 4, 2004), attached hereto as Exhibit 4 and Letter from C. Duffy to R. Heggestad (Oct. 12, 2004 at 2, attached hereto as Exhibit 5

[17] See Letter from R. Heggestad to B. Campbell (January 23, 2007), attached hereto as Exhibit 9. Plaintiff also asked that the IRS produce those portions of redacted documents "for which [it] does not plan to re-assert the attorney-client privilege and/or the work product doctrine." See id.

[18] See Letter from B. Campbell (January 26, 2007), attached hereto as Exhibit 10.

- 5 -

Justice, "has copies of these transcripts,"[19] the IRS claims that the Tax Division "cannot be required to produce these documents pursuant to a FOIA request made to the Internal Revenue Service."[20] This is a baseless excuse – an attorney's file belongs to his (or her) client, not to the attorney. The Department of Justice obtained the publicly-filed deposition transcripts in its capacity as counsel to the IRS, and the IRS (as client) could order its attorneys to return the documents if the agency chose to do so. The IRS can obtain the transcripts from its counsel for free, without search costs. All it has to do is ask..[21]

## IV.    CONCLUSION

For all the aforementioned reasons, Plaintiff respectfully requests that the Court (1) order the IRS to produce its Vaughn index no later than February 23, 2006, and that the Court (2) prohibit the IRS from seeking additional extensions absent a showing of extraordinary circumstances.

Date:    February 14, 2007.

---

[19] IRS' Second Motion for Additional Time, Stonehill v. IRS, No. 06-599 (JDB) (filed D.D.C. Feb. 8, 2006), at 2.

[20] See letter from B. Campbell to R. Heggestad (January 26, 2006) at 3, attached hereto as Exhibit 10. The IRS also states that Ms. Piersol "determined that Plaintiff has had previous access to all of the non-exempt documents responsive to his FOIA request[.]" Second IRS Extension Request, at 6. Plaintiff does not know if this is accurate and, regardless, it is irrelevant to whether the Court should award the IRS a second extension.

[21] On February 9, 2007, after the IRS filed its second request for an extension, the IRS confirmed that it could, in fact, obtain copies of the transcripts from the Tax Division if the Plaintiff would not object to a ninety-day extension *and* Plaintiff's counsel, Robert Heggestad, would personally agree not to file "any FOIA requests related to Harry Stonehill (or his estate) or Robert Brooks (or his estate) with the Tax Division and the Internal Revenue Service for a period of seven years." Letter to from B. Campbell to R. Heggestad (Feb. 9, 2007) at 1, attached hereto as Exhibit 11. This is improper, and Plaintiff's counsel cannot agree.

Respectfully submitted,


 /s/        Robert E. Heggestad
Robert E. Heggestad (D.C. Bar. No. 953380)
John R. Gerstein (D.C. Bar. No. 913228)
Jonathan Cohen (D.C. Bar. No. 483454)
ROSS, DIXON & BELL, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040
(202) 662-2000

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **PLAINTIFF'S OPPOSITION TO THE IRS' SECOND MOTION FOR ADDITIONAL TIME** was served by United States mail addressed to the following on this 14th day of February 2007:

>Brittney N. Campbell
>David M Katinsky
>TAX DIVISION
>Post Office Box 227
>Ben Franklin Station
>Washington, D.C. 20044

>/s/    Robert E. Heggestad
>Robert E. Heggestad