# EXHIBIT 2





**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

Mr. Robert E. Heggestad
Heggestad & Weiss, P.C.
1320 19th Street, N.W., Suite 600
Washington, D.C. 20036

Person to Contact:
Carroll Field  (I.D. # 50-02306)
Telephone Number:
(202) 622-5151
Refer Reply to:
CL:GLD:A2:HQD/20-2001-02632
Date:  November 26, 2002

Dear Mr. Heggestad:

This is a **final** response to your March 15, 2001, Freedom of Information Act request
that was submitted on behalf of your clients, Robert P. Brooks and Harry S. Stonehill.

Between July 23, 2001, and October 2, 2002, you came to the Freedom of Information
Reading Room and inspected all of the boxes of responsive documents that fall under
the jurisdiction of the Office of Associate Chief Counsel (International).  The responsive
documents were stored in two locations: IRS Headquarters Office, Washington, D.C. –
8 boxes, and Federal Records Center, Suitland, Maryland - 86 boxes (Tab 1).

Upon inspection of these boxes, you requested particular documents be photo copied
for your files.  The following is a summary of dates that either documents or
correspondence were mailed to you:

| DATE | PAGE NUMBER | TYPE OF RECORDS |
|------|-------------|-----------------|
| August 14, 2001 | 1 to 657 | Chief Counsel (INTL) |
| October 3, 2001 | 658 to 1281 | Chief Counsel (INTL) |
| October 4, 2001 | 1282 to 1626 | Chief Counsel (INTL) |
| November 9, 2001 | 34 pages | Associate Chief Counsel Procedure and Administration (Collections, Bankruptcy & Summonses) |

2

| DATE | PAGE NUMBER | TYPE OF RECORDS |
|---|---|---|
| January 24, 2002 | 1627 to 2437 | Federal Records Center |
| January 24, 2002 | 2438 to 2679 | Federal Records Center |
| January 24, 2002 | 2680 to 3969 | Federal Records Center |
| January 24, 2002 | 3970 to 4233 | Federal Records Center |
| February 15, 2002 | Duplication not needed | Federal Records Center |
| March 18, 2002 | 4234 to 4463 | Federal Records Center |
| April 3, 2002 | Duplication not needed | Federal Records Center |
| May 22, 2002 | | Payment request letter |
| May 24, 2002 | Duplication not needed | Federal Records Center |
| June 13, 2002 | Duplication not needed | Federal Records Center |
| September 27, 2002 | | Payment $872.60 received |
| October 9, 2002 | Not numbered | Federal Records Center |
| November 14, 2002 | Not numbered (166 pgs.) | Chief Counsel (INTL) |

On October 8, 2002, you sent in an email in which you questioned whether it is necessary for you to incur the costs of transcribing the reel-to-reel deportation hearings tapes to allow the IRS to review the transcripts prior to the release (Tab 2).

In response to this question, enclosed is an excerpt from the Department of the Treasury final rules regarding Freedom of Information Act. The final regulations were published in the Federal Register on June 30, 2000 (65 Fed. Reg. 127, pages 40503-40516). As stated in Section 1.7 Fees for services, subsection (g)(1)(ii) through (iv) state that all other types of duplication services "shall be charged to the requester at the actual cost charged by a private contractor." (Tab 3)

By letter dated November 14, 2002, you were advised that Boxes 17 and 83 are listed as missing from the Federal Records Center. In addition, two lists of withheld documents were mailed to you (Tab 4).

3

Per our November 18, 2002, telephone conversation, you inquired whether Chief Counsel International maintained an index of documents that were forwarded to the Tax Division, Department of Justice (DOJ) for review and direct response to you.

On November 19, 2002, International informed me that an index was not kept of the documents that were forwarded to DOJ, however, I was informed five groups of documents (from boxes located in Headquarters Office) were sent to DOJ on the following dates:

August 3, 2001
September 11, 2001
September 17, 2001
September 21, 2001
February 25, 2002

For your information, this office is asserting FOIA exemptions (b)(3), (b)(5) and (b)(7)(C) and (b)(7)(D) for all materials deleted or withheld. The statutory exemption for the (b)(3) exemption is 26 U.S.C. 6103.

This concludes my response to your FOIA request. Enclosed is Notice 393, which describe the exemptions asserted and provide information concerning your appeal rights (Tab 5).

