# EXHIBIT 8



**U.S. Department of Justice**

Tax Division

*Civil Trial Section, Eastern Region*

BNC:dlb
5-16-4036
CMN 2006103375

*Post Office Box 227*
*Washington, DC 20044*

Telephone: (202) 514-0472
Telecopier: (202) 514-6866

February 7, 2007

**Via FedEx**
Robert E. Heggestad
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040

RECEIVED
FEB 08 2007
By

Re:    Stonehill v. Internal Revenue Service
       Civil No. 1:06-CV-00599 (JDB) (USDC DDC)
       Your ref.: CC:PA:DPL:B01:KLPiersol:DL-120314-06

Dear Mr. Heggestad:

I am enclosing the documents provided to me by the Internal Revenue Service for release to Stonehill. These documents are responsive to the FOIA request at issue in the above-captioned action. Because the Service has not yet completed its review of all of the responsive documents, this is only a partial release. Also enclosed is a partial <u>Vaughn</u> index that has been completed based on the documents reviewed to date.

Please call me at (202) 353-2260 if you have any questions.

Sincerely yours,

BRITTNEY CAMPBELL
Trial Attorney
Civil Trial Section, Eastern Region

cc:    Joseph E. Conley
       Office of Chief Counsel Disclosure
       111 Constitution Ave., NW
       Room 5501
       Washington, DC 20224

Mr. John McCarthy
Department of Justice

| ACTION: | 5 As requested | 10 Handle directly | 15 Per our conversation |
|---|---|---|---|
| 1 Approval | 6 Immediate action | 11 Note and return | 16 Correction |
| 2 Initials | 7 Necessary action | 12 Signature | 17 Your comment or |
| 3 See me | 8 Full report | 13 Prepare reply | recommendation |
| 4 Call me | 9 Filing | 14 See "Remarks" | 18 Your information |
| 19 Prepare for signature of — | | | 20 Answer or acknowledge before |

Remarks *(Use reverse if more space is needed)*

In re:  Harry S. Stonehill; Robert P. Brooks and
▓▓▓▓▓▓▓▓    0103

The attached copies of the proposed answers
in the Tax Court proceedings are also being
transmitted to the Department of Justice by an
official Chief Counsel letter, a copy of which is
attached. I am sending the duplicates to you,
however, in order to save time. As you will note,
answers are requested by September 1. I am also
attaching for your information copies of the
petitions to which the proposed answers relate,
and a copy of the August 1, 1968, memorandum from
the Tax Court Division to this division

| From Houstin Shockey, Chief<br>International Operations Br.<br>General Litigation Division | Date | MISC -0489 |
|---|---|---|
| | | August 7, 1968 |

U. S. TREASURY DEPARTMENT
INTERNAL REVENUE SERVICE    MEMO ROUTING SLIP    FORM 1725 (REV. 8-51)
GPO : 1966 O—232-363

- 12 -

3/8/65  Received detailed report of investigation from the San Francisco
office in response to my memorandum relative to the Safe Deposit Box.
Reviewed report in light of the information received from the Canadian
attorneys and my discussion with Victor Nutt of Chief Counsel's office.

3/8/65  

3/8/65  

3/8/65  Received a number of pieces of correspondence on Stonehill - too busy
with ████████ case for adequate review and necessary action.     6103

3/10/65 Received reply from Occidental Life Insurance Company of Calif. -
two policies are in existence both with substantial cash surrender
values - have been transferred to the same trust.

3/10/65 Additional levy prepared for service on Occidental Life Insurance
Company - reflecting "Ira Blaustein and Bank of America" (trustees),
nominees of Harry Stonehill - statement placed on levy restricting
the nominee relationship to the two policies.

3/12/65 Received long distance call from Los Angeles - R.O. Webb - requested
policy number with respect to West Coast Life Insurance.

3/12/65 Returned Webbs call - furnished policy number.

3/12/65 Called Victor Nutt of Chief Counsel's office to obtain an address
on Ruth Kaufman for the purpose of summons - unable to furnish the
address - will secure same from DeWoskin.

3/17/65 Rec'd reply from Home Mutual Savings & Loan Assn. - see case file.

3/17/65 Rec'd replies from Occidental Life Insurance Company - see case file

3/17/65 Discussed above matter with Victor Nutt

3/17/65 

3/17/65 Prepared & sent a memo to Chief, DAR Los Angeles requesting that time
be allotted this investigation in view of the sum involved and the nature
of the case.

MISC -0490

- 8 -

2/25/65    Prepared levy for service on Occidental Life Insurance Company of
           California - Policy 1073446, # 3110719

2/25/65    Prepared levy for service on Prudential Life Insurance Co - Newark, N.J.
           to attach policies 11-033-16 and 14-367-105

2/25/65    Received long distance call from Mr. Ward, Chief DAR in San Francisco
           at 4 P.M. - 2 hours after my call related above - he stated that they
           could not find the assessment data and I offered to relate this
           information by telephone - he stated that he would "prefer" if I
           prepared the levies in this office and transmitted them by mail to
           his office!!!

2/25/65    Secured the services of typist, prepared the levies and sent them
           by air mail to San Francisco.

2/25/65    

2/26/65

2/26/65

2/26/65

2/26/65    Revenue Officer Rosshear of L.A. District called - he advised that
           he had just served my levy on Rex Wingy, trustee - Wingy owes
           $22,500.00 of purchase price on Harjo Apts. - was about to make a
           $300.00 payment - levy attaches the payment and will continue to
           attach payments of $300.00 each month.

MISC -0491

1. Contracts Discount Incorporated maintained an account at the Bank of America, 7th & Flower Branch, Los Angeles, California as is evidenced by the attached photocopy of a check.

2. From your records, furnish a list reflecting all pertinent data relative to deposits to this account which originated from any source in Switzerland.

3. Furnish a list of all deposits of which your records reflect the source as having been Harry S. Stonehill, Greentree Investment or Ropa Investment.

2/23/65 

2/23/65

2/23/65 Received reply from Bank of Commonwealth, Detroit, Michigan - negative - warrants no additional investigation.

2/23/65 Received reply from the United States Life Insurance Company advising that two policies exist - both of which have been transferred to a trust - cash surrender value of policy # 214349 is $2,380.00 - cash surrender value of policy # 214384 is $4,760.00

2/23/65 Prepared levy to be served on the United States Life Insurance Co. reflecting the following:  Joseph Steinberg, Robert P. Brooks and Lourdes Stonehill as trustees, nominees of Harry S. Stonehill - Policy # 214349 - Policy # 214384

2/23/65

2/23/65 Received reply from United California Bank - account of Marcom Properties attached.  Bank advised that six co-partners exist.

2/23/65 Prepared and sent a letter to United California Bank requesting that they advise me as to the six co-partners as reflected by their records - additionally, I requested that they furnish information as to the parties authorized to disburse funds on deposit.

MISC -0492



NAME

Mike Meyers

SYMBOLS

ROOM
4240

ACTION INITIALS & DATE

In re. Stonehill

CTION:
Approval      5 As requested
Initials      6 Immediate action
See me        7 Necessary action
Call me       8 Full report
9 Prepare for signature of –   9 Filing

10 Handle directly
11 Note and return
12 Signature
13 Prepare reply
14 See "Remarks"

15 Per our conversation
16 Correction
17 Your comment or
   recommendation
18 Your information
20 Answer or acknowledge before

EMARKS (Use reverse if more space is needed)

Transmitted herewith are
the memoranda that were
recently received from CICT
concerning the Stonehill
matter. I would appreciate
your informal comments on the
correctness of the facts
mentioned in Mr. Potter's memos.

11. Sam; Gave Ucorge my comments. BM

ROM
G. Fitzpatrick

DATE
9/6/74

TELEPHONE NO.

MISC-0494       'ING SLIP   FORM 1725 (REV. 11-69)

EPARTMENT OF T*
*TERNAL REVENUE

GPO: 1969 O - 368-1

Office of Chief Counsel       JUL 25 1966
Director, Enforcement Division
Attn: Mr. Harlow M. Huckabee

Office of International Operations
CP:IO:3:JAB

Harry S. Stonehill, et al
NAT-312-OIO


Reference is made to your memorandum dated April 29, 1966
wherein you requested copies of all tax returns and attach-
ments for Stonehill, Brooks███████████ for the years
subsequent to 1961. On June 27, 1966 you were furnished
copies of the███████████ along with four Stonehill trust returns and one
Stonehill gift tax return.

Attached hereto in completion of your request are the
following copies of returns:

| FORM | YEAR | NAME | NUMBER |
|------|------|------|--------|
| 1040 | 1962 | Harry S. Stonehill | DF-50430/64 |
| 1040 | 1963 | Harry S. Stonehill | BE-67188 |
| 1040 | 1962 | Robert P. Brooks | DF-50212/64 |
| 1040 | 1963 | Robert P. Brooks | OE-64447 |
| 1040 | 1964 | Robert P. Brooks | OE-9737 |

████████████ The requests for the following income
tax returns were returned July 19, 1966 from the records branch
with the notation "No Record of Return Filed".

| FORM | YEAR | NAME |
|------|------|------|
| 1040 | 1964 | Harry S. Stonehill |
| 1040 | 1965 | Harry S. Stonehill |
| 1040 | 1965 | Robert P. Brooks |

MISC -0497

Re:

Harry S. Stonehill

[redacted]

Robert P. Brooks

[redacted]

Agent Ragland is participating in a joint fraud investigation of prior year returns of the above taxpayers. He has indicated that information which he has obtained disclosed additional unreported income for the years assigned herein and is preparing 917 information reports.

I have been orally advised today by M. Skorik that Justice Dept. and Chief Counsels Office are giving us permission to audit these years. The returns are being assigned at this time so that consents can be secured by the E.O. & protect the statute. Representatives of taxpayers are Washington D.C. attorneys named on the attached sheet.

