- 12 -

3/8/65    Received detailed report of investigation from the San Francisco office in response to my memorandum relative to the Safe Deposit Box. Reviewed report in light of the information received from the Canadian attorneys and my discussion with Victor Nutt of Chief Counsel's office.

3/8/65    [redacted]

3/8/65    [redacted]

3/8/65    Received a number of pieces of correspondence on Stonehill - too busy with [redacted] for adequate review and necessary action.  6/03

3/10/65    Received reply from Occidental Life Insurance Company of Calif. - two policies are in existence both with substantial cash surrender values - have been transferred to the same trust.

3/10/65    Additional levy prepared for service on Occidental Life Insurance Company - reflecting "Ira Bienstein and Bank of America" (trustees), nominees of Harry Stonehill - statement placed on levy restricting the nominee relationship to the two policies.

3/12/65    Received long distance call from Los Angeles - R.O. Webb - requested policy number with respect to West Coast Life Insurance.

3/12/65    Returned Webbs call - furnished policy number.

3/12/65    Called Victor Nutt of Chief Counsel's office to obtain an address on Ruth Kaufman for the purpose of summons - unable to furnish the address - will secure same from DeNoshin.

3/17/65    Rec'd reply from Home Mutual Savings & Loan Assn. - see case file.

3/17/65    Rec'd replies from Occidental Life Insurance Company - see case file

3/17/65    Discussed above matter with Victor Nutt

3/17/65    [redacted]  6/03

3/17/65    Prepared & sent a memo to Chief, DAR Los Angeles requesting that time be allotted this investigation in view of the sum involved and the nature of the case.

- 6 -

1. Contracts Discount Incorporated maintained an account at the Bank of America, 7th & Flower Branch, Los Angeles, California as is evidenced by the attached photocopy of a check.

2. From your records, furnish a list reflecting all pertinent data relative to deposits to this account which originated from any source in Switzerland.

3. Furnish a list of all deposits of which your records reflect the source as having been Harry S. Stonehill, Greentree Investment or Rose Investment.



2/23/65

6103

2/23/65

6103

2/23/65  Received reply from Bank of Commonwealth, Detroit, Michigan - negative - warrants no additional investigation.

2/23/65  Received reply from the United States Life Insurance Company advising that two policies exist - both of which have been transferred to a trust - cash surrender value of policy # 21A349 is $2,300.00 - cash surrender value of policy # 21A384 is $4,700.00

2/23/65  Prepared levy to be served on the United States Life Insurance Co. reflecting the following: Joseph Steinberg, Robert F. Brodha and Lourdes Stonehill as trustees, nominees of Harry S. Stonehill - Policy # 21A349 - Policy # 21A384

2/23/65



2/23/65  Received reply from United California Bank - account of Harsum Properties attached. Bank advised that six co-partners exist.

2/23/65  Prepared and sent a letter to United California Bank requesting that they advise me as to the six co-partners as reflected by their records - additionally, I requested that they furnish information as to the parties authorized to disburse funds on deposit.

CCBox7-0138

- 9 -

2/26/65   Called Vic Natt - advised him of the levy - he concurred that we
          should accept proceeds from the levy, but place funds in suspense
          account.

2/26/65   ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉    6/10/3

3/1/65    Spoke with R.G. Boschner of Los Angeles relative to Rex Wimpy and
          the information needed to sustain our contention. Advised him that
          I would prepare summons and transmit them to him for service.

3/1/65    Prepared summons to be served on Rex Wimpy - summons reflected the
          following questions:

          1. Beaumont Company is presently acting as your agent for the dis-
             bursement of monthly payments in satisfaction of the purchase price
             on Harjo apartments.

          2. Why are the drafts made payable to Pine Street Management Company
             and under whose direction is Pine Street Management Company the
             payee?

          3. Who is the ultimate beneficiary of these mortgage payments?

          4. What is the balance remaining on the purchase price?

          5. What was the original purchase price in this transaction?

3/1/65    Prepared summons to be served on Beaumont Company - summons reflected
          the following questions:

          1. Beaumont Company is presently acting as an agent for Rex Wimpy
             in that it disburses monthly payments to Pine Street Management
             Company in partial satisfaction of the balance remaining due
             from the purchase of Harjo apartments.

          2. Under whose direction are the payments remitted to Pine Street
             Management Company?

          3. Who is the ultimate beneficiary of these mortgage payments?

3/1/65    Prepared memorandum to Chief, DAR Branch in Los Angeles transmitting
          summons for service.

