# EXHIBIT 9

# ROSS, DIXON & BELL, LLP

2001 K Street, N.W. • Washington, D.C. 20006-1040 • *p* (202) 662-2000 *f* (202) 662-2190

ROBERT E. HEGGESTAD
DIRECT DIAL: (202) 662-2054
EMAIL: RHEGGESTAD@RDBLAW.COM

January 23, 2007

**VIA FACSIMILE & FIRST CLASS MAIL**

Britney Campbell, Esquire
U.S. Department of Justice
Tax Division
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044

    Re:    **Stonehill v. IRS**

Dear Ms. Campbell:

    Despite the lengthy extensions you have already received, we will allow the IRS two additional weeks (until February 23, 2007) to file its Vaughn Index and motion for summary judgment. We will do so, however, only if the IRS produces the following documents no later than 5:00 PM on Friday, January 26, 2007:

(1) the transcript of IRS Special Agent Sterling Powers' deposition;

(2) the transcript of the hearing held in United States v. Stonehill in Hawaii on November 20, 1984;

(3) those portions of redacted documents for which the IRS does not plan to re-assert the attorney-client privilege and/or the work product doctrine.

Disclosing these documents should be entirely unobjectionable. Both of the transcripts are public records to which no possible FOIA exemption can attach. Moreover, those portions of redacted documents for which the IRS does not plan to re-assert the attorney-client privilege and/or the work product doctrine must be produced, either now or with the Court's intervention.

    We do not understand why the IRS continues to resist producing such obviously non-privileged materials. Obliging us to sue you for publicly-filed deposition transcripts is odd, to say the least. Even with respect to whatever documents you will apparently claim the attorney-client and work product privileges cover, the IRS' recently-filed brief opposing Stonehill's Rule 60(b)(6) petition stressed that Judge Panner had already invalidated the IRS' attempt to assert these privileges with respect to the documents at issue. Specifically, the DOJ wrote that Judge Panner had "overrul[ed] the attorney client and attorney work product privileges asserted by the

## ROSS, DIXON & BELL, LLP

Britney Campbell, Esquire
January 23, 2007
Page 2

Government regarding clearly privileged documents."[1] Frankly, your attempt to re-litigate the alleged applicability of the attorney-client privilege and work product doctrine here smacks more of stalling than of a good faith attempt to protect confidential materials.

    Regardless, we want to work with you, and we will accept a two-week extension if you provide us the materials listed above not later than 5:00 PM this Friday.

                                          Very truly yours,

                                          ROSS, DIXON & BELL, LLP

                                      By _____
                                              Robert E. Heggestad

REH:cfw

---

[1] United States' Opposition to Taxpayers' Rule 60(b)(6) Motion, United States v. Stonehill, No. 65-127 (C.D. Cal. filed Nov. 17, 2006), at 160-61.

348447