# EXHIBIT 10



**U.S. Department of Justice**

Tax Division

*Civil Trial Section, Eastern Region*

---

BNC:dlb
5-16-4036
CMN 2006103375

*Post Office Box 227*
*Washington, DC 20044*

*Telephone: (202) 514-0472*
*Telecopier: (202) 514-6866*

January 26, 2007

**Via Facsmile and U.S. mail**
Robert E. Heggestad
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040
(202) 662-2190

    Re:    Stonehill v. Internal Revenue Service
             Civil No. 1:06-CV-00599 (JDB) (USDC DDC)
             Your ref.: CC:PA:DPL:B01:KLPiersol:DL-120314-06

Dear Mr. Heggestad:

      This letter is in response to your letter dated January 23, 2007. Although your offer to allow the Internal Revenue Service (the "Service") two additional weeks to file its Vaughn index and motion for summary judgment is appreciated, the Service cannot comply with your offer terms. You requested that the Service produce the following documents no later than 5:00 p.m. on Friday, January 26, 2007:

    (a)    the transcript of IRS Special Agent Sterling Powers' deposition;

    (b)    the transcript of the hearing held in United States v. Stonehill in Hawaii on November 20, 1984;

    (c)    those portions of redacted documents for which the Service does not plan to re-assert the attorney-client privilege and/or the work product doctrine.

As previously explained, the Service has not conducted a search for the documents described in subparagraphs (a) and (b). The Service will not begin to search for these documents unless you enter into an agreement to pay the search costs. The Service is permitted to require payment prior to performing a search when the cost of the search is estimated to exceed $250. See 26 C.F.R. § 601.702. The search for these documents will require personnel to look through the entire set of boxes for responsive documents. As

- 2 -

you are aware, the Department of Justice has copies of these documents; however, the Department of Justice is a separate agency and it cannot be required to produce these documents pursuant to a FOIA request made to the Internal Revenue Service.

With respect to the documents referenced in subparagraph (c) above, the CIA made a determination yesterday that it will re-redact the documents rather than rely on the redactions made pursuant to previous litigation. Accordingly, although the Service intends to assert the attorney-client privilege and/or work product doctrine with respect to these documents, until the Service receives the documents from the CIA in redacted form, it cannot make a determination regarding which documents will be fully or partially released or fully withheld.

Please contact me if you have any questions (202) 353-2260.

Sincerely yours,

BRITTNEY CAMPBELL
Trial Attorney
Civil Trial Section, Eastern Region