IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAULINE STONEHILL, Co-executor )
and Co-special administrator of the )
Estate of Harry S. Stonehill, )
　　　　　　　　　　　　　　　　)
　　　　Plaintiff, )
　　　　　　　　　　　　　　　　)
　　v. ) NO. 1:06-cv-00599 JDB
　　　　　　　　　　　　　　　　)
INTERNAL REVENUE SERVICE, )
　　　　　　　　　　　　　　　　)
　　　　Defendant. )

## THIRD MOTION FOR ENLARGEMENT OF TIME

DEFENDANT, the Internal Revenue Service, by and through its attorneys, and pursuant to Fed. R. Civ. P. 6(b)(1), moves the Court to enlarge the time for complying with the Court's Order of February 15, 2007, as set forth below.

As grounds for the motion, the Internal Revenue Service has been unable to review or complete a Vaughn index of a portion of documents requested by plaintiff in her complaint. Specifically, the Service has been unable to review three categories of documents. The first category is documents that were sent to the Central Intelligence Agency (the "CIA") for review on or about January 30, 2007. (Piersol Decl. ¶ 5). These documents have the following control numbers:   Chief Counsel Box 2 pages 008-050, 081-104, 106-232, 569-813; Chief Counsel Box 4 page 964; Chief Counsel Box 7 pages 001-021, 152-172; Box 16 pages 79-83; and Box 84 pages 246-249 (the "CIA Documents."). (Piersol Decl. ¶5.)  The CIA is still in the process of reviewing the documents and making appropriate redactions. (CIA Decl. ¶23.)  The CIA anticipates returning the documents to the Service on April 16, 2007. (Id.)  The Service will complete its review and Vaughn index of these documents by April 23, 2007.

The second category is documents received from a foreign taxing authority pursuant to a tax treaty agreement. During the course of its review, the Internal

Revenue Service determined that certain documents had not been sent to the U.S. Competent Authority to be forwarded to the appropriate countries for review. (Piersol Decl. ¶3 ).  These documents have the following control numbers:   Box 49: pages 51, 44, 43, 42, 40, 36, and 37, Box 30: pages 178, 216, 173, 174, 179, 180, 239, 236 – 238, 222, 205 – 207, 170 –172, 175, 167 - 169, Box 85: pages 480 – 484, 578 – 586, 420 – 427, 432 - 440, Box 30: pages 181, 182, 183 – 192, 163 – 166, and 162, Box 31: pages 127 – 129, Box 51: pages 123, 134, 125 and 124, Box 35: pages 404 – 412, Box 29: pages 122 – 143, CC Box 6: pages 065, Box 59: pages 1721, 1802 – 1803, 1688 – 1690, 1718, 1678 – 1679, Box 54: pages 2209, Box 31: pages 52, 237 – 239, 43, 155 – 158, 58 and 55, Box 28: pages 343 – 348 and 156, Box 34: pages 89 – 91, Box 49: pages 51, 44 and 4 (the "Competent Authority Documents").

     The third category is documents that are being withheld pursuant to 26 U.S.C. §6105 but for which the Service has not had an opportunity to create a Vaughn index (the "§6105 Documents").  The Service expects to complete a Vaughn index for these documents by Friday, March 23, 2007.

     Accordingly, the Service will be unable to complete a motion for summary judgment concerning the CIA, Competent Authority and §6105 documents within the period prescribed by the Court's Order of February 15, 2007.   The Service has completed 241 pages of the Vaughn index. (Piersol Decl. ¶6 ).  The Service has also released 272 pages of documents to plaintiff. (Id.) The Service will file a partial motion for summary judgment on Monday, March 19, 2007 with respect to all documents other than the documents referenced in this motion.

     The grounds for this motion are more fully set forth in the Declaration of Krista Piersol, attached to this motion as Exhibit 1, the Declaration of Nancy J. Ward, attached as Exhibit 2 and in a memorandum in support of this motion, which is served and filed herewith.

