UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PAULINE STONEHILL**, Co-executor and Co-special administrator of the Estate of Harry S. Stonehill, Calle Guillermo Tell 14 Churriana 29140 Malaga, ESP <br><br> **Plaintiff,** <br><br> v. <br><br> **INTERNAL REVENUE SERVICE** 1111 Constitution Avenue, N.W. Washington, D.C. 20224 <br><br> **Defendant.** | **Case No. 06-599 (JDB)** <br><br><br> **Honorable John D. Bates** |

**PLAINTIFF'S OPPOSITION TO THE IRS'**
***THIRD* MOTION FOR ADDITIONAL TIME**

When reluctantly granting the IRS' *second* motion for additional time, this Court delivered an unmistakably clear warning: "[*L*]*est there be any doubt, this [second] extension of time marks the end of the line. No further extensions of time will be granted absent extraordinary circumstances*."[1] The Court generously awarded the IRS a second extension, providing the agency with until today (March 19, 2007) to provide a *complete* Vaughn index. Yet the IRS' third motion for additional time – filed on Friday after 7:00 PM – identifies no new circumstances requiring still-further delay, let alone the "extraordinary circumstances" that the Court's prior order referenced. In fact, the agency's "Friday night motion" does not even mention the "extraordinary circumstances" standard that this Court imposed.

---

[1] Order, Stonehill v. IRS, No. 06-599 (JDB) (filed Feb. 15, 2007) (emphasis added), attached hereto as Exhibit 1.

Worse still, the IRS sent *every* document at issue ("the CIA documents") to the CIA between April 2, 2004 and April 14, 2006, and for the same reason – to review them for alleged national security content.[2] The IRS may have sent the same documents to the CIA *again* on January 30, 2007, but the CIA has had the same documents for between approximately two and four years. And the CIA has already reviewed them. As the IRS is well aware, the CIA documents are the ones that interest Plaintiff most.[3] The Government's endless excuses are stalling tactics, pure and simple.

The IRS is both blatantly ignoring this Court's prior order and subverting the manner in which Congress meant the Freedom of Information Act ("FOIA") to function. Because the IRS has shown no "extraordinary circumstances" justifying further delay, Plaintiff respectfully requests that the Court (1) deny the IRS' request for an additional extension concerning the CIA documents; (2) hold that the IRS' repeated failure to produce a <u>Vaughn</u> index with respect to the CIA documents waives any allegedly applicable privilege; and (3) order the IRS to produce the CIA documents immediately.[4]

---

[2] In an April 2, 2004 Privilege Log (attached hereto as Exhibit 2), the Government identified documents Chief Counsel Box 7, pages 001-021 ("CCB7:1-21") and CCB4:964 as sent to the CIA. The Government identified CCB2:106-232 and CCB7:152-172 as sent to the CIA in an August 27, 2004 supplemental privilege log, attached hereto as Exhibit 3. The Government identified Stonehill Box 84, pages 246-48 ("SB84:246-48") and SB16:79-83 as sent to the CIA in an October 4, 2004 privilege log (attached hereto as Exhibit 4). Finally, on April 14, 2006, the Government produced SB84:249 with CIA redactions. <u>See</u> Letter from C. Duffy to R. Heggestad (Apr. 14, 2006), attached hereto as Exhibit 5.

[3] Plaintiff has voluntarily afforded the IRS another extension with respect to certain other document categories.

[4] Alternatively, Plaintiff respectfully requests that the Court deny the IRS' third request for an extension and order the IRS to produce the documents to the Court immediately for an *in camera* review to determine whether releasing the documents would actually pose any national security risk.

I.   **THERE ARE NO "EXTRAORDINARY CIRCUMSTANCES" PRESENT.**

The Court warned the IRS: "lest there be any doubt, this [second] extension of time marks the end of the line. No further extensions of time will be granted absent extraordinary circumstances."[5] The IRS does not even attempt to argue that "extraordinary circumstances" exist. Indeed, the IRS' third request for additional time does not allege any cause for its delay that it did not allege in its second request. Generic declarations about the document review process and assertions that staff are busy certainly do not amount to anything extraordinary, or even anything unavoidable. Because the IRS has not established "extraordinary circumstances," it has both ignored this Court's prior order and waived any privilege that might apply had it completed its review before the second extended deadline expired.

II.   **THE CIA ALREADY REVIEWED THESE DOCUMENTS TWO YEARS AGO.**

Remarkably, the IRS says that neither it nor the CIA had the time to review the CIA documents over the past forty days (since the IRS' second request for an extension). The CIA documents at issue are only a few hundred pages, and the CIA reviewed them all years ago.[6] Without showing "extraordinary circumstances," the Court should not allow the IRS more time to have the CIA review them again.

III.   **THE IRS' "FRIDAY NIGHT MOTION" REFLECTS INTENTIONAL STALLING.**

Assuming the IRS and CIA are actually making a serious, good faith attempt to complete their review before the second extension expired, these agencies would have known long before this past Friday evening that they could not meet the second deadline. The Friday night filing

---

[5] Order, Stonehill v. IRS, No. 06-599 (JDB) (filed Feb. 15, 2007) (emphasis added), attached hereto as Exhibit 1.

[6] See supra, at n.2.

makes it as difficult as possible for Plaintiff to respond, and places the Court in a difficult circumstance as well. Plaintiff urges the Court not to let the IRS effectively grant itself a third extension simply by ensuring that the Court cannot easily rule on the agency's request for an extension until the old deadline expires.[7]

### IV.     CONCLUSION

For all the aforementioned reasons, Plaintiff respectfully requests that the Court (1) deny the IRS request for an additional extension concerning the CIA documents; (2) hold that the IRS' repeated failure to produce a Vaughn index with respect to the CIA documents waives any allegedly applicable privilege; and (3) order the IRS to produce the CIA documents immediately.

Alternatively, Plaintiff respectfully requests that the Court deny the IRS' third request for an extension and order the IRS to produce the documents to the Court immediately for an *in camera* review to determine whether releasing the documents would pose any national security risk.

---

[7] When considering the IRS' second request for additional time, the Court expressed sympathy for Plaintiff's position, but noted that "denying defendant *any* extension makes little sense at this point. The previous deadline of February 9, 2007 has passed, and defendant's motion indicates that much work remains to be done." See Order, Stonehill v. IRS, No. 06-599 (JDB) (filed Feb. 15, 2007) (emphasis in original), attached hereto as Exhibit 1. The IRS has placed the Court in the same position again.

Date:   March 19, 2007.

                                        Respectfully submitted,

                                   /s/            Robert E. Heggestad
                              Robert E. Heggestad (D.C. Bar. No. 953380)
                              John R. Gerstein (D.C. Bar. No. 913228)
                              Jonathan Cohen (D.C. Bar. No. 483454)
                              ROSS, DIXON & BELL, LLP
                              2001 K Street, N.W.
                              Washington, D.C. 20006-1040
                              (202) 662-2000

                              Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **PLAINTIFF'S OPPOSITION TO THE IRS'** *THIRD* **MOTION FOR ADDITIONAL TIME** was served by United States mail addressed to the following on this 19th day of March, 2007:

> Brittney N. Campbell
> David M Katinsky
> TAX DIVISION
> Post Office Box 227
> Ben Franklin Station
> Washington, D.C.  20044

           /s/          Robert E. Heggestad
                     Robert E. Heggestad