# EXHIBIT 1

Case 1:06-cv-00599-JDB Document 24 Filed 02/15/2007 Page 1 of 3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**PAULINE STONEHILL,**

**Plaintiff,**

**v.**

**INTERNAL REVENUE SERVICE,**

**Defendant.**

**Civil Action No. 06-0599 (JDB)**

**ORDER**

Presently before the Court is [20] defendant's second motion for an extension of time to file a Vaughn index and a motion for summary judgment. On December 21, 2006, the Court granted in part defendant's earlier request for an extension of time, giving defendant an additional sixty days, rather than the ninety days requested, to complete its Vaughn index and file its motion for summary judgment. Defendant now seeks another ninety-day extension, which would push the due date for defendant's summary-judgment motion back to May of 2007 - - over five months beyond the original deadline of December 5, 2006.

In support of its request, defendant advances some of the same arguments that it offered with respect to its previous request, the primary of which is simply that the process has been arduous because of the sheer number of pages. See Def.'s Motion at 7-8. Defendant also adds two new twists: that the attorney assigned to this matter will be relocating and is postponing her resignation until she has completed the necessary work, and that 500 pages of documents have

been sent to the Central Intelligence Agency ("CIA") "for review and redaction due to a potential compromise of national security." Id. at 8. Plaintiff vehemently opposes any additional extension of time. As plaintiff sees things, defendant is moving at an "absurdly slow pace," especially considering that government agencies - - including the CIA - - have already reviewed many of the documents in connection with ongoing litigation in California. See Pl.'s Opp'n at 2.

Although the Court understands plaintiff's frustration, denying defendant any extension makes little sense at this point. The previous deadline of February 9, 2007 has passed, and defendant's motion indicates that much work remains to be done. On the other hand, an additional delay of ninety days is unacceptable in what is by all accounts a routine, albeit laborious, FOIA case. The Court will thus grant defendant an additional forty-day extension beyond February 9, requiring it to submit its Vaughn index and motion for summary judgment by not later than March 19, 2007. This order, the Court notes, extends the deadline two weeks beyond the March 5, 2007 filing deadline that defendant would have received had the Court granted its earlier request for a ninety-day extension. See Def.'s Motion for an Extension of Time at 7 (Dkt. # 15). But lest there be any doubt: this extension of time marks the end of the line. No further extensions of time will be granted absent extraordinary circumstances.

Accordingly, it is this 15th day of February, 2007, hereby

**ORDERED** that defendant's motion for an extension of time to file a Vaughn index and a motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**; it is further

**ORDERED** that defendant's Vaughn index and motion for summary judgment shall be filed by not later than March 19, 2007; it is further

**ORDERED** that plaintiff's opposition (and, if desired, a cross-motion for summary

judgment) is due by not later than April 19, 2007, with defendant's reply, if any, due by not later than May 3, 2007; and it is further

**ORDERED** that no additional extensions of time will be granted absent extraordinary circumstances.

**SO ORDERED.**

/s/ John D. Bates
JOHN D. BATES
United States District Judge

Dated: February 15, 2007

# EXHIBIT 2



**U.S. Department of Justice**

**Tax Division**

*Please reply to: Civil Trial Section, Western Region*
*P.O. Box 683*
*Ben Franklin Station*
*Washington, D.C. 20044*

*Facsimile No. (202) 307-0054*
*Trial Attorney: Charles Duffy*
*Attorney's Direct Line: (202) 307-6406*

EJO'C:RSW:CDuffy
5-11-2364
CMN 1980111296

April 2, 2004

Via Courier

Robert E. Heggestad, Esquire
c/o Ross, Dixon & Bell, P.C.
2001 K Street, NW
Washington D.C. 20006

Re: United States of America v. Stonehill\Brooks
Case No. 65-1271 (USDC C.D. California)

Dear Mr. Heggestad:

Additional documents are being produced to you today based on the Court's recent order. Enclosed herewith is the privilege log that pertains to the documents withheld in full or in part by the United States. The reasons for the withholds are set forth in the privilege log. The privilege log relates to the production of documents carried out on February 17, 2004 and the production carried out today.

In our letter dated February 17, 2004, we notified you that we were objecting to the production of some documents based on the attorney client privilege, the attorney work product privilege and 26 U.S.C. § 6103 (which generally prohibits the release of third-party tax information and provides for civil and criminal penalties for improper releases). Please note that other objections (*e.g.*, objections made pursuant to 26 U.S.C. § 6105 which prohibits the release of information obtained under a treaty obligation, Rule 6(e) of the Federal Rule of Criminal Procedures and the Confidential Informant Privilege) were also raised by the United States.

