IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULINE STONEHILL, Co-executor and Co-special administrator of the Estate of Harry S. Stonehill,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 1:06-cv-0599<br>)<br>)<br>)<br>) |

### DECLARATION OF KRISTA L. PIERSOL

I, Krista L. Piersol, being of legal age and pursuant to the provisions of 28 U.S.C. § 1746, declare and say:

1. I am an attorney in the Internal Revenue Service's Office of Chief Counsel, Office of the Associate Chief Counsel (Procedure and Administration), Office of the Assistant Chief Counsel (Disclosure and Privacy Law), in Washington, D.C. I have held this position since February 2006. The duties of attorneys in this office include assisting the Department of Justice (DOJ) and Offices of the United States Attorneys in defending the Government in litigation brought under the Freedom of Information Act (FOIA), the Privacy Act, and 26 U.S.C. § 7431.

2. Within the course and scope of my duties within the Office of the Assistant Chief Counsel (Disclosure and Privacy Law), I have been assigned to assist the DOJ in connection with the above-captioned litigation. Plaintiff filed suit on March 31, 2006, alleging the Internal Revenue Service (IRS or "Service") wrongfully withheld responsive documents on the basis of FOIA exemption (b)(3) in conjunction with I.R.C. § 6103(a) that were the return information of William Saunders, Sr.

3. Plaintiff filed two FOIA requests, the first dated July 10, 1998 and a renewed request for the same documents dated March 15, 2001. At the time of both requests, plaintiff did not have a properly executed Form 8821 Tax Information Authorization signed by the Estate of William Saunders, Sr. Plaintiff obtained a properly executed consent form and the documentation verifying the identity of the estate's executor on or about February 17, 2006. The consent was submitted to the IRS on or about March 23, 2006.

4. Upon receiving the consent form, I contacted Richard Fultz, Field Service Special Counsel with the office of Associate Chief Counsel (International). Mr. Fultz is currently assisting Charles Duffy, Trial Attorney, Tax Division, DOJ (Western Region) who is the attorney of record in the case pending in Oregon, captioned United States v. Stonehill, 65-cv-0127 (C.D. Cal.). The defendants in this case were originally Harry S. Stonehill ("Stonehill") and Robert P. Brooks ("Brooks"). Currently, the only remaining party to the case is the Estate of Harry S. Stonehill, who is the plaintiff in the instant proceeding.

Mr. Fultz provided me with all the documents relating to William Saunders, Sr., and withheld on the basis of FOIA exemption (b)(3) in conjunction with I.R.C. § 6103(a). (See Fultz Declaration ¶ 7). On June 20, 2006, I provided the documents to Brittney Campbell, Trial Attorney, Tax Division, DOJ (Eastern Region) for release to the plaintiff.

5. On August 11, 2006, plaintiff filed an amended complaint expanding the allegations against the Service. Specifically, plaintiff alleged the IRS was wrongfully withholding the following information:

 a. Documents related to William Saunders, Sr. (Hereinafter referred to as the "Saunders' Documents").

 b. Reel-to-Reel Audio Tapes

 c. Documents responsive to two subsequent FOIA requests dated March 9, 2006, which was received by the IRS on March 23, 2006 and a FOIA request dated April 10, 2006, which was received by the IRS on May 12, 2006. The requests were for the transcript of a 1984 Hawaii District Court hearing and a transcript of the deposition of IRS Special Agent Sterling Powers (hereinafter referred to as "the Transcripts").

 d. Bates Stamped Documents listed in Exhibit A

 e. Unidentified non-Bates Stamped Documents listed in Exhibit A

6. With respect to each I have taken the following courses of action:

 a. <u>The Saunders' Documents</u>

All documents related to William Saunders, Sr., that were previously withheld on the basis of FOIA exemption (b)(3) in conjunction with I.R.C. § 6103 have been released to the plaintiff. Redactions made to the documents were described in my previous declaration filed with the Court on December 4, 2006.

 b. <u>Reel-to-Reel Audio Tapes</u>

I contacted the IRS personnel that handled the original FOIA request. They confirmed that plaintiff requested copies of the audio tapes at the time of the initial FOIA release. Every effort was made at that time

3

to fulfill this request, but there were difficulties obtaining the necessary reel-to-reel audio equipment to listen to the contents of the tapes. Thus, it was necessary to make the tapes into CD's in order to facilitate copying and in order to redact any portions exempt from disclosure.

