IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAULINE STONEHILL, Co-executor          )
and Co-special administrator of the       )
Estate of Harry S. Stonehill                )
        Plaintiff,                             )
                                                     )
v.                                                   )          No. 1:06-cv-0599
                                                     )
INTERNAL REVENUE SERVICE             )
        Defendant.                            )

## DECLARATION OF RICHARD D. FULTZ

I, Richard D. Fultz, being of legal age and pursuant to the provisions of 28 U.S.C.

§ 1746, declare and say:

     1.    I am an attorney with the office of Associate Chief Counsel (International)

and hold the title of Field Service Special Counsel.  I am currently temporarily holding

the position of Acting Associate Chief Counsel (International) (ACCI) Strategic

International Programs.  In my capacity as Field Service Special Counsel, I provide

legal advice and assistance to the personnel in the area counsel, Examination Division

of the Internal Revenue Service (IRS), Appeals Division and Disclosure Division on

numerous matters, including responding to Freedom of Information Act (FOIA) requests

implicating matters within ACCI's field of expertise.

     2.    As part of my duties, I also provide advice and assistance on the review of

documents in the preparation of responses to FOIA requests and requests for

production of documents in docketed cases, including the assertion of any applicable

privileges that may be asserted on behalf of the United States Government.

     3.    I was assigned to coordinate and review documents responsive to

plaintiff's 1998 and 2001 (identical) FOIA requests.  The requests were for documents

2297906.1

related to the investigations of Harry S. Stonehill and Robert P. Brooks for tax evasion; specifically documents related to <u>United States v. Stonehill</u>, 65-cv-0127 (C.D. Cal.). I was assigned the case due to International's involvement in the investigations which began in the 1960's, and collection of taxes after assessments were made against Messrs. Stonehill and Brooks.

4.      Initially, the IRS was unable to locate responsive documents. A search in May 2001 located eight files of responsive documents. It was decided, and plaintiff agreed, he would be permitted to access the documents, by appointment, in the FOIA reading room at the IRS National Headquarters, Washington, DC. Plaintiff was able to copy documents, as requested, with the assistance of Carol Field, who, at the time, was the IRS Disclosure Officer responsible for this case. Ms. Field has since left that position. It is my understanding that Ms. Field coordinated the appointments and stayed with plaintiff, providing copying services as needed. It is my further understanding that plaintiff accessed the eight files of documents on July 23, 2001, August 6, 2001, August 27, 2001, and October 10, 2001. These files are those referenced as "Chief Counsel."

5.      During this time, the IRS continued to search for responsive documents. In September 2001, 82 boxes of additional documents relating to the investigation of Messrs. Stonehill and Brooks were discovered in a Federal Records Center in Suitland, Maryland.[1] It took several months to review the documents for possible exemptions due to the number of documents, the other agencies required to review their documents contained therein, foreign tax treaty partners that had to agree/disagree with release, the delicacy of the paper and the condition of the boxes and documents. Following the

---

[1] Although the boxes have written markings indicating there were a total of 84, there were only 82 boxes maintained and retrieved from the Federal Records Center.

2297906.1

removal of all exempt documents, it is my understanding that plaintiff was provided access to the 82 boxes on the following dates, again with Ms. Field in attendance providing copying services: November 2, 2001, November 20, 2001, December 14, 2001, January 10, 2002, January 23, 2002, January 28, 2002, February 14, 2002, March 7, 2002, March 28, 2002, May 22, 2002, June 12, 2002, September 27, 2002 and October 2, 2002.

6.      After a review of the 82 boxes, it was determined that a number of them contained no documents that were being withheld as privileged or protected from disclosure under I.R.C. § 6103 (third party taxpayer return information).  Of the 82 boxes that were retrieved from the Federal Records Center, it is my understanding that Plaintiff had access to the following boxes in full: 9, 15, 36-41, 53, 58, 61-72, 74, 76 and 80.  Two of the boxes contained reel-to-reel audio tapes, which plaintiff has requested. It is my understanding that Plaintiff was offered the right to receive copies of either the tapes or transcripts if he paid for the costs of transferring the tapes to CD and/or creating a written transcription, as necessary.  It is my further understanding that Plaintiff refused to pay such costs and the tapes were not copied or transcribed.[2]

7.      A number of documents that were contained in the boxes were returns, and documents that included return information, of third party taxpayers.  The documents, or portions thereof, were withheld under FOIA exemption (b)(3) in conjunction with I.R.C. § 6103.  In the event Mr. Heggestad was able to obtain consents for release from other taxpayers whose information was contained within the files, I devised a system whereby I could track individual taxpayers and the documents

_____

[2] The tapes were not released to Plaintiff due to a concern that they may contain privileged material or material protected from disclosure under I.R.C. § 6103.

2297906.1

referencing their information.  Each third party was assigned a number and the privilege logs were marked with the corresponding page number for each withholding made pursuant to (b)(3) and section 6103.  When plaintiff obtained the Form 8821 Consent from the Estate of William Saunders, Sr., I was able to easily access the information relating to William Saunders, Sr.  I provided all the documents related to William Saunders, Sr., that were withheld on the basis of section 6103 to Krista Piersol, the Chief Counsel (Disclosure and Privacy Law) attorney who is responsible for assisting the Department of Justice (DOJ) in this matter.

8.    By letters dated March 9, 2006 and April 10, 2006, Plaintiff made specific FOIA requests for a hearing transcript dated November 20, 1984 held in the District Court of Hawaii and the deposition transcript of Sterling Powers, former IRS Special Agent.  Both transcripts would have been subject to release pursuant to the 1998 and 2001 requests if they had been contained within the IRS documents.  If these two documents were ever in the possession of the IRS, either in the Chief Counsel files or the 82 boxes, I would not have personally withheld, nor would I have instructed any of the IRS personnel reviewing the documents with me and the disclosure personnel, to withhold such documents during either the processing of the 1998 or 2001 requests.  It is my understanding that the hearing was a public hearing and Chief Counsel may not, as a matter of course, have received a copy of a hearing transcript from DOJ.  The deposition of Mr. Powers was taken by a DOJ attorney and the IRS would not necessarily have been provided a copy of that transcript.  Plaintiff's predecessor attorney, Hans Nathan, was present at Mr. Power's deposition and I assume, based on normal deposition practice, that he would have been provided with a copy of the

2297906.1

transcript at that time.  To the best of my recollection, I do not recall seeing either document contained within the documents that were withheld.  To the best of my knowledge, if either document is contained within the Chief Counsel files or 82 boxes of IRS documents, plaintiff was given full access to and had the ability to copy the same.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this _16th_ day of March 2007.

Richard D. Fultz
Office of Chief Counsel
1111 Constitution Avenue
Washington, DC 20224

2297906.1