IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAULINE STONEHILL, )
Co-Executor and Co-Special )
Administrator of the Estate of )
Harry S. Stonehill )
)
Plaintiff, )
)
v. ) No. 1:06-cv-0599
)
INTERNAL REVENUE SERVICE )
)
Defendant. )

### DECLARATION OF MAE J. LEW

I, Mae J. Lew, being of legal age and pursuant to the provisions of 28 U.S.C. § 1746, declare and say:

1. I am an attorney with the office of Associate Chief Counsel (International) ("ACCI") and hold the title of Special Counsel. In my capacity as Special Counsel, I provide legal advice and assistance to IRS personnel on numerous matters, including responding to Freedom of Information Act (FOIA) requests implicating matters within ACCI's field of expertise.

2. Within the course of my official duties, I was assigned to review documents responsive to plaintiff's 1998 and 2001 FOIA requests that implicated information and/or documents received from various income tax treaty partners of the United States. The requests were for documents related to the Federal income tax investigations of Harry S. Stonehill and Robert P. Brooks; specifically documents related to <u>United States v. Stonehill</u>, 65-cv-0127 (C.D. Cal.). I was assigned the case due to

ACCI's[1] involvement in the investigations which began in the 1960's, and collection of taxes after assessments were made against Messrs. Stonehill and Brooks.

3.  As part of my duties, in or around May 2005, I coordinated with the Department of Justice ("DOJ") to obtain the documents for review. DOJ sent me documents containing information received from a foreign taxing authority. I reviewed the documents in coordination with the office of the U.S. Competent Authority. That office then forwarded the documents to the competent taxing authorities of the following countries and consulted with them in order to determine whether the documents could be disclosed pursuant to the FOIA requests: Canada, Switzerland, Japan, Germany and Australia. A copy of the tax treaty with each of these countries is attached hereto and labeled as Exhibits A-E.

4.  Each of the five tax treaties provides that the information obtained pursuant to the tax treaty is to be treated as confidential or secret under the provisions of the treaty. For treaty language stating that information received by a treaty partner shall be treated as confidential, see Convention Between The United States Of America And Canada With Respect To Taxes On Income And On Capital, Article 27; Convention Between The United States Of America And The Swiss Confederation For The Avoidance Of Double Taxation With Respect To Taxes On Income, Article 16; United States – Japan Income Tax Convention, Article 26; Convention Between The United States Of America And The Federal Republic Of Germany, Article 26; and Convention Between The Government Of The United States Of America And The Government Of

---

[1] The office that was handling the Stonehill case in the early 1960's was the Tax Litigation Division of Chief Counsel. That office was later renamed Associate Chief Counsel (International) (ACCI) in 1986.

2

Australia For The Avoidance Of Double Taxation And The Prevention Of Fiscal Evasion With Respect To Taxes On Income, Article 25.

5. During my review of the documents in 2005, I sorted them in accordance with which country we received the information from. I then reviewed them to determine whether the documents, in fact, contained information received from a treaty partner. With regard to those documents that contained information received from a treaty partner, I coordinated my review with the office of the U.S. Competent Authority. The office of the U.S. Competent Authority forwarded the documents to the relevant treaty partners, depending on which treaty partner we received the information from, and consulted with each of them to determine whether disclosure of the document(s) would impair tax administration.

6. Each of the five countries responded to the U.S. Competent Authority indicating whether or not it had any objections to disclosure of the documents. Once the office of the U.S. Competent Authority received the treaty partners' responses, it sent three memoranda[2] to ACCI, indicating which documents can be released and which documents must be protected from disclosure, based upon the U.S. Competent Authority's consultations with these treaty partners.

7. Once ACCI received the above-described memoranda from the U.S. Competent Authority, I forwarded the memoranda, along with a copy of each of the documents referenced in the memoranda that may be released, to Charles Duffy, Attorney, DOJ Tax Division (Western Region), in late 2005.

---

[2] ACCI received three memoranda from the U.S. Competent Authority. The memorandum dated June 19, 2005, discussed the documents that contained information received from Germany, Australia, Switzerland and Japan. The memoranda dated June 19, 2005 and September 2005 discussed documents that contained information received from Canada.

8.  Pursuant to the present FOIA litigation, the documents were resubmitted to me in early 2007 by Krista Piersol for my review. During my recent review, I reaffirmed that the documents that were previously reviewed by me in 2005 can be either disclosed or should be withheld under the provisions of I.R.C. §§ 6105 and/or 6103(e)(7).

9.  The IRS is withholding certain documents, either in whole or in part, because the documents are exempt from disclosure pursuant to FOIA exemption (b)(3) in conjunction with I.R.C. §§ 6105 and/or 6103(e)(7).

