IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PAULINE STONEHILL, Co-executor and Co-special administrator of the Estate of Harry S. Stonehill, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 1:06-cv-00599 JDB |
| INTERNAL REVENUE SERVICE, | ) ) ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF THE INTERNAL REVENUE SERVICE'S
THIRD MOTION TO EXTEND TIME TO FILE A VAUGHN INDEX AND MOTION
FOR PARTIAL SUMMARY JUDGMENT**

On March 15, 2007, the Service filed a motion to extend time to file a <u>Vaughn</u> index and motion for partial summary judgment with respect to three categories of documents: 1) documents that were sent to the Central Intelligence Agency (the "CIA") for review on or about January 30, 2007 (the "CIA Documents"); 2) documents received from a foreign taxing authority pursuant to a tax treaty agreement that, during its review, the Internal Revenue Service determined had not been sent to the U.S. Competent Authority to be forwarded to the appropriate countries for review("Foreign Tax Treaty Documents"); and 3) documents that were reviewed due to 26 U.S.C. §6105 implications and that are being withheld pursuant to applicable FOIA exemptions but for which the Service has not had an opportunity to create a <u>Vaughn</u> index ("§6105 Documents").

CIA D<small>OCUMENTS</small>

In the course of responding to plaintiff's FOIA request, the Internal Revenue Service determined that some of the responsive documents located in the Service's files contain information originated by the Central Intelligence Agency. Initially, the general belief was that the documents had been classified as "Top Secret." (Piersol Decl. ¶5.) Due to attrition, no one within Disclosure and Privacy Law has that level of clearance at this time. Id. The documents were then determined to be classified as "Secret" as opposed to "Top Secret"; however, the classification of the documents still caused difficulties for the Service in obtaining copies of the documents. (*See* Piersol Decl ¶5.) Neither Krista Piersol, attorney in the Office of Chief Counsel, Internal Revenue Service assigned to this case, nor her manager, Joseph Conely, Office of the Associate Chief Counsel, have the appropriate clearance to review the classified documents without CIA's redactions. Additionally, the Service does not have the authority to release these documents without submitting them to the CIA for its review and redactions, as appropriate. (Piersol Decl. ¶5.) As mandated by Executive Order 12958 section 3.7(b) and in accordance with standard procedures, on January 30, 2007, the Service provided the CIA with the documents for its review. The CIA was informed of the court deadline.

In her opposition to the Service's motion for extension of time, plaintiff alleges that the Service sent *"every"* document at issue to the CIA between April 2, 2004 and

2

April 14, 2006, with the implication being that the CIA has had them since that time. But, based on the attachments to plaintiff's opposition, those documents appear to have been sent by the Department of Justice, not the Service.  Additionally, plaintiff requested control numbered documents that were never sent to the CIA by either the Service or Department of Justice. (Piersol Decl. ¶5.)  It is the Service's understanding that these documents are duplicates that were previously sent; however, because the Service has not been permitted to review the unredacted copies, it cannot confirm this. (Id.)  Furthermore, the fact that some of the documents had been previously sent to the CIA is not relevant for the purposes of this request for extension of time.  The Service was not permitted to merely duplicate the CIA's previous redactions.  The CIA mandated that it make its own redactions to the documents.  It is the Service's understanding that the CIA is re-reviewing all of the previous redactions that it previously made to the documents and is making a determination as to whether to retain or lift the previous redactions.

Because the Service has not received the documents from the CIA, it can not produce the documents to plaintiff, include the documents in the <u>Vaughn</u> index or file a motion for partial summary judgment with respect to these documents.  The CIA's explanation regarding the extraordinary circumstances that have prevented it from complying with the Court's deadline is attached hereto in the declaration of Scott A. Koch, Chief, Public Information Programs Division (PIPD), Information Management

Services (IMS), within the Information Services Center, Directorate of Support, Central Intelligence Agency (CIA).

THE TAX TREATY DOCUMENTS

With respect to the Tax Treaty Documents, the Service only learned last week that certain of the documents that had not been submitted to the US Competent Authority for forwarding to the treaty partners. (Piersol Decl. ¶6.) These documents must be sent to the U.S. Competent Authority and then the appropriate treaty partners for review. (Piersol Decl. ¶6.) This process will take approximately two months. (Id.) Pursuant to 26 U.S.C. §6105, the Service is not permitted to disclose these documents unless the treaty partner has approved their release. For these reasons, the Service can not release these documents to plaintiff at this time.

Plaintiff did not oppose the relief sought with respect to these documents.

§6105 DOCUMENTS

The Service has completed its review of all remaining documents that were potentially subject to 26 U.S.C. §6105. The Service has not been able to complete the Vaughn index or partial motion for summary judgment for these documents; however, it will be able to complete them by Friday, March 23, 2007. Plaintiff did not oppose the relief sought with respect to these documents.

CONCLUSION

The Service respectfully requests that the Court grant its motion for extension of time.


Dated: March 20, 2007

                                         Respectfully submitted,

                                         /s/ Brittney N. Campbell
                                         DAVID M. KATINSKY
                                         BRITTNEY N. CAMPBELL
                                         Trial Attorney, Tax Division
                                         U.S. Department of Justice
                                         P.O. Box 227
                                         Ben Franklin Station
                                         Washington, D.C. 20044
                                         Telephone: (202) 307-6435

OF COUNSEL:

**JEFFREY TAYLOR**
**United States Attorney**

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that service of the foregoing defendant's Statement of Material Facts has been made this 20th day of March, 2007, by mailing, postage prepaid, addressed to:

>JOHN R. GERSTEIN
>ROBERT E. HEGGESTAD
>JONATHAN COHEN
>Ross, Dixon & Bell, LLP
>2001 K Street, N.W.
>Washington, D.C. 20006-1040.


    /s/ Brittney N. Campbell
    BRITTNEY N. CAMPBELL