## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| PAULINE STONEHILL, Co-Executor and Co-Special Administrator of the Estate of Harry S. Stonehill, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:06-CV-00599 |
| INTERNAL REVENUE SERVICE, ET. AL. | ) ) ) ) | |
| Defendants. | ) | |

### DECLARATION OF KRISTA L. PIERSOL

I, Krista L. Piersol, pursuant to the provisions of 28 U.S.C. § 1746(2), declare as follows:

1.    I am an attorney in the Office of Chief Counsel, Internal Revenue Service (Service) and am assigned to the Office of Assistant Chief Counsel (Disclosure & Privacy Law).  I have held this position since February 21, 2006.  Among other duties, Disclosure & Privacy Law attorneys assist the Department of Justice (DOJ) in defending the Service in litigation arising under the Freedom of Information Act (FOIA) (5 U.S.C. § 552) and the Privacy Act (PA) (5 U.S.C. § 552a).  These duties require knowledge of the types of documents created and maintained by the various divisions and functions of the Service, and an understanding of the provisions of the FOIA and the PA which exempt certain types of documents from disclosure in response to a request.

2.    As part of my duties, I was assigned as the attorney to the above-captioned case on April 19, 2006.  I personally directed the search for the Plaintiff's FOIA request,

FOIA Appeal and potentially responsive documents, in order to properly respond to plaintiff's complaint.

3.      On August 14, 2007, I received a copy of Exhibit A which was attached to and part of the Amended Complaint.  I provided this list to two paralegals, Jaqueline Moss and Glenice Sibley, Office of the Associate Chief Counsel (International).  Ms. Moss and Ms. Sibley retrieved the documents from DOJ.

4.      On September 15, 2007, copies of the documents were sent to me from DOJ.  Upon reviewing the list, I noticed that the paralegals had marked "Duffy's Safe" next to some of the numbers and "6105" next to others.  I spoke with Ms. Sibley to determine exactly what was meant by the markings.  She explained that documents marked "Duffy's Safe" were actually documents that had been classified by the Central Intelligence Agency (CIA), and were stored in a secure location at DOJ Headquarters, Washington, DC (hereinafter referred to as the "CIA Documents").  Documents marked "6105 " were those documents that had been withheld pursuant to I.R.C. § 6105 during discovery in the case captioned United States v. Stonehill, 65-cv-0127 (C.D. Cal.) (hereinafter referred to as the "6105 documents").

5.      My first effort with respect to these two groups of documents was to attempt to retrieve the CIA documents.  In the beginning, the general belief was that the documents had been classified as "Top Secret."  Due to attrition, no one within Disclosure and Privacy Law has that level of clearance at this time.  It was presumed that we would have to obtain the documents through DOJ personnel.

Ms. Sibley, upon hearing of the dilemma produced a letter from the CIA written during the FOIA process, stating that the documents had been classified as "Secret." This was sent to DOJ, but failed to expedite the process.

It has been explained to me that while a copy of the documents exists with only redactions made by the CIA, there are multiple copies of the same documents that have not been redacted. Mr. Heggestad has requested the unredacted copies in his amended complaint. I do not have a Secret clearance and I am not permitted to view the documents in their unredacted form. Therefore, I cannot confirm or deny that Mr. Heggestad is requesting duplicates.

I spoke with CIA personnel, who determined it would be necessary to review the documents in their entirety and that the duplicates could not be redacted pursuant to the redactions previously made to the redacted duplicates. CIA personnel met with Charles Duffy, Attorney, DOJ Western Region (Tax) and obtained copies of the documents.

The CIA is currently re-processing the documents in effort to ensure that the previous redactions can be legitimately claimed as exempt under the FOIA. In the interest of interagency cooperation, I am awaiting their completed redactions in order to complete additional redactions by the IRS.

6.    Review of the 6105 documents has been delayed due to an unexpected complication. It was my understanding that all the documents potentially implicating tax convention information had been submitted to Mae Lew, Attorney in the Associate Office of Chief Counsel (International) at the time the documents were processed for discovery in the Stonehill case.

When I began the review process, I immediately became aware there were documents that did not appear to be exempt pursuant to FOIA exemption (b)(3) in conjunction with I.R.C. § 6105.  I spoke with Ms. Lew and requested she provide me a list of documents exempt under section 6105.

I.R.C. § 6105(a) states "tax convention information shall not be disclosed." It is permissible to disclose tax convention information if disclosure would be permissible pursuant to I.R.C. § 6103 and the treaty partner has given written consent to the document's release.  I.R.C. § 6105(b)(3).

When I obtained the list from Ms. Lew, it was immediately apparent that some of the documents previously withheld were not among those listed as being exempt.  In an effort to ensure accuracy and because Ms. Lew would be the declarant responsible for the 6105 documents, I forwarded all the documents to her for a second review.

When Ms. Lew began her review, she determined there were documents that had not been submitted to the US Competent Authority for forwarding to the treaty partners.  She was able to determine this by comparing the Bates Stamped numbers with the written consents provided by the treaty partners.  Additionally, Ms. Lew determined some of the documents that had not previously been submitted were duplicates of documents that were submitted.  Therefore, it was necessary for her to compare all the documents that had not been submitted with those that had been in an effort to avoid sending duplicitous documents to the treaty partners.

Ms. Lew has completed this process and is meeting with the US Competent Authority on March 20, 2007, to determine which of the unsent documents

must be sent to the treaty partners.  It is estimated that the documents will be available for purposes of creating a <u>Vaughn</u> Index or release in approximately two months.

       7.     On March 13, 2007, Ms. Lew returned all of the documents wherein a decision was already made by the treaty partner with respect to their release or withholding to me for subsequent processing and review for other potential FOIA exemptions.  The <u>Vaughn</u> Index for those documents will be ready for submission to the Court on March 23, 2007.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 20th day of March, 2007.

                       /s/ Krista L. Piersol
                       Krista L. Piersol, Attorney
                       Internal Revenue Service
                       Office of Chief Counsel
                       (Disclosure & Privacy Law)
                       1111 Constitution Ave., N.W.
                       Washington, DC  20224