UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAULINE STONEHILL,

 Plaintiff,

 v.

INTERNAL REVENUE SERVICE,

 Defendant.

Civil Action No. 06-0599 (JDB)

## ORDER

  This suit under the Freedom of Information Act ("FOIA") has thus far had little to do with freedom or information. It has instead been dominated by last-minute motions to push court-ordered deadlines farther and farther back. The story began on August 4, 2006, when the Court set a schedule in which defendant's motion for summary judgment was due on December 5, 2006. Dkt. #11 (Order Setting Schedule). On the eve of that deadline, defendant sought a ninety-day extension, up to and including March 5, 2007, to complete its motion for summary judgment and the Vaughn index in support thereof. Dkt. #15. The Court invited plaintiff to respond and, after considering that response and defendant's reply, granted in part this first request for an extension of time. The Court's order gave defendant an additional sixty days, until February 9, 2007, to complete its Vaughn index and file its motion for summary judgment.

  This history repeated itself on the eve of the February 9th deadline, when defendant sought another ninety-day extension, which would have pushed the due date for its summary

judgment motion back to May 2007 - - over five months beyond the original deadline of December 5, 2006.  Dkt. #20.  Not surprisingly, by the time that the Court could sort through defendant's last-minute motion, plaintiff's strenuous opposition, and the exhibits attached thereto, the February 9th deadline had passed.  The Court therefore concluded that it made "little sense" to deny defendant any extension, granted the motion in part, and ordered defendant to submit its Vaughn index and motion for summary judgment by not later than March 19, 2007 - - two weeks beyond the March 5, 2007 deadline that defendant had previously requested.  Dkt. #24 (Order of 2/15/07) at 2-3.

In granting relief, however, the Court noted that it "underst[ood] plaintiff's frustration," and refused to grant the full extension sought by defendant.  A ninety-day delay, the Court explained, was "unacceptable in what is by all accounts a routine, albeit laborious, FOIA case."  Id. at 2.  The Court's order concluded with the following admonition: "But lest there be any doubt: this extension of time marks the end of the line.  No further extensions of time will be granted absent extraordinary circumstances."  Id.

So much for judicial directives, for now it is déjà vu all over again.  March 19th, the deadline for defendant's submissions, was a Monday.  The preceding business day was Friday, March 16th.  At 7:09 p.m. on that Friday evening (according to the district court's Electronic Case Filing System), defendant filed a third motion for an extension of time.  Dkt. #25.  This filing informed the Court that defendant would be able to file - - and would file - - a motion for partial summary judgment, along with a Vaughn index, by the March 19th deadline. (Defendant has since done so.)  At the same time, the filing indicated that defendant had been unable to complete its review of, and preparation of a Vaughn index with respect to, three categories of

documents deemed responsive to plaintiff's FOIA request: 1) certain CIA documents, 2) the Competent Authority documents, and 3) the § 6105 documents. Plaintiff has generously consented to defendant's request for additional time to complete its review of the latter two categories. Accordingly, the Court will grant defendant's request for an extension of time and allow defendant to submit a motion for partial summary judgment with respect to the Competent Authority documents by not later than May 18, 2007, and a motion with respect to the § 6105 documents by not later than March 23, 2007.

But plaintiff still vehemently opposes defendant's request for additional time to complete its review of the CIA documents, which plaintiff says "are the ones that interest [her] most." Dkt. #26 (Pl.'s Opp'n) at 2. These documents, plaintiff argues, have already been reviewed and redacted by the CIA in connection with plaintiff's pending suit in federal district court in California. Hence, there is no reason to delay resolution of this FOIA case while the CIA conducts a review virtually identical to the one that it has already conducted. Plaintiff's position is eminently sensible. Unfortunately, the defendant being the government, things are not quite so simple. An Executive Order requires each agency to which a FOIA request is made to refer a copy of the FOIA request and copies of any responsive documents containing classified material to the agency that originally classified the material. See Exec. Order No. 12,958, § 3.7(b). As redundant as it may seem, therefore, defendant was apparently obligated to refer hundreds of pages of responsive documents to the CIA, which it finally did on January 30, 2007. Dkt. #30 (Def.'s 3/20/2007 Reply) at 2; Dkt. #31 (Koch Decl.) ¶ 10. Consequently, were the Court to deny defendant's motion for an extension of time to seek summary judgment with respect to the CIA documents, it would effectively be compelling defendant to disclose

documents that an Executive Order bars it from disclosing.

Once again, defendant has placed the Court in the uncomfortable position of being <u>forced</u> to grant an extension of time to which, quite frankly, defendant has not shown itself entitled. Indeed, the Court has grave doubts that the circumstances described in defendant's third motion and court-ordered reply are extraordinary. They are instead the perhaps inevitable consequence of a process in which defendant cannot find the resources to meet the prescribed deadlines, but has been able to allocate the necessary effort to file fairly extensive last-minute motions for enlargements of time. What's more, defendant might have avoided this entire mess had it simply informed the Court in its second motion for an extension of time that the documents had been sent to the CIA just a few days earlier. Defendant instead indicated only that "[a]pproximately 600 documents have been sent to the CIA for review and redaction due to a potential compromise of national security." Dkt. #20 (Def.'s Second Motion) at 8.

For these reasons, it is with great reluctance that the Court will grant defendant's third motion for an extension of time to file the remainder of its motion for summary judgment and the corresponding portions of the <u>Vaughn</u> index. But the Court declines to approach this case in the piecemeal fashion defendant advocates. That is to say, plaintiff will be permitted to file its opposition to defendant's motion, as well as its cross-motion, after defendant has submitted all of the separate pieces of its summary judgment motion.

Accordingly, it is this 21st day of March, 2007, hereby

**ORDERED** that defendant's motion for an extension of time to file a <u>Vaughn</u> index and a motion for summary judgment is **GRANTED**; it is further

**ORDERED** that defendant shall submit a motion for partial summary judgment with

respect to the § 6105 documents by not later than March 23, 2007; it is further

**ORDERED** that defendant shall submit a motion for partial summary judgment with respect to the CIA documents by not later than April 23, 2007; it is further

**ORDERED** that defendant shall submit a motion for partial summary judgment with respect to the Competent Authority documents by not later than May 18, 2007; and it is further

**ORDERED** that plaintiff's opposition (and, if desired, a cross-motion for summary judgment) is due by not later than June 8, 2007, with defendant's reply, if any, due by not later than June 22, 2007, and plaintiff's reply in support of its cross-motion, if any, due by not later than June 29, 2007.

**SO ORDERED.**

                                                        /s/    John D. Bates
                                                        JOHN D. BATES
                                              United States District Judge

Dated:   March 21, 2007