IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAULINE STONEHILL, Co-executor )
and Co-special administrator of the )
Estate of Harry S. Stonehill, )
  )
        Plaintiff, )
  )
v. )       NO. 1:06-cv-00599 JDB
  )
INTERNAL REVENUE SERVICE, )
  )
        Defendant. )

INTERNAL REVENUE SERVICE'S SECOND
MOTION FOR PARTIAL SUMMARY JUDGMENT

The Internal Revenue Service, defendant, moves for partial summary judgment.

As grounds for its motion, defendant states that the material facts are not in dispute and

that it is entitled to judgment as a matter of law.  Specifically, defendant states that it

has (1) performed an adequate search for documents responsive to plaintiff's FOIA

request; and (2) with respect to the withheld documents identified on defendant's

Vaughn index, it has withheld only those documents, or portions thereof, authorized by

5 U.S.C. § 552(b).  Accordingly, the Court should dismiss this case.

Attached to this motion as Exhibit 1 is the declaration of Krista Piersol.  Attached

as Exhibit 2 is the declaration of Mae Lew.  A statement of facts, supporting

memorandum of law, and proposed order are also filed with this motion.

DATED:     March 23, 2007.

Respectfully submitted,

/s/ Brittney N. Campbell
DAVID M. KATINSKY
BRITTNEY N. CAMPBELL
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6435

OF COUNSEL:

JEFFREY TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that service of the foregoing defendant's second Motion for

Partial Summary Judgment has been made this 23rd day of March, 2007, by mailing,

postage prepaid, addressed to:

> JOHN R. GERSTEIN
> ROBERT E. HEGGESTAD
> JONATHAN COHEN
> Ross, Dixon & Bell, LLP
> 2001 K Street, N.W.
> Washington, D.C. 20006-1040.

> /s/ Brittney N. Campbell
> BRITTNEY N. CAMPBELL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAULINE STONEHILL, Co-executor    )
and Co-special administrator of the    )
Estate of Harry S. Stonehill,    )
                                  )
            Plaintiff,            )
                                  )
    v.                            )        NO. 1:06-cv-00599 JDB
                                  )
INTERNAL REVENUE SERVICE,         )
                                  )
            Defendant.            )

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF INTERNAL REVENUE SERVICE'S
<u>SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

STATEMENT

The Internal Revenue Service incorporates by reference the facts enumerated in

the Internal Revenue Service's Supplemental Statement of Material Facts Not in

Genuine Dispute ("Supplemental Facts").

SUMMARY OF ARGUMENT

The Court should grant the Internal Revenue Service's second motion for partial

summary judgment here because based upon the material, undisputed facts, the

Service, as a matter of law, has (1) performed an adequate search for documents

responsive to plaintiff's FOIA request; and (2) with respect to the documents referenced

in paragraphs 12, 16, 19 and 24 of the Internal Revenue Service's Supplemental Facts,

withheld only those documents authorized by 5 U.S.C. § 552(b).

4

First, the Service must execute a search reasonably calculated to uncover all relevant documents based upon the four corners of the FOIA request. Here, the Service searched all logical locations suggested by the FOIA request for the exact material requested.

Likewise, the Service's withholdings meet the standards prescribed by the FOIA:

- 5 U.S.C. § 552(b)(3), in conjunction with 26 U.S.C. § 6103(a), authorizes the Service's decision to withhold in part or in full documents that are the actual tax returns of third parties, consist of third party return information in their entirety, and those that reference specific third party taxpayers or the investigations/audits thereof for violations of the Internal Revenue Code. Those provisions also support the withholding of portions of documents which, although they are not themselves tax return information under § 6103(a), contain such information.

- 5 U.S.C. § 552(b)(5), in conjunction with the governmental deliberative process privilege, protects from compelled disclosure drafts of documents and other records, either in full or in part, containing advisory opinions and recommendations generated during the course of Chief Counsel and DOJ attorneys' review and consideration of various legal guidance in conjunction with agency positions. To the extent that other documents reflect the opinions or recommendations of agency personnel involved in the drafting and review of such guidance, that information is also subject

5

to the protections of the deliberative process privilege. Such documents
are both predecisional and deliberative in nature. 5 U.S.C. § 552(b)(5), in
conjunction with the attorney work product also protects from disclosure
other discrete documents prepared by Chief Counsel attorneys which
meet the requirements of these privileges, as well as of 26 U.S.C. § 6103(a).

