IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULINE STONEHILL, Co-executor and Co-special administrator of the Estate of Harry S. Stonehill, <br><br> Plaintiff, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> NO. 1:06-cv-00599 JDB |

**INTERNAL REVENUE SERVICE'S FIRST SUPPLEMENTAL STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

The Internal Revenue Service herein incorporates by reference the facts set forth in paragraphs one through 54 of the Internal Revenue Service's Statement of Material Facts Not in Genuine Dispute filed on March 19, 2007 (the "Statement of Facts"). (PACER #29.) Further, the Internal Revenue Service supplements its Statement of Facts and, pursuant to L.Civ.R. 7.1(h) and 56.1, asserts that the following additional facts are not in genuine dispute:

1. On March 19, 2007, the Internal Revenue Service (the "Service") filed a partial Vaughn index and a motion for partial summary judgment. (PACER #27 & #28.)

2. As of March 19, 2007, the Internal Revenue Service had not yet completed the Vaughn index with respect to various documents, including certain documents

that potentially implicated information and/or documents received from a Tax Convention Treaty Partner ("Treaty Partner") (Piersol Decl. ¶4.)

3. The search for these documents is identical to the search for the documents described in paragraphs seven through 10 of the Service's Statement of Facts.

4. During the Service's review of the documents responsive to plaintiff's FOIA request, the Service determined that some of the responsive material was information and/or documents that had been exchanged with the following countries: Canada, Germany, Japan, Australia and Switzerland. (Piersol Decl. ¶3.)

5. Piersol forwarded these documents to Mae Lew, attorney with the office of Associate Chief Counsel (International)("ACCI") for her review. (Lew Decl. ¶8.)

6. Mae Lew is a Special Counsel with the office of Associate Chief Counsel (International) ("ACCI") International. In her capacity as Special Counsel, Lew provides legal advice and assistance to Internal Revenue Service personnel on numerous matters, including responding to Freedom of Information Act (FOIA) requests implicating matters within ACCI's field of expertise. (Lew Decl. ¶1.)

7. During her recent review, Lew reaffirmed that she had previously reviewed the documents in 2005 and made a determination that they could either be disclosed or withheld under the provisions of 26 U.S.C. §6105 and/or §6103(e)(7). (Lew Decl. ¶8.)

8. In the course of her review, Lew discovered that some of the documents involving tax convention information had never been submitted to the US

Competent Authority's Office for forwarding to the Treaty Partners for their review. (Piersol Decl. ¶4); (Lew Decl. ¶10.) The documents that Lew determined had not been previously reviewed were given to the US Competent Authority's office on March 20, 2007 and they are to be forwarded immediately to Australia, Canada and Japan for their review.(Piersol Decl. ¶4.) This includes the following control numbered documents:

> <u>Australia</u>: Box 31-043, Box 31-052, Box 31-055, Box 31-058, Box 31-155, Box 31-156, Box 31-237 through Box 31-239, and Box 34-089 through Box 34-091;
>
> <u>Canada</u>: Box 30-167, Box 30-168, Box 30-170 through Box 30-175, Box 30-205 through Box 30-207, Box 30-222, Box 30-236 through Box 30-239, Box 35-404 through Box 35-412, Box 51-123, Box 51-134, Box 59-1688 through Box 59-1690, Box 59-1718, Box 85-420 through Box 85-427, Box 85-432 through Box 85-440, Box 85-480 through Box 85-484, Box 85-578 through Box 85-586; and
>
> <u>Japan</u>: Box 49-040, Box 49-042 through Box 49-044, Box 49-051, Box 49-036 and Box 49-037.

9.  The Service has reviewed the remainder of the documents (the "Documents"), and has determined that entire documents or portions of documents are exempt from disclosure based on the following FOIA exemptions: 5 U.S.C. §552(b)(3) in conjunction with 26 U.S.C. §6103 and 26 U.S.C. §6105; and 5 U.S.C. §552(b)(5) on the basis of the Work Product Privilege and the Deliberative Process Privilege. (Piersol Decl. ¶5); (Lew Decl. ¶9.)

EXEMPTION (b)(3) IN CONJUNCTION WITH 26 U.S.C. §§ 6105 and 6103(e)(7)

10. The Service is withholding certain documents that constitute "tax convention information" as defined under 26 U.S.C. § 6105(c)(1). In the instant case, the Secretary (or his delegate) has determined that, after consultation with each of the United States' five Treaty Partners, if the Treaty Partner objects to disclosure of any or all of the documents, then the disclosure would constitute impairment of tax administration in that the United States' relations with that Treaty Partner will be harmed. (Lew Decl. ¶9.)

