IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAULINE STONEHILL, Co-executor )
and Co-special administrator of the )
Estate of Harry S. Stonehill, )
                                )
        Plaintiff, )
                                )  No. 1:06-cv-0599
v. )
                                )
INTERNAL REVENUE SERVICE )
                                )
        Defendant. )

## DECLARATION OF KRISTA L. PIERSOL

I, Krista L. Piersol, being of legal age and pursuant to the provisions of 28 U.S.C. § 1746, declare and say:

1. I am an attorney in the Internal Revenue Service's Office of Chief Counsel, Office of the Associate Chief Counsel (Procedure and Administration), Office of the Assistant Chief Counsel (Disclosure and Privacy Law), in Washington, D.C. I have held this position since February 2006. The duties of attorneys in this office include assisting the Department of Justice (DOJ) and Offices of the United States Attorneys in defending the Government in litigation brought under the Freedom of Information Act (FOIA), the Privacy Act, and 26 U.S.C. § 7431.

2. Within the course and scope of my duties within the Office of the Assistant Chief Counsel (Disclosure and Privacy Law), I have been assisting the DOJ in connection with the above-captioned litigation. Pursuant to the Court's August 4, 2006 order, I have been reviewing documents and creating a <u>Vaughn</u> Index for those documents withheld, either in full or in part, that are responsive to Plaintiff's 1998 and 2001 FOIA requests.

EXHIBIT
1

3. On March 19, 2007, Brittney Campbell, Trial Attorney, Tax Division, DOJ (Eastern Region) filed several completed portions of the <u>Vaughn</u> Index with the Court and Plaintiff and provided to the Plaintiff those documents, or portions thereof, not exempt pursuant to the FOIA. I was unable to complete the review of all the documents as explained in my declaration submitted to the Court on March 19, 2007. The March 19th submission did not include approximately half of the documents potentially implicating information and/or documents received from a Tax Convention Treaty Partner.

4. Information and/or documents were exchanged with the following countries: Canada, Germany, Japan, Australia and Switzerland. It was believed at the time Mae Lew, Attorney in the Office of Associate Chief Counsel (International), began her review, that all documents involving tax convention information had been submitted to the US Competent Authority's Office for forwarding to our treaty partners for their review. As previously explained, this was not the case. (<u>See</u> Lew Decl. ¶ 10). The documents that Ms. Lew determined had not been previously reviewed were given to the US Competent Authority's office on March 20, 2007 and they are to be forwarded immediately to Australia, Canada and Japan for their review. This includes the following Bates Stamp Numbers: <u>Australia</u>: Box 31-043, Box 31-052, Box 31-055, Box 31-058, Box 31-155, Box 31-156, Box 31-237 through Box 31-239, and Box 34-089 through Box 34-091; <u>Canada</u>: Box 30-167, Box 30-168, Box 30-170 through Box 30-175, Box 30-205 through Box 30-207, Box 30-222, Box 30-236 through Box 30-239, Box 35-404 through Box 35-412, Box 51-123, Box 51-134, Box 59-1688 through Box 59-1690, Box 59-1718, Box 85-420 through Box 85-427, Box 85-432 through Box 85-440, Box 85-480 through

Box 85-484, Box 85-578 through Box 85-586; and Japan: Box 49-040, Box 49-042 through Box 49-044, Box 49-051, Box 49-036 and Box 49-037.

5. After a thorough review of the remaining documents, I have determined that entire documents or portions thereof are exempt from disclosure based on the following FOIA exemptions: (b)(3) in conjunction with I.R.C. § 6103 and (b)(5) on the basis of the Work Product Privilege and the Deliberative Process Privilege.

6. Exemption (b)(3) is being asserted in conjunction with 26 U.S.C. § 6103, as the basis for withholding certain documents, or portions of documents, that are the actual tax returns of third parties, consist of third party return information in their entirety, those that reference specific third party taxpayers or the investigations/audits thereof for violations of the Internal Revenue Code. FOIA subsection (b)(3) permits the withholding of records that are specifically exempted from disclosure pursuant to a qualifying statute other than the FOIA. I.R.C. § 6103, which sets forth particularized criteria for the disclosure of returns and return information, has been held to be a statute meeting the criteria of FOIA subsection (b)(3). See Church of Scientology v. IRS, 484 U.S. 9 (1987); Chamberlain v. Kurtz, 589 F.2d 827 (5th Cir.), cert. denied, 444 U.S. 842 (1979).

Exemption (b)(3) is being asserted in conjunction with I.R.C. § 6103(a) to withhold the returns and return information of individuals and entities other than Harry S. Stonehill and Robert P. Brooks.[1] I.R.C. § 6103(b)(2) defines "return information," in pertinent part, as:

> (A) a taxpayer's identity ... or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with

---

[1] Plaintiff is entitled to the returns and return information of Brooks pursuant to a Power of Attorney.

