IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAULINE STONEHILL, Co-executor )
and Co-special administrator of the )
Estate of Harry S. Stonehill, )
)
      Plaintiff, )
)
v. )   NO. 1:06-cv-00599 JDB
)
INTERNAL REVENUE SERVICE, )
)
      Defendant. )

**MOTION FOR LEAVE TO FILE MOTION
FOR PARTIAL SUMMARY JUDGMENT *NUNC PRO TUNC***

DEFENDANT, the Internal Revenue Service, by and through its attorneys, and pursuant to Fed. R. Civ. P. 6(b)(2), requests leave to file a third motion for partial summary judgment *nunc pro tunc* as set forth below.

As grounds for the motion, the Internal Revenue Service was unable to complete a Vaughn index and file a motion for partial summary judgment for a portion of documents requested by plaintiff in her complaint. Additionally, the Service was unable to file a timely motion for enlargement of time with respect to these documents. Specifically, the Service was unable to file a Vaughn index and motion for partial summary judgment or file a timely motion to enlarge time to do so, with respect to the following documents: Box 7 pages 10627-10657 and Box 59 pages 1433-1435, 1439-1447, 1454-1457 (the "FBI Documents.") These documents were sent to the Federal Bureau of Investigation (the "FBI") on February 28, 2007 for review and redaction. (Piersol Decl. ¶16.)

The grounds for this motion are more fully set forth in the Declaration of Krista Piersol, attached to this motion as Exhibit 1, the Declaration of David M. Hardy, attached as Exhibit 2, the Declaration of Brittney Campbell attached as Exhibit 3 and the and in a memorandum in support of this motion, which is served and filed herewith.

The specific relief sought in this motion is leave to file a motion for partial summary judgment *nunc pro tunc*.

The Internal Revenue Service conferred with plaintiff for the purpose of attempting to reach agreement on the relief sought herein. Plaintiff's counsel advised that plaintiff does not agree to the relief requested with respect to the FBI Documents.

DATE: March 27, 2007.

                                          Respectfully submitted,

                                          /s/ Brittney N. Campbell
                                          DAVID KATINSKY
                                          BRITTNEY N. CAMPBELL
                                          Trial Attorneys, Tax Division
                                          U. S. Department of Justice
                                          Post Office Box 227
                                          Washington, DC  20044
                                          Telephone:  (202) 353-2260

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that service of the foregoing motion for leave to file motion for partial summary judgment *nunc pro tunc* was caused to be served upon plaintiff's counsel on the 27th day of March, 2007, by depositing a copy thereof in the United States' mail, postage prepaid, addressed as follows:

> JOHN R. GERSTEIN
> ROBERT E. HEGGESTAD
> JONATHAN COHEN
> Ross, Dixon & Bell, LLP
> 2001 K Street, N.W.
> Washington, D.C. 20006-1040

> /s/ Brittney N. Campbell
> BRITTNEY N. CAMPBELL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULINE STONEHILL, Co-executor and Co-special administrator of the Estate of Harry S. Stonehill, <br><br> Plaintiff, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) NO. 1:06-cv-00599 JDB ) ) ) ) ) |

**MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION
FOR LEAVE TO FILE THIRD MOTION FOR
PARTIAL SUMMARY JUDGMENT *NUNC PRO TUNC***

This is an action in which plaintiff seeks an injunction against further withholding of certain documents and records under the Freedom of Information Act.

STATEMENT & DISCUSSION

1. <u>Introduction.</u> Plaintiff filed her initial complaint on March 31, 2006, requesting injunctive relief concerning documents related to William Saunders and withheld by the Internal Revenue Service (the "Service") based on 26 U.S.C. §6103. The Service released those documents to plaintiff on or about June 20, 2006. Plaintiff filed her amended complaint on August 11, 2006. In the amended complaint, plaintiff seeks over 9,500 pages of responsive documents and 90 audio tapes. (Compl. Ex. A.) The complaint requests a mandatory injunction requiring the Service to produce certain documents and records for plaintiff's inspection and copying under the Freedom of Information Act, 5 U.S.C. § 552. (Amended Compl. ¶¶ 72-75.)

2. <u>The Order of February 15, 2007.</u> In response to the Service's second request to extend time, the Court, on February 15, 2007, ordered that the Internal Revenue

Service produce a <u>Vaughn</u> index and file its motion for summary judgment on or before March 19, 2007. Order of February 15, 2007.

    3. <u>The status of the Internal Revenue Service's compliance with the February 15, 2007 Order.</u>   The Service filed a motion for partial summary judgment on March 19, 2007 and another motion for partial summary judgment on March 23, 2007. (PACER #27 and #33.)  The Court granted the Service's request for an extension to file a partial Vaughn index and motion for partial summary judgment concerning certain documents sent to the Central Intelligence Agency and the U.S. Competent Authority and tax treaty partners. (PACER #32.)

The Service was unable to complete the <u>Vaughn</u> index and motion for partial summary judgment for the FBI documents by the Court's deadline of March 19, 2007. The Service was also unable to file a timely motion to extend time to file a <u>Vaughn</u> index and motion for partial summary judgment for the reasons set forth in paragraph 5 below.

