IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULINE STONEHILL,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-cv-00599-JDB<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)     I am currently the Section Chief of the Record/Information Dissemination Section

("RIDS"), Records Management Division ("RMD"), at the Federal Bureau of Investigation,

Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to

joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of

the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act

("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30,

2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA

matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2)     In my current capacity as Section Chief of RIDS, I supervise approximately 200

employees who staff a total of ten (10) units and a field operational service center unit whose collective

mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI

records and information pursuant to the FOIA; Privacy Act; Executive Order 12958, as amended;

Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential

and Congressional directives. The statements contained in this declaration are based upon my personal

knowledge, upon information provided to me in my official capacity, and upon conclusions and

determinations reached and made in accordance therewith.

(3)    Due to the nature of my official duties, I am familiar with the procedures followed by the

FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5

U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the

treatment which has been afforded the 43 pages of responsive records referred to FBIHQ from the

Internal Revenue Service ("IRS"), which were located in response to the FOIA/Privacy Act request

made to the IRS by plaintiff, Pauline Stonehill.

(4)    In accordance with <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973), this declaration,

which is being submitted in support of defendant IRS's motion for summary judgment, will provide the

Court and plaintiff with an explanation for the procedures used in reviewing and processing the records

referred by IRS and a justification for the FBI information which has been withheld from disclosure in

part pursuant to FOIA Exemptions 6 and 7(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).

(5)    FBI was first advised of this litigation when contacted telephonically by the IRS on or

about February 26, 2007, and, thereafter, the IRS hand-delivered packages containing the referred

documents to FBIHQ on February 28, 2007 and March 8, 2007. At that time, the IRS informed the

2

FBI that a court deadline of March 19, 2007 had been previously set between the parties as the IRS's

deadline to file a motion for summary judgment. Despite the short time frame to review and process

these documents, as well as its numerous other competing litigation deadlines, the FBI strived to meet

the March 19, 2007 filing deadline. However, several issues arose with regard to information withheld

previously in the documents, and the FBI required several additional days to complete the review

process.

(6)    FBIHQ completed processing of the documents on March 23, 2007. These 43 pages

of processed records contain 16 pages that are being released with redactions described in further

detail below, and 27 pages that are being released in full. These pages are included as Exhibit A to this

declaration. (See Exhibit A.) These same records were previously processed by the FBI using civil

discovery standards in response to a third-party subpoena seeking access to the same documents at

issue here. As a result of the review under the FOIA, FBI determined that more material could be

released than was done under civil discovery.

## EXPLANATION OF THE CODED FORMAT USED FOR THE
## JUSTIFICATION OF DELETED MATERIALS

(7)    All documents were processed to achieve maximum disclosure consistent with the

access provisions of the FOIA. Every effort was made to provide plaintiff with all material in the public

domain and with all reasonably segregable portions of releasable material. To further describe the

information withheld could identify the material sought to be protected. Each page of Exhibit A is

consecutively numbered "STONEHILL 1" through "STONEHILL 43" at the bottom right-hand corner

3

of each page. The exemptions asserted by the FBI are FOIA Exemptions (b)(6) and (b)(7)(C).

(8)    Copies of the pages contain, on their face, coded categories of exemptions which detail

the nature of the information withheld pursuant to the provisions of the FOIA. No

reasonably segregable, nonexempt portions are being withheld from plaintiff. The coded categories are

provided to aid the Court and the plaintiff's review of the FBI's explanations of FOIA exemptions used

to withhold the protected material.

(9)    Each instance of information withheld pursuant to the FOIA on the attached documents is

accompanied by a coded designation that corresponds to the categories listed below. For example, if

"(b)(7)(C)-1" appears on a document, the (b)(7)(C) designation refers to Exemption (b)(7)(C) of the

FOIA concerning "Unwarranted Invasion of Privacy." The numerical designation, "1" following the

"(b)(7)(C)" narrows the main category to the more specific subcategory, "Names and/or Identifying

Information of FBI Special Agents." Listed below are the categories used to explain the FOIA

exemptions asserted to withhold this material:

## SUMMARY OF JUSTIFICATION CATEGORIES

| **Exemption (b)(6)** | **Clearly Unwarranted Invasion of Personal Privacy** |
|---|---|
| (b)(6)-1 | Names and/or Identifying Information of FBI Special Agents. (Cited in conjunction with (b)(7)(C)-1). |
| (b)(6)-2 | Names and/or Identifying Information of Non-FBI Federal Government Personnel. (Cited in conjunction with (b)(7)(C)-2). |
| (b)(6)-3 | Names and/or Identifying Information of Commercial Institution Employees. (Cited in conjunction with (b)(7)(C)-3). |

(b)(6)-4                    Names and/or Identifying Information of Third Parties of
                           Investigative Interest.  (Cited in conjuction with (b)(7)(C)-4).