Sincerely,

*Carroll Field*

for

Maureen Sapero
HQ Disclosure Manager
I.D. # 50-06543

Enclosures
Tabs 1 – 5

# TAB 1

| INSPECTION DATE | BOX NUMBER(S) | TYPE OF RECORDS |
|---|---|---|
| 7/23/01 | 1, 2 | Chief Counsel (INTL) |
| 8/06/01 | 3 | Chief Counsel (INTL) |
| 8/27/01 | 4, 5 | Chief Counsel (INTL) |
| 10/01/01 | 6, 7, 8 | Chief Counsel (INTL) |
| 11/02/01 | 11, 12, 13, 22, 37, 38 | Federal Records Center |
| 11/20/01 | 1, 9, 10, 18, 20, 23, 39 | Federal Records Center |
| 12/14/01 | 4, 27, 28, 29, 32, 35, 40 | Federal Records Center |
| 1/10/02 ** | 28, 29, 40 | Federal Records Center |
| 1/23/02 | 15, 25, 26, 31, 34, 36 | Federal Records Center |
| 1/28/02 ** | 28, 29, 31 | Federal Records Center |
| 2/14/02 | 14, 19, 24, 41, 47, 50 | Federal Records Center |
| 3/07/02 | 6, 8, 16, 45, 46, 48, 49 | Federal Records Center |
| 3/28/02 | 42, 51, 52, 53, 58 | Federal Records Center |
| 5/22/02 | 63, 68, 69, 74, 76, 80, 86 | Federal Records Center |
| 6/12/02 | 65, 67, 70, 71, 73, 78, 79 | Federal Records Center |
| 9/27/02 | 2, 61, 62, 64, 72, 75, 82 84, 85 | Federal Records Center |
| 10/02/02** | 42, 84, 85, 86 | Federal Records Center |

Revised 10/02/02
** Re-inspection dates

TAB 2

**Field Carroll**

| | |
|---|---|
| **From:** | robert e heggestad [heggestad@radix.net] |
| **Sent:** | Tuesday, October 08, 2002 12:40 PM |
| **To:** | carroll.field@irs.gov |
| **Subject:** | FOIA/Stonehill |

Carroll: As a follow-up to my recent review of documents, we discussed
the issue of whether the audio tapes of the 1962 deportation hearings
could be released for copying or whether it was necessary for me to
incur the costs of transcribing the tapes to allow the IRS to review the
transcripts prior to their release. I am requesting that you not require
me to incur the considerable cost of transcription for several reasons.
First, I believe that the deportation hearings were public and that
therefor there are no privacy issues involved. Second, from the
documents that I have reviewed, it is my belief that the IRS or DOJ
already has a transcript of the hearings which could easily be reviewed.
Finally, the hearings were held over 40 years ago and the only American
witness, Menhardt Spielman is disceased, as are presumably all of the
other taped witnesses and there can be no valid privacy reason to
require me to obtain a transcription of the selected tapes. I would
appreciate a response to this request and a final response to the
remaining documents that have been withheld at your earliest
convenience. Thank you so much for all of your helpful assistance during
the past year. Sincerely, Robert Heggestad

1

# TAB 3

[Federal Register: June 30, 2000 (Volume 65, Number 127)]
[Rules and Regulations]
[Page 40503-40516]
From the Federal Register Online via GPO Access [wais.access.gpo.gov]
[DOCID:fr30jn00-8]

=======================================================================
-----------------------------------------------------------------------

DEPARTMENT OF THE TREASURY

31 CFR Part 1

[1505-AA76]


Departmental Offices; Disclosure of Records: Freedom of
Information Act

AGENCY: Department of the Treasury.

ACTION: Final rule.

-----------------------------------------------------------------------

SUMMARY: This document amends the Department of the Treasury's
regulations on the disclosure of records under the Freedom of
Information Act (FOIA). The amendment incorporates requirements of the
Electronic Freedom of Information Act Amendments of 1996 (Pub. L. 104-
231) with respect to records maintained in electronic formats, the
timing of agency responses to FOIA requests, and other procedural
matters.

EFFECTIVE DATE: June 30, 2000.

FOR FURTHER INFORMATION CONTACT: Alana Johnson, Departmental Disclosure
Officer, Department of the Treasury (202) 622-0930.

SUPPLEMENTARY INFORMATION: On May 6, 1999, the Department published a
proposed rule that revised and updated its regulations on disclosure of
records under the Freedom of Information Act (FOIA). See 64 FR 24454,
May 6, 1999. The public was afforded an opportunity to participate in
the rulemaking through submission of written comments on the proposed
rule.

Comments

    Comments were received from a public interest organization. Two of
its recommendations were adopted in part, and as a result, new or
revised language has been incorporated in the final regulation. The
Department's responses to the specific recommendations made by the
public interest organization are given below:
    1. Time-of-Request Cut-off Policy. The commenter objected to the
use of the date of receipt of a request by the appropriate bureau
official as a cut-off date for records considered to be responsive to
the request. Commenter believes that a later cut-off date will in some
circumstances result in a much fuller and complete disclosure. The
Department's proposed use of the date of receipt is a wide-spread
government practice. To do it otherwise would be administratively
impractical. Therefore, Treasury has determined that use of the date of
receipt as a cut-off date for responsive records is reasonable.
    2. Expedited Processing and Standard Regarding ``Urgency to
Inform.'' The proposed regulation pertaining to requests for expedited

file://C:\temp\FOIARE~1.HTM

(e) Notice of intent to disclose. A bureau shall consider carefully a business submitter's objections and specific grounds for nondisclosure prior to determining whether to disclose business information. Whenever a bureau decides to disclose business information over the objection of a business submitter, the bureau shall forward to the business submitter a written notice which shall include:

(1) A statement of the reasons for which the business submitter's disclosure objections were not sustained;

(2) A description of the business information to be disclosed; and

(3) A specified disclosure date which is not less than ten days (exclusive of Saturdays, Sundays, and legal public holidays) after the notice of the final decision to release the requested information has been mailed to the submitter. Except as otherwise

[[Page 40511]]

prohibited by law, a copy of the disclosure notice shall be forwarded to the requester at the same time.