MISC - 0554

[signature] 1/10/67

the property because of zoning problems.  This property is worth
between 3 million and 30 million dollars depending on zoning.
Previously this 101 acre tract of realty was provisionally zoned
for 100 lots.  However, the Town Council has refused to allow
more than 30 lots to be developed and has imposed such stringent
restrictions concerning building near ridge lines, building on
slopes, and building on what is termed unstable ground, that the
receiver estimates that no more than 3 building permits for
3 lots can be issued, and 2 of said lots may have no access to
adjacent lands.  These restrictions apparently are part of the
Town's desire for zero growth and amount to a situation involving
inverse condemnation.  It would appear that the receiver has the
following four available options:



7707280.1L

- 3 -



Sincerely yours,

SHIRLEY D. PETERSON
Assistant Attorney General
Tax Division

By: JOHN J. McCARTHY
Senior Litigation Counsel
Tax Division

Enclosures:

7707280.1L

MISC - 0615

**U.S. Department of Justice**
**Tax Division**

PLEASE REPLY TO:     Office of Civil Litigation
                                         P. O. Box 403
                                         Ben Franklin Station
Facsimile No. (202) 307-2504             Washington, D.C. 20044

JAB:JJMcCarthy:tcs
5-12-4862
CMN 7707280                    June 15, 1992

Steven R. Lainoff, Esquire
Associate Chief Counsel
(International)
Internal Revenue Service
950 L'Enfant Plaza South, S.W.
Room 3319
Washington, D.C.  20024

  Re:  United States v. Harry S. Stonehill, et al.
    Civil No. 2348                    (USDC Hawaii)
    Your ref:  CC:INTL-GL-167-78/HMLokey

Dear Mr. Lainoff:

  Reference is made to the above-entitled lawsuit which is
presently pending in the United States District Court in San
Francisco, California and in which a receiver has been appointed
for the taxpayers Harry S. Stonehill and Robert P. Brooks.
Enclosed herein is a $50,000 offer in compromise submitted by
Robert R. Brooks to settle the judgment outstanding against him
for $8,667,658.29 for income taxes for the years 1958 to 1961,
inclusive.  This judgment was entered on October 14, 1980.



MISC - 0620

- 2 -



Sincerely yours,

JAMES A. BRUTON
Acting Assistant Attorney General
Tax Division

By:

JOHN J. McCARTHY
Senior Litigation Counsel
Tax Division

Enclosure:   As stated.

7707280.2L

MISC - 0621


**U.S. Department of Justice**

**Tax Division**

PLEASE REPLY TO:  P.O. Box 403
                  Ben Franklin Station
                  Washington, D.C. 20044

Facsimile No. (FTS) 367-2504
Facsimile No. (202) 307-2504

---

SDP:JJMcCarthy:tcs          *Washington, D.C. 20530*
5-11-2364
CMN 8011296                 October 18, 1990

                                        RECEIVED

TELEFAXED                               OCT 22 1990

George M. Sellinger, Esquire            Associate Chief Counsel
Chief, Branch 1                         (International)
Associate Chief Counsel                 Branch 1
(International)
950 L'Enfant Plaza South, S.W.
Suite 3319
Washington, D.C.  20024

     ATTN:  Gerald H. Parshall, Jr., Esquire

     Re:  United States v. Harry S. Stonehill, et al.
          Civil Action Nos. 2348 (USDC Hawaii),
          342-44 (USDC ND Calif.), 65-127 (USDC CD Calif.)

Dear Mr. Sellinger:

     Reference is made to the above-entitled case pending before
the U.S. District Court for the Northern District of California.
The defendants herein have moved the Court to have the judgments
entered herein marked satisfied because of alleged payments made
in the past.  This motion is scheduled for a hearing on
October 29, 1990 at 2:00 p.m.

     This office has no great problems defending the defendants'



                                        8011296.2L

MISC - 0622



MISC - 0623



Thank you for your assistance in this matter.  If you have any question, please contact me at (202) 307-6398 or (FTS) 367-6398.

Sincerely yours,

SHIRLEY D. PETERSON
Assistant Attorney General
Tax Division

By:

JOHN J. McCARTHY
Senior Litigation Counsel
Tax Division

8011296.2L

MISC - 0624



**U.S. Department of Justice**

**Tax Division**

Facsimile No. (FTS) 367-2504
Facsimile No. (202) 307-2504

PLEASE REPLY TO:    Office of Civil Litigation
                    P. O. Box 403
                    Ben Franklin Station
                    Washington, D.C. 20044

JAB:JJMcCarthy:tcs
5-12-4862
CMN 7707280

April 2, 1992

George M. Sellinger, Esquire
Chief, Branch No. 1
Office of Chief Counsel
Internal Revenue Service
Associate Chief Counsel
  (International)
950 L'Enfant Plaza South, S.W.
Washington, D.C.  20024

        Re:   United States v. Harry S. Stonehill, et al.
              No. 2348                          (USDC Hawaii)
              Your ref:   CC:INTL:GL-454-90/Br1:WEWilliams

Dear Mr. Sellinger:

        Receipt of your letter of March 20, 1992, relative to the
above-entitled case is hereby acknowledge.

        In your letter you requested the status of the taxpayer
Harry S. Stonehill's appeal to the Ninth Circuit in this case.
Please be advised that this appeal has been briefed and argued
and is under submission with the Ninth Circuit.



                        Sincerely yours,

                        JAMES A. BRUTON
                  Acting Assistant Attorney General
                        Tax Division

        By:

                    JOHN J. McCARTHY
                  Senior Litigation Counsel
                        Tax Division

                                            MISC - 0619

DEPARTMENT OF STATE

ACTION:

RECEIVED

FEB 21 1962

EXECUTIVE ASSISTANT TO DIRECTOR
OFFICE OF INTERNATIONAL OPERATIONS

MAIL MESSENGER
AND TELETYPE UNIT
(MAIL)

1962 FEB 21  AM 11 32

RECEIVED
INTERNAL REVENUE SERV.
OFFICE SERVICES BRANCH

MISC-0452

REPRODUCTION FROM THIS COPY IS
PROHIBITED UNLESS "UNCLASSIFIED"

☆ U.S. GOVERNMENT PRINTING OFFICE: 1961—604450

# OUTGOING TELEGRAM Department of State

INDICATE: ☐ COLLECT
☐ CHARGE TO

SECRET

06974

53

**ACTION:** Amembassy, MANILA   944

Feb 15   12 49 PM '72

LIMIT DISTRIBUTION.

Dept. informed that on basis Treasury telecon with Chandler in Manila night of 12-13 February, two Internal Revenue Agents being sent Manila soonest.

END.

RUSH

MISC-0453

RECEIVED
FEB 16 1972
Director of
International Operations

REPRODUCTION FROM THIS
COPY IS PROHIBITED
UNLESS "UNCLASSIFIED".

| Drafted by:<br>SPA:JH:cFarland:jmt 2/14/72 | Telegraphic transmission and<br>classification approved by: |
|---|---|
| SPA - Mr. Bryan | SPA - James D. B-11 |
| | Treasury - Mr. Diehl (informed) |

SECRET

FORM
5-61
DS-322

Q 1268-1

# INCOMING TELEGRAM    *Department of State*

SECRET

Control: 9833
Rec'd: February 16, 1962
5:02 a.m.

FROM: Manila

TO:    Secretary of State

NO:    949, February 16, 3 P.M.

005

PASS DIRECTOR, OFFICE OF INTERNATIONAL OPERATIONS,
INTERNAL REVENUE SERVICE WASHINGTON

Local situation developing rapidly.  If at all possible
one or both agents should arrive Manila on or before
February 24.

STEVENSON

DLW

MISC -0454

REPRODUCTION FROM THIS COPY IS
PROHIBITED UNLESS "UNCLASSIFIED"

Q 1272 -4

**Internal Revenue Service**

# memorandum

date: MAR 1 5 1995

to: Chief, Branch No. 1
Associate Chief Counsel (International) CC:INTL:1

from: Chief, Compliance Division (International) CP:IN:D:C

subject: United States v. Harry S. Stonehill, et al.
Civil No. 432-44 (N.D. Calif.)

This memorandum is in response to your request for interest computations, to be forwarded to the Department of Justice.

In regard to Mr. Stonehill:

| | |
|---|---:|
| Total Due as of 10/31/90 | $21,272,805.16 |
| Interest 11/01/90 through 06/11/93 | +5,542,953.52 |
| Balance: | 26,815,758.68 |
| Less payment received 06/11/93 | -340,231.80 |
| Balance: | 26,475,526.88 |
| Interest 06/12/93 through 12/31/94 | +3,264,983.88 |
| Total Due as of 12/31/94 | $29,740,510.76 |

In regard to Mr. Brooks:

| | |
|---|---:|
| Total Due as of 10/31/90 | $21,982,048.48 |
| Interest 10/31/90 through 12/31/94 | +9,150,922.95 |
| Total Due as of 12/31/94 | $31,132,971.40 |

If you have any questions or if we can be of assistance, please call Jon Munroe at 874-1679.

RETTA H. JONES

Attachments:
Copies of prior computations
Copy of your memo

cc: Chief, Field Branch 1
Chief, Special Procedures Staff

MISC - 0667

4

# memorandum

SEP 2 4 1974

to: Office of Chief Counsel  CC:GL:I

from: Chief, Special Procedures Staff  CP:IO:51MLS

subject: Harry S. Stonehill's, Robert P. Brooks, ███████████
income tax returns.

In response to your request dated September 10, 1974
for the returns of subject taxpayers, the following actions
have been taken.

The 1972 return for Harry S. Stonehill and the 1972
return for Robert P. Brooks have been requested from the
Philadelphia Service Center.  Mr. Stonehill and Mr. Brooks
have not filed their 1973 income tax returns.  An extension
of time to file these returns was granted by the Mid-
Atlantic Service Center.



At this time, we have been unable to locate a Social

Internal Revenue Service

B1CC215

- 2 -

Harry S. Stonehill's, Robert P. Brooks', ███████████
   income tax returns (cont'd)

Security number for ███████████████ therefore, no

record of returns can be found and no returns have been

requested.

D. W. Sherman

# memorandum

SEP 24 1974

to: Office of Chief Counsel CC:GL:I

from: Chief, Special Procedures Staff CP:IO:51MLS

subject: Harry S. Stonehill's, Robert P. Brooks', [redacted] income tax returns

6103

In response to your request dated September 10, 1974 for the returns of subject taxpayers, the following actions have been taken.

The 1972 return for Harry S. Stonehill and the 1972 return for Robert P. Brooks have been requested from the Philadelphia Service Center. Mr. Stonehill and Mr. Brooks have not filed their 1973 income tax returns. An extension of time to file these returns was granted by the Mid-Atlantic Service Center.

6103

HS

[redacted]

At this time, we have been unable to locate a Social

- 2 -

Harry S. Stonehill's, Robert P. Brooks' ▓▓▓▓▓▓▓▓▓▓
    income tax returns (cont'd)

Security number for ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ therefore, no 6103
record of returns can be found and no returns have been
requested.