3/1/65    Received replies to my letter to certain insurance companies relative
          to cash surrender value and other items. Also received a copy of the
          trust instrument.

CCBox7-0140



**U.S. Department of Justice**

**Tax Division**

PLEASE REPLY TO:   P.O. Box 403
Ben Franklin Station
Washington, D.C. 20044

Facsimile No. (FTS) 367-2504
Facsimile No. (202) 307-2504

---

*Washington, D.C. 20530*

SDP:JJMcCarthy:tcs
5-11-2364
CMN 8011296.

October 18, 1990    RECEIVED

OCT 22 1990

TELEFAXED

Associate Chief Counsel
(International)
Branch 1

George M. Sellinger, Esquire
Chief, Branch 1
Associate Chief Counsel
(International)
950 L'Enfant Plaza South, S.W.
Suite 3319
Washington, D.C.   20024

ATTN:  Gerald H. Parshall, Jr., Esquire

Re:  United States v. Harry S. Stonehill, et al.
Civil Action Nos. 2348 (USDC Hawaii),
342-44 (USDC ND Calif.), 65-127 (USDC CD Calif.)

Dear Mr. Sellinger:

Reference is made to the above-entitled case pending before the U.S. District Court for the Northern District of California. The defendants herein have moved the Court to have the judgments entered herein marked satisfied because of alleged payments made in the past.  This motion is scheduled for a hearing on October 29, 1990 at 2:00 p.m.

This office has no great problems defending the defendants' claims that the judgments entered herein should be satisfied,

The judgments entered herein on October 14, 1980 were based on computations made as of January 31, 1980.  In January 1980 interest did not accrue on interest under the provisions of 26 U.S.C., Section 6601(e)(2) as it existed up to the latter part of 1982.  Therefore the judgments provided that interest would only accrue on the non-interest elements due on the adjudged tax liabilities from the dated of computation, January 31, 1980, up to the date of entry of judgment, which eventually occurred on October 14, 1980.  The judgments further provided that after the date of entry of judgment interest would accrue according to law.

8011296.2L

CCBox7-0211

- 2 -

There is a question as to whether interest on a tax judgment in 1980 was controlled by the Internal Revenue Code (Section 6601 et. seq.) or by 28 U.S.C., Section 1961 which adopted the law of the state in which the federal court granting the judgment was located. Thus, a choice must be made as to whether interest after October 14, 1980 is to be computed at the state rate (here, California's rate) or the rate provided for by the Internal Revenue Code. Further, 28 U.S.C., Section 1961 was amended effective October 1, 1982 and provided, that interest on judgments for taxes should be computed under the Internal Revenue Code. However, this amending statute is unclear as to whether judgments entered prior to October 1, 1982 were affected by the amendments. Thus, the computation of interest on judgments entered prior to October 1, 1982 was not clarified by the amendments to Section 1961.

It had been the practice of this office to compute interest on tax judgments at the rate specified by the Internal Revenue Code prior to 1982 unless the state rate was materially higher. A further legal complication arose in 1982 in applying the Internal Revenue Rate as 26 U.S.C., Section 6601(e)(2) was amended in 1982 to eliminate the prohibition of accruing interest on interest so that thereafter interest accrued on past due interest.

In view of the foregoing it is requested that you prepare alternative computations of interest in this case. First it is requested that you compute interest on the October 14, 1980 judgments under the Internal Revenue Code from October 14, 1982 to October 30, 1990. In making this computation, interest should be accrued on interest as of January 1, 1983 or whenever the respective amendment to 26 U.S.C., Section 6601(e)(2) became effective. ███████████████

The second computation requested entails the computation of interest on the said judgments from October 14, 1980 up to October 31, 1990 under the California rate. ████████████

It further should be noted that this method applies if 28 U.S.C., Section 1691 controlled from October 14, 1980 up to October 1, 1982, and additionally the 1982 amendment to Section 1961 does not apply to judgments entered prior to October 1, 1982.

8011296.2L

CCBox7-0212

- 3 -

The third computation requested entails computing interest from October 14, 1980 up to October 1, 1982 according to the California state rule as stated above, and thereafter computing interest from October 1, 1982 to October 31, 1990 according to the Internal Revenue Code.

Finally, it is requested that Mr. Parshall be present at the hearing in Portland, Oregon on October 29, 1990 so that he can respond to any questions which the Court may have regarding the interest computation or which the defendants may raise concerning those computations.

Thank you for your assistance in this matter. If you have any question, please contact me at (202) 307-6398 or (FTS) 367-6398.