The specific relief sought in this motion is the following:

 a. An enlargement of time of 33 days, to and including April 23, 2007, in which to complete compliance with the Court's Order of February 15, 2007 with respect to the CIA Documents;

 b. An enlargement of time of 60 days, to and including May 19, 2007, in which to complete compliance with the Court's Order of February 15, 2007 with respect to the Competent Authority Documents;

 c. An enlargement of time of five days, to and including Friday, March 23, 2007, in which to complete compliance with the Court's Order of February 15, 2007 with respect to the §6105 Documents.

The Internal Revenue Service conferred with plaintiff for the purpose of attempting to reach agreement on the relief sought herein. Plaintiff's counsel advised that plaintiff does *not* agree to the relief requested with respect to the CIA Documents. Plaintiff's counsel *does* agree to the relief requested with respect to the Competent Authority Documents and the §6105 Documents.

DATE: March 16, 2007.

        Respectfully submitted,

        /s/ Brittney N. Campbell
        DAVID KATINSKY
        BRITTNEY N. CAMPBELL
        Trial Attorneys, Tax Division
        U. S. Department of Justice
        Post Office Box 227
        Washington, DC 20044
        Telephone: (202) 353-2260

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

## **CERTIFICATE OF SERVICE**

     IT IS CERTIFIED that service of the foregoing THIRD MOTION FOR ENLARGEMENT OF TIME was caused to be served upon plaintiff's counsel on the 16th day of March, 2007, by depositing a copy thereof in the United States' mail, postage prepaid, addressed as follows:

          JOHN R. GERSTEIN
          ROBERT E. HEGGESTAD
          JONATHAN COHEN
          Ross, Dixon & Bell, LLP
          2001 K Street, N.W.
          Washington, D.C. 20006-1040

          /s/ Brittney N. Campbell
          BRITTNEY N. CAMPBELL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULINE STONEHILL, Co-executor and Co-special administrator of the Estate of Harry S. Stonehill,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>Defendant. | NO. 1:06-cv-00599 JDB |

**MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF DEFENDANT'S THIRD MOTION
FOR ENLARGEMENT OF TIME**

This is an action in which plaintiff seeks an injunction against further withholding of certain documents and records under the Freedom of Information Act.

STATEMENT & DISCUSSION

1. <u>Introduction.</u>  Plaintiff filed her initial complaint on March 31, 2006, requesting injunctive relief related to documents related to William Saunders and withheld by the Internal Revenue Service (the "Service") based on 26 U.S.C. §6103.  The Service released those documents to plaintiff on or about June 20, 2006.  Plaintiff filed her amended complaint on August 11, 2006.  In the amended complaint, plaintiff seeks over 9,500 pages of responsive documents and 90 audio tapes. (Compl. Ex. A.)  The complaint requests a mandatory injunction requiring the Service to produce certain documents and records for plaintiff's inspection and copying under the Freedom of Information Act, 5 U.S.C. § 552.  (Amended Compl. ¶¶ 72-75.)

Based on a review of the Service's and Chief Counsel's actions taken as a result of plaintiff's original FOIA request, Krista Piersol, attorney for the Service's Office of Chief Counsel, Office of the Assistant Chief Counsel (Disclosure and Privacy Law), has determined that plaintiff has had previous access to all of the non-exempt documents

2307326.1

responsive to his FOIA request. (2d Piersol Decl. ¶3.) The documents being released to plaintiff through this proceeding have previously been released to plaintiff, or plaintiff had access to them, through the FOIA. (Id.) Additionally, a substantial portion of the documents was released to plaintiff again through the discovery process in the tax proceeding pending in the Central District of California, United States v. Stonehill, 65-cv-0127. (Id.).

    2. The Order of August 4, 2006. The Court, on August 4, 2006, ordered that the Internal Revenue Service produce a Vaughn index and file its motion for summary judgment on or before December 5, 2006. Order of August 4, 2006.

    3. The Internal Revenue Service's first motion for enlargement of time. Following the Court's August 4, 2006 Order, plaintiff filed her amended complaint on August 11, 2006. The Service received a copy of plaintiff's amended complaint on August 14, 2006. On August 30, 2006, the Service reallocated personnel to search for the documents. (Piersol Decl. ¶3(e).) */ Two Service employees spent 64 hours searching and copying the documents requested by plaintiff. Id. The search was completed on September 8, 2006. (Id.) Piersol began reviewing and creating a Vaughn index for these documents. Additionally, Piersol reviewed approximately 40 of the 90 requested tapes, expending approximately 60 hours for the review. Piersol stopped reviewing the tapes pending an agreement being reached and payment made regarding the tapes. (Id.)