Although almost all of the documents reviewed have no relevance to your Rule 60(b)(6) motion, the United States did not assert a relevance objection.

There are a few other matters to which I want to direct your attention.

At the Internal Revenue Service ("IRS") administrative level within the context of the Freedom of Information Act ("FOIA") process, it appears that you were permitted to review the contents of the following twenty-four IRS boxes in their entireties: 9, 15, 36, 37, 38, 39, 40, 41, 53, 58, 61, 62, 63, 64, 65, 67, 68, 69, 70, 71, 72, 74, 76 and 80. *See* Exhibit A(1) attached to the defendants' post-hearing discovery memorandum filed on or about July 15, 2003. Therefore, we are producing no documents from those boxes. You were also permitted to review parts of many

other boxes. *Id.*

It is my understanding that documents from the following boxes were withheld in full or in part in the FOIA process: 6, 8, 11, 12, 46, 66, 73, 77, 78, 79, 81 an 82. After the production today, it appears that you will have had access to *all* of the documents in those boxes.

It is also my understanding that *all* documents from the following boxes were withheld from you by the IRS during the FOIA process: 3, 5, 7, 21, 30, 33, 54, 55, 56, 57, 59, 60, 66, 77 and 81. There are, in the aggregate, approximately 40,000 documents in those fifteen boxes. By my estimate, about ninety-five percent of those 40,000 documents have now been produced to you.

On February 17, 2004, we produced withheld documents to you from the following boxes: 1, 2, 4, 6, 10, 11, 12, 13, 14, 16, 18, 19, 20, 22, 23, 24, 25, 26, 27, 28, 29, 31, 32, 34, 47, 48, 49, 50, 51, 52, 73 and 77. Later, a question arose as to whether the IRS could identify, with exact certainty, the documents that were withheld during the FOIA process. Because of that concern, the IRS re-analyzed those boxes to determine whether additional documents were withheld from you in FOIA. Based on the analysis, it appears that there were additional documents withheld from you from the following boxes: 1, 2, 4, 10, 13, 14, 16, 18, 19, 20, 23, 24, 25, 26, 27, 28, 29, 31, 32, 34, 47, 48, 49, 50, 51 and 52. Copies of all additional withholds that the IRS identified subsequent to February 17, 2004 from boxes 10, 13 and 47 are being produced to you today. Copies of some of the withholds from the other referenced boxes are also being produced with the rest withheld based on valid privileges. None of the "additional" withholds from box 26 are being produced to you.

You may also review or re-review the originals of non-withheld documents in the boxes that are subject to the Court's December 19, 2003 Order (as later modified) to the extent copies have not been sent to you.

Please note also that the IRS recently located a small amount of files that would fill about one half of a regular-size box. It appears that the documents relate to the eight IRS "Chief Counsel boxes" and were generated, for the most part, in connection with the IRS's attempt to collect taxes owed by one or both of the defendants. It also appears that you were not given an opportunity to review the files during the FOIA process. We have processed the additional small amount of documents within our document production. The files are referred to in the production boxes and privilege log as "miscellaneous box" documents.

Copies of documents from the following boxes are being sent to you today: 1, 2, 3, 4, 5, 10, 13, 14, 16, 18, 19, 20, 21, 23, 24, 25, 27, 28, 29, 30, 31, 32, 33, 34, 35, 43, 45, 47, 48, 49, 50, 51, 52, 54, 55, 56, 57, 59, 60, 66, 75, 78, 79, 81, 84, 85, Chief Counsel box ("CC box")-1, CC box-2, CC box-3, CC box-4, CC box-5, CC box-6, CC box-7, CC box-8 and the miscellaneous box referred to above. Please note that copies of documents from boxes 8, 46 and 82 are not being sent to you today. Rather, you may inspect and copy all of the original documents from those boxes at a convenient time for the parties. We believe that this procedure satisfies our obligation to produce those documents under the Court's order.

A few documents are being withheld in full that were generated by other Federal

agencies. We are coordinating with the agencies regarding whether those documents can be released.

This production has been enormously burdensome and costly to the Government. If you find that there are problems with unreadable copies, bates-stamp sequencing or if you believe there are other errors, please contact me and we will do our best to remedy them.