It is the IRS's understanding that DOJ had the tapes made into CD's at or around the time of plaintiff's request, but plaintiff's request was withdrawn prior to completion. The cost was approximately $6,000 and the IRS has agreed to pro-rate the cost to the cost of the tapes plaintiff actually receives. Plaintiff has been provided with a list of the tapes and their contents.

Plaintiff stated he could have the tapes made for less than $6,000. The IRS agreed to negotiate the cost based on estimates provided by the plaintiff. I researched the issue and found three cost estimates. I spoke with the companies providing the tape-to-CD transfer service and they indicated the price can vary greatly with the quality and quantity of the tapes. The actual price cannot be determined until the transfer is complete.

Plaintiff has failed to provide any estimates to DOJ, therefore, we have been unable to reach an agreement regarding the amount of fees.

c.   <u>The Transcripts and the non-Bates Stamped Documents</u>

The non-Bates Stamped documents have been identified as set out in Exhibit A to the Amended Complaint. Other than the identification

provided in Exhibit A, the IRS has no way to positively ascertain which documents the plaintiff intends and/or where the documents are located within the original boxes. Further, it is unclear if the IRS ever obtained copies of the transcripts. (See Fultz Decl. ¶ 8).

In order to determine if the non-Bates Stamped documents and the transcripts are contained within IRS records, personnel would be required to perform a search of the entire set of boxes.

The IRS has requested plaintiff pay an advance search fee of $5,000 in order to begin searching for the documents. The requested dollar amount is based on two employees working 40 hours per week for approximately four weeks. It originally took 1400 hours to review the documents pursuant to the original FOIA request. While it will not require the same depth of review, it will require someone to review all of the pages contained in the boxes to determine if they match the description plaintiff has provided.

Plaintiff has refused to pay any fees associated with the search for these documents. Therefore personnel have not been allocated to perform the search.

d. <u>Bates Stamped Documents</u>

These documents (approximately 9,714 pages) are documents[1]

---

[1] The term document is merely a term of art; there are over 9,000 separate pieces of paper for which the plaintiff is requesting a <u>Vaughn</u> Index. Each piece of paper may be an individual document (i.e. a one page memorandum) or one page of a multi-page document.

5

which were withheld either in full or in part from the responses to plaintiff's 1998 and 2001 FOIA requests or through discovery in the Stonehill district court litigation. The Bates numbers are those assigned through the litigation. A Vaughn Index has been completed with respect to all of the documents requested in Exhibit A to the Amended Complaint, with the exception of the documents being reviewed by the Central Intelligence Agency (CIA), the documents raising tax treaty implications (See Lew Declaration) and those listed as Box 15-044 through Box 15-047, Box 15-054 through Box 15-063 and Box 15-084 through Box 15-086.

I have reviewed the administrative records created during the processing of the FOIA requests and the privilege logs filed with the district court during discovery in the aforementioned litigation. A thorough explanation of the process and the exemptions claimed in the Vaughn Index follows in the remaining paragraphs.

7. On August 4, 2006, this Court re-issued its previous order requiring the IRS to complete a Vaughn Index for any responsive documents withheld in full or in part in response to plaintiff's FOIA requests. Upon receiving a copy of Exhibit A, I contacted Richard Fultz to verify the location of the documents. The original documents are currently stored at the DOJ, Judiciary Square Building, Washington, DC, for use in the Stonehill litigation. The Bates Stamped documents are documents which have been withheld during discovery in the litigation. The documents are collectively maintained in numbered binders.

Two Chief Counsel paralegals familiar with the documents were assigned to pull the documents from the binders and make copies for my review. I spoke with Ms. Campbell and requested she confirm with plaintiff the exact format plaintiff would find acceptable for the index. Plaintiff provided a desired format and I have drafted the index as closely as possible to the desired format and type of information to be included, as requested.

8. After a thorough review of the documents, I have determined that entire documents or portions thereof are exempt from disclosure based on the following FOIA exemptions: (b)(3) in conjunction with I.R.C. § 6103; (b)(5) on the basis of the Work Product Privilege, the Attorney-Client Privilege and the Deliberative Process Privilege; (b)(7)(D), information revealing the identity of a confidential informant; and (b)(3) in conjunction with Federal Rules of Criminal Procedure Rule 6(e).