The documents that are being withheld constitute "tax convention information" as defined under I.R.C. § 6105(c)(1). The general rule found in I.R.C. § 6105(a) is that tax convention information cannot be disclosed, unless it falls under one of the exceptions found in I.R.C. § 6105(b).[3] In the instant case, if the Secretary (or his delegate), after consultation with each of our five treaty partners, finds that a treaty partner objects to disclosure of any or all of the documents containing information that it provided to the U.S., our disclosing it would constitute impairment of tax administration in that our relations with that treaty partner will be harmed. In that regard, the IRS is withholding certain documents, either in whole or in part, because a determination has been made by the Secretary (or his delegate) that disclosure of such documents would constitute serious impairment of tax administration. Accordingly, the documents that have been withheld are exempt from disclosure pursuant to FOIA exemption (b)(3) in conjunction with I.R.C. §§ 6105 and/or 6103(e)(7) and have been more fully described in the Vaughn Index submitted to the Court and hereby incorporated by reference.

---

[3] Even if the exception under I.R.C. § 6105(b)(1) applies, and the taxpayer himself may be entitled to the tax convention information, the information would only be disclosed if the Secretary (or his delegate) finds that such disclosure would not seriously impair federal tax administration, in accordance with I.R.C. § 6103(e)(7).

4

I.R.C. § 6105 is a qualifying statute under FOIA Exemption 3. Congress intended I.R.C. § 6105 to be – and it is – a qualifying nondisclosure statute under FOIA Exemption 3. See Tax Analysts v. IRS, 217 F.Supp.2d 23, 26 (D.D.C. 2002) (citing H.R. Conf. Rep. No. 106-1033, at 1012 (2000)); see also, Tax Analysts v. IRS, 152 F.Supp.2d 1, 10 (D.D.C. 2001), aff'd in part, rev'd in part, 294 F.3d 71 (D.C. Cir. 2002).

In addition to I.R.C. § 6105, another basis for the government's (b)(3) claim is I.R.C. §6103(e)(7), which prevents disclosure or inspection of return information if such disclosure would seriously impair Federal tax administration. Section 6103(e)(7) has been held to be a statute meeting the criteria of FOIA exemption (b)(3). See Clarkson v. IRS, 1990 U.S. Dist. LEXIS 6887 (D.S.C. May 10, 1990), aff'd, 935 F.2d 1285 (4th Cir. 1991); Church of Scientology v. IRS, 792 F.2d 146, 149 (D.C. Cir. 1986), aff'd, 484 U.S. 9 (1987); Chamberlain v. Kurtz, 589 F.2d 827, 838-39 (5th Cir. 1979), 444 U.S. 842 (1979); Currie v. IRS, 704 F.2d 523, 531 (11th Cir. 1983). The information withheld is return information that if disclosed would seriously impair Federal tax administration. "Return information" is broadly defined as:

> a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, over assessments, or tax payments, whether the taxpayer's return was, or is being examined, or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition or offense . . ..

26 U.S.C. §6103(b)(2)(A).

Courts have found that disclosure of information that would divulge the scope, direction and strength of the investigation, evidence collected by the government and the reliance placed on such evidence, as well as the identity of potential witnesses or informants is sufficient to exempt disclosure under FOIA exemption three in connection with I.R.C. §6103(e)(7). See Currie v. IRS, 704 F.2d 523, 532 (11th Cir. 1983) (preventing disclosure of documents indicating the scope, direction, and strength of the investigation and other information because it would "effectively thwart the IRS's duty to enforce the revenue laws"); May v. IRS, 92-1 USTC 50,072 (W.D. Mo. 1991). The Fifth Circuit has noted:

> Subsections 6103(c) and (e)(6) [since redesignated as subsection (e)(7)] were designed to avoid the damage to tax collection that would result from the untimely disclosure of the IRS's files, while allowing the taxpayer to gain access to return information after the Secretary has determined that release of this information would not interfere with tax administration.

Chamberlain v. Kurtz, 589 F.2d 827, 841 (5th Cir. 1979). The Secretary (or his delegate) has made the determination that disclosure of information (that a treaty partner has objected to) to the taxpayer would constitute serious impairment of tax administration, under I.R.C. § 6103(e)(7), in that relations with that treaty partner would be harmed.

10.   During my recent review of the documents submitted to me by Ms. Piersol, I came across several documents containing information received from a treaty partner, that were previously not reviewed by me in 2005. With regard to those documents, it is necessary for me to coordinate with the office of the U.S. Competent Authority so that a determination can be made as to whether disclosure of those documents will impair tax administration. Based on the review in 2005, I estimate that the length of time

necessary to complete the consultation process with our treaty partners will take approximately two months.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 19th day of March 2007.

*[signature]*
Mae J. Lew
Office of Chief Counsel
1111 Constitution Avenue
Washington, DC 20224