• Finally, 5 U.S.C. §552(b)(3), in conjunction with 26 U.S.C. §§ 6103(e)(7)
and 6105 supports the withholding of documents that constitute tax
convention information which cannot be disclosed unless the treaty
partner agrees to its disclosure and/or the Secretary determines that the
disclosure would not constitute impairment of tax administration.

## ARGUMENT

Summary judgment is appropriate if there are no genuine issues of material fact
and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c);
Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); *see also* Anderson v. Liberty Lobby,
Inc., 477 U.S. 242, 247-48 (1986); Matsushita Electronics Indus. Co. v. Zenith Radio
Corp., 475 U.S. 574, 586 (1986). Where the nonmoving party bears the burden of proof
on an issue, the movant need not produce evidence showing the absence of a genuine
issue of material fact, but instead the movant may discharge its burden by showing
"that there is an absence of evidence to support the nonmoving party's case." Celotex,
477 U.S. at 325. To rebut the motion for summary judgement, plaintiff must "point to
some facts in the record that demonstrate a genuine issue of material fact and, with all

reasonable inferences made in plaintiffs' favor, could convince a reasonable jury to find

for the plaintiffs." Reese v. Jefferson School District No. 143, 208 F.3d 736, 738 (9th Cir.

2000). Virtually all FOIA cases are resolved via summary judgment. *See* Manna v.

United States Dep't of Justice, 832 F. Supp. 866, 870, aff'd 51 F.3d 1158 (3d Cir. ), cert.

denied, 116 S. Ct. 477 (1995).  Summary judgment may be granted solely on the basis of

agency affidavits if they are "sufficiently detailed and are submitted in good faith."

Manna, 832 F. Supp. at 870.  Here, the pertinent facts are not in dispute and the issues in

this case can be decided as a matter of law.  The Service performed an adequate search

for documents responsive to plaintiff's FOIA request.  The Service is properly

withholding certain information pursuant to FOIA exemptions 3 and 5.

## I.
### THE SERVICE CONDUCTED A REASONABLE SEARCH FOR THE DOCUMENTS

For the reasons set forth in the Service's Motion for Partial Summary Judgment

filed March 19, 2007 (PACER #27), the Service conducted a reasonable search for the

Documents.

## II.
### THE INTERNAL REVENUE SERVICE'S WITHHOLDINGS ARE JUSTIFIED UNDER THE GOVERNING FOIA EXEMPTIONS.

### A.    5 U.S.C. § 552(b)(3) in Conjunction with 26 U.S.C. § 6103(a)

The Service has properly withheld under 5 U.S.C. § 552(b)(3), in conjunction with

26 U.S.C. § 6103(a), certain documents that consist of third party tax return information

in their entirety or portions of documents that reference third party taxpayers as

described in paragraph 6 of Piersol's Declaration and paragraph 16 of the Service's

Supplemental Statement of Material Facts Not in Genuine Dispute (the "Supplemental Facts"). FOIA Exemption 3 allows the withholding of information prohibited from disclosure by another statute under certain circumstances. 5 U.S.C. § 552(b)(3). Under this exemption, if the Court determines that a relevant statute exists and that any of the withheld information is within the statute's coverage, the material must be withheld no matter how unwise or self-protective the statute may be. *See* Fund for Constitutional Gov't v. National Archives & Records Serv., 656 F.2d 856, 868 n.29 (D.C. Cir.1981); Goland v. CIA, 607 F.2d 339, 350 n. 65 (D.C. Cir. 1978) (sole issue for decision is the existence of a relevant statute and the inclusion of withheld material within the statute's coverage).

Section 6103 of Title 26 is an exempting statute within the meaning of exemption 3; thus, documents protected under § 6103 are exempt from disclosure. Long v. United States, 742 F.2d 1173, 1178-79 (9th Cir. 1984) (the basic policy decision in favor of nondisclosure was one made by Congress and because its applicability is limited by "a formula whereby the administrator may determine precisely whether disclosure in any instance would pose the hazard that Congress foresaw"); Lehrfeld v. Richardson, 132 F.3d 1463, 1466 (D.C. Cir. 1998); Tax Analysts v. Internal Revenue Service, 117 F.2d 607, 611 (D.C. Cir. 1997). Section 6103's prohibitions are clear. The section provides that tax returns and return information are to be kept confidential, unless disclosure is permitted by Title 26. Church of Scientology of California v. Internal Revenue Service, 484 U.S. 9 (1987). The term "return information" is broadly defined as follows:

> a taxpayer's identity, the nature, source, or
> amount of his income, payments, receipts,
> deductions, exemptions, credits, assets,
> liabilities, net worth, tax liability, tax withheld,
> deficiencies, overassessments, or tax payments,
> whether the taxpayer's return was, or is being
> examined, or subject to other investigation or
> processing, or any other data, received by,
> recorded by, prepared by, furnished to, or
> collected by the Secretary with respect to a
> return or with respect to the determination of
> the existence, or possible existence of liability
> (or the amount thereof) of any person under
> this title for any tax, penalty, interest, fine,
> forfeiture, or other imposition or offense . . . .