11. In addition to 26 U.S.C. § 6105, another basis for the government's (b)(3) claim is 26 U.S.C. §6103(e)(7), which prevents disclosure or inspection of return information if such disclosure would seriously impair Federal tax administration. The Secretary (or his delegate) has made the determination that disclosure of information (that a treaty partner has objected to) to the taxpayer would constitute serious impairment of tax administration, under 26 U.S.C. § 6103(e)(7), in that relations with that Treaty Partner would be harmed. (Lew Decl. ¶9.)

12. The Service is withholding certain documents, either in whole or in part, because a determination has been made by the Secretary (or his delegate) that disclosure of such documents would constitute serious impairment of tax administration. Accordingly, the following documents, as more fully described in the Vaughn index, have been withheld as exempt from disclosure pursuant to FOIA exemption (b)(3) in conjunction with 26 U.S.C. §§ 6105 and 6103(e)(7):

>CCBox 6- 0079, Box 28- 135, Box 28- 330, Box 28- 346, Box 29- 110-121, Box 30- 0162, Box 30- 0176-0177, Box 30- 0196-0198, Box 30- 0202-0204, Box 30- 0209-0210, Box 30- 0212-0215, Box 30- 0217-0218, Box 30- 0231, Box 30- 0233-0234, Box 30- 0240-0241, Box 30- 0243-0244, Box 30- 0246-0247, Box 30- 0746-0749, Box 34- 0084, Box 34- 0092-0093, Box 35- 0384-0389, Box 35- 0393-0397, Box 35- 0400-0403, Box 35- 0413, Box 35- 0419-0422, Box 35- 0426-0427, Box 35- 0431-0432, Box 49- 0039, Box 51- 0124-0125, Box 54- 1812, Box 54- 1885, Box 54- 2486-2488, Box 54- 2492, Box 54- 2503, Box 54- 2511, Box 54- 2520-2522, Box 54- 2526, Box 59- 1678-1679, Box 59- 1719, Box 59- 1721, Box 59- 1801-1803, Box 84- 197-200, Box 84- 202-203, Box 84- 216-221, Box 84- 231, Box 84- 234, Box 84- 242, Box 84- 424-430, Box 84- 0456-0462, Box 84- 0465, Box 84- 0478-0481, Box 84- 0483-0484, Box 84- 0487, Box 84- 0585, Box 85- 0177, Box 85- 0417-0419, Box 85- 0428-0431, Box 85- 0460-0463, Box 85- 0476-0479, Box 85- 0566-0570, Box 85- 0574-0577, Box 85- 0587-0592, Box 85- 0594, Box 85- 0596, Box 85- 0598-0600, Box 85- 0603-0619, Box 85- 0621-0635, Box 85- 0637-0642, Box 85- 0644-0660.

## EXEMPTION 3 IN CONJUNCTION WITH §6103(a)

13.     Exemption (b)(3) is being asserted in conjunction with 26 U.S.C. § 6103, as the basis for withholding certain documents, or portions of documents, that are the actual tax returns of third parties, consist of third party return information in their entirety, those that reference specific third party taxpayers or the investigations/audits thereof for violations of the Internal Revenue Code. (Piersol Decl. ¶9.)

14.  Exemption (b)(3) is being asserted in conjunction with 26 U.S.C. §6103(a) to withhold the returns and return information of individuals and entities other than

Stonehill and Brooks.[1] (Piersol Decl. ¶6.) The Internal Revenue Service is withholding the following types of documents and/or information: the actual tax returns and all schedules attached thereto, filed by or on behalf of the third party taxpayer; identifying information of the third party taxpayer consisting of, *inter alia*, the name, address and taxpayer identification number of the third party taxpayer; documents recommending investigation and/or prosecution of the third party taxpayer; all correspondence to and from the third party or the third party's representative; and all documents comprising the investigative and/or audit files of the third party taxpayer. (Piersol Decl. ¶6.)

15. Plaintiff has not demonstrated a material interest, nor has plaintiff furnished the Service with consents of any third party taxpayers, other than William Saunders, Sr. Accordingly, plaintiff has not demonstrated its entitlement to any third party tax information. (Piersol Decl. ¶6.)