3

> respect to a return or with respect to the determination of the existence, or possible existence, of liability [under the Internal Revenue Code] ... .

Accordingly, the IRS withheld the following types of documents and/or information: the actual tax returns and all schedules attached thereto, filed by or on behalf of the third party taxpayer; identifying information of the third party taxpayer consisting of, *inter alia*, the name, address and taxpayer identification number of the third party taxpayer; documents recommending investigation and/or prosecution of the third party taxpayer; all correspondence to and from the third party or the third party's representative; and all documents comprising the investigative and/or audit files of the third party taxpayer.

I.R.C. § 6103(a) provides that returns and return information shall not be disclosed except as authorized by any provision of the Code. No provision of the Code authorizes the release of third party tax returns or return information without the third party's consent to such disclosure consistent with 26 U.S.C. § 6103(c) or without the plaintiff demonstrating a material interest within the meaning of 26 U.S.C. § 6103(e). Plaintiff has not demonstrated a material interest, nor has plaintiff furnished the Service with consents of any third party taxpayers, other than William Saunders, Sr. Accordingly, plaintiff has not demonstrated its entitlement to any third party tax information.

7. The Government is also withholding certain information in the documents that are responsive to plaintiff's FOIA requests pursuant to subsection (b)(5) of the FOIA. FOIA subsection (b)(5) exempts from disclosure "inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than agency in litigation with the agency." This exemption has been construed to encompass the work product doctrine and the deliberative process privilege.

4

8. Pursuant to FOIA subsection (b)(5) and the work product doctrine (labeled as Attorney Work Product in the <u>Vaughn</u> Index), the Government is withholding information that was prepared by Chief Counsel and DOJ attorneys during, and in reasonable anticipation of, various judicial proceedings arising out of the investigation and subsequent prosecutions of Stonehill, Brooks and numerous third party taxpayers. The information being withheld includes the mental impressions, conclusions, opinions and litigation strategy of Chief Counsel attorneys, DOJ attorneys and the investigators (including Special Agents, Revenue Agents and Revenue Service Representatives) for use in, and in anticipation of, various court proceedings. Even though at the time some of the documents were created, the IRS was not in litigation with the taxpayers involved in these transactions, based on the numerous transactions involving the taxpayers and the financial and punitive ramifications of disallowing the tax benefits associated with these transactions, the agency fully expected many of those taxpayers involved in these transactions would pursue legal challenges if the IRS took adverse action. The documents being withheld in full or in part pursuant to the work product doctrine have been more fully described in the document description section of the <u>Vaughn</u> Index submitted to the Court.

9. The Government is withholding drafts of documents and other records, either in full or in part, containing advisory opinions and recommendations generated during the course of Chief Counsel and DOJ attorneys' review and consideration of various legal guidance in conjunction with agency positions. Furthermore, to the extent other documents reflect the opinions or recommendations of agency

5

personnel involved in the drafting and review of such guidance, that information is also subject to the protections of the deliberative process privilege. All of the records being withheld pursuant to the deliberative process privilege are pre-decisional. These documents were prepared by components within the agency, primarily within Chief Counsel, to assist the lead DOJ attorney and tax court attorneys handling the various litigation cases around the country involving Stonehill, Brooks and several third party taxpayers before reaching final decisions on how certain issues would be treated. The withheld information is also deliberative as it contains opinions and/or recommendations reflecting "the give-and-take" of the agency's deliberative processes leading to a decision on issues affecting litigation, including but not limited to, whether to file cases in the tax and district courts and what charges should be brought in companion criminal cases. The disclosure of these documents would expose the decision making processes of the agency, including the Office of Chief Counsel, in such a way as to discourage candid discussion within the agency and undermine its ability to perform its tax administration function. Further, with respect to the final decisions that were made by various executives within the agency regarding the positions that should be taken with respect to the cases, the final decision-makers did not adopt or incorporate the deliberations contained in these withheld documents by reference. Further, to the extent any factual information was so inextricably connected to the deliberative material that its disclosure would cause harm to the agency's deliberations, the information was withheld. Also, when documents contained selective facts upon which analysis, opinions and recommendations were made, such that they too,

reflect agency deliberations, those facts were also withheld. Finally, the records withheld under FOIA exemption (b)(5) and the deliberative process privilege were not disclosed outside the agency or the Department of Justice personnel serving as counsel in the various cases against Harry S. Stonehill, Robert P. Brooks and various third party taxpayers and have been more fully described in the <u>Vaughn</u> Index.

10. The <u>Vaughn</u> Index referred to throughout this declaration and hereby incorporated by reference are those documents filed with the Court and labeled Stonehill FOIA.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 23rd day of March 2007.

Krista L. Piersol
Office of Chief Counsel
1111 Constitution Avenue
Washington, DC 20224