    4. <u>Relief requested.</u>   The Service requests that the Court allow the motion for leave to file a third motion for partial summary judgment *nunc pro tunc.*

    5. <u>The Court has discretion to grant this motion.</u>

When the time to file has expired, the court for cause shown may at any time in its discretion, upon motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect.  F. R. Civ.P. 6(b)(2).  In determining whether "excusable neglect" exists, the courts typically look to four factors: (1) prejudice to the debtor; (2) length of delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant, and; (4) whether the movant acted in good faith. <u>Yesudian ex rel. U.S. v. Howard University,</u> 270 F.3d 969, 971 (C.A.D.C. 2001)( *citing* <u>Pioneer Investment Service Co. v. Brunswick Associates Limited Partnership</u>, 507 U.S.

380, 398 (1993)); *see also* <u>Smith v. District of Columbia</u>, 430 F.3d 450, 456 n. 5 (D.C.Cir.2005).

### PREJUDICE TO THE DEBTOR

The Service filed a declaration and motion for partial summary judgment with respect to the FBI documents eight days after the Court's deadline. Pursuant the Court's March 21, 2007 Order, plaintiff is not required to file an opposition to the Service's motions for partial summary judgment until June 8, 2007. As a result, plaintiff has sufficient time to respond to the Service's motion for partial summary judgment and challenge any redactions she deems improper. Furthermore, plaintiff has already received these specific documents on at least one other occasion. (Hardy Decl. ¶6.) Accordingly, allowing the Service's late filing in this case would not prejudice plaintiff.

### THE LENGTH OF THE DELAY

The Service's deadline to file its motion for summary judgment and <u>Vaughn</u> index was March 19, 2007. The Service filed its motion for partial summary judgment and related <u>Vaughn</u> index for the FBI Documents on March 27, 2007–- approximately eight days later. As set forth above, plaintiff is not required to file her opposition until June 8, 2007. Accordingly, the delay in filing is not prejudicial and causes no effect on the judicial process.

### REASON FOR THE DELAY

In the course of responding to plaintiff's FOIA request, Krista Piersol, attorney with Office of the Assistant Chief Counsel (Disclosure and Privacy Law), determined that certain documents in the Service's files responsive to plaintiff's request originated with the FBI. On February 28, 2007, the Service sent those documents to the FBI for to be reviewed, redacted and then forwarded to plaintiff. Counsel for the Service contacted the FBI on March 15, 2007, to confirm that the FBI would be able to comply

with the Court's deadline. The FBI indicated that it would be able to meet the deadline. (Campbell Decl. ¶ 4.)

On March 16, 2007, counsel for the Internal Revenue Service filed a motion to extend time to file a partial <u>Vaughn</u> index and partial motions for summary judgment with respect to certain documents for which the Service had been unable to complete its review. (PACER # 25.) Counsel for the Service did not include the FBI Documents in the motion to extend time because the FBI indicated it would be able to meet the Court's deadline. (Campbell Decl. ¶5.) On the morning of Monday, March 19, 2007, the FBI again indicated that it would comply with the Court's deadline. (Campbell Decl. ¶6.)

On March 19, 2007, at approximately 5:00 p.m., the FBI contacted counsel for the Service and explained that a last minute issue had arisen with respect to the information previously withheld in the documents and that the FBI would require several additional days to complete the review process. (Campbell Decl. ¶7; Hardy Decl. ¶5.) The FBI was unable to provide counsel for the Service with a specific date by which the FBI intended to complete its review of the documents and the corresponding <u>Vaughn</u> index. (Campbell Decl. ¶7.)

Counsel for the FBI contacted counsel for the Service on March 23, 2007 and indicated that the FBI anticipated having the <u>Vaughn</u> index and the corresponding documents ready for release on Monday, March 26, 2007. (Campbell Decl. ¶8 .) The FBI e-mailed the released documents to plaintiff and counsel for Service, together with the declaration of David M. Hardy, on Monday, March 26, 2007. (Campbell Decl. ¶9.) Counsel for the Service files this motion on March 27, 2007, one day after receipt of the final declaration submitted by the FBI.

GOOD FAITH

The Service acted in good faith in filing the motion for leave to file a motion for partial summary judgment and partial Vaughn index. The delay in filing was due to a delay related to intra-agency referrals, not bad faith.

CONCLUSION

For the foregoing reasons, the Service requests that the court find that the Service's failure to timely file a motion for partial summary judgment with respect to the FBI documents was the result of "excusable neglect" and allow the filing of the Service's motion *nunc pro tunc.*

DATE: March 27, 2007.

Respectfully submitted,

/s/ Brittney N. Campbell
DAVID KATINSKY
BRITTNEY N. CAMPBELL
Trial Attorneys, Tax Division
U. S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone:  (202) 353-2260

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing Internal Revenue Service's memorandum of points & authorities in support of motion for leave to file a third motion for partial summary judgment *nunc pro tunc* was caused to be served upon plaintiff's counsel on the 27th day of March, 2007, by depositing a copy thereof in the United States' mail, postage prepaid, addressed to:

JOHN R. GERSTEIN
ROBERT E. HEGGESTAD
JONATHAN COHEN
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040.

/s/ Brittney N. Campbell
BRITTNEY N. CAMPBELL