(b)(6)-5                    Names and/or Identifying Information Concerning Third Parties
                           Merely Mentioned.  (Cited in conjuction with (b)(7)(C)-5).


**Exemption (b)(7)(C)**        **Unwarranted Invasion of Personal Privacy**

(b)(7)(C)-1                 Names and/or Identifying Information of FBI Special Agents. (Cited in
                           conjunction with (b)(6)-1).

b)(7)(C)-2                  Names and/or Identifying Information of Non-FBI Federal Government
                           Personnel.  (Cited in conjunction with (b)(6)-2).

(b)(7)(C)-3                 Names and/or Identifying Information of  Commercial Institution
                           Employees.  (Cited in conjunction with (b)(6)-3).

(b)(7)(C)-4                 Names and/or Identifying Information of Third Parties of Investigative
                           Interest.  (Cited in conjunction with (b)(6)-4).

(b)(7)(C)-5                 Names and/or Identifying Information Concerning Third Parties
                           Merely Mentioned.  (Cited in conjunction with (b)(7)(C)-5).


## JUSTIFICATION FOR REDACTIONS

(10)    The paragraphs that follow explain the FBI's rationale for withholding each

particular category of information under the specific exemption categories described above.

## EXEMPTION (b)(6)
## CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY

(11)    5 U.S.C. § 552 (b)(6) exempts from disclosure "personnel and medical files and

similar files when the disclosure of such information would constitute a clearly unwarranted invasion of

personal privacy."

5

(12)    In asserting this exemption, each piece of information was scrutinized to
determine the nature and strength of the privacy interest of any individual whose name and/or identifying
information appear in the pages at issue.  When withholding information pursuant to this exemption, the
FBI is required to balance the privacy interest of the individuals mentioned against any public interest in
disclosure.  In conducting this analysis, the public interest in disclosure was determined by whether the
information in question would inform plaintiff or the general public about the FBI's performance of its
mission to uphold and enforce the criminal laws of the United States and to provide leadership and
criminal justice services to federal, state, municipal and international agencies and partners.  In each
instance where information was withheld, it was determined that individual privacy rights outweighed the
public interest in disclosure.

### <u>(b)(6)-1</u>        <u>Names and/or Identifying Information of FBI Special Agents</u>

(13)    Exemption (b)(6)-1 has been asserted in conjunction with Exemption (b)(7)(C)-1
to protect the names and/or identifying information of FBI Special Agents ("SAs") responsible for
conducting investigations of individuals who have potentially violated or are violating the laws of the
United States.  The documents in question are reports from Special Agents to various individuals,
including Assistant United States Attorneys, proving information for the prosecution of tax evasion.
Disclosure of the identity of these individuals could subject them to unauthorized inquiries by members
of the media and the general public who seek access to this type of information.  Accordingly, the FBI
determined that the FBI SAs referenced in the responsive records maintain substantial privacy interests
in not having their identities disclosed.  The FBI next examined the records at issue to determine

6

whether there was any public interest that outweighed the substantial privacy interests of the FBI SAs. The FBI could not identify any discernible public interest. There have been no allegations that the FBI SAs engaged in any type of significant misconduct which would establish a public interest in disclosure. Ultimately, disclosure of the names and/or identifying information of FBI SAs would shed no light on the performance of the FBI's mission to uphold and enforce the criminal laws of the United States and to provide leadership and criminal justice services to federal, state, municipal, and international agencies and partners.

(14)    In balancing the substantial privacy interest of these individuals against no legitimate public interest in disclosure, the FBI has determined that this information regarding FBI SAs has been properly withheld pursuant to Exemption (b)(6)-1. Exemption (b)(6)-1 in conjunction to (b)(7)(C)-1 is invoked on the following pages: STONEHILL 14, 22, 28, 29, 30, 33, 36, 42, and 43.