(f) Notice of FOIA lawsuit. Whenever a requester brings suit seeking to compel disclosure of business information covered by paragraph (c) of this section, the bureau shall promptly notify the business submitter.

(g) Exception to notice requirement. The notice requirements of this section shall not apply if:

(1) The bureau determines that the information shall not be disclosed;

(2) The information lawfully has been published or otherwise made available to the public; or

(3) Disclosure of the information is required by law (other than 5 U.S.C. 552).


Sec. 1.7  Fees for services.

(a) In general. This fee schedule is applicable uniformly throughout the Department of the Treasury and pertains to requests processed under the Freedom of Information Act. Specific levels of fees are prescribed for each of the following categories of requesters. Requesters are asked to identify the applicable fee category they belong to in their initial request in accordance with Sec. 1.5(b).

(1) Commercial use requesters. These requesters are assessed charges which recover the full direct costs of searching for, reviewing, and duplicating the records sought. Commercial use requesters are not entitled to two hours of free search time or 100 free pages of duplication of documents. Moreover, when a request is received for disclosure that is primarily in the commercial interest of the requester, the Department is not required to consider a request for a waiver or reduction of fees based upon the assertion that disclosure would be in the public interest. The Department may recover the cost of searching for and reviewing records even if there is ultimately no disclosure of records, or no records are located.

(2) Educational and Non-Commercial Scientific Institution Requesters. Records shall be provided to requesters in these categories for the cost of duplication alone, excluding charges for the first 100 pages. To be eligible, requesters must show that the request is made under the auspices of a qualifying institution and that the records are not sought for a commercial use, but are sought in furtherance of scholarly (if the request is from an educational institution) or scientific (if the request is from a non-commercial scientific institution) research. These categories do not include requesters who want records for use in meeting individual academic research or study requirements.

(3) Requesters who are Representatives of the News Media. Records shall be provided to requesters in this category for the cost of

duplication alone, excluding charges for the first 100 pages.

(4) All Other Requesters. Requesters who do not fit any of the categories described above shall be charged fees that will recover the full direct cost of searching for and duplicating records that are responsive to the request, except that the first 100 pages of duplication and the first two hours of search time shall be furnished without charge. The Department may recover the cost of searching for records even if there is ultimately no disclosure of records, or no records are located. Requests from persons for records about themselves filed in the Department's systems of records shall continue to be treated under the fee provisions of the Privacy Act of 1974 which permit fees only for duplication, after the first 100 pages are furnished free of charge.

(b) Fee waiver determination. Where the initial request includes a request for reduction or waiver of fees, the responsible official shall determine whether to grant the request for reduction or waiver before processing the request and notify the requester of this decision. If the decision does not waive all fees, the responsible official shall advise the requester of the fact that fees shall be assessed and, if applicable, payment must be made in advance pursuant to 1.7(e)(2).

(c) When fees are not charged. (1) No fee shall be charged for monitoring a requester's inspection of records.

(2) Fees shall be charged in accordance with the schedule contained in paragraph (g) of this section for services rendered in responding to requests for records, unless any one of the following applies:

(i) Services were performed without charge;

(ii) The cost of collecting a fee would be equal to or greater than the fee itself; or,

(iii) The fees were waived or reduced in accordance with paragraph (d) of this section.

(d) Waiver or reduction of fees. (1) Fees may be waived or reduced on a case-by-case basis in accordance with this paragraph by the official who determines the availability of the records, provided such waiver or reduction has been requested in writing. Fees shall be waived or reduced by this official when it is determined, based upon the submission of the requester, that a waiver or reduction of the fees is in the public interest because furnishing the information is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester. Fee waiver/reduction requests shall be evaluated against the fee waiver policy guidance issued by the Department of Justice on April 2, 1987.

(2) Normally no charge shall be made for providing records to state or foreign governments, international governmental organizations, or local government agencies or offices.

(3) Appeals from denials of requests for waiver or reduction of fees shall be decided in accordance with the criteria set forth in paragraph (d)(1) of this section by the official authorized to decide appeals from denials of access to records. Appeals shall be addressed in writing to the office or officer specified in the appropriate appendix to this subpart within 35 days of the denial of the initial request for waiver or reduction and shall be decided within 20 days (excluding Saturdays, Sundays, and legal public holidays).