D. W. Sherman

B1CC218

TRANSMITTAL LETTER

| | | TOTAL TIME SPENT HRS. |

| NAME AND ADDRESS ON LATEST RETURN ENCLOSED | PLACE OF AUDIT Various places throughout the world | DATE OF REPORT Feb. 2, 1965 |
|---|---|---|

Harry S. Stonehill
c/o Stein & Nussbaum
44 Whitehall Street
New York 4, New York

| ☒ FIELD  ☐ OFFICE | RETURN(S) FORM NO. 1040 |
|---|---|
| DATE AGREEMENT FILED None | COMPUTATION VERIFIED |

PRESENT NAME AND ADDRESS. IF DIFFERENT FROM THAT ON LATEST RETURN
Vancouver, Canada    *Submitted separately*
Power of Attorney    *Revised*
Raskin and Downing    *See other information*
105 S. La Salle Street    *below*
Chicago 3, Illinois

RELATED CASES    Robert P. Brooks

[redacted]

DISTRICT DIRECTOR OF INTERNAL REVENUE:
OIO

| YEAR ENDED (OR PERIOD) | INCOME TAX | | OTHER TAX (Specify) DEF. OR (O/A) | PENALTIES | PART. OR FIDUC. INCOME - INCR. OR (DECR.) | DISTRICT WHERE FILED |
|---|---|---|---|---|---|---|
| | DEFICIENCY | OVERASSESSMENT | | | | |
| 1958 | $ 447,767.77 | | $ | $ 223,883.89 | $ | Manhattan |
| 1959 | 2,618,027.08 | | | 1,309,048.60 | | Manhattan |
| 1960 | 2,256,775.44 | | | 1,128,632.45 | | Manhattan |
| 1961 | 2,783,083.51 | | | 1,393,798.41 | | OIO |
| | | | | | | NET DEFICIENCY (O/A) |
| TOTALS | $8,105,653.80 | | $ | $4,055,363.35 | | $12,161,017.15 |

| NATURE OF BUSINESS Executive | EXAMINATION DISCUSSED WITH |
|---|---|

| LAST PRIOR EXAMINATION DATE June 30, 1960 | YEAR(S) COVERED 1956, 1957 | YEARS REEXAMINED OR SUPPLEMENTED None |
|---|---|---|

| EXAMINER Alex Gruder | |
|---|---|
| ACCOUNTING METHOD Cash | BAD DEBT METHOD · HOW ELECTED [illegible] None |

| CONSENTS (Expiration dates) | CLAIMS (Dates, years covered) 3/23/65 [illegible] |
|---|---|
| 1960 6-3065    1958 6-30-65 | |
| 1959 6-30-65 | None    HM-3-25-65 |

OTHER FACTORS EXTENDING STATUTORY PERIOD OF LIMITATIONS

Jeopardy Assessment – Statutory Notice Due 60 days from Jan. 19, 1965

REGIONAL OR NATIONAL OFFICE CORRESPONDENCE
In files to be submitted with SAR

OTHER INFORMATION (Attach additional sheets if necessary)
See T-2

*Power of attorney granted on 3-17-65 to Charles M. Trammell, Bert B. Rand, and Hans A. Nathan Suite 308, 1730 K Street, Washington D.C. 20006.*

| Exhibit for SAR includes Form 1040 1958 – BF 6815 Form 1040 1959 – OE 36437 Form 1040 1960 – OE 37591 Form 1040 1961 – DF 6350580 | INTERNAL REVENUE AGENT William C. Ragland |
|---|---|
| | APPROVED BY (Signature of reviewer) *H. F. McKing* |

U. S. TREASURY DEPARTMENT - INTERNAL REVENUE SERVICE    IRS - D. C.    FORM 1906 (REV. 11-87) TRANSLUCENT

U. S. GOVT.

B1CC214

Department of the Treasury                    11

Office of Chief Counsel
**Internal Revenue Service**
Washington, DC 20224

| Date: | In reply refer to: |
|---|---|
| SEP 8  1972 | CC:GL-2006:I:HS |

Honorable Scott P. Crampton
Assistant Attorney General
Tax Division
Department of Justice
Washington, D.C.   20530

Attention:  John J. McCarthy, Chief
General Litigation Section

In re: <u>Harry S. Stonehill, et al.</u>

Dear Mr. Crampton:

Transmitted herewith are the following income tax returns:

| | | |
|---|---|---|
| Harry S. Stonehill | 1970 | 98212-303-00256-1 |
| Harry S. Stonehill | 1968 | 98247001609002 |
| Harry S. Stonehill | 1967 | 98247001609 |
| Robert P. Brooks | 1967 | BE7029968 |
| Harry S. Stonehill | 1966 | 98247008603082 |

We are advised that there are approximately 13 returns in the Service Center which the Office of International Operations has not yet been able to obtain. When they get these additional returns they will be sent to us and will be transmitted to your office.

Very truly yours,

LEE H. HENKEL, JR.
Chief Counsel

By: _Houstin Shockey_
Houstin Shockey, Chief
International Operations Branch
General Litigation Division

Enclosures:
  As stated.

B1CC221

Department of the Treasury

Office of Chief Counsel
**Internal Revenue Service**
Washington, DC 20224

Date: SEP 8 1972

In reply refer to: CC:GL-2006:I:HS

Honorable Scott P. Crampton
▷ Assistant Attorney General
Tax Division
Department of Justice
Washington, D.C.    20530

Attention:  John J. McCarthy, Chief
General Litigation Section

In re:  Harry S. Stonehill, et al.

Dear Mr. Crampton:

Transmitted herewith are the following income tax returns:

| | | |
|---|---|---|
| Harry S. Stonehill | 1970 | 98212-303-00256-1 |
| Harry S. Stonehill | 1968 | 98247001609002 |
| Harry S. Stonehill | 1967 | 98247001609 |
| Robert P. Brooks | 1967 | BE7029968 |
| Harry S. Stonehill | 1966 | 98247008603082 |

We are advised that there are approximately 13 returns in the Service Center which the Office of International Operations has not yet been able to obtain. When they get these additional returns they will be sent to us and will be transmitted to your office.

Very truly yours,

LEE H. HENKEL, JR.
Chief Counsel

By: *Houstin Shockey*
Houstin Shockey, Chief
International Operations Branch
General Litigation Division

Enclosures:
As stated.

B1CC222

# memorandum

SEP 7 1972

to: William Ragland
CC:GL:I

from: Group Supervisor
CP:IO:657:GCH

subject: Harry S. Stonehill, et al

Enclosed you will find the income tax returns of the
following:

| | Year | DLN |
|---|---|---|
| Harry S. Stonehill | 1970 | 98212-303-00256-1 |
| Harry S. Stonehill | 1968 | 98247001609002 |
| Harry S. Stonehill | 1967 | 98247001609 |
| Robert P. Brooks | 1967 | BE7029968 |
| | | 6103 |
| Harry S. Stonehill | 1966 | 98247008603082 |

Gerald C. Huber

Attachments: 8

GENERAL LITIGATION
DIVISION
RECEIVED

1972 SEP 8   AM 10 02

CHIEF COUNSEL
OFFICE OF THE

## Internal Revenue Service

B1CC223

SEP 7 1972

William Ragland
CC:GL:I

Group Supervisor
CP:TO:657:GCH

Harry S. Stonehill, et al

Enclosed you will find the income tax returns of the
following:

|  | Year | DLN |
|---|---|---|
| Harry S. Stonehill | 1970 | 98212-303-00156-1 |
| Harry S. Stonehill | 1968 | 98247001809002 |
| | 1967 | 98247001809 |
| | | BE7629968 |
| Harry S. Stonehill | 1930 | 98247003603082 |

Gerald C. Huber

Attachments:  7

BI CC-223(A)

GCHUBER/sh
9-7-72

| INITIATOR | REVIEWER | REVIEWER | REVIEWER | REVIEWER | REVIEWER | REVIEWER |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

DEPT. OF THE TREASURY—INTERNAL REVENUE SERVICE    CORRESPONDENCE APPROVAL AND CLEARANCE    FORM 1937-A (1-59)

SEP  7 1972

## Missing Returns

|                          | Year |
|--------------------------|------|
| Harry S. Stonehill, Jr.  | 1961 |
| Robert P. Brooks         | 1962 |
| Robert P. Brooks         | 1963 |
| Harry S. Stonehill       | 1959 |
| Robert P. Brooks         | 1966 |
| Robert P. Brooks         | 1965 |
| Harry S. Stonehill       | 1962 |
| Harry S. Stonehill       | 1962 |
| Harry S. Stonehill       | 1965 |
| Harry S. Stonehill       | 1964 |
| Harry S. Stonehill       | 1963 |

Form 709
   "  1040

B1CC224

## Missing Returns

|                          | Year  |          |
|--------------------------|-------|----------|
| Harry S. Stonehill, Jr.  | 1961  |          |
| Robert P. Brooks         | 1962  |          |
| Robert P. Brooks         | 1963  |          |
| Harry S. Stonehill       | 1959  |          |
| Robert P. Brooks         | 1966  |          |
| Robert P. Brooks         | 1965  |          |
| Harry S. Stonehill       | 1962  | Form 709 |
| Harry S. Stonehill       | 1962  | "    1040|
| Harry S. Stonehill       | 1965  |          |
| Harry S. Stonehill       | 1964  |          |
| Harry S. Stonehill       | 1963  |          |

B1CC225

CC:GL-2006
'I:PDB

# *memorandum*

**to:** Office of International Operations
Attention: CP:IO:6

JUN 22 1972

**from:** General Litigation Division

**subject:** Harry S. Stonehill, et al.

We are enclosing a copy of a letter from the Department of Justice, dated June 21, 1972, that requests the income tax returns of Harry S. Stonehill, Robert P. Brooks, ▮▮▮▮▮▮▮▮▮ for all years after 1961.     6103

While Internal Revenue agent William C. Ragland was on detail with this office, he maintained a file on the subsequent year returns with his Group Supervisor in the Audit Division of your office, Mr. James D'Amico.

When Mr. Ragland was permanently assigned to this office, he left instructions with Mr. D'Amico to have the current income tax returns of Stonehill, Brooks, ▮▮▮▮▮▮ ▮▮▮▮▮ requisitioned as the returns became due and that such returns should not be disposed of until the completion of the pending litigation. That file is probably with the agent assigned the current returns or the successor of Mr. D'Amico, who has retired.

Please forward the original of those returns not subject to audit for the years 1962 to the present for Stonehill, Brooks ▮▮▮▮▮▮▮▮ and a copy if any     6103 returns are assigned for audit.