Sincerely yours,

SHIRLEY D. PETERSON
Assistant Attorney General
Tax Division

By:

JOHN J. McCARTHY
Senior Litigation Counsel
Tax Division

8011296.2L



**U.S. Department of Justice**

**Tax Division**

PLEASE REPLY TO:

Office of Civil Litigation
P. O. Box 403
Ben Franklin Station
Washington, D.C. 20044

Facsimile No. (202) 307-2504

JAB:JJMcCarthy:tcs
5-12-4862
CMN 7707280

June 15, 1992    RECEIVED

Steven R. Lainoff, Esquire
Associate Chief Counsel
(International)
Internal Revenue Service
950 L'Enfant Plaza South, S.W.
Room 3319
Washington, D.C.    20024

    Re:  United States v. Harry S. Stonehill, et al.
         Civil No. 2348            (USDC Hawaii)
         Your ref:  CC:INTL-GL-167-78/HMLokey

Dear Mr. Lainoff:

    Reference is made to the above-entitled lawsuit which is
presently pending in the United States District Court in San
Francisco, California and in which a receiver has been appointed
for the taxpayers Harry S. Stonehill and Robert P. Brooks.
Enclosed herein is a $50,000 offer in compromise submitted by
Robert R. Brooks to settle the judgment outstanding against him
for $8,667,658.29 for income taxes for the years 1958 to 1961,
inclusive.  This judgment was entered on October 14, 1980.



                                                    Except for
a short period of time in the 1960's Mr. Brooks has never lived
in the United States.  After has expulsion from the Philippines
in 1961, Mr. Brooks have lived first in Mexico, then in
Vancouver, Canada, and then in Costa Rica where he now resides.
Mr. Brooks has married a citizen of Costa Rica and in 1985 he
renounced his U.S. citizenship.  The purpose underlying Mr.

- 2 -

Brooks proposed offer of settlement, is to allow him to visit the
United States for purposes of obtaining medical treatments,
without fear of being the subject of any writs of ne exeat.



Sincerely yours,

JAMES A. BRUTON
Acting Assistant Attorney General
Tax Division

By: JOHN J. McCARTHY
Senior Litigation Counsel
Tax Division

Enclosure:  As stated.

7707280.2L

CCBox7-0253

**U.S. Department of Justice**

**Tax Division**

PLEASE REPLY TO:     Office of Civil Litigation
                     P. O. Box 403
                     Ben Franklin Station
                     Washington, D.C. 20044

Facsimile No. (202) 307-2504

JAB:JJMcCarthy:tcs
5-12-4862                    June 15, 1992
CMN 7707280

Steven R. Lainoff, Esquire
Associate Chief Counsel
(International)
Internal Revenue Service
950 L'Enfant Plaza South, S.W.
Room 3319
Washington, D.C.  20024

    Re:  United States v. Harry S. Stonehill, et al.
         Civil No. 2348          (USDC Hawaii)
         Your ref:  CC:INTL-GL-167-78/HMLokey

Dear Mr. Lainoff:

    Reference is made to the above-entitled lawsuit which is
presently pending in the United States District Court in San
Francisco, California and in which a receiver has been appointed
for the taxpayers Harry S. Stonehill and Robert P. Brooks.
Enclosed herein is a $50,000 offer in compromise submitted by
Robert R. Brooks to settle the judgment outstanding against him
for $8,667,658.29 for income taxes for the years 1958 to 1961,
inclusive.  This judgment was entered on October 14, 1980.



                                                  Except for
a short period of time in the 1960's Mr. Brooks has never lived
in the United States.  After has expulsion from the Philippines
in 1961, Mr. Brooks have lived first in Mexico, then in
Vancouver, Canada, and then in Costa Rica where he now resides.
Mr. Brooks has married a citizen of Costa Rica and in 1985 he
renounced his U.S. citizenship.  The purpose underlying Mr.

- 2 -

Brooks proposed offer of settlement, is to allow him to visit the
United States for purposes of obtaining medical treatments,
without fear of being the subject of any writs of ne exeat.



Sincerely yours,

JAMES A. BRUTON
Acting Assistant Attorney General
Tax Division

By:

JOHN J. MCCARTHY
Senior Litigation Counsel
Tax Division

Enclosure:  As stated.