    The Service was unable to complete the review and the creation of a Vaughn index of the documents responsive to plaintiff's request by December 5, 2006 for the following reasons:

        a. In addition to the Stonehill litigation, Piersol had a full case load that included other Freedom of Information Act litigation, opinion projects, and informal

---

    */The first Piersol declaration was filed in connection with the United States' first motion for enlargement of time. See PACER # 15.

advice. (Piersol Decl. ¶4.)  Although Piersol attempted to minimize the work devoted to her other cases, those assignments required her daily attention. (Id.)  Additionally, a significant amount of time is necessary to review and create a Vaughn index in this case. (Piersol Decl. ¶4(a)).

  b. In an effort to expedite creation of a Vaughn index, on November 28, 2006, managers within the Office of the Associate Chief Counsel (Procedure and Administration), arranged for a Paralegal Specialist to assist with the creation of the indexing of the documents. (Piersol Decl. ¶2(h).)

  c. For the weeks of December 4, 2006 and December 10, 2006, the Office of Chief Counsel was in the process of returning operations to the National Office at 1111 Constitution Ave., Washington, DC 20001. (Piersol Decl. ¶5).  The office was displaced due to the June, 2006 flooding of the National Office.  (Id.)

 4. <u>The Internal Revenue Service's second motion for enlargement of time.</u> The Service was unable to complete the review and the creation of a <u>Vaughn</u> index of the documents responsive to plaintiff's request by February 9, 2007 for the following reasons:

  a. There is a large amount of responsive material to review and index (2d Piersol Decl. ¶2(1));

  b. Approximately 500 pages of documents containing CIA information were sent to the CIA for review and redaction pursuant to E.O.12958 section 3.7 (b), which mandates this coordination, commonly referred to as the "third-agency rule."(3d Piersol Decl. ¶5);(CIA Decl. ¶ 22);

  c. In addition to the <u>Stonehill</u> litigation, Piersol has a full case load that includes other Freedom of Information Act litigation, opinion projects, and informal advice. (2d Piersol Decl. ¶5.)  Although Piersol attempted to minimize the work devoted to her other cases, those assignments require her daily attention. (Id.)  Recently,

Piersol's husband, a NASA employee, was transferred to West Virginia.  In order to ensure continuity on the case and consequently, complete the review and Vaughn index in the most expeditious manner, Piersol is holding her resignation in abeyance until she has completed the work on this case. (Id.)

     5.  The Order of February 15, 2007.  The Court, on February 15, 2007, ordered that the Internal Revenue Service produce a Vaughn index and file its motion for summary judgment on or before March 19, 2007. Order of February 15, 2007.

     6.  The status of the Internal Revenue Service's compliance with the February 15, 2007 Order.   The Internal Revenue Service has provided the plaintiff with 241 pages of the Vaughn index. (3d Piersol Decl. ¶6 .)  Additionally, plaintiff has been provided with a copy of 272 pages of documents approved for release.  Only three categories of documents  remain to be reviewed and indexed: the CIA Documents, the Competent Authority Documents and the §6105 Documents.

     The Service anticipates being able to complete the review of the documents given to the CIA and the corresponding Vaughn index by April 23, 2007. (3d Piersol Decl. ¶5.)   The review of the responsive documents will not be complete in time to the meet the Court's order to produce a Vaughn index and file a motion for summary judgment by March 19, 2007, for the following reason: some of the responsive documents located in the Service's files contain information originated by the Central Intelligence Agency. (3d Piersol Decl. ¶5).  In accordance with standard procedures, the Service coordinated these documents with CIA.  E.O. 12958 section 3.7(b) mandates this coordination, commonly referred to as the "third-agency rule".  Piersol understands that CIA is reviewing those documents and will provide its response to the Service on or before April16, 2007. (Id.)  For these documents, any information that CIA determines to be exempt from release will be addressed in a supplemental declaration and Vaughn index to be filed on or before April 23, 2007.  The following documents were given to

the CIA on January 30, 2007: Chief Counsel Box 2 pages 008-050, 081-104, 106-232, 569-813; Chief Counsel Box 4 page 964; Chief Counsel Box 7 pages 001-021, 152-172; Box 16 pages 79-83; and Box 84 pages 246-249.  The Service has not had an opportunity to review the documents to make a determination if additional exemptions apply.