I am also in receipt of your March 29, 2004 letter in which you addressed the audio tapes in boxes 30 and 42. The tapes appear to be "reel to reel" tapes and we are attempting to find a practical and economical way to listen to them. Once we listen to them, we will determine if there are any applicable objections or privileges. We will request that you share in the costs of converting the tapes into a form in which they can be reviewed listened to (assuming we produce them to you). We may also ask the Court to require you to share in the costs of copying and bates-stamping the documents that we have produced to you.

You have received many documents over the years from various Government agencies based on your numerous FOIA requests. Because a thorough review of those documents would have added an additional burden to an already time-consuming and costly production, we did not attempt to track and analyze all of the documents produced to you under FOIA over the years from all of the various agencies. It is possible that some of the documents that we produced over the last sixty days were produced in a form that is different from the form in which you previously obtained the documents. For example, it is possible that more or less redactions were made to a document as compared to how it was produced to you previously.

I am also in receipt of your letter dated April 1, 2004 in which you addressed the "bates-stamped blank sheets." It is my understanding that those blank sheets were bates-stamped after you selected them for copying during the FOIA process. It is also my understanding that the IRS placed the corresponding privileged documents back into the boxes from which they came. Thus, those documents will be produced or withheld within the context of the current document production process. There appears to be no way to track the referenced blank sheets to any particular document in the boxes.

In my letter to you dated February 17, 2004, I mistakenly stated that all documents were produced from box 22. Actually, it appears that there was a small redaction in one of the documents produced to you from that box on that date.

Finally, in your recent "Supplement" filed with the Court on or about March 19, 2004, you complained that 2 pages were missing from a "significant" document (*i.e.*, a document dated November 23, 1962) produced to you on February 17, 2004. Please note that it appears that a

complete copy of that document was also included in box number 34 and it is being produced to you today. *See* the document bates numbered box 34-0102 through box 34-0113. We anticipate that you will notify the Court of that fact that you now have a complete copy of the document.

If you have any questions, please call me at (202) 307-6406.

Sincerely yours,

CHARLES M. DUFFY
Trial Attorney
Civil Trial Section, Western Region

**BOX CHIEF COUNSEL BOX 7**

**PRIVILEGE LOG**

**RE:** ***United States***
***v.***
***Harry S. Stonehill, et al.***

| Document Bates # | Document Description | W/P (Withheld in Full (W) or Partially Withheld (P) | Objection/ Privilege: 26 U.S.C. § 6103 | Objection/ Privilege: 26 U.S.C. § 6105 | Objection/ Privilege: Attorney-client | Objection/ Privilege: Attorney work product | Objection/ Privilege: Other |
|---|---|---|---|---|---|---|---|
| 001-021 | February 21, 1966 IRS Enforcement Attorney's memo of conference re: interview by DOJ of CIA Agent for litigation | W | | | | X | CIA has also redacted portions |
| 022-024 | February 9, 1968 IRS Agents' memo of interview with confidential informant | W | | | | | Confidential informant privilege |
| 025-028 | TPTRI | W | X | | | | |
| 029-031 | TPTRI | W | X | | | | |
| 032-033 | TPTRI | W | X | | | | |

**BOX Chief Counsel Box 4**

**PRIVILEGE LOG**

**RE: *United States***
***v.***
***Harry S. Stonehill, et al.***

| Document Bates # | Document Description | W/P (Withheld in Full (W) or Partially Withheld (P) | Objection/ Privilege: 26 U.S.C. § 6103 | Objection/ Privilege: 26 U.S.C. § 6105 | Objection/ Privilege: Attorney-client | Objection/ Privilege: Attorney work product | Objection/ Privilege: Other |
|---|---|---|---|---|---|---|---|
| 781 | Note referring to grand jury information | W | | | | | Grand Jury privilege Fed.R.Cr. P. 6(e) |
| 964 | Redaction of name of conference participant at request of Central Intelligence Agency | P | | | | | Requesting production from CIA |

# EXHIBIT 3

# SUPPLEMENTAL PRIV. LOG 1
# (AS AMENDED - AUGUST 27, 2004)

**AUGUST 20, 2004 SUPPLEMENTAL PRIVILEGE LOG WHICH PROVIDES ADDITIONAL DESCRIPTIVE INFORMATION RELATING TO DOCUMENTS FOR WHICH ATTORNEY CLIENT AND ATTORNEY WORK PRODUCT PRIVILEGES WERE PREVIOUSLY RAISED**