9. Exemption (b)(3) is being asserted in conjunction with 26 U.S.C. § 6103, as the basis for withholding certain documents, or portions of documents, that are the actual tax returns of third parties, consist of third party return information in their entirety, those that reference specific third party taxpayers or the investigations/audits thereof for violations of the Internal Revenue Code. FOIA subsection (b)(3) permits the withholding of records that are specifically exempted from disclosure pursuant to a qualifying statute other than the FOIA. I.R.C. § 6103, which sets forth particularized criteria for the disclosure of returns and return information, has been held to be a statute meeting the criteria of FOIA subsection (b)(3). See Church of Scientology v. IRS, 484 U.S. 9 (1987); Chamberlain v. Kurtz, 589 F.2d 827 (5th Cir.), cert. denied, 444 U.S. 842 (1979).

Exemption (b)(3) is being asserted in conjunction with I.R.C. § 6103(a) to withhold the returns and return information of individuals and entities other than the Stonehill.[2] I.R.C. § 6103(b)(2) defines "return information," in pertinent part, as:

> (A) a taxpayer's identity ... or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability [under the Internal Revenue Code] ... .

Accordingly, I withheld the following types of documents and/or information: the actual tax returns and all schedules attached thereto, filed by or on behalf of the third party taxpayer; identifying information of the third party taxpayer consisting of, *inter alia*, the name, address and taxpayer identification number of the third party taxpayer; documents recommending investigation and/or prosecution of the third party taxpayer; all correspondence to and from the third party or the third party's representative; and all documents comprising the investigative and/or audit files of the third party taxpayer.

I.R.C. § 6103(a) provides that returns and return information shall not be disclosed except as authorized by any provision of the Code. No provision of the Code authorizes the release of third party tax returns or return information without the third party's consent to such disclosure consistent with 26 U.S.C. § 6103(c) or without the plaintiff demonstrating a material interest within the meaning of 26 U.S.C. § 6103(e). Plaintiff has not demonstrated a material interest, nor has plaintiff furnished the Service with consents of any third party taxpayers, other than William Saunders, Sr. Accordingly, plaintiff has not demonstrated its entitlement to any third party tax information.

---

2 Plaintiff is entitled to the returns and return information of Brooks pursuant to a Power of Attorney.

10. The Government is also withholding certain information in the documents that are responsive to plaintiff's FOIA request pursuant to subsection (b)(5) of the FOIA. FOIA subsection (b)(5) exempts from disclosure "inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than agency in litigation with the agency." This exemption has been construed to encompass the attorney-client privilege, the work product doctrine, and the deliberative process privilege.

11. The attorney–client privilege has been defined as "confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice." See Mead Data Central Inc. v. United States Dept. of the Air Force, 566 F.2d 242, 252 (D.C. Cir. 1977). The information being withheld based on the attorney-client privilege contains confidential legal advice, and facts necessary to the legal advice, from and/or to Chief Counsel and DOJ attorneys with expertise in legal issues, e.g., the legal ramifications of entering into settlement agreements and prosecuting simultaneous tax court cases having inter-related financial transactions and/or defendants, to their clients. The documents being withheld in whole or in part pursuant to the Attorney-Client Privilege have been more fully described in the document description section of the Vaughn Index submitted to the Court.

12. Pursuant to FOIA subsection (b)(5) and the work product doctrine (labeled as Attorney Work Product in the Vaughn Index), the Government is withholding information that was prepared by Chief Counsel and DOJ attorneys during, and in reasonable anticipation of, various judicial proceedings arising out of

the investigation and subsequent prosecutions of Stonehill, Brooks and numerous third party taxpayers. The information being withheld includes the mental impressions, conclusions, opinions and litigation strategy of Chief Counsel attorneys, DOJ attorneys and the investigators (including Special Agents, Revenue Agents and Revenue Service Representatives) for use in, and in anticipation of, various court proceedings. Even though at the time some of the documents were created, the IRS was not in litigation with the taxpayers involved in these transactions, based on the numerous transactions involving the taxpayers and the financial and punitive ramifications of disallowing the tax benefits associated with these transactions, the agency fully expected many of those taxpayers involved in these transactions would pursue legal challenges if the IRS took adverse action. The documents being withheld in full or in part pursuant to the work product doctrine have been more fully described in the document description section of the <u>Vaughn</u> Index submitted to the Court.