26 U.S.C. § 6103(b)(2)(A).

The Court of Appeals has held that this definition covers "'virtually any information collected by the Internal Revenue Service regarding a person's tax liability.'" Landmark Legal Foundation v. Internal Revenue Service, 267 F.3d 1132, 1135 (D.C. Cir. 2001) (quoting Allan Karnes & Roger Lirely, Striking Back at the Internal Revenue Service:  Using Internal Revenue Code Provisions to Redress Unauthorized Disclosures of Tax Returns or Return Information, 23 Seton Hall L.Rev. 924, 933 (1993)); see also, Lehrfield, 132 F.3d at 1467 (deferring to the Service determination that documents it receives or creates during an initial investigation of an organization seeking tax-exempt status is "return information").  Moreover, in the event the document is received or collected during an investigation of a person's tax liability or a determination of whether such an investigation should be undertaken, the entire document is "return information"; the Service is not free to withhold only taxpayer

9

identifying information and release the remainder.  See Church of Scientology of Cal., 484 U.S. at 12. 17; Landmark Legal Foundation, 267 F.3d at 1137 (withheld return information included not only identities of third persons requesting the Service to investigate tax-exempt status of certain entities but also the contents of the letters they wrote).  Thus, Exemption 3 broadly authorizes the withholding here of information collected or received by Service personnel in the investigation of taxpayers as well as taxpayer identifying information in documents which are not themselves return information.

    The withheld information consists of the actual tax returns and attached schedules filed by or on behalf of the third party taxpayer; identifying information of a third party taxpayer consisting of, *inter alia,* the name, address and taxpayer identification number of the third party taxpayer; documents recommending investigation and/or prosecution of a third party taxpayer; all correspondence to and from a third party or the third party's representative and all documents comprising the investigative and/or audit files of the third party taxpayer.  (Piersol Decl. ¶6).  Thus, the information constitutes tax return information of the third party(ies) as defined in §6103.  The records, therefore, are protected from disclosure by FOIA exemption 3.  *See* DeSalvo v. Internal Revenue Service, 861 F.2d 1217 (10th Cir. 1988).

**B.**    **5 U.S.C. § 552(b)(5)**

The Service has also justifiably claimed protection under FOIA Exemption 5 for

withholding the certain documents, or portions thereof, described in paragraph 7 of the

Piersol  declaration.   Section 552(b)(5) protects from disclosure under the FOIA "inter-

agency or intra-agency memorandums or letters which would not be available by law to

a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).   As the

language suggests, Exemption 5 incorporates those privileges which the government

enjoys in pretrial discovery under relevant statutes and case law.  See United States v.

Weber Aircraft Corp., 465 U.S. 792, 799 (1984); see also, NLRB v. Sears, Roebuck & Co.,

421 U.S. 132, 148 (1975) ("Exemption 5 withholds from a member of the public

documents which a private party could not discover in litigation with the agency.").

Nor are the needs of a particular FOIA plaintiff relevant to whether Exemption 5

applies; only documents "normally" or "routinely" disclosable in civil discovery are

outside Exemption 5.  Martin v. Office of Special Counsel, Merit Systems Protection Bd.,

819 F.2d 1181, 1184 (D.C. Cir. 1987) (citing Sears, Roebuck & Co., 421 U.S. at 149); see

also, Weber Aircraft Corp., 465 U.S. at 799 (test is whether documents "routinely" or

"normally" disclosed upon a showing of relevance).  The Service has justifiably

withheld the documents, or portions thereof, described in paragraphs 8-9 of the Piersol

declaration based upon their protection under two of the three well-established

common law privileges: (1) the attorney work product doctrine; and (2) the

11

governmental deliberative process privilege.   Cf. Tax Analysts v. Internal Revenue

Service, 294 F.3d 71, 76 (D.C. Cir. 2002) (three privileges encompassed in Exemption 5).