16. The following documents have been withheld, in full or in part, pursuant to Exemption b(3) in conjunction with 26 U.S.C. §6103 and have been more fully described in the document description section of the <u>Vaughn</u> Index submitted to the Court:

> Box 34- 0092-0093 Box 85-640 through Box 85-642 Box 85-635 Box 30-746 Box 30-747 through Box 43-749 (Duplicates) Box 84-480 & Box 84-481, Box 84-478 & Box 84-479 (Duplicate), Box 59-1678 & Box 59-1679 (Duplicate), Box 84-198 & Box 84-199 Box 59-1802 & Box

---

[1] Plaintiff is entitled to the returns and return information of Brooks pursuant to a Power of Attorney.

59-1803 (Duplicate) Box 85-569 & Box 85-570 Box 35-400 through Box 35-403 Box 85-476 through Box 85-479 (Duplicate) Box 85-574 through Box 85-577 (Duplicate) Box 35-413 Box 35-431 & Box 35-432 Box 85- 460 & Box 85-461 (Duplicate) Box 35-387 Box 85-598 (Duplicate) Box 85-590 Box 30-176 (Duplicate) Box 84-242 Box 85-606 & Box 85-607 Box 85-608 through Box 85-611 (Duplicates) Box 84-231 Box 85-660 Box 85-566 Box 85-567 & Box 85-568 Box 85-594 Box 85-599 & Box 85-600 Box 84-424 through Box 84-425 Box 85-625 through Box 85-628 (Duplicates) Box 84-426 Box 84-427, Box 85-629 & Box 85-630 (Duplicates) Box 84-428 Box 84-631 (Duplicate) Box 84-429 & Box 84-430 Box 85-632 & Box 85-633 (Duplicate) Box 85-585  Box 85-621 & Box 85-622 Box 85-623 & Box 85-624 (Duplicate)Box 84-202 (Duplicate of 1st Page)Box 85-634 Box 35-419 & Box 35-420 Box 35-421 & Box 35-422 (Duplicate) Box 84-460 through Box 84-462Box 84-457 through Box 84-459 (Duplicate) Box 30-246 Box 30-247 Box 85-654 & Box 85-655 Box 85-658 & Box 85-659 (Duplicate) Box 30-217 & Box 30-218 (Duplicate) Box 84-483Box 84-484 (Duplicate) Box 85-653 Box 85-656 & Box 85-657 (Duplicate)Box 30-240 Box 30-241 (Duplicate) Box 30-203 & Box 30-204 Box 30-243 & Box 30-244 (Duplicate) Box 35-388 & Box 35-389 (Duplicate) Box 85-647 through Box 85-650 (Duplicates) Box 85-644 Box 85-651 & Box 85-652 (Duplicates) Box 59-1801  Box 84-197 (Duplicate)Box 85-645 Box 85-646 (Duplicate) Box 30-214 Box 30-215 (Duplicate) Box 84-200 Box 85-596, Box 30-233, Box 30-234, Box 35-393 (Duplicates) Box 84-456 Box 59-1719 (Duplicate)Box 30-202 Box 85-592, Box 35-386, Box 35-394 (Duplicates) Box 35-426 & Box 35-427 Box 85-462 & Box 85 -463 (Duplicate) Box 84-217 & Box 84-218 Box 84-216 Box 30-231 (Duplicate) Box 34-079 through Box 34-081 (Rough Draft) Box 84-589 & Box 84-590Box 84-591 & Box 84-592 (Duplicate)Box 52-036 & Box 52-037 (Affidavits) Box 84-447 Box 52-029 & Box 52-030(Affidavits) Box 34-068 through Box 34-071 Box 84-211 through Box 84-214 (Duplicate) Box 54-2497 & Box 54-2498 Box 54-2497 & Box 54-2498 Box 85-292 Box 85-459 Box 84-0492 through Box 84-0494Box 84-0451 & Box 84-0452 Box 84-0454 & Box 84-0455 Box 84-229 & Box 84-230 (Duplicate)Box 34-0095 through Box 34-0101Box 54-2528 Box28-343 & Box 28-344

Box28-345 through Box28-348 Box 54-1925 & Box 54-1926.

EXEMPTION (b)(5)

17. The Government is also withholding certain information in the Documents that is responsive to plaintiff's FOIA request pursuant to subsection (b)(5) of the FOIA. (Piersol Decl. ¶17.)