### (b)(6)- 2    Names and/or Identifying Information of Non-FBI Federal Government Personnel

(15)    Exemption (b)(6)-2 has been asserted in conjunction with Exemption (b)(7)(C)-2 to protect the names and/or identifying information of two non-FBI federal employees, a detective with the U. S. Navy and an IRS agent. The documents in question are materials created by the FBI concerning the investigation of Harry S. Stonehill. The release of this information could cause harassment of and/or undue embarrassment to these individuals, which would constitute an unwarranted invasion of their personal privacy. In making a determination whether to release such information, the public's interest in disclosure was balanced against the individuals right to privacy. The privacy interests

7

of these individuals were determined to be stronger than any legitimate public interest in disclosure.

Exemption (b)(6)-2 has been cited in conjunction with Exemption (b)(7)(C)-2 and is invoked on the

following pages: STONEHILL 5 and 6.

### (b)(6)-3      Names and/or Identifying Information of Commercial Institution Employees

(16 )    Exemption (b)(6)-3 has been asserted in conjunction with (b)(7)(C)-3 to protect the

name and/or identifying information, including the job title, of a bank employee in Memphis, Tennessee.

This individual was in a position to furnish information to the FBI. To release this individual's identity

could subject him/her to harassment, embarrassment, and/or could result in undue public attention

which would be an unwarranted invasion of his/her personal privacy. In making a determination

whether to release such information, the public's interest in disclosure was balanced against the

individuals right to privacy. The privacy interests of this individual were determined to be stronger than

any legitimate public interest in disclosure. Exemption (b)(6)-3 has been invoked in conjunction with

(b)(7)(C)-3 on the following pages: STONEHILL 5, 9, 10, and 12.

### (b)(6)-4      Names and/or Identifying Information of Third Parties of Investigative Interest

(17)    Exemption (b)(6)-4 has been asserted in conjunction with Exemption (b)(7)(C)-4 to

withhold the names and/or identifying information, including bank account information, of several third

parties who were of investigative interest to the FBI. Disclosure of the identities of third parties in this

context could cause unsolicited and unnecessary attention to be focused on

8

them and disclosure may embarrass them. For these reasons the FBI has determined that these

individuals maintain a substantial privacy interest in not having their identities disclosed.

(18)    After identifying the substantial privacy interest of these third parties, the FBI balanced

those interests against the public interest in disclosure. The FBI could identify no discernible public

interest in the disclosure of this information because the disclosure of third parties' names and identifying

information would not shed light on the operations and activities of the FBI. Accordingly, the FBI

determined that the disclosure of this information would constitute a clearly unwarranted invasion of

personal privacy. Thus, the FBI properly withheld the names and/or identifying information of these

third parties pursuant to Exemption (b)(6)-4. Exemption (b)(6)-4 in conjunction with Exemption

(b)(7)(C)-4 is invoked on the following pages: STONEHILL 1, 5, 9, 10, 11, and 12.

### (b)(6)-5       Names and/or Identifying Information Concerning Third Parties Merely Mentioned

(19)    Exemption (b)(6)-5 has been asserted in conjunction with (b)(7)(C)-5 to withhold

the name and/or identifying information of one individual merely mentioned in the referred documents

who was not of investigative interest to the FBI. The referred document in question is a memorandum

created by the FBI detailing various bank transactions related to the tax evasion investigation of Harry

S. Stonehill. The third party mentioned in this memorandum maintains legitimate privacy interests in

not having his/her name disclosed. If the FBI disclosed the name and/or identifying information of this

individual, the disclosure would reveal that this third party was connected with the FBI's investigation in

some way, which can carry an extremely negative connotation. Disclosure of his/her identity could

9

subject this individual to possible harassment or criticism and focus derogatory inferences and suspicion on him/her. Accordingly, the FBI determined that this third party maintains a substantial privacy interest in not having information about him/her disclosed. After identifying the substantial privacy interests of this individual, the FBI balanced the right to privacy against the public interest in disclosure. The FBI has determined that there is no public interest, and therefore, disclosure of this information would constitute a clearly unwarranted invasion of personal privacy. Exemption (b)(6)-5 in conjunction with (b)(7)(C)-5 is invoked on the following page: STONEHILL 11.

## EXEMPTION 7
## EXEMPTION 7 THRESHOLD

(20)    Exemption 7 of the FOIA protects from mandatory disclosure records or information compiled for law enforcement purposes, but only to the extent that disclosure could reasonably be expected to cause one of the harms enumerated in the exemption.   See 5 U.S.C. § 552 (b)(7). In this case, an invasion of personal privacy could reasonably be expected to result from disclosure.