(4) Appeals from an adverse determination of the requester's category as described in Sec. 1.5(b)(2) and provided in Sec. 1.5(i)(1) shall be decided by the official authorized to decide appeals from denials of access to records and shall be based upon a review of the requester's submission and the bureau's own records. Appeals shall be addressed in writing to the office or officer specified in the appropriate appendix to this subpart within 35 days of the date of the bureau's determination of the requester's category and shall be decided within 20 days (excluding Saturdays, Sundays, and legal public holidays).

(e) Advance notice of fees. (1) When the fees for processing the

request are estimated to exceed the limit set by the requester, and that amount is less than $250, the requester shall be notified of the estimated costs. The requester must provide an agreement to pay the estimated costs; however, the requester shall also be given an opportunity to reformulate the request in an attempt to reduce fees.

(2) If the requester has failed to state a limit and the costs are estimated to exceed $250.00, the requester shall be notified of the estimated costs and must pre-pay such amount prior to the processing of the request, or provide satisfactory assurance of full payment if the requester has a history of prompt payment of FOIA fees. The requester shall also be given an opportunity to

[[Page 40512]]

reformulate the request in such a way as to constitute a request for responsive records at a reduced fee.

(3) When the Department or a bureau of the Department acts under paragraphs (e)(1) or (2) of this section, the administrative time limits of 20 days (excluding Saturdays, Sundays, and legal public holidays) from receipt of initial requests or appeals, plus extensions of these time limits, shall begin only after fees have been paid, a written agreement to pay fees has been provided, or a request has been reformulated.

(f) Form of payment. (1) Payment may be made by check or money order payable to the Treasury of the United States or the relevant bureau of the Department of the Treasury.

(2) The Department of the Treasury reserves the right to request prepayment after a request is processed and before documents are released.

(3) When costs are estimated or determined to exceed $250, the Department shall either obtain satisfactory assurance of full payment of the estimated cost where the requester has a history of prompt payment of FOIA fees or require a requester to make an advance payment of the entire estimated or determined fee before continuing to process the request.

(4) If a requester has previously failed to pay a fee within 30 days of the date of the billing, the requester shall be required to pay the full amount owed plus any applicable interest, and to make an advance payment of the full amount of the estimated fee before the Department begins to process a new request or the pending request. Whenever interest is charged, the Department shall begin assessing interest on the 31st day following the day on which billing was sent. Interest shall be at the rate prescribed in 31 U.S.C. 3717. In addition, the Department shall take all steps authorized by the Debt Collection Act of 1982, as amended by the Debt Collection Improvement Act of 1996, including administrative offset pursuant to 31 CFR Part 5, disclosure to consumer reporting agencies and use of collection agencies, to effect payment.

(g) Amounts to be charged for specific services. The fees for services performed by a bureau of the Department of the Treasury shall be imposed and collected as set forth in this paragraph.

(1) Duplicating records. All requesters, except commercial requesters, shall receive the first 100 pages duplicated without charge. Absent a determination to waive fees, a bureau shall charge requesters as follows:

(i) $.20 per page, up to 8\1/2\ x 14", made by photocopy or similar process.

(ii) Photographs, films, and other materials--actual cost of duplication.

(iii) Other types of duplication services not mentioned above-- actual cost.

(iv) Material provided to a private contractor for copying shall be charged to the requester at the actual cost charged by the private contractor.

TAB 4



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

Mr. Robert E. Heggestad
Heggestad & Weiss, P.C.
1320 19th Street, N.W., Suite 600
Washington, D.C. 20036

Person to Contact:
Carroll Field
Telephone Number:
(202) 622-5151
Refer Reply to:
CL:GLD:A2:HQD/20-2001-02632
Date: November 14, 2002

Dear Mr. Heggestad:

This is in reference to your March 15, 2001, Freedom of Information Act request that was submitted on behalf of your clients, Robert P. Brooks and Harry S. Stonehill.

Between July 31, 2001, and October 2, 2002, you have inspected all of the boxes of documents responsive to this FOIA request - eight boxes from the Office of Associate Chief Counsel (International), and 84 out of 86 boxes that were stored in the Federal Records Center located in Suitland, Maryland. The IRS Records Office has notified the Office of Associate Chief Counsel (International) that Boxes 17 and 83 are missing from the Federal Records Center.

Enclosed are the following documents:

1. List of documents withheld from Boxes 1 - 8, Office of Associate Chief Counsel (International). Tab 1 - 2 pages.

2. List of documents withheld from Boxes 1 – 86, Federal Records Center. Tab 2 - 13 pages.

3. Additional documents previously withheld from Boxes 1 – 8, Office of Associate Chief Counsel (International). Tab 3 - 166 pages.

Page 2

The Office of Associate Chief Counsel (International) is waiting on a reply from the Tax Attache in the Singapore office (which covers the Philippines) on whether the deportation hearings are public information.  I will notify you as soon as I receive a response from that office.