*Paul D. Barker*
Paul D. Barker, Acting Chief
International Operations Branch

Attachment

RECEIVED
JUN 27 1972
OFFICE OF ... INTERNATIONAL OPERATIONS

## Internal Revenue Service

B1CC226

CC:GL-2006
I:PDB

Office of International Operations
Attention: CP:IO:6

General Litigation Division


Harry S. Stonehill, et al.

　　　We are enclosing a copy of a letter from the Department of Justice, dated June 21, 1972, that requests the income tax returns of Harry S. Stonehill, Robert P. Brooks███████████ for all years after 1961.　　GL03

　　　While Internal Revenue agent William C. Ragland was on detail with this office, he maintained a file on the subsequent year returns with his Group Supervisor in the Audit Division of your office, Mr. James D'Amico.

　　　When Mr. Ragland was permanently assigned to this office, he left instructions with Mr. D'Amico to have the current income tax returns of Stonehill, Brooks███████ IO3 ████ requisitioned as the returns became due and that such returns should not be disposed of until the completion of the pending litigation. That file is probably with the agent assigned the current returns or the successor of Mr. D'Amico, who has retired.

　　　Please forward the original of those returns not subject to audit for the years 1962 to the present for Stonehill, Brooks████████████ and a copy if any　GL03 returns are assigned for audit.

　　　　　　　　　　　　　　　/S/

　　　　　　　　　　Paul D. Barker, Acting Chief
　　　　　　　　　　International Operations Branch


Attachment

B/CC - 226(A)

Department of the Treasury



Office of Chief Counsel
**Internal Revenue Service**
Washington, DC 20224

DATE: **SEP 8** 1972 | In reply refer to:
CC:GL-2006:HS

▷ Honorable Scott P. Crampton
  Assistant Attorney General
  Tax Division
  Department of Justice
  Washington, D.C.   20530

Attention:   John J. McCarthy, Chief
             General Litigation Section

In re:   Harry S. Stonehill, et al.

Dear Mr. Crampton:

     Transmitted herewith are the following income tax returns:

| | | |
|---|---|---|
| Harry S. Stonehill | 1970 | 98212-303-00256-1 |
| Harry S. Stonehill | 1968 | 98247001609002 |
| Harry S. Stonehill | 1967 | 98247001609 |
| Robert P. Brooks | 1967 | BE7029968 |
| | | 4103 |
| Harry S. Stonehill | 1966 | 98247008603082 |

     We are advised that there are approximately 13 returns in the Service Center which the Office of International Operations has not yet been able to obtain. When they get these additional returns they will be sent to us and will be transmitted to your office.

                    Very truly yours,

                    LEE H. HENKEL, JR.
                    Chief Counsel

                    /S/ Houstin Shockey

          By: _____
                    Houstin Shockey, Chief
              International Operations Branch
                  General Litigation Division

Enclosures:
  As stated.

Department of the Treasury

Office of Chief Counsel
**Internal Revenue Service**
Washington, DC 20224

Date:                        | In reply refer to:

SEP 8  1972              | CC:GL-2006:1:HS

Honorable Scott P. Crampton
Assistant Attorney General
Tax Division
Department of Justice
Washington, D.C.    20530

Attention:  John J. McCarthy, Chief
General Litigation Section

In re:  Harry S. Stonehill, et al.

Dear Mr. Crampton:

Transmitted herewith are the following income tax
returns:

| | | |
|---|---|---|
| Harry S. Stonehill | 1970 | 98212-303-00256-1 |
| Harry S. Stonehill | 1968 | 98247001609002 |
| Harry S. Stonehill | 1967 | 98247001609 |
| Robert P. Brooks | 1967 | RE7029968 |
| Harry S. Stonehill | 1966 | 98247008603082 |

We are advised that there are approximately 13
returns in the Service Center which the Office of
International Operations has not yet been able to
obtain. When they get these additional returns they
will be sent to us and will be transmitted to your
office.

Very truly yours,

LEE H. HENKEL, JR.
Chief Counsel

/S/ Houstin Shockey

By:  _____

Houstin Shockey, Chief
International Operations Branch
General Litigation Division

Enclosures:
As stated.

CCBox1-0228

June 21, 1972

SPC:JJMcC:STKrysa:wac
  5-12-4882


      Honorable Lee H. Henkel, Jr.
      Chief Counsel
      Internal Revenue Service
      Washington, D. C.  20224

                    Re:  United States v. Harry S. Stonehill, et al.
                         Civil No. 65-127-HW  (DC CD California)
                         Your ref:  CC:GL-2006/Y:PDB

      Dear Mr. Henkel:

          In connection with the defense of the above case and for
      use in any settlement negotiations, please provide us with the
      original returns filed by Harry S. Stonehill ███████████████████
      ████████ & Robert P. Brooks █████████████████████for the years
      1962 up through the present date.  In the event some of these
      returns are the subject of any present audit, please forward
      such returns when the audit has been completed, but now please
      forward a copy of those returns subject to an audit.  Also
      please forward the original returns which are not the subject
      of any audit.

                              Sincerely yours,

                              SCOTT P. CRAMPTON
                           Assistant Attorney General
                                 Tax Division



                    By:

                          JOHN J. McCARTHY
                                Chief
                      General Litigation Section

MEMO FOR THE FILE

August 21, 1962

In re:  Harry S. Stonehill and
        Robert P. Brooks

On this date Mr. Ross Thompson requested that Mr. Spencer
Zimmerman and the undersigned be present at a conference with
Mr. William Saunders, attorney for Stonehill and Brooks in
connection with a proposed agreement that Mr. Saunders had submitted
to O:IO for perusal.  Mr. Feigenbaum had agreed to have Mr. Zimmerman
and the undersigned attend the conference and checked the matter out
with Assistant Chief Counsel, E. Riley Campbell.  Mr. Campbell
suggested that someone from the Enforcement Division of this office
also attend the conference and Mr. Robert Spartz was so designated.

Present at the conference in addition to Messrs. Zimmerman,
Spartz, and the undersigned were:

    Mr. Ross Thompson--O:IO (Executive Assistant to Director)

    Mr. Howard Moser--O:IO (Intelligence)

    Mr. Denis Meyer (representing the law firm of Baker, Hightower
and MacKenzie)

    Mr. William Saunders (attorney for Stonehill and Brooks)

Prior to the time that Mr. Saunders and Mr. Meyer came into the
room, Mr. Zimmerman emphasized to Mr. Thompson that Chief Counsel



CCBox 1-0310



Mr. Saunders initiated the conference by stating that the so-called Schedule A which is to be affixed to the proposed agreement, and which will list assets of Stonehill and Brooks located in the United States, is to be furnished to O:IO as soon as the agreement is signed by the principals. Mr. Thompson told Mr. Saunders that O:IO had a list of assets and would compare the list submitted by Stonehill and Brooks with the list being held by O:IO.

Mr. Zimmerman asked several questions concerning the provisions in the proposed agreement dealing with the stock proxies which Saunders and Rudy were to get from Stonehill and Brooks. The undersigned asked Mr. Saunders if an additional agreement was contemplated between Stonehill and Brooks and Saunders and Rudy whereby specific powers would be transferred to the latter. Mr. Saunders indicated that he thought an additional agreement would be drawn up spelling out the intent of the stock proxies, etc. Mr. Saunders stated that he and Mr. Rudy would undertake to notify the Director if any Swiss bank loans become due and it is contemplated that United States assets will be used to pay such loans. In such case, Saunders will first attempt to get such loans extended but if that fails, thirty-day notice will be given the Director of International Operations before any payments are made to the Swiss banks. Further, Mr. Saunders indicated that he did not intend to mortgage any of the property of Stonehill and Brooks in the United States to other than United States' banking institutions, with few exceptions. Any exception which is made will <u>not</u> be to someone outside the United States.

There was a brief discussion, brought up by Mr. Thompson, of the community property issue which is involved in this case. Mr. Thompson asked Mr. Saunders whether Stonehill's and Brooks' incomes were subject to the community property laws of the Philippines. It

CCBox 1-0311

| STANDARD FORM 36, JULY 1966<br>GENERAL SERVICES ADMINISTRATION<br>FED. PROC. REG. (41 CFR) 1-16.101 | CONTINUATION SHEET | REF. NO. OF DOC. BEING CONT'D<br>75-54 | PAGE<br>6 | OF<br>8 |

NAME OF OFFEROR OR CONTRACTOR

Sterling W. Powers

| ITEM NO. | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| | SECTION 1.0 - SERVICES/PRICES | | | | |
| | Provide services as an Expert Witness<br>* Payment based on a daily rate of $130.40. | | | * | ESTIMATED<br>$ 13,692.0 |
| | Miscellaneous, travel, and per diem used in<br>connection with the above project as authorized<br>by the IRS Project Coordinator. | | | | ESTIMATED<br>$ 4,125.0 |
| | SECTION 2.0 - SCOPE | | | | |
| | The services to be performed under this contract<br>shall consist of professional services as an<br>expert witness in connection with the pending<br>case of <u>United States v. Harry S. Stonehill et al.,</u><br><u>Civil No. 65-127-GS (C. D. Calif.)</u> by preparing<br>testimony and appearing as a witness during the<br>trial  and, if requested by the Department of<br>Justice, personnel handling this case, to assist<br>them in preparation of exhibits, testimonies,<br>cross-examination relative to his area of expertise. | | | | |
| | SECTION 3.0 - TERM OF CONTRACT | | | | |
| | The Services required under this contract will<br>be performed during the period November 5, 1974<br>through March 31, 1975, on an as needed basis.<br>The payment for services will be based on the<br>number of days of services provided times the<br>daily rate in Section 1.0. | | | | |
| | SECTION 4.0 - GOVERNMENT RIGHTS | | | | |
| | The Government shall have unlimited rights to all<br>reports to be provided under this contract.  The<br>Government may duplicate, use and disclose in any<br>manner, for any purpose, the above mentioned items.<br>The Contractor agrees not to assert a right or to<br>establish any claim under copyright laws and<br>grants to the Government an unlimited royalty-free<br>license to all such items. | | | | |
| | SECTION 5.0 - REVIEW AND APPROVAL | | | | |
| | The Contractor's performance under this contract<br>will be subject to review and to final approval<br>by the Project Coordinator or his duly authorized<br>representative. | | | | |

B1CC200

36-105

C43—16—77531-1          GPO : 1967 O—261-063

| STANDARD FORM 36, JULY 1966<br>GENERAL SERVICES ADMINISTRATION<br>FED. PROC. REG. (41 CFR) 1-16.101 | CONTINUATION SHEET | REF. NO. OF DOC. BEING CONT'D.<br>75-54 | PAGE<br>6 | OF<br>8 |

NAME OF OFFEROR OR CONTRACTOR

Sterling W. Powers

| ITEM NO. | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| | **SECTION 1.0 – SERVICES/PRICES** | | | | |
| | Provide services as an Expert Witness<br>* Payment based on a daily rate of  $130.40. | | | * | ESTIMATED<br>$ 13,692.00 |
| | Miscellaneous, travel, and per diem used in<br>connection with the above project as authorized<br>by the IRS Project Coordinator. | | | | ESTIMATED<br>$  4,125.00 |

**SECTION 2.0 – SCOPE**

The services to be performed under this contract
shall consist of professional services as an
expert witness in connection with the pending
case of <u>United States v. Harry S. Stonehill et al.,</u>
<u>Civil No. 65-127-GS (C. D. Calif.)</u> by preparing
testimony and appearing as a witness during the
trial  and, if requested by the Department of
Justice, personnel handling this case, to assist
them in preparation of exhibits, testimonies,
cross-examination relative to his area of expertise.