7707280.2L

CCBox7-0255

U.S. Department of Justice

**Tax Division**

PLEASE REPLY TO:    Office of Civil Litigation
P. O. Box 403
Ben Franklin Station
Washington, D.C. 20044

Facsimile No. (202) 307-2504

JAB:JJMcCarthy:tcs
5-12-4862
CMN 7707280                    June 15, 1992    RECEIVED

                                                JUN 18 1992

Steven R. Lainoff, Esquire
Associate Chief Counsel                    Associate Chief Counsel
(International)                                (International)
Internal Revenue Service                        Branch 1
950 L'Enfant Plaza South, S.W.
Room 3319
Washington, D.C. 20024

        Re:  United States v. Harry S. Stonehill, et al.
             Civil No. 2348                    (USDC Hawaii)
             Your ref:  CC:INTL-GL-167-78/HMLokey

Dear Mr. Lainoff:

     Reference is made to the above-entitled lawsuit which is
presently pending in the United States District Court in San
Francisco, California and in which a receiver has been appointed
for the taxpayers Harry S. Stonehill and Robert P. Brooks.
Enclosed herein is a $50,000 offer in compromise submitted by
Robert R. Brooks to settle the judgment outstanding against him
for $8,667,658.29 for income taxes for the years 1958 to 1961,
inclusive.  This judgment was entered on October 14, 1980.



                                                Except for
a short period of time in the 1960's Mr. Brooks has never lived
in the United States.  After has expulsion from the Philippines
in 1961, Mr. Brooks have lived first in Mexico, then in
Vancouver, Canada, and then in Costa Rica where he now resides.
Mr. Brooks has married a citizen of Costa Rica and in 1985 he
renounced his U.S. citizenship.  The purpose underlying Mr.

- 2 -

Brooks proposed offer of settlement, is to allow him to visit the
United States for purposes of obtaining medical treatments,
without fear of being the subject of any writs of ne exeat.



Sincerely yours,

JAMES A. BRUTON
Acting Assistant Attorney General
Tax Division

By:

JOHN J. MCCARTHY
Senior Litigation Counsel
Tax Division

Enclosure:  As stated.

7707280.2L

CCBox7-0257

DISTRICT COUNSEL
Internal Revenue Service

MID-ATLANTIC REGION

FOREIGN OPERATIONS
P. O. Box 19007
Washington, DC  20036

CC:FO:GL-167-78
EESmall

20

The Honorable Glenn L. Archer, Jr.
Assistant Attorney General
Tax Division
Department of Justice
Washington, D.C.  20530

      Attn:  John J. McCarthy
           Senior Litigation Counsel

      In re:  United States v. Harry S. Stonehill, et al.
           Civil No. 65-127-GJS (U.S.D.C. C.D. Calif.)

Dear Mr. Archer:

    It is our understanding that the Supreme Court denied the
taxpayer's petition for certiorari on March 5, 1984 in the
above-named case and the related cases pending in the U.S.
District Courts in Honolulu and San Francisco.  We also under-
stand that Mr. William Ragland has been temporarily assigned
beginning March 13, 1984 to assist you in reorganizing your
files on an asset by asset basis.

    The District Director, Foreign Operations District and
the attorneys for the taxpayers are co-signators on several
accounts held at the National Savings and Trust Co. pursuant
to escrow agreements entered into some years ago.  The Special
Procedures Staff of Foreign Operations has asked ███████

    As you are probably aware the Special Procedures Staff
has received numerous inquiries from the Bank Planning Asso-
ciation in Sausilito, California concerning the Harbor Drive
property located in that city.  The latest inquiry was re-
ceived in January 1984.  You may wish to keep that in mind
when planning the liquidation of that property.

    This office is preparing to move forward on the Tax Court
cases relating to the transferees and to Mssrs. Lim and
Ostott.  We are unable to locate copies of the depositions
given by Mssrs. Lim and Ostott. ███████████

Department of the Treasury

CCBox7-0263

CC:FO:GL-167-78.                    -2-



    If this office may be of assistance to you in the collec-
tion activities do not hesitate to contact us.  We would
appreciate your keeping us advised as to your progress as
well.

                           JOEL GERBER
                           Acting Chief Counsel
                           Internal Revenue Service


                By:    (sgd) MARLENE GROSS
                     MARLENE GROSS
                     District Counsel
                     Foreign Operations

CCBox7-0264

Internal Revenue Service
# memorandum

date: 21 JUL 1983

to: All Assistant Regional Commissioners (Collection)

from: Director, Office of Field Operations   OP:C:O
      National Office         *Grant a Newman*

subject: National SPf Automation Project

The national project to automate the Special Procedures functions is being piloted in the Southeast Region. We would like to have the assistance of your districts in designing the data base.