The Service anticipates being able to complete the review of the Competent Authority Documents and the corresponding Vaughn index by May 21, 2007. (3d Piersol Decl. ¶5.)   The review of the responsive documents will not be complete in time to the meet the Court's order to produce a Vaughn index and file a motion for summary judgment by March 19, 2007, for the following reason:  the Internal Revenue Service determined that certain documents had not been sent to the U.S. Competent Authority to be forwarded to the appropriate countries for review. (3d Piersol Decl. ¶5.)  Piersol understands that the documents should be received back from the various taxing authorities on or before May 21, 2007 .  (Id.)

The Service anticipates being able to complete the review and corresponding Vaughn index of the §6105 Documents by March 23, 2007.  Piersol has not had an opportunity to complete this portion of the Vauhgn Index by March 19, 2007 (Piersol Decl. ¶4. )

7. <u>Relief requested.</u>  Based on the foregoing, the Internal Revenue Service is of the belief that an enlargement of time of as follows, would be sufficient to allow it to comply with the Order of February 15, 2007:

    a.  An enlargement of time of 33 days, to and including April 23, 2007, in which to complete compliance with the Court's Order of February 15, 2007 with respect to the CIA Documents;

    b.  An enlargement of time of 60 days, to and including May 19, 2007, in which to complete compliance with the Court's Order of February 15, 2007 with respect to the Competent Authority Documents;

2307326.1

   c. An enlargement of time of five days, to and including Friday, March 23, 2007, in which to complete compliance with the Court's Order of February 15, 2007 with respect to the §6105 Documents.

  8. <u>The Court has discretion to grant this motion.</u>  Pursuant to Fed. R. Civ. P. 6(b)(1), the Court for cause shown, may enlarge the time for filing dispositive motions, among other things. *See Poe v. Christina Copper Mines, Inc.*, 15 F.R.D. 85, 87-88 (D. Del. 1953)  As Professor Moore has commented:

> Ordinarily, of course, the court should be liberal in granting extensions of time before the period to act has elapsed, so long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions is not abused.

2 Moore, *Federal Practice*, § 6108 at 6-83; *Motzinger v. Flynt*, 119 F.R.D. 373, 375 (M.D.N.C. 1988); *Baden v. Craig-Hallum, Inc.*, 115 F.R.D. 582, 585 (D. Minn. 1987).  The Internal Revenue Service has not been guilty of negligence or bad faith, nor has the privilege of extensions been abused by the Service.

  9. <u>Summary.</u>  The Court should exercise its discretion to grant the requested enlargement of time in the interests of justice and for cause shown.

CONCLUSION

  It is the position of the Internal Revenue Service that the motion for enlargement of time for complying with the Court's Order of February 15, 2007, ought to be granted.

DATE:  March 16, 2007.

//

//

                    Respectfully submitted,

                    /s/ Brittney N. Campbell
                    DAVID KATINSKY
                    BRITTNEY N. CAMPBELL
                    Trial Attorneys, Tax Division
                    U. S. Department of Justice
                    Post Office Box 227
                    Washington, DC  20044
                    Telephone:  (202) 353-2260

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

2307326.1

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing Internal Revenue Service's MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF UNITED STATES' THIRD MOTION FOR ENLARGEMENT OF TIME was caused to be served upon plaintiff's counsel on the 16th day of March, 2007, by depositing a copy thereof in the United States' mail, postage prepaid, addressed to:

> JOHN R. GERSTEIN
> ROBERT E. HEGGESTAD
> JONATHAN COHEN
> Ross, Dixon & Bell, LLP
> 2001 K Street, N.W.
> Washington, D.C. 20006-1040.

/s/ Brittney N. Campbell
BRITTNEY N. CAMPBELL

2307326.1