**IRS BOXES: CHIEF COUNSEL MISCELLANEOUS BOX; AND CHIEF COUNSEL BOXES 1-6.**

**BOX Chief Counsel Box 2** **PRIVILEGE LOG**

RE: *United States*
*v.*
*Harry S. Stonehill, et al.*

| Document Bates # | Document Description | W/P (Withheld in Full (W) or Partially Withheld (P) | Objection/Privilege: 26 U.S.C. § 6103 | Objection/Privilege: 26 U.S.C. § 6105 | Objection/Privilege: Attorney-client | Objection/Privilege: Attorney work product | Objection/Privilege: Other |
|---|---|---|---|---|---|---|---|
| 001-007 | Attorney notes of conversation with FBI Agent **(HAWLEY)** for use in litigation. **(DATE APPEARS TO BE FEBRUARY, 1966 WHICH WOULD HAVE BEEN AROUND THE DATE THAT THE NEWCOMB AFFIDAVIT WAS FILED IN THE CRIMINAL CASE; AUTHOR UNKNOWN)** | W | | | | x | |
| 008-050 | Attorney notes of conversation with IRS Agent **(APPEARS TO BE RAGLAND)** for use in litigation **(AUTHOR UNKNOWN; APPEARS TO RELATE TO NEWCOMB AFFIDAVIT WHICH WAS FILED IN CRIMINAL CASE IN LATE 1965 OR 1966)** | W | | | | x | |

| Document Bates # | Document Description | W/P (Withheld in Full (W) or Partially Withheld (P)) | Objection/Privilege: 26 U.S.C. § 6103 | Objection/Privilege: 26 U.S.C. § 6105 | Objection/Privilege: Attorney-client | Objection/Privilege: Attorney work product | Objection/Privilege: Other |
|---|---|---|---|---|---|---|---|
| 106-114 | Chief Counsel memo dated March 9, 1966 **(FROM MCALEER TO ROGOVIN)** discussing position (S) **(AND ISSUES)** in **(THE CRIMINAL AND CIVIL)** case (S). **(THE MEMO APPEARS TO REFERENCE THE DOCUMENT WITH BATES 115-232, BELOW; THE ISSUES DISCUSSED RELATE TO THE NEWCOMB AFFIDAVIT THAT WAS FILED IN THE CRIMINAL CASE)** | W | | | | x | **ALSO SENT/TO BE SENT TO THE CIA TO DETERMINE IF OTHER PROPER PRIVILEGES/ OBJECTIONS APPLY** |
| 115-232 | Chief Counsel memo **("MEMORANDUM OF FACT AND LAW")** dated March 4, 1966, discussing position (S) **(AND LEGAL ISSUES)** in case **(RECOMMENDATIONS REGARDING THE CRIMINAL CASE ARE SET FORTH AND ISSUES RAISED IN THE NEWCOMB AFFIDAVIT ARE ADDRESSED)** | W | | | | x | **ALSO SENT/TO BE SENT TO CIA TO DETERMINE IF OTHER PROPER PRIVILEGES/ OBJECTIONS APPLY** |

# SUPPLEMENTAL PRIV. LOG 3

**AUGUST 27, 2004 SUPPLEMENTAL PRIVILEGE LOG WHICH PROVIDES ADDITIONAL DESCRIPTIVE INFORMATION RELATING TO DOCUMENTS FOR WHICH ATTORNEY CLIENT AND ATTORNEY WORK PRODUCT PRIVILEGES WERE PREVIOUSLY RAISED**

**BOXES: CHIEF COUNSEL BOXES 7-8; IRS BOXES 1, 2, 3, 4, 5, 7, 13 AND 14.**

# BOX CHIEF COUNSEL BOX 7

**PRIVILEGE LOG**

**RE:** ***United States***
***v.***
***Harry S. Stonehill, et al.***

| **Document Bates #** | **Document Description** | **W/P** (Withheld in Full **(W)** or Partially Withheld **(P)**) | **Objection/Privilege:** 26 U.S.C. § 6103 | **Objection/Privilege:** 26 U.S.C. § 6105 | **Objection/Privilege:** Attorney-client | **Objection/Privilege:** Attorney work product | **Objection/Privilege:** Other |
|---|---|---|---|---|---|---|---|
| 001-021 | **(REDACTED COPY OF)** February 21, 1966 IRS Enforcement Attorney's memo of conference re: interview by DOJ **(AND IRS)** of CIA Agent for litigation (DOJ, IRS, CIA ATT'S PRES.) | W | | | | X | CIA has also redacted portions **(THOSE PRIVILEGES AND OBJECT'S APPLY)** |