13.    The Government is withholding drafts of documents and other records, either in full or in part, containing advisory opinions and recommendations generated during the course of Chief Counsel and DOJ attorneys' review and consideration of various legal guidance in conjunction with agency positions. Furthermore, to the extent other documents reflect the opinions or recommendations of agency personnel involved in the drafting and review of such guidance, that information is also subject to the protections of the deliberative process privilege. All of the records being withheld pursuant to the deliberative process privilege are pre-decisional. These documents were prepared by components within the agency,

primarily within Chief Counsel, to assist the lead DOJ attorney and tax court attorneys handling the various litigation cases around the country involving Stonehill, Brooks and several third party taxpayers before reaching final decisions on how certain issues would be treated. The withheld information is also deliberative as it contains opinions and/or recommendations reflecting "the give-and-take" of the agency's deliberative processes leading to a decision on issues affecting litigation, including but not limited to, whether to file cases in the tax and district courts and what charges should be brought in companion criminal cases. The disclosure of these documents would expose the decision making processes of the agency, including the Office of Chief Counsel, in such a way as to discourage candid discussion within the agency and undermine its ability to perform its tax administration function. Further, with respect to the final decisions that were made by various executives within the agency regarding the positions that should be taken with respect to the cases, the final decision-makers did not adopt or incorporate the deliberations contained in these withheld documents by reference. Further, to the extent any factual information was so inextricably connected to the deliberative material that its disclosure would cause harm to the agency's deliberations, the information was withheld. Also, when documents contained selective facts upon which analysis, opinions and recommendations were made, such that they too, reflect agency deliberations, those facts were also withheld. Finally, the records withheld under FOIA exemption (b)(5) and the deliberative process privilege were not disclosed outside the agency or the Department of Justice personnel serving as

counsel in the Stonehill litigation and have been more fully described in the Vaughn Index.

14. Based on my review and recommendation, the Service withholds, in whole or in part, documents containing identifying, personal information pursuant to FOIA exemption (b)(7)(D). FOIA exemption (b)(7)(D) provides protection for the withholding of records or information compiled for law enforcement purposes which could reasonably be expected to disclose the identity of a confidential source who furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source.

The IRS asserts FOIA exemption (b)(7)(D) to withhold certain information contained in various memoranda more fully described in the Vaughn Index, which was compiled during the course of the investigation of the Stonehill and Brooks where the information provided on a confidential basis by the interviewee would, necessarily, disclose the identity of the informant. The information provided by the informant was of a financial nature and its limited accessibility to persons other than Stonehill and Brooks would reveal the identity of the informant. Even though the Stonehill is deceased, it is reasonable to believe that disclosure of certain personal and factual information contained in the memoranda would allow the Stonehill's living co-conspirators and/or beneficiaries to identify the informant who provided information against Stonehill and Brooks on a confidential basis, thereby subjecting the witness to possible harm.

Several facts imply the informant expected confidentiality. The informant, at the time of the interview, refused to meet with the agent at the American Embassy and refused to provide further information upon suspecting that Stonehill and/or Brooks and/or third parties were suspicious of his/her activities. Further, the Philippine Government was attempting to deport Stonehill and Brooks for, among other criminal charges, brutally assaulting a witness by the name of Meinhart Spielman, who subsequently disappeared during the deportation proceedings and was presumed dead. Therefore, the Service withholds that information which would tend to disclose the identity of the confidential informant pursuant to FOIA exemption (b)(7)(D).

15. Based upon my review, the Government withholds certain documents as described in the Vaughn Index, either in full or in part, on the basis of FOIA exemption (b)(3) in conjunction with Fed. R. Crim. P. 6(e). Rule 6(e) prohibits the disclosure of grand jury material. Fund for Constitutional Gov't v. National Archives & Records Serv., 656 F.2d 856, 867 (D.C. Cir. 1981). Rule 6(e) has been held to satisfy the criteria set forth in exemption 3 of the FOIA. Fund for Constitutional Gov't v. National Archives & Records Serv., 656 F.2d 856, 867 (D.C. Cir. 1981); Watson v. United States Dept. of Justice, 799 F. Supp. 193, 195 (D.D.C. 1992).

The documents are the transcripts of witness testimony given to the Grand Jury in connection with Stonehill and/or third party taxpayers or contain detailed information, which could only have been derived from Grand Jury subpoenas, gathered during the course of the grand jury investigation of Stonehill and/or a third party taxpayers. Because the documents were prepared during the course of the grand jury proceedings

or investigation of Stonehill and were intended to be used as part of the grand jury proceedings, disclosure would tend to reveal secret aspects of the grand jury's investigation including the identities of witnesses, details of evidence gathered during the course of the investigation, and the strategy and direction of the investigation. Because disclosure of these documents could reasonably be expected to reveal secret aspects of the grand jury investigation and proceedings, I concluded that the documents are appropriately protected from disclosure pursuant to FOIA exemption (b)(3) in conjunction with Fed. R. Crim. P. 6(e).