        1.     The Attorney Work Product Doctrine

The Service has also properly withheld documents described at paragraph 8 of

the Piersol declaration and paragraph 19 of the Service's Supplemental Facts pursuant

to Exemption 5 and the attorney work product doctrine.  The Supreme Court first

extended protection to attorney work product in Hickman v. Taylor, 329 U.S. 495

(1947).  There, the Court held that a party could not obtain from the opposing party,

without a showing of necessity, written statements obtained by the opposing party's

attorney and the attorney's mental impressions formed in anticipation of litigation.  Id.

at 509-13.  Exemption 5 clearly incorporates the attorney work product doctrine, and

that doctrine includes, at a minimum, memoranda prepared by government attorneys

in anticipation of litigation setting forth the attorney's view of the case and his litigation

strategy.  Sears, Roebuck & Co., 421 U.S. at 154; see also, Tax Analysts v.  Internal

Revenue Service, 152 F.Supp.2d 1 (D.D.C. 2001) (authorizing withholding of Technical

Assistances under Exemption 5 and attorney work product doctrine because they were

prepared in anticipation of litigation), aff'd in part, rev'd in part, 294 F.3d 71 (D.C. Cir.

2002); Delaney, Midgail & Young v. Internal Revenue Service, 826 F.2d 124 (D.C. Cir.

1987) (documents properly withheld even though no litigation actually occurred).

Exemption 5 authorizes withholding regardless of whether the applicable material is

deliberative or factual,  Martin, 819 F.2d at 1185-86, and regardless of whether it

constitutes agency working law.  Tax Analysts v. Internal Revenue Service, 152

F.Supp.2 at 18.

The Service has properly withheld documents here under Exemption 5 and the

attorney work product doctrine.  They are documents prepared by Chief Counsel and

DOJ attorneys during, and in reasonable anticipation of, various judicial proceedings

arising out of the investigation and subsequent prosecutions of Stonehill, Brooks and

numerous third party taxpayers. (Piersol Decl. 8.)  The information being withheld

includes the mental impressions, conclusions, opinions and litigation strategy of Chief

Counsel attorneys, DOJ attorneys and the investigators (including Special Agents,

Revenue Agents and Revenue Service Representatives) for use in, and in anticipation of,

various court proceedings.  (Id.)  Thus, these are clearly exempt under 5 U.S.C. §

552(b)(5) and the attorney work product privilege.

## 2.  The Governmental Deliberative Process Privilege

The Service has justifiably withheld the documents and portions thereof

described at paragraph 9 of the Piersol declaration and paragraph 24 of the Service's

Supplemental Facts, under Exemption 5 in conjunction with the governmental

deliberative process privilege.   Exemption 5 indisputably includes within its ambit

documents falling under the governmental deliberative process privilege.  Sears,

Roebuck & Co., 421 U.S. at 150; EPA v. Mink, 410 U.S. 73, 87 (1973).  The privilege

protects "documents 'reflecting advisory opinions, recommendations and deliberations

comprising part of a process by which governmental decisions and policies are

13

formulated.'" <u>Sears, Roebuck & Co.</u>, 421 U.S. at 150 (*quoting* <u>Carl Zeiss Stiftung v. V.E.B.</u>

<u>Carl Zeisee, Jena</u>, 40 F.R.D. 318, 324 (D.D.C. 1966)).  It also protects other subjective

documents reflecting the author's personal opinions prior to agency adoption of a

policy.  <u>Tax Analysts</u>, 294 F.3d at 80.  Disclosure of such documents could inhibit

"'frank discussion of legal or policy matters'" leading to weaker decisions and policies.

<u>Sears, Roebuck & Co.</u>, 421 U.S. at 150; *see also*, <u>Mink</u>, 470 U.S. at 87; <u>Tax Analysts</u>, 294

F.3d at 80.  In determining whether the governmental deliberative process privilege

protects a particular document, that document must be both predecisional and

deliberative in nature.  <u>Mapother v. Department of Justice</u>, 3 F.3d 1533, 1537 (D.C. Cir.

1993); <u>Judicial Watch, Inc.</u>, 108 F.Supp.2d at 35.

The Service withheld drafts of documents and other records, either in part or in

full, containing advisory opinions and recommendations generated during the course of

Chief Counsel and DOJ attorneys' review and consideration of various legal guidance

in conjunction with agency positions. (Piersol Decl. ¶9.)  Additionally, the Service

withheld documents that reflect the opinions or recommendations of agency personnel

involved in the drafting and review of such guidance.