WORK PRODUCT DOCTRINE

18. Pursuant to FOIA subsection (b)(5) and the work product doctrine (labeled as Attorney Work Product in the Vaughn index), the Service is withholding information that was prepared by Chief Counsel and DOJ attorneys during, and in reasonable anticipation of, various judicial proceedings arising out of the investigation and subsequent prosecutions of Stonehill, Brooks and numerous third party taxpayers. The information being withheld includes the mental impressions, conclusions, opinions and litigation strategy of Chief Counsel attorneys, DOJ attorneys and the investigators (including Special Agents, Revenue Agents and Revenue Service Representatives) for use in, and in anticipation of, various court proceedings. Even though at the time some of the documents were created, the Service was not in litigation with the taxpayers involved in these transactions, based on the numerous transactions involving the taxpayers and the financial and punitive ramifications of disallowing the tax benefits associated with these transactions, the agency fully expected many of those taxpayers involved in these transactions would pursue legal challenges if the Service took adverse action. (Piersol Decl. ¶8.)

19. The following documents are being withheld in whole or in part pursuant to the Work Product Doctrine and have been more fully described in the document description section of the <u>Vaughn</u> Index submitted to the Court:

>Box 54- 2486-2488, Box 54- 2492, Box 54- 2503, Box 54-2511, Box 54- 2520-2522, Box 54- 2526, Box 49-039 Box 54-1812  Box 85-0428 through Box 85-0431,Box 30-0209 & Box 30-210, Box 35-396 & Box 35-397 (Duplicate), Box 85-0588 & Box 85-0589 (Duplicate) Box 85-0417 & Box 85-0418 (Duplicate) Box 85-0591, Box 85-0177 (Duplicate) Box 84-220 & Box 84-221, Box 85-604 & Box 85-605 (Duplicate), Box 30-212 & Box 30-213 (Duplicate), Box 30-197 & Box 30-198(Duplicate), Box 35-0384 & Box 35-0385 (Duplicate),Box 85-612 through Box 85-615, Box 85-616 through Box 85-619 (Duplicate) Box 85-640 through Box 85-642, Box 85-635, Box 30-746 Box 30-747 through Box 43-749 (Duplicates) Box 84-480 & Box 84-481, Box 84-478 & Box 84-479 (Duplicate), Box 59-1678 & Box 59-1679 (Duplicate), Box 84-198 & Box 84-199Box 59-1802 & Box 59-1803 (Duplicate) Box 85-569 & Box 85-570 Box 35-400 through Box 35-403 Box 85-476 through Box 85-479 (Duplicate) Box 85-574 through Box 85-577 (Duplicate) Box 35-413 Box 35-431 & Box 35-432 Box 85- 460 & Box 85-461 (Duplicate) Box 35-387 Box 85-598 (Duplicate) Box 85-590 Box 30-176 (Duplicate) Box 84-242 Box 85-606 & Box 85-607 Box 85-608 through Box 85-611 (Duplicates) Box 84-231 Box 85-621 & Box 85-622 Box 85-623 & Box 85-624 (Duplicate)Box 84-202 (Duplicate of 1st Page)Box 85-634 Box 35-419 & Box 35-420 Box 35-421 & Box 35-422 (Duplicate) Box 84-460 through Box 84-462Box 84-457 through Box 84-459 (Duplicate) Box 30-246 Box 30-247 Box 85-654 & Box 85-655 Box 85-658 & Box 85-659 (Duplicate) Box 30-217 & Box 30-218 (Duplicate) Box 84-483Box 84-484 (Duplicate) Box 85-653 Box 85-656 & Box 85-657 (Duplicate)Box 30-240 Box 30-241 (Duplicate) Box 30-203 & Box 30-204 Box 30-243 & Box 30-244 (Duplicate)Box 35-388 & Box 35-389 (Duplicate) Box 85-647 through Box 85-650 (Duplicates) Box 85-644 Box 85-