(21)    Before an agency can invoke any of the harms enumerated in Exemption 7, it  must first demonstrate that the records or information at issue were compiled for law enforcement purposes. Law enforcement agencies such as the FBI must demonstrate that the records at issue are related to the enforcement of federal laws and that the enforcement activity is within the law enforcement duty of that agency. The documents at issue in this case were compiled for law enforcement purposes in connection with the FBI's investigation into tax evasion by Harry Stonehill, which were part of file number 64-HQ-46933.

10

## EXEMPTION (b)(7)(C)
## UNWARRANTED INVASION OF PERSONAL PRIVACY

(22)    5 U.S.C. § 552 (b)(7)(C) exempts from disclosure:

> records or information compiled for law enforcement purposes, but only to the extent
> that the production of such law enforcement records or information . . . could
> reasonably be expected to constitute an unwarranted invasion of personal privacy . . . .

(23)    When withholding information pursuant to this exemption, the FBI is required to
balance the privacy interests of the individuals mentioned in the documents against any public interest in
disclosure. In asserting this exemption, each piece of information was scrutinized to
determine the nature and strength of the privacy interest of each individual whose name and/or
identifying information appears in the documents at issue. The FBI identified the public interest in
disclosure of the information to be whether the information in question would inform plaintiff or the
general public about the FBI's performance of its mission to enforce federal criminal and national
security statutes, and/or how the FBI actually conducts its internal operations and investigations. Every
effort has been made to release all segregable information contained in
these pages without infringing upon the privacy rights of the individuals mentioned in these documents.
As explained below, there is no legitimate public interest in the information that has been withheld
pursuant to Exemption (b)(7)(C).

### (b)(7)(C)-1    Names and/or Identifying Information of FBI Special Agents

(24)    Exemption (b)(7)(C)-1 has been asserted in conjunction with Exemption (b)(6)-1
to protect the names of FBI SAs responsible for conducting investigations of individuals who have

11

potentially violated or are violating the laws of the United States.   The documents in question are

reports from Special Agents to various individuals, including Assistant United States Attorneys,

providing information for the prosecution of tax evasion.  Disclosure of the names could subject these

employees to unauthorized inquiries by members of the media and the general public who seek access

to this type of information.  Accordingly, the FBI determined that the FBI SAs referenced in the

responsive records maintain substantial privacy interests in not having their identities disclosed.  The

FBI next examined the records at issue to determine whether there was any public interest that

outweighed the substantial privacy interests of the FBI SAs.  The FBI could not identify any discernible

public interest.  The disclosure of the names of FBI SAs would not demonstrate how the FBI performs

its mission to uphold and enforce the criminal laws of the United States and to provide leadership and

criminal justice services to federal, state, municipal, and international agencies and partners.  There have

been no allegations that the FBI SAs engaged in any type of significant misconduct which would

establish a public interest in disclosure.  Ultimately, disclosure of the names of FBI SAs would shed no

light on the performance of the FBI's mission to protect and defend the United States against terrorist

and foreign intelligence threats, to uphold and enforce the criminal laws of the United States, and to

provide leadership and criminal justice services to federal, state, municipal, and international agencies

and partners.  Thus, disclosure of the names of these employees would constitute an unwarranted

invasion of their personal privacy.

(25)    In balancing the substantial privacy interest of these individuals against no

legitimate public interest in disclosure, the FBI has determined that this information regarding FBI SAs

has properly been withheld pursuant to Exemption(b)( 7)(C)-1.  Exemption (b)(7)(C)-1 in conjunction

with Exemption (b)(6)-1 is invoked on the following pages:  STONEHILL 14, 22, 28, 29, 30, 33, 36,

42, and 43.

### (b)(7)(C)-2    Names and/or Identifying Information of Non-FBI Federal Government Personnel

(26)    Exemption (b)(7)(C)-2 has been asserted in conjunction with Exemption (b)(6)-2

to protect the names of two non-FBI federal employees, a detective with the U. S. Navy and an IRS

agent.  The documents in question are materials created by the FBI concerning the investigation of

Harry S. Stonehill.  The release of this information could cause harassment and/or undue

embarrassment, which would constitute an unwarranted invasion of personal privacy.  There is no

public interest served by disclosing the identity of this individual.  In making a determination whether to

release such information, the public's interest in disclosure was balanced against the individual's right to

privacy.  The privacy interests of these individuals were determined to be stronger than any legitimate

public interest in disclosure.  Exemption (b)(7)(C)-2 has been cited in conjunction with Exemption

(b)(6)-2 and is invoked on the following pages:  STONEHILL 5 and 6.