Sincerely,

*Carroll Field*

Carroll Field
Tax Law Specialist
HQ Disclosure Office
Badge No. 50-02306

Enclosures
Tab 1 – 3

**List of Withheld in Full documents in Stonehill case**
Boxes 1-8 (CC:INTL)

## BOX 1

6103 - Tax returns of third parties for 1967-70.
6103 - Tax returns of third parties for 1961 and 1962.
6103 - Information on third party trusts.
6103 - Financial information on third parties.
6103 - Requests for release of federal tax liens on third parties.
6103 - Notices of Levy for third parties.
6103 - Personal information on third party.
6103 - Tax liabilities of a third party.
6103 - Court documents on a third party.
6103 - Personal information on third parties.
6103 - Testimony of a third party.
6103 - Information on insurance companies.

## BOX 2

(B)(5) attorney work product - Working papers of IRS attorney.
6103 - Personal information on third parties.
6105 - Competent authority letters regarding Stonehill.
6103 - Personal information on third parties.

## BOX 3

6103 - Financial information on third parties.
6103 - Liens on third parties.
6103 - Financial and personal information on third parties.

## BOX 4

6103 - Bank account information of third parties.
6103 - 1961-1964 corporate tax returns of a third party.
Non responsive - Memorandum to Office of International Operations from General
    Litigation Division dated 8-22-73 regarding request for assistance of special agent.
6103 - Letters discussing tax deficiencies of third parties.
6103 - Letters discussing liens against third parties.
6103 - IRS Wanted poster dated 7-16-68, regarding third party.
6103 - Insurance policy information on third party.

6103 - Letters discussing insurance policies of third parties.
6103 - Requests for tax returns of third parties.
6103 - Folder of personal documents of a third party.

## BOX 5

6103 - Documents relating to tax return of third party.
6103 - 1960 tax return of third party.
Nonresponsive - 1957 tax return of Harry Stonehill.
6103 - Financial information on third parties.
6103 - Form 1120 on third party.
6103 - Addresses and telephone numbers of third parties.
6103 - Financial information on third party.
6103 - 1962 tax return on third party.
6103 - Real estate information on third parties.
6103 - 1959 and 1960 tax returns on third parties.
6103 - 1960 Form 1120S on third party.
6103 - Information on tax liability on third party.
6103 - Financial information on third parties.
6103 - IRS memorandum of interview with a third party.
Nonresponsive - 1959 gift tax return for Harry Stonehill.
6103 - Financial information on third parties.
6103 - Levy against third party.
6103 - Real estate information on third party.
6103 - Information on tax liability on third party.

## BOX 6

6103 - IRS interview with third party.
(b)(7) - Memoranda discussing informant information.
(b)(7)/6103 - Personal information regarding an informant.

## BOX 7

(b)(7) - IRS and DOJ personnel interviewing a CIA agent.
(b)(7) - Memoranda regarding an informant.
6103 - Financial information on third parties.

## BOX 8

6103 - Memoranda discussing tax liability of a third party.

### List of documents withheld in full
### Boxes 1-86 from the Federal Records Center

Box 1

6103 - Personal information on third party.
6103 - Information of collateral investigation of third parties.
6103 - Financial records of third parties.

BOX 2

6103 - Financial and personal information on third parties.
(b)(5) attorney work product - handwritten notes of IRS employee regarding Motion to
     Dismiss - Hans Nathan Affidavit.

BOX 3

6103 - Financial and personal information on third parties.

Box 4

6103 - Tax returns of third parties.
6103 - Financial information of third party.
6103 - Corporate tax returns of third party.
6103 - Collateral investigation of third party.
6103 - SEC investigation of third party.
6103 - Collateral investigation of third parties.

Box 5

6103 - Financial records of third parties.

Box 6

6103 - Investigation of third party's tax liability.

Box 7

6103 - Financial information on third party.

Box 8

6103 - Collateral investigation on third party.

Box 9

Nothing withheld

Box 10

Non responsive - Letter re: 1956-57 tax returns of Stonehill.
6103 - Letters regarding third party accounts
6103 - Letters between two separate third parties.

Box 11

6103 - Information on third party life insurance
6103 - 1957 information on Stonehill's accounts.
6103 - 1957 information on third party.
Non responsive - Letters from third party ordering food dated 8/59
6103 - Letters from third party to other third parties.
6103 - 1957 financial information on third parties.
6103 - Financial information on third party.
6103 - Personal files on third party.

Box 12

6103 - 1957 financial information on third party.
6103 - Financial information on third party.
6103 - Third party business communications.

Box 13

6103 - Handwritten notes of interview with third party.
6103 - Real estate information on third parties.
6103 - Financial information on a third party.
6103 - Affidavit by third party dated 6/62.
6103 - Financial information on third party for 1962
6103 - Letters regarding a third party's movie.
6103 - Financial information on third party.
6103 - Financial and personal information on a third parties.

Box 14

6103 - Letter from a third party to another third party  - 2/62
6103 - Bank account information on third party - 4/61
6103 - Bank account information on third parties.
6103 - 1963 tax returns on third parties.
6103 - 1963 bank account information of third parties

6103 - Financial information on third party companies
Non responsive - Embassy of America, Manilla, affidavit regarding personal records of
    embassy employees.