**SECTION 3.0 – TERM OF CONTRACT**

The Services required under this contract will
be performed during the period November 5, 1974
through March 31, 1975, on an as needed basis.
The payment for services will be based on the
number of days of services provided times the
daily rate in Section 1.0.

**SECTION 4.0 – GOVERNMENT RIGHTS**

The Government shall have unlimited rights to all
reports to be provided under this contract.  The
Government may duplicate, use and disclose in any
manner, for any purpose, the above mentioned items.
The Contractor agrees not to assert a right or to
establish any claim under copyright laws and
grants to the Government an unlimited royalty-free
license to all such items.

**SECTION 5.0 – REVIEW AND APPROVAL**

The Contractor's performance under this contract
will be subject to review and to final approval
by the Project Coordinator or his duly authorized
representative.

BIC- 2004

STANDARD FORM 36, JULY 1966
GENERAL SERVICES ADMINISTRATION
PROC. REG. (41 CFR) 1-16.101

CONTINUATION SHEET

| REF. NO. OF DOC. BEING CONT'D | PAGE | OF |
|---|---|---|
| 75-54 | 7 | 8 |

NAME OF OFFEROR OR CONTRACTOR

Sterling W. Powers

| M NO. | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|

SECTION 6.0 – PROJECT COORDINATOR

Mr. Eugene Meyers, Office of Chief Counsel, General
Litigation Division is the Project Coordinator.
He will review all services rendered by the
Contractor receive all reports called for under
this contract, and authorize payment after his
review of the invoices presented by the Contractor.

SECTION 7.0 – IRS CONTACTS

TECHNICAL: Mr. Eugene Meyers  (202) 964-3317

CONTRACTUAL: Mr. Earle S. Simons (202) 964-4152

SECTION 8.0 – CONFIDENTIAL INFORMATION

From time to time the Government will make
available to the Contractor confidential data
related to the case of United States v.
Harry S. Stonehill et al., Civil No. 65-127-GS
(C. D. Calif.).  This data furnished now or
hereafter to the Contractor by the IRS and/or
the Department of Justice is highly confidential
and privileged to the Government and to the
taxpayers involved in this litigation.  The
unauthorized disclosure of such information
can seriously affect, if not jeopardize, the
Government's position with resepect to this
litigation.  Special care shall be exercised
at all times by the Contractor to ensure that
such information is not released to unautho-
rized persons.

Such information shall not be released to,
discussed with or otherwise made public to
anyone except Internal Revenue Service employees
or United States Department of Justice personnel
assigned to this project, and except to the
extent that publicity necessarily results from
use of this information in the course of the
litigation specified in Section 2.0 of this
contract.

B1CC201

C43-16-39531-1       GPO : 1967 O-261-067

| STANDARD FORM 36, JULY 1966<br>GENERAL SERVICES ADMINISTRATION<br>FED. PROC. REG. (41 CFR) 1-16.101 | CONTINUATION SHEET | REF. NO. OF DOC. BEING CONT'D.<br><br>75-54 | PAGE<br><br>7 | OF<br><br>8 |
|---|---|---|---|---|

NAME OF OFFEROR OR CONTRACTOR

Sterling W. Powers

| ITEM NO. | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| | SECTION 6.0 – PROJECT COORDINATOR | | | | |

SECTION 6.0 – PROJECT COORDINATOR

Mr. Eugene Meyers, Office of Chief Counsel, General
Litigation Division is the Project Coordinator.
He will review all services rendered by the
Contractor receive all reports called for under
this contract, and authorize payment after his
review of the invoices presented by the Contractor.

SECTION 7.0 – IRS CONTACTS

TECHNICAL:  Mr. Eugene Meyers   (202) 964-3317

CONTRACTUAL: Mr. Earle S. Simons (202) 964-4152

SECTION 8.0 – CONFIDENTIAL INFORMATION

From time to time the Government will make
available to the Contractor confidential data
related to the case of United States v.
Harry S. Stonehill et al., Civil No. 65-127-GS
(C. D. Calif.).  This data furnished now or
hereafter to the Contractor by the IRS and/or
the Department of Justice is highly confidential
and privileged to the Government and to the
taxpayers involved in this litigation.   The
unauthorized disclosure of such information
can seriously affect, if not jeopardize, the
Government's position with resepect to this
litigation.  Special care shall be exercised
at all times by the Contractor to ensure that
such information is not released to unautho-
rized persons.

Such information shall not be released to,
discussed with or otherwise made public to
anyone except Internal Revenue Service employees
or United States Department of Justice personnel
assigned to this project, and except to the
extent that publicity necessarily results from
use of this information in the course of the
litigation specified in Section 2.0 of this
contract.

BICC-201(A)

NAME OF OFFEROR OR CONTRACTOR
Sterling W. Powers

| NO. | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|

Reports and any other documents prepared by the Contractor under the provisions of this contract shall be typed and reproduced only by IRS and/or Department of Justice personnel designated by IRS Technical Contact shown in Section 7.0 of this Contract.

SECTION 9.0 - TRAVEL AND PER DIEM

In addition to the basic fee for professional services indicated in Section 1.0 of this contract, the Contractor will be paid travel and per diem costs within the dollar limitation indicated in Section 1.0 and the limitations specified below:

A. A per diem allowance of $25.00 per man per day when overnight lodging is required.

B. Actual cost of public transportation, limited to less than first class accomodations except when less than first class accomodations are not reasonably available.

C. Expenses for transportation by privately owned vehicle (12¢) per mile, plus toll and ferry charges.

D. Cost for transportation from terminal to hotel or terminal to IRS will be paid for by the Government with some provision applicable for by the Government with same provision applicable for return to terminal. Transportation expense for daily travel to and from work will not be paid by the Government.

E. Reasonableness shall be ascertained by a review by the IRS Project Coordinator of all facts pertaining to the specific cost.

SECTION 10.0 - REFERENCED PROVISIONS

In additonal to the General Provisions, Standard Form 32, dated November 1969 and Solicitation Instructions and Conditions, Standard Form 33A, dated March 1969, the attached Additional General Provisions, "Advertised and Negotiated Fixed Price Contract", Clauses 23 through 27 are incorporated herein and by this reference made a part hereof.

General Litigation Division

MAR 30 1973

Office of International Operations   CP:IO:62

United States v. Harry S. Stonehill, et al.
Civil No. 65-127-HW (C.D. Calif.)

    As you have been informed another search was made to find the
original tax returns, Forms 1040, for Harry S. Stonehill and Robert
P. Brooks for the years 1962, 1963 and 1964. We notified you earlier
that the returns have been destroyed.

4103



Irving E. Byer

attachment

CCBox 3-0030



# memorandum

MAY 3 1973
1973

to: General Litigation Division

from: Office of International Operations  CP:IO:62

subject: United States v. Harry S. Stonehill, et al.
Civil No. 65-127-HW (C.D.    Calif.)

    As you requested we requisitioned the 1969 - 1040 tax return of Harry S. Stonehill from the North Atlantic and the Western Service Center. ██████████████████████████████████

*Irving E. Byer*
Irving E. Byer
Classifying Officer

Attachments(16)

CCBox 3-0031

Internal Revenue Service

CC:E-528-29; NA-1039-40
R:HMH
MR. JOHN T. ROGERS
Director, Tax Court Division

WILLIAM F. McALEER
Director, Enforcement Division

Harry S. Stonehill, et al.

By our memorandum to the Director, Office of
International Operations, dated August 30, 1966
we forwarded a list of documents seized in the raids
in the Philippines which were to be used in the
pending United States tax cases involving Stonehill
and Brooks. Copies of the memorandum and list were
furnished to you. The purpose of the list was to
facilitate negotiations with the Philippine Govern-
ment concerning the availability of Philippine witnesses.



CCBox 3-0267

E-528-29
NA-1039-40                    - 2 -



Enclosures:
   As stated

CCBox 3-0266

CC:E-528-29; NA-1039-40
R:HMH
MR. JOHN T. ROGERS
Director, Tax Court Division

SEP 15 1966

WILLIAM F. McALEER
Director, Enforcement Division

Harry S. Stonehill, et al.

By our memorandum to the Director, Office of
International Operations, dated August 30, 1966
we forwarded a list of documents seized in the raids
in the Philippines which were to be used in the
pending United States tax cases involving Stonehill
and Brooks. Copies of the memorandum and list were
furnished to you. The purpose of the list was to
facilitate negotiations with the Philippine Govern-
ment concerning the availability of Philippine witnesses.



E-528-29
NA-1039-40

- 2 -



Enclosures:
   As stated

CCBox 3-0268

E-403; NA-1039, 1040    -3-

If Stonehill avoids having a deposition taken,
as indicated above, the Government will then be
in a position to hold in abeyance the answering of
Stonehill's interrogatories.



Mr. Nutt and I then talked by telephone with Fred
Folsom who stated that he had been advised of the
August 30, 1965 letter and it was his understanding
that the purpose of it was as stated above.  It is
noted that Mr. Folsom has recently attended con-
ferences in this office regarding the Universal
and Stonehill-Brooks cases and is generally aware
of the nature of the pending criminal cases.  The
effect of the conversation with Mr. Folsom was
that he agreed with the proposed action considering
all of the factors involved.

Mr. Nutt then called Mr. George LeBlanc of the
Tax Court Division, who is handling the Tax Court
phase of the Stonehill-Brooks matter and advised
him of the development.  Mr. LeBlanc had no objection
to the proposed action.