Test data will be loaded onto the computer beginning August 1, 1983. There is a need to include as many unique situations as possible in the test bed. Please poll your districts for individual case situations that are notable for their involvement of multiple SPf program areas. The cases can be closed or pending. We need a short synopsis of the case history beginning with the event that first involved SPf leading to conclusion. If available, please provide photocopies of the supporting documents, i.e., Form 668, Form 668-B, Form 6670, Form 3033, Collateral Form 2276, certificates of discharge, etc. An example could be:

- initial involvement of SPf by lien filing;

- nominee lien filed;

- nominee levy served and funds attached;

- interpleader suit filed and answered by government.

We stress that the need is for the extraordinary case. Try to provide at least two examples per district. The cases can be forwarded directly to the Southeast Regional Office, P.O. Box 926, Room 641, Atlanta, Georgia 30370. For additional information, you may contact Southeast regional analyst, John Edgar at FTS 242-5326, or Sid Smith of my staff at 566-4471.

CCBox7-0038

Stonehill & Brooks                    - 5 -

2/19/65   Prepared a Summons to be served on Frederick and Gogolo - the summons
          reflected the following statement and questions:

          1.  On February 17, 1965 you were served with notices of levy for the
              purpose of attaching assets of Mary Jane Brooks, Virginia Mae
              Brooks, Charles A. Brooks and Richard A. Brooks, nominees of Robert
              P. Brooks and Pacita C. Brooks Children's Trust, nominee of Robert
              P. Brooks.

          2.  Did Frederick and Gogolo ever hold assets in trust or otherwise, or
              exercise control over assets for any of the parties reflected on the
              notices of levy?  If so, what disposition was made of these assets
              and who directed the disposition?

          3.  What is the present relationship of Frederick and Gogolo with
              Robert P. Brooks or any of his specified nominees?

2/19/65   Prepared memorandum to Chief, DAR Branch Manhattan District office
          requesting that he have the summons served and insure that the re-
          quired information be secured from Frederick and Gogolo.

2/19/65   Received copies of some of the cancelled checks from 1741 Corporation
          evidencing the loans made by Sam Steinberg.

2/19/65   Prepared summons to be served on California Bank, 3rd & LaCienega
          Branch - in an attempt to trace the source of deposits to Sam
          Steinberg's account - to show a Stonehill relationship with the
          1741 Corporation.  Summons reflected the following statement and
          questions:

          1.  ▬▬▬▬▬▬▬ maintained an account with your office as
              evidenced by the attached photostat copies of cancelled checks.                  6/0 3

          2.  It is requested that you search your records and remit pertinent
              data reflecting each deposit made to the account of Sam Steinberg
              from any source in Switzerland.

          3.  Furnish a transcript of all deposits to the account of ▬▬
              ▬▬▬▬▬▬▬ from its origination to the present time.

2/19/65   Prepared a summons to be served on the Bank of America, 7th and
          Flower Branch, Los Angeles - in an attempt to trace the source of
          deposits to contracts Discount Incorporated account - to show a
          relationship between Harry Stonehill (Sam or Joseph Steinberg)
          and the 1741 Corporation.  Summons reflected the following statement
          and questions:



**U.S. Department of Justice**

**Tax Division**

|  |  |
|---|---|
| PLEASE REPLY TO: | Office of Civil Litigation |
|  | P. O. Box 403 |
|  | Ben Franklin Station |
|  | Washington, D.C. 20044 |

Facsimile No. (FTS) 367-2504
Facsimile No. (202) 307-2504

JAB:JJMcCarthy:tcs
5-12-4862
CMN 7707280

April 2, 1992

George M. Sellinger, Esquire
Chief, Branch No. 1
Office of Chief Counsel
Internal Revenue Service
Associate Chief Counsel
   (International)
950 L'Enfant Plaza South, S.W.
Washington, D.C.   20024

     Re:  United States v. Harry S. Stonehill, et al.
          No. 2348                    (USDC Hawaii)
          Your ref:  CC:INTL:GL-454-90/Br1:WEWilliams

Dear Mr. Sellinger:

    Receipt of your letter of March 20, 1992, relative to the above-entitled case is hereby acknowledge.

    In your letter you requested the status of the taxpayer Harry S. Stonehill's appeal to the Ninth Circuit in this case. Please be advised that this appeal has been briefed and argued and is under submission with the Ninth Circuit.

    In your letter you also inquired as to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ until the Ninth Circuit has issued its decision.  It is anticipated that this decision will occur within the next few months.