| **Document Bates #** | **Document Description** | **W/P** (Withheld in Full **(W)** or Partially Withheld **(P)**) | **Objection/Privilege:** 26 U.S.C. § 6103 | **Objection/Privilege:** 26 U.S.C. § 6105 | **Objection/Privilege:** Attorney-client | **Objection/Privilege:** Attorney work product | **Objection/Privilege:** Other |
|---|---|---|---|---|---|---|---|
| 152-172 | February 21, 1966 IRS attorney memo of conference at which DOJ attorneys interviewed CIA agent for litigation **(UNREDACT. AND UNSIGNED COPY OF 001-021, ABOVE)** | W | | | | X | **CIA OBJECT'S/ PRIVIL'S APPLY** |
| 175-176 | Two copies of February 27, 1986 memo describing DOJ request for information | W | | | | X | |

# EXHIBIT 4

# SUPPLEMENTAL PRIV. LOG 5

**OCTOBER 4, 2004 SUPPLEMENTAL PRIVILEGE LOG WHICH PROVIDES ADDITIONAL DESCRIPTIVE INFORMATION RELATING TO DOCUMENTS FOR WHICH ATTORNEY CLIENT AND ATTORNEY WORK PRODUCT PRIVILEGES WERE PREVIOUSLY RAISED**

**BOXES: IRS BOXES 16 - 85.**

# BOX 84

PRIVILEGE LOG

RE: *United States*
v.
Harry S. Stonehill, et al.

| Document Bates # | Document Description | W/P (Withheld in Full (W) or Partially Withheld (P) | Objection/Privilege: 26 U.S.C. § 6103 | Objection/Privilege: 26 U.S.C. § 6105 | Objection/Privilege: Attorney-client | Objection/Privilege: Attorney work product | Objection/Privilege: Other |
|---|---|---|---|---|---|---|---|
| 231 | IAUTO | W | | x | | | |
| 232-233 | IAUTO | W | | x | | | |
| 234 | IAUTO | W | | x | | | |
| 235-240 | IAUTO | W | | x | | | |
| 241 | IAUTO | W | | x | | | |
| 242 | IAUTO | W | | x | | | |
| 243-245 | Feb. 9, 1968 memo by IRS agents describing meeting with confidential informant. | W | | | | | x confi-dential informant privilege |
| 246-248 | Handwritten notes of attorney **(DURKIN)** dated 2/13/66 re case. | W | | | x | x | **(SENT TO CIA FOR CLEAR.)** |

**BOX 84**

**PRIVILEGE LOG**

**RE:** ***United States***
*v.*
*Harry S. Stonehill, et al.*

| **Document Bates #** | **Document Description** | **W/P** (Withheld in Full (W) or Partially Withheld (P)) | **Objection/Privilege:** 26 U.S.C. § 6103 | **Objection/Privilege:** 26 U.S.C. § 6105 | **Objection/Privilege:** Attorney-client | **Objection/Privilege:** Attorney work product | **Objection/Privilege:** Other |
|---|---|---|---|---|---|---|---|
| 249 | Handwritten notes re telephone call w/attorney Huckabee, describing litigation strategy. | W | | | x | x | |
| 250 | Memo from Robert Chandler, Revenue Service Representative, Rome, to Chief, Foreign Operations, dated Feb. 16, 1966 re discussions w/ Huckabee and McCarthy, referring to DOJ and CC requests for information for litigation. **(WAS PRODUCED IN IRS ADMINISTRATIVE FOIA PROCESS; BATES 4941)** | | | | | x | |

# SUPPLEMENTAL PRIV. LOG 5

**OCTOBER 4, 2004 SUPPLEMENTAL PRIVILEGE LOG WHICH PROVIDES ADDITIONAL DESCRIPTIVE INFORMATION RELATING TO DOCUMENTS FOR WHICH ATTORNEY CLIENT AND ATTORNEY WORK PRODUCT PRIVILEGES WERE PREVIOUSLY RAISED**