16. Several documents required coordination and review for additional FOIA exemptions by the IRS, Office of Chief Counsel, Associate Chief Counsel (International), the CIA and the Federal Bureau of Investigation (FBI).

    a. International

It was necessary for International to review all the responsive documents received from a foreign taxing authority pursuant to a tax treaty agreement. Mae Lew, Special Counsel, International has submitted a declaration explaining the withholdings made pursuant to FOIA exemption (b)(3) in conjunction with I.R.C. §§ 6105 and 6103(e)(7). I am not permitted to claim these exemptions pursuant to Delegation Order 11-2 (formerly Delegation Order 156 Rev. 17). Ms. Lew, who is authorized to claim the exemptions, was responsible for contacting the appropriate Competent Taxing Authorities during the discovery process in the Stonehill litigation in order to obtain consent for the documents' release and is familiar with their content. It has come to our attention that certain

documents were not sent to the Competent Authority of the issuing country and in order to comply with the treaty agreement, we need to obtain consent for their release. (See Lew Decl.). Documents requiring review by the US Competent Authority and the tax treaty partner are as follows: Box 28, pages 156, 343 – 348; Box 29, pages 122 – 143; Box 30, pages 162 – 175, 178 – 192, 205 – 207, 216, 222, 236 – 239; Box 31, pages 43, 52, 55, 58, 127 – 129, 155 – 158, 237 – 239; Box 34, pages 89 – 91; Box 35, pages 404 – 412; Box 49, pages 4, 36 - 37, 40, 42 – 44, 51; Box 51, pages 123 - 125, 134; Box 54, page 2209; Box 59, pages 1678 – 1679, 1688 – 1690, 1718, 1721, 1802 – 1803; Box 85, pages 420 – 427, 432 – 440, 480 – 484, 578 – 586; and CC Box 6, page 65.

b.  CIA

Certain responsive documents contained information received from the CIA. The documents were sent to the CIA for redaction/withholding during the FOIA administrative process. At that time, the CIA classified the documents as "Secret" and made redactions prior to their release. I have not seen the redacted information and cannot speak to the claimed exemptions, nor alter them.

The documents were stored in a secure location at the Department of Justice's main office in Washington, DC. In order to access the documents, the individual is required to have secret clearance. Neither I nor my supervisor, Joseph Conley have the required clearance.

Despite plaintiff's previous contention that the documents have already been redacted by the CIA, this is not the case for all the requested documents. Plaintiff has requested bates numbers associated with documents that are purported to be copies of those documents which have already been redacted and released. The copies have not been redacted. As I am not permitted to see the un-redacted documents, I cannot verify if they are copies.

When I spoke with CIA General Counsel, they requested they be permitted to obtain all the documents and redact them for consistency and to prepare a declaration. The following documents were returned to the CIA on January 30, 2007: Chief Counsel Box 2 pages 008-050, 081-104, 106-232, 569-813; Chief Counsel Box 4 page 964; Chief Counsel Box 7 pages 001-021, 152-172; Box 16 pages 79-83; and Box 84 pages 246-249. The IRS has not had an opportunity to review the documents to make a determination if additional exemptions apply.

c.   FBI

Certain responsive documents were created by the FBI. The documents were sent to the FBI for redaction/withholding during the FOIA administrative process. At that time the FBI made redactions pursuant to certain FOIA exemptions that are unknown to this declarant.

In order to provide accurate information with respect to the redactions to the Court and plaintiff, I returned the documents to the FBI on February 28, 2007. It is my understanding that David M. Hardy,

    Section Chief, Record/Information Dissemination Section, Records Management Division will be submitting a declaration on behalf of the FBI and releasing non-exempt documents or portions thereof to the plaintiff. The following documents were submitted to the FBI: Box 7 pages 10627-10657 and Box 59 pages 1433-1435, 1439-1447, 1454-1457. The IRS is not claiming additional exemptions.

17. The <u>Vaughn</u> Index referred to throughout this declaration and hereby incorporated by reference are those documents filed with the Court and labeled Stonehill FOIA.

    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 16th day of March 2007.

_____
Krista L. Piersol
Office of Chief Counsel
1111 Constitution Avenue
Washington, DC 20224