<u>The Documents Are "Predecisional"</u>

The Service's withholdings here meet the first of the two requirements – that the

documents must be predecisional.  Predecisional means "antecedent to the adoption of

an agency policy."  <u>Jordan v. United States Dep't of Justice</u>, 591 F.2d 753, 774 (D.C. Cir.

1978) (en banc).  Piersol specifically states that "[a]ll of the records being withheld

pursuant to the deliberative process privilege are predecisional." (Piersol Decl. ¶9.) Piersol further elaborates on the preparation of these documents in a manner that makes clear that the documents, in fact, predate the relevant decisions: "These documents were prepared by components within the agency, primarily within Chief Counsel, to assist the lead DOJ attorney and tax court attorneys handling the various litigation cases around the country involving Stonehill, Brooks and several third party taxpayers before reaching final decisions on how certain issues would be treated." (Id.) Thus, there can be no genuine dispute that the withheld documents and portions thereof are predecisional.

The Documents Are "Deliberative in Nature"

The withheld material is also deliberative in nature. The governmental deliberative process privilege does not protect only deliberative – as opposed to factual – communications; it protects from disclosure *all* communications which would expose publicly the agency's deliberative process. Russell v. Department of the Air Force, 682 F.2d 1045, 1048 (D.C. Cir. 1982); *see also*, Dudman Comm. Corp. v. Department of the Air Force, 815 F.2d 1565, 1568 (D.C. Cir. 1987) (asking whether disclosure would expose agency decisionmaking process and discourage candid discussion); Hamilton Securities Group, Inc. v. Department of Housing and Urban Dev., 106 F.Supp.2d 23, 31 (D.D.C. 2000) (same), aff'd, 2001 WL 238162 (D.C. Cir. Feb. 23, 2001). The withheld information contains opinions and/or recommendations reflecting the "give-and-take" of the agency's deliberative processes prior to the issuance of final guidance. Cf. Hamilton

Securities Group, Inc., 106 F.Supp.2d at 31.  As Piersol sets forth in her declaration, the

withheld information contains opinions and/or recommendations reflecting the "give-

and-take" of the agency's deliberative processes leading to a decision on issues affecting

litigation, including but not limited to, whether to file cases in the tax and district courts

and what charges should be brought in companion criminal cases. (Piersol Decl. ¶9.)

Moreover, the potential for the public seeing the changes made from the draft version

of a document to the final version would "stifle the creative thinking and candid

exchange of ideas ..." Dudman Comm. Corp., 815 F.2d at 1569 (draft manuscript of

history of Air Force in Vietnam between 1961 and 1964 properly withheld); see also,

Russell, supra (draft of Air Force historical document on use of herbicides in the

Vietnam War, including factual summaries, properly withheld).  Disclosure of the

withheld information would expose the decision-making processes of the agency,

including the Office of Chief Counsel, would discourage candid discussion within the

agency. (Piersol Decl. ¶9.)  Additionally, with respect to the final decisions that were

made by various executives within the agency regarding the positions that should be

taken with respect to the cases, the final decision-makers did not adopt or incorporate

the deliberations contained in these withheld documents.(Id.)

     To the extent any factual information was so inextricably connected to the

deliberative material that its disclosure would cause harm to the agency's deliberations,

the information was withheld. (Id.)  Also, when documents contained selective facts

upon which analysis, opinions and recommendations were made, such that they too,

16

reflect agency deliberations, those facts were withheld. (Id.)  Finally, the records

withheld under FOIA exemption (b)(5) and the deliberative process privilege were not

disclosed outside the agency or the Department of Justice personnel serving as counsel

in the Stonehill litigation.  (Id.)  Accordingly, the documents described in the Piersol

declaration and the Service's Supplemental Facts are deliberative in nature and

properly withheld.

### C. Exemption 3 and 26 U.S.C. § 6105 and 6103(e)(7)

The Service has properly withheld, pursuant to Exemption 3 and 26 U.S.C. §§

6103(e)(7) and 6105, the information described in paragraph 12 of the Service's

Supplemental Facts.  This information was received from the following five foreign

taxing authorities: Canada, Switzerland, Japan, Germany, and Australia. (Lew Decl. ¶3.)

Each of the five tax treaties provides that the information obtained pursuant to the tax

treaty is to be treated as confidential or secret under the treaty. (Lew Decl. ¶4.)

26 U.S.C. § 6105(a) generally proscribes the disclosure of tax convention

information, including information exchanged pursuant to a tax convention which is

treated as confidential or secret under the convention.  Congress intended this to be –

and it is – a qualifying nondisclosure statute under Exemption 3.  *See* Tax Analysts v.