651 & Box 85-652 (Duplicates) Box 59-1801  Box 84-197 (Duplicate)Box 85-645 Box 85-646 (Duplicate) Box 30-214 Box 30-215 (Duplicate) Box 84-200 Box 85-596, Box 30-233, Box 30-234, Box 35-393 (Duplicates) Box 84-456 Box 59-1719 (Duplicate)Box 30-202 Box 85-592, Box 35-386, Box 35-394 (Duplicates) Box 35-426 & Box 35-427 Box 85-462 & Box 85 -463 (Duplicate) Box 84-217 & Box 84-218 Box 84-216 Box 30-231 (Duplicate) Box 54-1925 & Box 54-1926Box 84-313 Box 84-223 & Box 84-224 Box 84-222 Box 54-1804 (Duplicate) Box 84-215 Box 34-067 Box 34-067A (Duplicate) Box 34-065 & Box 34-066 Box 34-075 & Box 34-076 (Duplicate) Box 84-210 Box 34-079 through Box 34-081 (Rough Draft) Box 84-589 & Box 84-590Box 84-591 & Box 84-592 (Duplicate)Box 52-036 & Box 52-037 (Affidavits) Box 84-447 Box 52-029 & Box 52-030(Affidavits) Box 34-068 through Box 34-071 Box 84-211 through Box 84-214 (Duplicate) Box 54-2497 & Box 54-2498 Box 54-2497 & Box 54-2498 Box 85-292 Box 85-459 Box 84-0492 through Box 84-0494Box 84-0451 & Box 84-0452Box 84-0454 & Box 84-0455 Box 84-229 & Box 84-230 (Duplicate)Box 34-0095 through Box 34-0101Box34-0063 through Box34-0064Box84-0204 through Box84-0209 Box84-0227 Box84-0226 Box54-2461 through Box54-2464 Box 54-2465 through Box54-2468 Box50-188Box28-343 & Box 28-344Box28-345 through Box28-348.

## DELIBERATIVE PROCESS PRIVILEGE

20.     The Service is withholding drafts of documents and other records, either in full or in part, containing advisory opinions and recommendations generated during the course of Chief Counsel and DOJ attorneys' review and consideration of various legal guidance in conjunction with agency positions. Furthermore, to the extent other documents reflect the opinions or recommendations of agency personnel involved in the drafting and review of such guidance, that information is also subject to the protections of the deliberative

process privilege.  (Piersol Decl. ¶9.)

21. All of the records being withheld pursuant to the deliberative process privilege are pre-decisional.  These documents were prepared by components within the agency, primarily within Chief Counsel, to assist the lead DOJ attorney and tax court attorneys handling the various litigation cases around the country involving Stonehill, Brooks and several third party taxpayers before reaching final decisions on how certain issues would be treated.  The withheld information is also deliberative as it contains opinions and/or recommendations reflecting "the give-and-take" of the agency's deliberative processes leading to a decision on issues affecting litigation, including but not limited to, whether to file cases in the tax and district courts and what charges should be brought in companion criminal cases.  The disclosure of these documents would expose the decision making processes of the agency, including the Office of Chief Counsel, in such a way as to discourage candid discussion within the agency and undermine its ability to perform its tax administration function.  Further, with respect to the final decisions that were made by various executives within the agency regarding the positions that should be taken with respect to the cases, the final decision-makers did not adopt or incorporate the deliberations contained in these withheld documents by reference.  (Piersol Decl. ¶9.)

22. Further, to the extent any factual information was so inextricably connected to the deliberative material that its disclosure would cause harm to the

agency's deliberations, the information was withheld. Also, when documents contained selective facts upon which analysis, opinions and recommendations were made, such that they too, reflect agency deliberations, those facts were also withheld. (Piersol Decl. ¶9.)

23. Finally, the records withheld under FOIA exemption (b)(5) and the deliberative process privilege were not disclosed outside the agency or the Department of Justice personnel serving as counsel in the Stonehill litigation. (Piersol Decl. ¶9.)

24. The following documents are being withheld in whole or in part pursuant to the deliberative process privilege and have been more fully described in the document description section of the Vaughn Index submitted to the Court:

> Box 34-079 through Box 34-081 (Rough Draft) Box 84-0454 & Box 84-0455 Box 84-229 & Box 84-230 (Duplicate) 54-1925 & 54-1926  84-0313 through 84-210, and 84-492 through 84-494.

Dated: March 23, 2007.                    Respectfully submitted,

/s/ Brittney N. Campbell
DAVID M. KATINSKY
BRITTNEY N. CAMPBELL
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6435

OF COUNSEL:
JEFFREY TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that service of the foregoing defendant's supplemental statement of material facts has been made this 23rd day of March, 2007, by mailing, postage prepaid, addressed to:

>JOHN R. GERSTEIN
>ROBERT E. HEGGESTAD
>JONATHAN COHEN
>Ross, Dixon & Bell, LLP
>2001 K Street, N.W.
>Washington, D.C. 20006-1040.


   /s/ Brittney N. Campbell
BRITTNEY N. CAMPBELL