### (b)(7)(C)-3    Names and/or Identifying Information of Commercial Institution Employees

(27 )    Exemption (b)(7)(C)-3 has been asserted in conjunction with Exemption (b)(6)-3 to

protect the name and job title of a bank employee in Memphis, Tennessee.  This individual was in a

position to furnish information to the FBI.  To release this individuals identity could subject him/her to

harassment, embarrassment, or could result in undue public attention which would be an unwarranted

13

invasion of his/her personal privacy. There is no public interest served by disclosing the identity of this

individual. In making a determination whether to release such information, the public's interest in

disclosure was balanced against the individual's right to privacy. The privacy interests of this individual

was determined to be stronger than any legitimate public interest in disclosure. Exemption (b)(7)(C)-3

in conjunction with Exemption (b)(6)-3 has been invoked on the following pages: STONEHILL 5, 9,

10, and 12.

### (b)(7)(C)-4    Names and/or Identifying Information of Third Parties of Investigative Interest

(28)    Exemption (b)(7)(C)-4 has been asserted in conjunction with Exemption (b)(6)-4 to

withhold the names and bank account numbers of several third parties who were of investigative interest

to the FBI. Disclosure of the identities of third parties in this context could cause unsolicited and

unnecessary attention to be focused on them and disclosure may embarrass them. For these reasons

the FBI has determined that these individuals maintain a substantial privacy interest in not having their

identities disclosed.

(29)    After identifying the substantial privacy interest of these third parties, the FBI balanced

those interests against the public interest in disclosure. The FBI could identify no discernible public

interest in the disclosure of this information because the disclosure of third parties' names and identifying

information would not shed light on the operations and activities of the FBI. Accordingly, the FBI

determined that the disclosure of this information would constitute an unwarranted invasion of personal

privacy. Thus, the FBI properly withheld the names of these third parties pursuant to Exemption

14

(b)(7)(C)-4.  Exemption (b)(7)(C)-4 in conjunction with Exemption (b)(6)-4 is invoked on the

following pages:  STONEHILL 1, 5, 9, 10, 11, and 12.

### (b)(7)(C)-5     Names and/or Identifying Information Concerning Third Parties Merely Mentioned

(30)     Exemption (b)(7)(C)-5 has been asserted in conjunction with Exemption (b)(6)-5

to withhold the name of one individual merely mentioned in the referred documents.  The referred

document in question is a memorandum created by the FBI detailing various bank transactions related

to the tax evasion investigation of Harry S. Stonehill.  The individual mentioned in this memorandum

was not of investigative interest to the FBI.  This third party maintains legitimate privacy interests in not

having his/her information disclosed.  If the FBI disclosed the name, the disclosure would reveal that

this third party was connected with the FBI's investigation, which carries an extremely negative

connotation.  Disclosure of his/her identity could subject this individual to possible harassment or

criticism and focus derogatory inferences and suspicion on him/her.  Accordingly, the FBI determined

that this third party maintains a substantial privacy interest in not having information about him/her

disclosed.  After identifying the substantial privacy interests of this individual, the FBI balanced the right

to privacy against the public interest in disclosure.  The FBI has determined that there is no public

interest in disclosure.  Thus, disclosure of this information would constitute an unwarranted invasion of

personal privacy.  Exemption (b)(7)(C)-5 in conjunction with (b)(6)-5 has been invoked on the

following page: STONEHILL 11.

## CONCLUSION

(31)    The FBI has provided plaintiff all segregable, non-exempt information from the documents referred by the IRS to the FBI. No reasonably segregable portion of the withheld material can be released. Each of the documents was individually reviewed for segregability. As demonstrated above, the only information withheld by the FBI consists of information that would infringe upon the personal privacy of third-party individuals. This information cannot be further segregated without revealing the protected information itself.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibit A attached hereto is a true and correct copy.

Executed this 23rd day of March, 2007.

DAVID M. HARDY
Section Chief
Record/Information Dissemination
 Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

17