Box 15

Nothing withheld

Box 16

6103 - Memoranda regarding collateral investigation of third parties.
6103 - Information on third party's appearance before Grand Jury in southern district of NY
6103 - Attorney Huckabee's notes regarding third party.
6103 - Memorandum regarding tax liabilities of third party.
6103 - Memorandum to file regarding third parties dated 8/65.
6103 - Memoranda regarding investigation of third party.
6103 - RA Ragland's handwritten notes on cases concerning third parties.
6103 - Agent Ravett's handwritten notes on case concerning third parties.
(b)(5) attorney work product - Attorney Huckabee's handwritten notes regarding the 1962
    raid.
(b)(7) - Information on informant.

BOX 17

Missing from Federal Records Center

Box 18

6103 - Interviews with various third parties.

Box 19

6103 - Personal information on witnesses of companies
6103 - Tax returns for third parties.
6103 - Index of California witness list - names and addresses, phone numbers.
6103 - Copy of letter of credit from Dusseldorf bank.
6103 - Letters regarding foreign third parties.
6103 - Personnel files of third party company.
6103 - Personal information on potential witnesses.

Box 20

6103 - Company documents of third party.
6103 - Copies of affadavits of personnel from tobacco companies
6103 - Copies of orders for tobacco from a tobacco company

6103 - Letters and checks of third party - 1958.
6103 - Examples of barter agreements for third party.
6103 - Permits/applications to import tobacco by third party
6103 - Letters regarding third party dated 8/59.
6103 - Affidavit of third party company official
6103 - Order sheets of third party.
6103 - Bill of lading for third party
6103 - 1959 and 1960 1120's for third party.
6103 - Interview with third party by IRS personnel.
6103 - Personal financial information of third parties.
6103 - Audit statement of additional taxes for third party.
6103 - Form 1040 for a third party.
6103 - Collateral reply letter of third party dated 7/63.
6103 - Financial information of third party.
6103 - Copy of third party's Swiss bank accounts.
6103 - Letter regarding investigation of third party dated 6/66.
6103 - Collateral investigation report on third parties.
6103 - Bank account information on third party
6103 - Personal information on third parties.
6103 - Letters from U.S. embassy in Manila regarding search for a third party.
6103 - Wells Fargo bank accounts of third parties.
6103 - Savings & Loan accounts of third parties.
6103 - Third party bank account at Swiss bank.
6103 - Third party's account at NY bank.
6103 - Third party account at Universal NY.
6103 - Interview questions for third party.
6103 - Third party account at Swiss bank.
6103 - Interview with third party on 3/63.

Box 21

6103 - Investigative files on third parties.

Box 22

6103 - Index of third party's papers.
6103 - Letters regarding third party bank accounts.
6103 - Personal information on third party.
6103 - Letters regarding third party.
6103 - Letters regarding third party
6103 - Financial information on third party.
6103 - Financial information on third party.
6103 - Third party account information.
6103 - Financial information on third party.
6103 - Letters regarding accounts of third parties.

6103 - Company share certificates for third parties.
6103 - Financial information on third party.
6103 - Stock share accounts third parties.

<u>Box 23</u>

6103 - Files of personal and tax liability information on third party.
6103 - Will of third party.

<u>Box 24</u>

6103 - 1965 tax return of third party.
6103 - Two copies of the Last Will and Testament of third party.
6103 - List of questions for the deposition of third party.
6103 - Information on bank account of third party.
6103 - Bank account information on third parties.
6103 - Stock certificates for third parties.
6103 - Personal information on third party.

<u>Box 25</u>

6103 - Bank accounts of third parties.
6103 - Third party's business ledgers.
6103 - Collateral investigation information regarding third parties.
6103 - List of agent's questions for third parties
6103 - Collateral investigation of a third party.
6103 - Account information of third parties at foreign corporation.
6103 - Collateral Investigation of third party.
6103 - Investigation of third party's tax liabilities.
6103 - Collateral report on financial information on third parties.

<u>Box 26</u>

6103 - Investment information on third parties.
6103 - Third party financial information.
6103 - Third party financial information.
6103 - Third party tax return information.
6103 - Third party financial information.
6103 - Third party investment information
6103 - Third party investment information
6103 - Collateral investigation of third party.
6103 - Financial information of third parties.
6103 - Collateral investigation of third parties.
6103 - Immigration information on third party.
6103 - Financial information of third parties.

Box 27

Non responsive  - Stonehill's 1957 cash available statements.
Non responsive - Brooks' 1957 cash available statements.
Non responsive - Stonehill's 1947 divorce property settlement
Non responsive - Stonehill's 1950-57 wages and earnings.
6103 - Analysis of funds on books of third party.
6103 - Financial information of third parties.
6103 - Philippine witness list.
6103 - Analysis of funds deposited by third parties into Swiss accounts.
6103 - Financial information of third parties.
6103 - Tracing of funds to third party.