Mr. Nutt then called Mr. Michael Skvasik,
the Special Agent in the OIO who is reviewing the
Stonehill case, and determined that Mr. Lee Fiellin,

CCBox 3-0260

E-528,529; NA-1039,1040     -3-

Brooks

| Year | Deficiency | Penalty (Sec. 6653(b)) |
|------|------------|------------------------|
| 1958 | $  204,525.50 | $   102,262.75 |
| 1959 | 1,641,461.92 | 820,730.96 |
| 1960 | 1,963,540.43 | 981,770.22 |
| 1961 | 2,749,461.93 | 1,375,239.89 |
| Total | $6,558,989.78 | $3,280,003.82 |

The above figures are based on net worth
analyses. Cf. pages 103-109 of the Stonehill-
Brooks special agent's report. The tax liability
reported on Stonehill's returns for the years
1958 through 1961 totaled $3,789.16. Brooks re-
ported a total tax liability of $1,026.06 for those
years. Stonehill and Brooks have filed Petitions
in the Tax Court, but the Government has obtained
extensions and has not yet filed answers.

Lien foreclosure actions have been instituted
by the Government with respect to Stonehill in the
Southern District of California, Northern District
of California and in the District of Hawaii. Dis-
covery proceedings (including depositions of agents)
have been instigated by the defense and ordered by
the court in the Southern District of California
action.



In 1964, Stonehill, Blaustein, Kai Hekker,
Universal New York, Inc., and United States Tobacco
Corporation (a Stonehill Philippine corporation)

CCBox 3-0271


CL-2006                              - 2 -

furnished to the Office of International Operations by the
Foreign Service Representative in the Philippines.  We will,
therefore, appreciate being advised of the above as soon as
possible.

                              (Signed) Houstin Shockey

                         _____
                              Houstin Shockey, Chief
                         International Operations Branch

VLNutt:bab
4-27-65

CCBox4-0007



CCBox4-0725

**MEMORANDUM OF CALL**

CCBox4-0726

To: *Evelyn*

☑ YOU WERE CALLED BY—    ☐ YOU WERE VISITED BY—

*Betty Patterson*

Of (Organization)

*Mr. Nedler's ofc.*

☐ PLEASE CALL →  PHONE NO. CODE/EXT. *905 - 6300*  ☐ FTS

☐ WILL CALL AGAIN    ☐ IS WAITING TO SEE YOU

☐ RETURNED YOUR CALL    ☐ WISHES AN APPOINTMENT

MESSAGE

*spoke w/ atty*
*Manion (did this morning)*
*w/ copy to me /*
*Stonehill*
*on Harkus*

RECEIVED BY: *Eger*

DATE *13 Dec*    TIME *2:40*

63-108

☆ U.S. G.P.O. 1980-311-156/25

STANDARD FORM 63 (Rev. 8-76)
Prescribed by GSA
FPMR (41 CFR) 101-11.6

E-528,529; NA-1039,1040     -7-

Since the above memorands were written, additional
items relating to these matters have been received in
your Division. These include a cablegram from Federal
Bureau of Investigation Agent Robert B. Hawley con-
cerning his knowledge of the N.B.I. wiretaps; a supple-
mental memorandum dated March 21, 1966 filed by a
defense counsel in the bill of lading case; and a copy
of a court opinion regarding the motion to suppress,
which will be discussed below. In addition, we have
received in this office a memorandum from the Office
of International Operations dated March 2, 1966 which
encloses a memorandum from Revenue Service Representa-
tive Sterling Powers dated February 23, 1966, together
with copies of lower court decisions related to the
deportation proceedings and the search and seizure.
These are enclosed as Chief Counsel's Exhibit 1.

There have been recent comments in Philippine
newspapers to the effect that Menhart Spielman is
still alive. He is the informant who furnished
evidence on which the N.B.I. raids were based, and
he is believed murdered. Revenue Service Representa-
tive Sterling Powers states that all the indications
are that Spielman is dead, but he is investigating
the matter.



E-528,529; NA-1039,1040          -15-



There is evidence (most of it inadmissible in view of lack
of witnesses from the Philippines and Switzerland) which indicates
that the Swiss accounts were personal accounts of Stonehill
and Brooks.  This evidence shows that in excess of $7,000,000
went into these accounts in addition to the commissions and
ocean freight differentials involved in the specific items
in the Universal phase of the case; that only $236,452.72

CCBox 3-0283



- 5 -

Philippines has been used on occasion by Stonehill. It will be necessary to have pertinent documents included in the exhibits analyzed by a handwriting expert to offset this defense.

The report has been written in a format unusual to a net worth case, pin-pointed to an overall approach rather than to each individual asset or liability. Exhibits are complete to substantiate each item, although not discussed individually as shown on the net worth statement.

Numerous questions arose during review of the case by this office, which were explained by Revenue Agent Ragland. Mr. Ragland has analyses and summaries in his workpapers which may assist in further reviews.



The taxpayers' representatives have strenuously insisted on the applicability of community property laws. The revenue agent has discussed this item thoroughly in his report. Brooks at one time lived in California, a community property state. Community property application was made on the Form 2555 submitted with the 1961 returns, but was disallowed by the agents.

The foreign personal holding company concept is present as to the Lichtenstein corporations. It could be claimed that these corporations were the wives' property, with no forms or returns required to be submitted. The revenue agent has researched this matter thoroughly.

The raids and seizures by the Philippine Government did not secure Mr. Brooks' records. Computations as to his net worth items were made from Stonehill's records and correspondence and from records in the United States.

The bonus of various stocks from the U.S. Tobacco Co. to both Stonehill and Brooks in 1961 has been included in the net worth statements as assets. Neither Stonehill or Brooks reported this amount as a bonus or salary on Form 2555 attached to their 1961 returns to claim it exempt as earned income under Section 911 a 1 IRC. The claim may still be made that this should be treated as exempt earned income.

Since the unreported income for the most part represents funds diverted from the Philippine corporations, the defense of embezzlement may be raised. This was not, however, brought up by either of the representatives at the formal interviews.

- 4 -

Menhard Spielman, who figures prominently in the case, especially by the defense, filed a Claim for Reward, for information furnished before his death or disappearance. This matter is being pursued, according to Revenue Agent Ragland, by the administrator of Spielman's estate in New York.

A collateral inquiry is pending in Germany which involves $370,000 allegedly belonging to Stonehill. When information pertaining to this asset is received by the Office of International Operations, it will be forwarded to you.



Subsequent to submission of the report and exhibits, the Revenue Service Representative, forwarded four volumes of exhibits marked to be associated with Exhibits 197 and 232. These four volumes have been filed and associated with the exhibits as requested.

The admissability of certain evidence in this case will in all probability be a major defense. The agents have relied to a large extent on records seized by the Philippine Government, for intent and for computation of amounts. These records include those of Stonehill and Brooks; their corporations; some personal (business connected) notes evidencing intent; copies of Swiss bank ledger sheets, transmittals, etc.; correspondence in connection with transfers of funds, and others.

The Philippine National Bureau of Investigation has requested that no attempt be made to contact any prospective witnesses in the Philippines until just prior to trial.

The taxpayers' representatives have raised the issue of forgery as to some documents, stating that Menhard Spielman resorted to this in his scheme to blackmail Stonehill and Brooks. A known forger in the

Summary of efforts to secure returns requested
by IOB involving Stonehill & Brooks

~~called Gittleman SPS~~ the

1) BROOKS — Called Gittleman SPS,
Manhatter District — ext 3394 — They
have no listing under Name control in
Brooks name's no record of filing there

C 102

2) Harry S. Stonehill ⟩ Called SPS, LA. District
on 9/5/73 — spoke to ms.

C 11

(see 3rd page)

Summary of efforts to secure returns requested
by IOB involving

C 10

C 10

)

2)

6103

P.S. — received a call from LA SPS
@ Edith Regener on 9/6/72
She gave me the DLN for Harry
and [redacted] returns filed — the info.
of which is attached.                    UIO

00006011

CCBox7-033

Harry S. Stonehill and Robert P. Brooks

Because the file on this case fills two filing cabinets no supporting docu-
mentation will accompany this synopsis.

The related cases were a result of a fraud investigation conducted by FOD's
Foreign Programs Division. Jeopardy assessments were made on January 18, 1965,
against Stonehill in the amount of $13,613,721.51 and Brooks in the amount of
$11,182,966.73. Approximately 100 liens were filed in six states and the District
of Columbia, many of these nominee liens against corporations, banks, trusts and
individuals. Approximately 150 levies were served in over 14 IRS districts.

The United States immediately sought foreclosure of the Federal tax liens
in the Northern, Central, and Southern California District Courts and in Honolulu.
The taxpayers petitioned the Tax Court regarding the jeopardy assessments. The
Central District case went to the Ninth Circuit Court of Appeals on a Constitutional
matter and the U.S. position was upheld. The other actions were upheld at the
District Court level and the Appellate level. Petitions for rehearing are now
before the Ninth Circuit.

During the course of this trial various properties were liquidated requiring
tax lien discharges. Liens have been refiled three times.

Five escrow accounts have been maintained in the name of the taxpayers and
the Director for funds derived from the various liquidated entities. Several
parcels of property had been forclosed on by the State of California and a redemp-
tion agreement was entered into whereby payments for past and current real estate
taxes are paid from these escrow accounts.

A collateral issue was raised concerning who should be taxed on the interest
earned by the escrow accounts.

Most of the levy action was suspended during the court proceedings, but at
least in one instance proceeds were paid to IRS and a wrongful levy suit was
filed which was later settled by Justice. A refund had to be issued to the levied
party.



**GEOFF WOOD &
REALTY PARTNERS**

440 Brannan Street, San Francisco, California 94107 · (415) 957-0511

Office of International Operations
Received

AUG 1 1980

Special Procedures Staff

July 25, 1980

Mr. Stephen M. Ehrlich
Internal Revenue Service
Office of International Operations
P.O. Box 384
Washington, D.C.   20044

Attn: CP:OIO:51

Dear Mr. Ehrlich:

Enclosed is an offer for purchase of property
located on Harbor Drive in Sausalito, California on
which I made a similar offer approximately 18 months
ago.  Because of the outcome of that offer, it is im-
portant that I learn the response to this offer as soon
as possible.  The funds to close this purchase are
available now and cannot wait past the 20-day period
of acceptance mentioned in the offer.

Thanks for your consideration in this matter.