                       Sincerely yours,

                       JAMES A. BRUTON
        Acting Assistant Attorney General
                  Tax Division

By:

          JOHN J. McCARTHY
        Senior Litigation Counsel
            Tax Division

Revenue Service Representative
Manila

MAR 2 6 1963

Executive Assistant
CP:IO:E:WDC

Follow-up on Informer's Information

Please complete Forms ED-353 on the following listed individuals and
return them to our office:

████████████████████

Harry S. ███████

(Signed) Ross V. Thompson

Attachments - 3

CCBox8-0228

WDChristie/in - 3/26/63

| CODE | INITIATOR | REVIEWER | REVIEWER | REVIEWER | REVIEWER | REVIEWER | REVIEWER |
|------|-----------|----------|----------|----------|----------|----------|----------|
| | CP:SO:E | CP:IO:E | | | | | |
| SUR-NAME | Christie | Thompson | | | | | |
| DATE | 3/26/63 | MAR 2 6 1963 | | | | | |

U. S. TREASURY DEPARTMENT—INTERNAL REVENUE SERVICE   CORRESPONDENCE APPROVAL AND CLEARANCE    Form 1937-A (4-59)

Revenue Service Representative
Manila

JAN 1 7 1963

Executive Assistant
CP:IO:E:WDC

Follow-up on Informer's Information

Please complete the enclosed follow-up Forms IO-353 for the following
individuals and return to this office:



Harry S. Stonehill

(Signed) Ross V. Thompson

Attachments - 2

CCBox8-0229

WDChristie/in - 1/17/63

| | INITIATOR | REVIEWER | REVIEWER | REVIEWER | REVIEWER | REVIEWER | REVIEWER |
|---|---|---|---|---|---|---|---|
| CODE | CP:IO:E | CP:IO:E | | | | | |
| SUR-NAME | Christie | Thompson | | | | | |
| DATE | 1-17-63 | JAN 17 1963 | | | | | |

U. S. TREASURY DEPARTMENT—INTERNAL REVENUE SERVICE   CORRESPONDENCE APPROVAL AND CLEARANCE    Form 1937-A (4-59)



CCBox8-0230



HOLEXA S.A.

BANK-VERBINDUNG:
BANK JULIUS BÄR & CO., ZÜRICH
TELEGRAMME: HOLEXIN ZÜRICH

ZÜRICH,
OZINFENSTRASSE
TEL. (051) 23 96 00

July 29, 1964

Mr. William W. Saunders
1060 Bishop Street
H o n o l u l u

Dear Mr. Saunders,

We refer to your letter dated July 18, 1964 addressed to
Julius Bär & Company and herewith acknowledge receipt of
cashier's check nr. 27877 dated July 17, 1964 drawn by
the First National Bank of Oregon in favour of Julius Bär
in the amount of $ 225.000.--.

We repeat again that your notes are our property and that
therefore the countervalue of the above mentioned check
will be credited by the bank in our favour.

We enclose your wife's and your note dated May 1st, 1963
which as you see at its back was endorsed by Julius Bär
under the date of July 31, 1963 to our order.

As you should know and as every bank will confirm to you,
a withholding tax is not due on discounts.

Yours sincerely

HOLEXA S.A.

Encl.

Box 18-0670



# JULIUS BÄR & CO.

## BANQUIERS

BY REGISTERED AIRMAIL          ZÜRICH, June 23, 196...
                               BAHNHOFSTRASSE 36

TELEPHON    (051) 23 66 40
TELEGRAMME  BAERBANK
TELEX       52156
POSTCHECK-KONTO VIII 5946
BRIEFADRESSE:
POSTFACH 992 ZÜRICH 22

BÄR CUSTODIAN CORPORATION
67 WALL STREET
NEW YORK 5

                    Mr. Sidney Rudy
                    Law Offices
                    369 Pine Street

                    San Francisco, Cal.

Re: Sonoma Golf & Country Club – William J. Saunders

Dear Sir:

We thank you for your letter of June 15 and acknowledge receipt of the check of $ 39'720.97 made out by Lewis, Buck & Saunders to our order which we will ... in favor of our principal. On the other hand, we are ... his you enclosed promissory n... of Sonoma Golf & Country Club dated April 1, 1968 in the amount of $ 5'115d.56 ($ 40'000.00 plus interest of $ 13'158.55) as indicated in your letter...

We remain, dear Sirs,

                               Yours very truly,

Enclosure

Box 18-0672