**BOXES: IRS BOXES 16 - 85.**

**BOX 16**

**PRIVILEGE LOG**

**RE: *United States***
***v.***
***Harry S. Stonehill, et al.***

| **Document Bates #** | **Document Description** | **W/P** (Withheld in Full **(W)** or Partially Withheld **(P)**) | **Objection/Privilege:** 26 U.S.C. § 6103 | **Objection/Privilege:** 26 U.S.C. § 6105 | **Objection/Privilege:** Attorney-client | **Objection/Privilege:** Attorney work product | **Objection/Privilege:** Other |
|---|---|---|---|---|---|---|---|
| 024-030 | Third Party Taxpayer Return Information ("TPTRI") | P | x | | | | |
| 035-036 | TPTRI | P | x | | | | |
| 038 | TPTRI | P | x | | | | |
| 039 | TPTRI | P | x | | | | |
| 053 | TPTRI | P | x | | | | |
| 076 | TPTRI | P | x | | | | |

| **Document Bates #** | **Document Description** | **W/P** (Withheld in Full **(W)** or Partially Withheld **(P)**) | **Objection/Privilege:** 26 U.S.C. § 6103 | **Objection/Privilege:** 26 U.S.C. § 6105 | **Objection/Privilege:** Attorney-client | **Objection/Privilege:** Attorney work product | **Objection/Privilege:** Other |
|---|---|---|---|---|---|---|---|
| 079 | Handwritten notes of IRS attorney Huckabee, containing impressions. **(APPEARS TO BE HUCK'S HANDWRIT.)** | W | | | | x | **(ALSO SENT TO CIA FOR CLEAR.)** |
| 080-083 | Handwritten notes **(APPAR.)** by IRS attorney Huckabee, containing impressions | W | | | | x | **(ALSO SENT TO CIA FOR CLEAR.)** |

# EXHIBIT 5



**U.S. Department of Justice**

**Tax Division**

*Facsimile No. (202) 307-0054*
*Trial Attorney: Charles Duffy*
*Attorney's Direct Line: (202) 307-6406*

*Please reply to: Civil Trial Section, Western Region*
*P.O. Box 683*
*Ben Franklin Station*
*Washington, D.C. 20044*

EJO'C:RSW:CDuffy
5-11-2364
CMN 1980111296

April 14, 2006

**BY COURIER**

Robert E. Heggestad, Esquire
Ross, Dixon & Bell, LLP
2001 K Street, NW
Washington D.C. 20006-1040

Re: United States of America v. Stonehill\Brooks
Case No. 65-127 (USDC C.D. California)

Dear Mr. Heggestad:

Enclosed are documents that we are producing pursuant to the Court's December 20, 2005 order. As indicated below, some of the documents were redacted by the Central Intelligence Agency ("CIA") pursuant to the Court's December 20, 2005 order (*see* pages 6-8) and the *in camera* review that took place regarding such documents. Subsequent to the *in camera* review, the CIA made redactions to the subject documents and de-classified the remaining parts of the same.

The United States Department of Justice also made redactions on the below-referenced documents based on the scope and relevance rulings in the Court's December 20, 2005 Order (*see* pages 8-9).

Except for the document described in number 7, below, all of the documents produced herewith are privileged documents (*i.e.*, documents prohibited from disclosure based on the attorney-client privilege and attorney work product privileges). However, the United States did *not* withhold any portion of the referenced documents based on these privileges. Despite that, our intent is to preserve the privileges and they are noted below.

The following documents, as redacted, are produced herewith by the Government:

| | | |
|---|---|---|
| 1. | **Bates-stamp # IRS Chief Counsel ("CC") Box 2, pages 008-050.**<br><br>(CIA redactions are dark markings; DOJ redactions are marked in right margin) | **Objections by United States:** (1) the CIA has made redactions on the document; (2) the Government previously withheld the document based on the attorney work product privilege; and (3) the document is protected from disclosure based on the attorney-client privilege since it sets forth communications between IRS counsel and an IRS employee. |
| 2. | **Bates-stamp # CC Box 2, pages 081-104.**<br><br>(CIA redactions are dark markings; DOJ redactions are marked in right margin) | **Objections by United States:** (1) the CIA has made redactions on the document; (2) the Government previously withheld the document based on the attorney work product privilege; and (3) the document is protected from disclosure based on the attorney-client privilege. |
| 3. | **Bates-stamped CC Box 7, pp. 001-021 (a copy of an unsigned version of this document is Bates-stamp # CC Box 7, pages 152-172).**<br><br>(All redactions, except for a few small redactions made by the FBI during the administrative FOIA process, were made by the CIA) | **Objections by United States:** (1) The CIA has made redactions on the document; and (2) the Government previously withheld the document based on the attorney work product privilege. |
| 4. | **Bates-stamp # CC Box 2, pages 115-232 (another copy Bates-stamp # CC Box 2, pages 569-686;[1] another copy Bates-stamp # CC Box 2, pages 696-813).**<br><br>(CIA redactions are dark markings; DOJ redactions are marked in right margin) | **Objections by United States;** (1) the CIA has made redactions on the document; (2) the Government previously withheld the document based on the attorney work product privilege; and (3) the document is protected from disclosure based on the attorney-client privilege. |