Internal Revenue Service, 217 F.Supp.2d 23, 26 (D.D.C. 2002) (citing H.R. Conf. Rep. No.

106-1033, at 1012 (2000)); *see also*, Tax Analysts v. Internal Revenue Service, 152

F.Supp.2d 1, 10 (D.D.C. 2001), aff'd in part, rev'd in part, 294 F.3d 71 (D.C. Cir. 2002).

17

The withheld information clearly fits within the definition of "tax convention information."  26 U.S.C. § 6105(c)(1)(E) includes in the definition of tax convention information "information exchanged pursuant to a tax convention which is treated as confidential or secret under the tax convention." *See also* Joint Committee on Taxation, General Explanation of Tax Legislation Enacted in the 106th Congress (JCS-2-01), at 147 (April 19, 2001) ("The Congress intends that tax convention information include documents and any other information that reflects tax convention information."); *see also*, Tax Analysts, supra (holding that information in internal The Service Technical Assistance memoranda which was received pursuant to a tax convention was itself "tax convention information").   Because the information that is being withheld constitutes "tax convention information" as defined under 26 U.S.C. §6105(c)(1),  it is exempt from disclosure.(Lew Decl. ¶8.)

As set forth above, 26 U.S.C. §6103 is an exempting statute within the meaning of exemption 3.   Congress has provided in 26 U.S.C. § 6103(a) that tax return information generally may not be disclosed.  It further provided in 26 U.S.C. § 6103(e)(7) that a taxpayer may inspect his or her own tax return information only if the Secretary of the Treasury or his delegate determines that such disclosure would not seriously impair Federal tax administration.   If the Secretary's delegate has determined the opposite – that disclosure would seriously impair tax administration – Congress has statutorily provided that the return information may not be disclosed. *See e.g.* McQueen v. United States, 264 F. Supp. 2d 502, 516 (S.D. Tex 2003); Gibbs Int'l, Inc. v. Internal Revenue

Service, No. 7:96-996-13, slip op. at 1 (D.S.C. 1996)(stating "disclosure of the documents

would chill future cooperation with foreign government treaty partners"); Church of

Scientology v. Internal Revenue Service, 1991 U.S. Dist. LEXIS 3008, at *3 (C.D.Cal.

1991)(concluding that release of documents referring to information obtainable under

various treaties would chill future cooperation of foreign governments and tax-treaty

partners.")

  If the Secretary (or his delegate), after consultation with each of the five treaty

partners, finds that a treaty partner objects to disclosure of any or all of the documents

containing information that it provided to the United States, then the disclosure of that

information would constitute serious impairment of tax administration. (Lew Decl. ¶8.)

In that regard, the Internal Revenue Service is withholding certain documents, either in

whole or in part, because a determination has been made by the Secretary (or his

delegate) that disclosure of such documents would constitute serious impairment of tax

administration. (Id.)  Accordingly, the documents described in paragraph 12 of the

Service's Supplemental Facts and more particularly described in the Vaughn index,

have been properly withheld pursuant to FOIA exemption (b)(3) in conjunction with 26

U.S.C. §§ 6103 and 6105.

CONCLUSION

  For the reasons stated above, the Service's search was adequate, and its

withholdings justified.  Accordingly, based upon the undisputed facts, the Service is

entitled to judgment as a matter of law.  The Service therefore respectfully requests that

19

this Court grant its partial motion for summary judgment and dismiss this action with

prejudice.

Dated: March 23, 2007.

                                        Respectfully submitted,

                                        /s/ Brittney N. Campbell
                                        DAVID M. KATINSKY
                                        BRITTNEY N. CAMPBELL
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        P.O. Box 227
                                        Ben Franklin Station
                                        Washington, D.C. 20044
                                        Telephone: (202) 307-6435

OF COUNSEL:

JEFFREY TAYLOR
United States Attorney

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that service of the foregoing defendant's Memorandum in Support of Second Motion for Partial Summary Judgment has been made this 23rd day of March, 2007, by mailing, postage prepaid, addressed to:

> JOHN R. GERSTEIN
> ROBERT E. HEGGESTAD
> JONATHAN COHEN
> Ross, Dixon & Bell, LLP
> 2001 K Street, N.W.
> Washington, D.C. 20006-1040.

> /s/ Brittney N. Campbell
> BRITTNEY N. CAMPBELL