Box 28

(b)(5) attorney work product - documents regarding research on obtaining admissible
        evidence from overseas.
6103 - Documents regarding third party  - 1963 and 1964.
6103 - Analysis of debits for various accounts at third party.
6103 - Collateral investigation of third party.
6105 - Competent authority information.
6103 - Memorandum on collateral investigation of third party - 9/65.
6103 - SAR regarding a third party dated 4/65.
6103 - Personal information on third parties.
6103 - Memorandum regarding a third party's testimony dated 3/65.
6103 - Memorandum regarding collateral investigation of third party dated 10/62.
6103 - Memorandum regarding collateral investigations of third parties in eight cities.
6103 - Audit plan for collateral investigations
6103 - Third party collateral investigation dated 10/62
6103 - Third party collateral investigation dated 10/64.
6103 - Information on collateral investigation of third party dated 2/62.
6103 - Information on tobacco transactions for a third party.
6103 - Third party collateral investigation information.
6103 - Dept. of Agriculture document regarding tobacco companies and tobacco exports
        to the Philippines.
6103 - Document of interview of third party.
6103 - Personal information of third party,
6103 - 1964 information on collateral investigation of third party.
6103 - Air Force investigation report date 1959 on third party
6103 - Living trust of a third party.
6103 - Memorandum regarding Canadian interest in Stonehill - 1964.
6103 - Request by Sterling Powers for Philippine Supreme Court documents
6103 - Information on collateral investigation of third party individuals.
6103 - Financial information on third party
6103 - Requests for Stonehill's and Brooks' pre-1958 Philippine tax returns.

Box 29

6103 - OCD Progress report on collateral investigation of third party dated 6/64.
6103 - Progress report on collateral investigation of third party dated 5/64.
6103 - Progress report on collateral request dated 1/65.
6103 - Progress report on collateral request dated 12/64.
6103 - Progress report on collateral request dated 11/64.
6103 - Progress report on collateral request dated 10/64.
6103 - Progress report on collateral request dated 9/64.
6103 - Special Agent's report on collateral investigation dated 11/63.
6103 - Report on collateral request to a foreign tax authority dated 5/65.
6103 - Progress report on collateral request dated 5/65
6105 - Report on a collateral request to another country
6105 - Report on a collateral request to another country dated 9/65.
6103 - Claim for informer's reward by third party dated 7/66.
6103 - Financial information on third party.
6103 - Form 1120 for third party for 1957.
6103 - Tax returns of third party
Non responsive - Tax returns of Brooks dated 1956.
Non responsive - Tax returns of Stonehill dated 1956 and 1957.
6103 - List of NBI agents (team leaders)
6103 - Memorandum of collateral investigation on third party dated 3/66.
6103 - Letters regarding Manhattan collateral investigation - 10/62.
6103 - Memorandum on collateral investigation on third parties dated 5/66
6103 - Memorandum regarding personal information on a third party dated 2/66.
Non responsive - Transmittals requesting tax returns, special paper, supplies.
6103 - Financial information on Hong Kong company.
Non responsive - Canadian deportation hearings for R. Brooks.
6103 - Special Agent's report on third party investigation dated 8/64.
6103 - Special Agent's report on third party and pre-1957 returns.
6103 - Special Agent's report on third party's investigation dated 5/63.
6103 - Memoranda regarding third party's tax liability dated 4/65.
6103 - Intel report on third parties dated 5/64.
6103 - Memorandum regarding information on third party.
6103 - Names and information re: collateral investigations
6103 - Interview with official of Philippine Cigarette Factory.
6103 - Special report on collateral investigation.
Non responsive - Administrative time reports for agents on this case.

BOX 30

6103 - Financial and personal information on third parties,

BOX 31

6103 - Financial and personal information of third parties.
(b)(7) - Information on an informant.

BOX 32

6103 - Financial and personal information about third parties.

BOX 33

6103 - Financial and personal information about third parties.

BOX 34

6103 - Financial and personal information about third parties.
6105 - Treaty information.

BOX 35

6103 - personal information about third parties.

BOX 36

Nothing withheld

BOX 37

Nothing withheld

BOX 38

Nothing withheld

BOX 39

Nothing withheld

BOX 40

Nothing withheld

BOX 41

Nothing withheld

BOX 42

Tapes

BOX 43

6103 - Audit documents on third party.

BOX 44

6103 - Audit documents on third party.

BOX 45

6103 - Financial and personal information on third parties.

BOX 46

6103 - Financial information on third parties.

BOX 47

6103 - Financial information on third party.

BOX 48

6103 - Financial information on third parties.

BOX 49

6103 - Financial information on third parties.

BOX 50

6103 - Financial information on third parties.

BOX 51

6103 - Financial information on third parties.

BOX 52

6103 - Financial information on third parties.

BOX 53

Nothing withheld

BOX 54

6103 - Financial information on third parties.

BOX 55

6103 - Financial information on third party.

BOX 56

6103 - Financial information on third parties.

BOX 57

6103 - Financial information on third parties.