Sincerely,

Geoffrey H. Wood



# Investigation History

| Date | Investigative Action Taken |
|------|----------------------------|
| | Rec'd CLOSED O.I from Richmond District |
| | Lien was filed in Stafford County, Va. |
| | follow-up as schedule 1/28/93 |
| | call - Ed Williams, Counsel for follow-up on |
| | results to proceed with sale of the 101 acres |
| | of real property - On 11/18/92 petition for re-hearing |
| | was denied by the Supreme Court. |
| FEB 3 1993 | p/c to Ed Williams, Counsel. He sent Justice |
| | a letter on Dec 4th. He will call Justice today |
| | for a follow-up. |
| | ① John McCarthy is in OK on a case. He will |
| | return Friday. |
| | ② Ed Williams will follow thru. |
| | Schedule my follow-up to call Ed - 02/09/93 |
| 9 1993 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| | (A) McCarthy will meet with the Receiver |
| | on 02/23/93. PROPERTY IS IN RECEIVERSHIP |
| | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| | McCarthy will get back to Ed Williams, A/C (IN) Counsel |
| | after 2/23. |
| | schedule follow-up 3/23/93 |
| | see memo date. 11/24/92 to Richmond District |
| | ① only asset in Receivership is real property |
| | ② social security levy will be Richmond's decision |
| | ③ once Case is resolved A/C (IN) will transfer |
| | case to Richmond District |

Form **2747** (Rev. 1-82)  *Dispose of all prior issues*    Department of the T    CCBox7-0103    ervice

Case 1:06-cv-00599-JDB   Document 23-9   Filed 02/14/2007   Page 65 of 78

| Date | |
|---|---|

**3-89** rec'd closed OI from _____ all files in that area have been refiled. rec'd P/C from Ms Johnson of IRS in Chicago - FTS 886-2090 regarding 2-WAP memo sent on 12/19/88. The (4) FTL were refiled in April 1988 for Lourdes Harry Stonehill and Robert Pacita Brooks. She will send copies from _____ _____ she will _____ send copies of certificates of release. FTL scheduled 1/5/89 to determine status of OI pending in Chicago.

**1/23/89** rec'd memo from Counsel in response to my request of 12/21/88 which asks for assistance on whether FTL should be refiled against Tower Development Corporation, nominee of Harry S. Stonehill and Robert P. Brooks _____

**1/26/89** P/C to Ms Johnson IRS Chicago. Information discussed on Jan 3 89 was given to Dp. for mailing. Ms Johnson will secure copies of the (4) liens filed in her area from Zito and call me back for mailing instructions.

**6/8/** Discussed the matter of lien refiling with Ms Johnson and she said that receipted copies have never been rec'd for Forms 668-F previously sent. Form 668-F for Harry Stonehill _____ that does not appear on 3/6/5_

CCBox7-0112

9/7/65

Visited office of Houston Shockey, Chief Counsel's office in which conference was held between Victor Holt, Houston Shockey, Lawrence Rothdorf and E. Arnold Siegel.   Discussion was held regarding future activity re █████████████████ in view of recent developments where this office was instrumental to release stock broker Levine.   Also discussed ████████████████████ elimination where ████████████ was made made loans in which interest numbers not to have been paid.   It appears therefore to be Stemhill's money in which ███████████ is the intermediate for Stemhill.   Determination was made to continue keeping an eye on ████████ outside of New York City even though the ████████ ████████ is involved where it appears that they have or are making ██████████ of Stemhill and Snyder.

██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████

8/03

Had meeting in office of Walter Gumau Chief of Collections in which Mr. Gumau, Nat't Neddch, Lawrence Rothdorf and E. Arnold Siegel discussed Hanabin Stemhill and Snyder were status and where we are going from here.   Determination was made to wait for answers to questions submitted to Julian Baer Bank and that we would work on answers to questions submitted by Sam Steinberg through U.S. District Court, Southern District of Calif., Central Division, questions shown as No. 65-187-Mt, First Interrogatories by Defendants.



9/8/65

Received word from Mr. Victor Mutt Chief Counsels Office that Harry Stonehill has filed an interrogatory court suit naming C. L. Fox, Revenue Agent Michaud, Revenue Officer Butdorf, a N.Y. Agent, and others as defendants.    Received immans instructions from Mr. Gorman to release levy served on Chase Manhattan Bank in N.Y. which attached certain funds in ███████████████████████.  This was done because of information received from Intelligence interview with Bunn Moar.

b/03 ███████████████████████████████████

served on Chase Manhattan Bank.   Phone Gy-212-256-1166.   Mailed confirmanme to Manhattan P.O. Box 5899 Church St. Station N.Y., N.Y. atin Mr. Agreinsein.

b/03    Mr. Victor Mutt, Chief Counsels office visited this office discussed latest developments regardin ██████████ statements to Intelligen██████████ Sam Steinberg's inters██████████ questions. To return for JB. Reviewed answer.  ███████████████████████████

███████████████████████████████████████████████████

b/03

Duplicate p 123

CCBox7-0122

9/8/65    Received word from Mr. Victor Nutt Chief Counsels Office that Harry
Stonehill has filed an interrogatory court suit naming C. I. Fox, Revenue
Agent Ragland, Revenue Officer Batdorf, a N.Y. Agent, and others as
defendants.    Received ~~instruc~~ instructions from Mr. Gorman to release
levy served on Chase Manhattan Bank in N.Y. which attached certain funds
in ▮▮▮▮▮▮▮▮▮▮▮▮▮ This was done because of information received
from Intelligence interview with Hans Baer. ▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Spoke to Mr. Nathan Sprintzin, Chief Special
Procedure Section.    Requested that he have a Rev. Officer release levies
served on Chase Manhattan Bank.    Phone 89-212-264-3166.    Mailed confirming
memo to Manhattan P.O. Box 2899 Church St. Station N.Y., N.Y. attn
Mr. Sprintzin.

Mr. Victor Nutt, Chief Counsel's office visited this office discussed latest
developments regarding Hans Baer statements to Intelligence.    Reviewed
Sam Steinberg's interrogetories questions.    To return tomorrow to work on
answers. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮    6103

Duplicate of 122

9/14/65

[large redacted block]

The records also shows $875,000 coming into [redacted] the $100,000 from [redacted] and $875,000 came from Harry Stonehill to make the picture, which cost $175,000 to produce.

[large redacted block]

Called Revenue Officer Stockfield Grp. 10 New York Office re: 2809 on Petersonto Productions establishment and Allied Artists Picture Corp. was told he was out making field calls. Michael Santully Group Supervisor 9p-212-264-2362, 1,4, & 5. Promised to have Mr. Stockfield call back tomorrow.

9/25/65    Called Revenue Officer Stockfield who referred me to Revenue Officer Stasiowski who is now handling 2809. Stated that he was dealing with Allied Artist attorney's to deny fact that levy was served. Told Mr. Stasiowski to by pass attorney who is stalling and serve pocket summons on Allied Artist themselves to secure photocopy of Contract and $100,000.00 check due to Joe Steinberg in May 1965. Called back asked Mr. Stasiowski to check on second levy of lien forwarded on 8/12/65 that should have been served by this time. File reveals that original copies off of levy and lien has not been returned. Mr. Stasiowski stated he just called attorney and was promised photocopy of contract today. Was vague about check — revenue officer promised to get document and all data today. Allied Artists told Mr. Stasiowski that they are holding money for us. It is not clear whether guarantee covering $100,000.00 earning was kept by Allied Artist as a repayment of advance for making the picture or whether $100,000 was a guarantee of royalties from earnings of picture. Copy of contract should clear issue.

CCBox7-0125

7/28/65



6/03

Forwarded 2209 Courtesy Investigation to Manhattan, N. Y. district with Form 2039 Summons attached asking Revenue Officer to visit Standard Commercial Tobacco to obtain the names and addresses of all the stockholders and addresses of record as of date of contact by Rev. Officer.

Mr. Reuther called Mr. Charles J. Neukteuris Chief, Tobacco Tax, National Office, Room 5706. Set up appointment for 9:30 a.m. at his office to discuss and secure information about various known Tobacco companies in the U.S. Agent Wm. Ragland stated he had heard that Stonehill and Brooks are negotiating to sell U.S. Tobacco Co in Philippines to some Tobacco company in the U.S. Received phone call from Brynn International's attorney who continued to question our reason for levy and asked that we release it as it was hampering his client's business activities. Stated that Commercial Tobacco Co or its subsidiary contracts for purchase of Tobacco from various growers in U.S. purchase funds are received off loans from Beer Cambodian Corp (which we believe is Stonehill's money) to tobacco growers our interpretation: Tobacco is shipped to the Philippines to Stonehill's Tobacco Company their or his customers out of the US and the purchasers overseas pay Julius Baer and Co., Switzerland directly. (Indications are that Stonehill's monies are used all the way through these transactions with _____

6/03

_____. Asked Mr. Goldberg to send me list of stockholders and name or parties who originally contributed capitalization to Standard Commercial Tobacco Co. Stated he would attempt to secure this information for us.

7/29/65

Called State Dept. spoke to a linguist with regard to Harry S. Huidekoper with relation to Washington View Properties in Arlington, Va. Information from Philippines indicated that at one time Stonehill was interested in the purchase of this property which was sold to Huidekoper in 1961 or 1962, was told that closest literal translation from Dutch, German, or Swiss is "Buyer of Shine or Furs."

6/c

- 2 -

checked files unit with information which Le Blanc furnished - was
advised that number he gave would have been assigned by Camden, N.J.
called Le Blanc - advised him of the above.

4/28/65    Prepared memo to Chief, Collection Division, Los Angeles - requested
           copies of gift tax returns Sam Steinberg may have filed (Irving Apts.)

4/28/65    Prepared memo to Chief, Collection Division, Chicago district office -
           requested copies of gift tax returns Sam Steinberg may have filed.

4/28/65    Prepared memo to Chief, Collection Division, Jacksonville - requested
           copies of gift tax returns Sam Steinberg may have filed.

5/4/65     Attended a conference at the Department of Justice with Messrs. McCarthy,
           Nutt, Ugast and Fritkin.                                          6/03



5/5/65

See case file for details of actions from end of quarter to 4/23/65 - no chronological record maintained.

4/23/65   Spent the entire day with Victor Nutt of Chief Counsel's office relative to 1741 Corporation, Irving Apts. on Sam Steinberg - activities on behalf of Harry Stonehill in general. Reviewed returns on Irving Apts. which reflected a distribution of income to Stonehill (Note - the reviewer must review the bulk file here on the acquisition of the Irving Apts. and subsequent sale of ½ interest to

6/○3

4/26/65   Prepared a summons to be served on Morris De Woskin of Chicago - ½ interest owner of record in Irving Apts. - also some of the borrowed funds by the Miami Hotel were drawn on his account payable to Sam Steinberg - summons reflected the following questions:

1.   Have you ever loaned money to Sam Steinberg? If so, relate details as to when, amounts and if repayment has been made.