[1]There are handwritten notations apparently referenced United States Government officials on Bates-stamp pages 574, 575, 576, 577, 578, 579, 580, 581, 582, 583, 635, 638 and 645. These pages are referenced in number 5, below.

| | | |
|---|---|---|
| 5. | **Bates-stamp # CC Box 2, pages 574, 575, 576, 577, 578, 579, 580, 581, 582, 583, 635, 638, 645.** | **Objections by the United States:** (1) The CIA has redacted the handwritten notations on the referenced pages; and (2) . The other objections and privileges set forth in the log for document number 4, above, also apply to the referenced pages. |
| 6. | **Bates-stamp # CC Box 2, pages 106-114; (another copy Bates-stamp # CC Box 2, pages 687-695).** (CIA redactions are dark markings; DOJ redactions are mostly marked in right margin) | **Objections by the United States:** (1) the CIA has made redactions on the document; (2) the Government previously withheld the document based on the attorney work product privilege; and (3) the document is protected from disclosure based on the attorney-client privilege. |
| 7. | **Bates-stamp # CC Box 4, page 0964.** (CIA redaction is a dark marking) | **Objection by the United States:** The CIA has redacted part of the document. |
| 8. | **Bates-stamp # Box 84, pages 246-248.** (CIA redaction - a dark marking - made on Bates # 246; no DOJ redactions) | **Objections by the United States:** (1) the CIA has made redactions on the document; (2) the Government previously withheld the document based on the attorney work product privilege; and (3) and the attorney-client privilege. |
| 9. | **Bates-stamp # Box 84, page 249.** (One CIA redaction - a dark marking; DOJ redaction in left margin) | **Objections by the United States:** (1) the CIA has made redactions on the document; (2) the Government previously withheld the document based on the attorney work product privilege; and (3) and the attorney-client privilege. |
| 10. | **Bates-stamp # IRS Chief Counsel CC Box 2, pages 001-007.** (All redactions are DOJ redactions) | **Objection by the United States:** The Government previously withheld the document based on the attorney work product privilege. |
| 11. | **Bates-stamp # IRS Box A-Misc. 1089-1096.** (All redactions are DOJ redactions) | **Objection by the United States:** The Government previously withheld the document based on the attorney work product privilege. |

In its December 20, 2005 order, the Court also addressed documents withheld by the United States under 26 U.S.C. § 6105 (Confidentiality of Information Arising Under Treaty Obligations). *See* the order, page 6. Regarding the Section 6105 documents, the Court denied the defendants' motion to compel. However, the Court indicated that it wanted more information

regarding whether the Government's Competent Authority was going to authorize the release of any of the Section 6105 documents that have not already been produced in this case.

The Government has produced many documents previously withheld under Section 6105 documents during the last year as the Competent Authority has given the authority for the release of such information. *See* U.S. Ex. 674 filed on or about July 29, 2005 (copy of DOJ letter dated July 28, 2005), defendants' Exhibit A filed with their September 1, 2005 supplement (copy of DOJ letter dated August 29, 2005); and defendants' Exhibit A filed with their December 16, 2005 supplement (copy of DOJ letter dated December 16, 2005). The Competent Authority has not authorized the release of any further documents that were previously withheld under Section 6105.

Finally, I have noticed that you have been sending letters to me almost daily in which you want me to, among other things, verify facts (*e.g.*, your March 27, 2006 letter) within time deadlines that you set. Please note that I have not responded to most of the letters since I have been focusing on trying to meet the Court's deadlines. You should not take my non-responsiveness to your letters (now and in the future) to mean that I have verified, or agree with, anything set forth therein.

Sincerely yours,

CHARLES M. DUFFY
Trial Attorney
Civil Trial Section, Western Region

1648690.1