BOX 58

Nothing withheld

BOX 59

Non responsive - pre 1958 return information.

BOX 60

6103 - Financial information on third parties.

BOX 61

Nothing withheld

BOX 62

Nothing withheld

BOX 63

Nothing withheld

<u>BOX 64</u>

Nothing withheld

<u>BOX 65</u>

Nothing withheld

<u>BOX 66</u>

6103 – Financial information on third party.

<u>BOX 67</u>

Nothing withheld

<u>BOX 68</u>

Nothing withheld

<u>BOX 69</u>

Nothing withheld

<u>BOX 70</u>

Nothing withheld

<u>BOX 71</u>

Nothing withheld

<u>BOX 72</u>

Nothing withheld

<u>BOX 73</u>

6103 – Personal information of third party.

<u>BOX 74</u>

Nothing withheld

BOX 75

6103 - Financial and personal information on third parties.

BOX 76

Nothing withheld

BOX 77

6103 - Financial information on third party.

BOX 78

6103 - Copies of summons for third party.

BOX 79

6103 - Copy of summons for third party.

BOX 80

Nothing withheld

BOX 81

6103 - Financial information of third party.

BOX 82

6103 - Financial information of third party.

BOX 83

Missing from Federal Records Center

BOX 84

6103 - Financial and personal information on third parties.
Non responsive - pre-1957 tax returns for Stonehill and Brooks.
6105 - Competent authority information from four countries.
(b)(7) - Memorandum of interview with informant dated 2/68.
(b)(5) Attorney-client privilege/attorney work product - Durkin's handwritten notes regarding
       Huckabee's interview with Agent Ragland concerning the March 1962 raid of
       Stonehill's offices.

## BOX 85

6103 - Financial and personal information on third parties.

## BOX 86

Microfiche

# TAB 5

Information on an IRS Determination to Withhold Records Exempt From
The Freedom of Information Act – 5 U.S.C. 552

### Appeal Rights

You may file an appeal with the Internal Revenue Service (IRS) within 35 days after we (1) deny you access to a record in whole or in part; (2) have made an adverse determination as to your category as a requester; (3) deny your request for a fee waiver or reduction; or (4) have advised you that no records responsive to your request exist. You may file an appeal within 10 days when a request for expedited processing has been denied.

Your appeal **must** be in writing, must be signed by you, and must contain:

> Your name and address,
> Description of the requested records,
> Date of the request (and a copy, if possible),
> Identity of the office and contact on the response letter, and
> Date of the letter denying the request (and a copy, if possible)

Mail your appeal to:

> Riverside Appeals Office
> Attention: FOIA Appeals
> 6377 Riverside Avenue, Suite 110
> Riverside, California 92506

### Judicial Review

If we deny your appeal, or do not address an issue raised in your appeal within 20 days (excluding Saturdays, Sundays, or legal public holidays) after the date we receive your appeal, you may file a complaint in United States District Court in the district in which (1) you reside; (2) your principal place of business is located; (3) the records are located; or (4) the District of Columbia. A complaint may be filed within 10 days (excluding Saturdays, Sundays, or legal public holidays) after the date we receive your appeal if your appeal is from an adverse determination of a request for expedited processing. If you choose to file suit before receipt of a final determination by the Appeals office, the administrative appeals process may cease.

The rule for effecting service of judicial process upon the Internal Revenue Service is set forth in Federal Rule of Civil Procedure 4(i). In addition to service upon the United States, as set forth in Rule 4(i)(1), service must be made upon the Internal Revenue Service by registered or certified mail as set forth in Rule 4(i)(2)(A). The address of the Internal Revenue Service is: Internal Revenue Service, Attention CC:PA ,1111 Constitution Avenue, N.W., Washington, D.C. 20224.

### Exemptions

The Freedom of Information Act, 5 U.S.C. 552, does not apply to matters that are-

(b)(1) • specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and are in fact properly classified under such executive order.

(b)(2) • related solely to the internal personnel rules and practices of an agency;

(b)(3) • specifically exempted from disclosure by statute (other than section 552b of this title), provided that the statute

---

Notice **393** (Rev. 8-2002)   Cat. No. 45803X   Department of the Treasury – **Internal Revenue Service**

(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or

(B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

Note: Internal Revenue Code sections 6103 and 6105 are statutes which qualify for exemption 3 treatment. Section 6103 protects the confidentiality of tax returns and information pertaining to a taxpayer collected by the IRS. Section 6105 protects information obtained from a foreign country under a tax treaty.

(b)(4) • trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5) • inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6) • personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7) • records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information

　　(A) could reasonably be expected to interfere with enforcement proceedings

　　(B) would deprive a person of a right to a fair trial or an impartial adjudication,

　　(C) could reasonably be expected to constitute an unwarranted invasion of personal privacy,

　　(D) could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source,

　　(E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or

　　(F) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8) • contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9) • geological and geophysical information and data, including maps, concerning wells.

Notice **393** (Rev. 8-2002)