2.   In securing loans, did Sam Steinberg express the purpose or intended use of the funds?

3.   Have you distributed any income to Sam Steinberg since 1958? If so, relate the basis from which such income arose.

4/26/65   See letters received this date from Sonoma, Meriwether Development Co., and Meriwether Investment Company - apparently they have discussed liens and levies with John McCarthy.

4/26/65   Prepared and sent memorandum to Chief Counsel relative to release of liens on Sonoma - Meriwether Development Co. and Meriwether Investment Co.

4/27/65   Rec'd call from Victor Nutt - he requested that I attempt to secure information from Morris De Woskin by telephone for J. McCarthy today - as conference is scheduled for this morning.

4/27/65   Called Morris De Woskin in Chicago - secretary advised that he is currently in Aruba, Netherlands Antilles

4/27/65   Called McCarthy advised him that De Woskin is out of the country.

4/27/65   Prepared memo to Accounting Branch - deposited $600.00 levy checks in suspense - $300.00 payments will be received every month.

4/28/65   Rec'd call from George Le Blanc, Chief Counsel, Audit Division - he stated that he conferred this date with Stonehill's attorneys

6/○3

CCBox7-0130

7/28/65



Forwarded 2209 Courtesy Investigation to Manhattan, N. Y. district with Form 2039 Summons attached asking Revenue Officer to visit Standard Commercial Tobacco to obtain the names and addresses of all the stockholders and addresses of record as of date of contact by Rev. Officer.

Mr. Reuther called Mr. Charles J. Mouktouris Chief, Tobacco Tax, National Office, Room 5706. Set up appointment for 9:30 a.m. at his office to discuss and secure information about various known Tobacco companies in the U.S. Agent Wm. Ragland stated he had heard that Stonehill and Brooks are negotiating to sell U.S. Tobacco Co in Philippines to some Tobacco company in the U.S. Received phone call from Eryka International's attorney who continued to question our reason for levy and asked that we release it as it was hampering his client's business activities. Stated that Commercial Tobacco Co or its subsidiary contracts for purchase of Tobacco from various growers in U.S. purchase funds are received as loans from Baer Custodian Corp (which we believe is Stonehill's money ) to tobacco growers our interpretation: Tobaco is shipped to the Philippines to Stonehill's Tobacco Company their or his customers out of the US and the purchasers overseas pay Julius Baer and Co., Switzerland directly. (Indications are that Stonehill's monies are used all the way through these transactions with Baer Custodian Corp., Juluis Baer and Co and Commercial Tobacco Co as Shams of Stonehill and Brooks. Asked Mr. Goldberg to send us list of Stockholders and name of parties who originally contributed capitalization to Standard Commercial Tobacco Co. Stated he would attempt to secure this information for us.

7/29/65

Called State Dept. spoke to a linquist with regard to Harry S. Huidekoper with relation to Washington View Properties in Arlington, Va. Information from Philippines indicated that at one time Stonehill was interested in the purchase of this property which was sold to Huidekoper in 1961 or 1962, was told that closest literal translation from Dutch, German, or Swiss is "Buyer of Skins or Furs."



6103

8/11/65



Mr. Victor Nutt phoned. Mr. Siegel explained the reply from Ernst & Co. as to our notice of levy. Also informed Mr. Nutt as to our latest evidence, as late as 1963, indicating Baer Bank wanted to discontinue business with the "Stonehill Group" as soon as it would not prove financially embarrassing. Set up appointment for 2 PM in which Messrs. Fritkin, Justice Dept., Shockey, Nutt will visit OIO and discuss future action re: continuing levy on Stock brokers naming Julius Baer & Co. and Baer Custodian Corp. as a "Nominee".



R.O.'s Batdorf, Siegel and Ruether spent several hours reviewing Special Agent Powers latest report for sources for levies and hidden assets.

Forwarded levy to Manhattan District for service of levy on Swiss Bank Corp. N.Y. branch of Societe de Banque naming Establishment Lohar Corp. Ltd. and account no. BA 50868 as nominees of Stonehill.



Received served levies back from N.Y. on Model, Roland & Co. Received $125.73 from Bankers Security Life Ins. Society,

CCBox7-0133

/12/65   R/O Siegel phoned J. Richard Thonrod at 1427 Longfellow St. N.W., Wash., D.C.
Phone # TA9-8890 a stockholder of 117 shares of Standard Commerical Tobacco
Co. to learn how he obtains his stock certificate.

Mr. Thomas Sr., a former IRS employee had originally purchased the stock
from a broker whose name he could not now recall but later when IRS made
it a rule that IRS employees could not hold tobacco or liquor stocks. Mr.
Thomas transferred the stock to his son, J. Richard Thomas Jr. Mr. Thomas
stated there had been several reorganizations of Standard Commercial Tobacco
and thatEry Kehaya had served time for SEC violations. We immediately made
contact with SEC, Washington office.

Received phone call from Special Rm Procedures, New York City, Mr. Springer,
and Mr. Zinman attorney for Baer Custodian New York requesting that Ernst &
Co. be permitted to purchase U.S. Treasury Bonds with cash now on hand.
Received letter dated Aug. 9, 1965 from Allied Artists International Corp.
165 West 46th St., New York City 10036, re: Petramonte Productions Co.
Establishment, which gave complete details of motion picture producer by
Joe Steinberg, and which revealed that the motion picture (title changed
from "To Be A Man" to "Cry of Battle") had already earned its $100,000
guarantee, for the distributions, and that Petramonte was owed $24,846.75
on the profits thus far earned above the $100,000 guarantee.

R/O Siegel learned from Jacob Thomas a stockholder of Standard Commercial
Tobacco Co. that Ery Kehaya the president of Standard Commercial had served
time on a SEC charge at some time in the past.

R/O Reuther phoned Alexander Brown, Chief, Washington Regional office, 6th
and Indiana Ave. N.W. of the SEC to g get there information on Kehaya. Mr.
Brown will check SEC (Wash. Regional files and also contact xk the National
Sec at 100 Indiana Ave. N.W. and let us know. We are welcome to look at
their files at any time.

Meeting held in Mr. Gorman's office (Chief of Collection) in which Messrs.
Walter Gorman, Joseph Coates, Robert Hettick, H. Arnold Siegel, Edward
Reuther, Houston Shockey and Victor Nutt participated in reviewing levies
served with regard to Julius Baer & Co. and Baer Custodian Corp. and
determine where we go from here.

610 ⊃

- 8 -

2/25/65   Prepared levy for service on Occidental Life Insurance Company of
          California - Policy 1073446, # 3110719

2/25/65   Prepared levy for service on Prudential Life Insurance Co - Newark, N.J.
          to attach policies 11-033-16: and 14-367-105

2/25/65   Received long distance call from Mr. Ward, Chief DAR in San Francisco
          at 4 P.M. - 2 hours after my call related above - he stated that they
          could not find the assessment data and I offered to relate this
          information by telephone - he stated that he would "prefer" if I
          prepared the levies in this office and transmitted them by mail to
          his office!!!

2/25/65   Secured the services of typiste, prepared the levies and sent them
          by air mail to San Francisco.

2/25/65                                               6103

2/26/65                                                                   6103

2/26/65

2/26/65

2/26/65   Revenue Officer Boeshaar of L.A. District called - he advised that
          he had just served my levy on Rex Wingy, trustee - Wingy owes
          $22,500.00 of purchase price on Harjo Apts. - was about to make a
          $300.00 payment - levy attaches the payment and will continue to
          attach payments of $300.00 each month.

CCBox7-0139

Stonehill & Brooks                    - 4 -

2/16/65  Prepared memorandum to cashier section advising that nominee levy
         proceeds received from 1741 Corporation and Brooks Trust should
         be deposited in suspense (unidentified)

2/16/65  Performed a number of other actions during the day for which no
         formal record was maintained.

2/17/65  

                                                                              4103

2/17/65  Discussed this matter with Victor Nutt - he agrees that an apparent
         error has been made.

2/17/65

2/19/65

2/19/65  Prepared and sent a letter to United California Bank requesting that
         they furnish me with a copy of the cancelled draft showing redeposit
         at Wells Fargo Bank of the proceeds of Robert Brooks account on
         April 5, 1961.

2/19/65  Prepared and sent a letter to Wells Fargo, American Trust Company
         requesting that they furnish information to disclose the account
         to which the $10,000.00 (savings account 731) was deposited after
         receipt from the savings account of Robert & Pacita Brooks previously
         maintained at the United California Bank.

2/19/65  Received reply from Courtesy Investigation to Manhattan requesting
         service of levies on Frederick and Gogolo to attach the Pacita Brooks
         Childrens Trust and the funds of the beneficiary.  The Manhattan Revenue
         Officer merely served the levy and accepted the response that Frederick
         and Gogolo has no assets for Brooks, his specified nominees or the trust.
         He failed to inquire as to what disposition was made of the trust corpus
         or accruals.

- 10 -

3/1/65    Spent approximately 1½ hours reviewing the trust.

3/1/65    Prepared memorandum from Director of International Operations to
          Director, Collection Litigation Division requesting that suits
          be filed against each insurance company to secure the cash
          surrender value which exceed $60,000.00.

3/1/65    [redacted]                                                    6/03

3/2/65    Called Jacksonville office - relayed the data available to me in
          the case file.

3/2/65    Had a detailed discussion of the Insurance trusts with Mr. Nutt
          of Chief Counsel's office - also discussed the Marjo agts.

3/2/65    [redacted]                                                    6/03

3/2/65    Sent levy to San Francisco for service on Home Mutual Savings and
          Loan association to attache shares #6888-16995 - requested that
          R.O. determine who the owner of record is if it is not Robert Brooks.

3/2/65    Transmitted memorandum to Chief Counsel requesting suit to foreclose
          liens on Insurance Policies.

3/2/65    Received a letter from New York Life Insurance Company in response to
          my earlier letter.  Company requested statement as to affect of levy
          on policy #11-272-353 in light of the trust agreement vesting owner-
          ship with co-trustees.

3/2/65    Prepared and sent a letter to New York Life Insurance Company advising
          of the contention of this office that the trust agreement is invalid
          since the trustor still exercises complete control over the assets.

3/2/65    Called Victor Nutt - related the problem of trustee ownership regarding
          certain insurance policies - requested his opinion as to service of
          amended levies. wh in certain instances - he concurred.

3/2/65    Prepared levies for service on San Francisco Life Insurance Company
          reflecting the following:

CCBox7-0141