IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PAULINE STONEHILL, Co-executor and Co-special administrator of the Estate of Harry S. Stonehill, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 1:06-cv-00599 JDB |
| INTERNAL REVENUE SERVICE, | ) ) ) | |
| Defendant. | ) | |

INTERNAL REVENUE SERVICE'S
THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT

The Internal Revenue Service, defendant, moves for partial summary judgment with regard to the "FBI Documents" in this matter. As grounds for its motion, defendant states that the material facts are not in dispute and that it is entitled to judgment as a matter of law. Specifically, defendant states that it has (1) performed an adequate search for documents responsive to plaintiff's FOIA request; and (2) with respect to the following documents, the withheld documents, or portions thereof, authorized by 5 U.S.C. § 552(b): Box 7 pages 10627-10657 and Box 59 pages 1433-1435, 1439-1447, 1454-1457. Accordingly, the Court should dismiss this case.

Attached to this motion as Exhibit 1 is the declaration of Krista Piersol. Attached as Exhibit 2 is the declaration of David Hardy. A statement of facts, supporting memorandum of law, and proposed order are also filed with this motion.

DATED:    March 27, 2007.

                              Respectfully submitted,

                              <u>/s/ Brittney N. Campbell</u>
                              DAVID M. KATINSKY
                              BRITTNEY N. CAMPBELL
                              Trial Attorneys, Tax Division
                              U.S. Department of Justice
                              P.O. Box 227
                              Ben Franklin Station
                              Washington, D.C. 20044
                              Telephone: (202) 307-6435

OF COUNSEL:

JEFFREY TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that service of the foregoing defendant's motion for partial summary judgment has been made this 27th day of March, 2007, by mailing, postage prepaid, addressed to:

>JOHN R. GERSTEIN
>ROBERT E. HEGGESTAD
>JONATHAN COHEN
>Ross, Dixon & Bell, LLP
>2001 K Street, N.W.
>Washington, D.C. 20006-1040.

>_/s/ Brittney N. Campbell_
>BRITTNEY N. CAMPBELL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULINE STONEHILL, Co-executor and Co-special administrator of the Estate of Harry S. Stonehill,<br><br>    Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>    Defendant. | NO. 1:06-cv-00599 JDB |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF INTERNAL REVENUE SERVICE'S
THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT**

STATEMENT

The Internal Revenue Service incorporates by reference the facts enumerated in the Internal Revenue Service's Second Supplemental Statement of Material Facts Not in Genuine Dispute.

SUMMARY OF ARGUMENT

The Court should grant the Internal Revenue Service's for motion for partial summary judgment here because based upon the material, undisputed facts, the Service, as a matter of law, has (1) performed an adequate search for documents responsive to plaintiff's FOIA request; and (2) with respect to the following documents, withheld only those documents authorized by 5 U.S.C. § 552(b) Box 7 pages 10627-10657 and Box 59 pages 1433-1435, 1439-1447, 1454-1457 (the "FBI Documents").

First, the Service must execute a search reasonably calculated to uncover all relevant documents based upon the four corners of the FOIA request. Here, the Service searched all logical locations suggested by the FOIA request for the exact material requested.

Likewise, the Service's withholdings meet the standards prescribed by the FOIA:

- 5 U.S.C. § 552(b)(6) protects from disclosure personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy, without providing any information about how the Service conducts its official activities. The Service is withholding documents containing identifying information of FBI Special Agents, two non-FBI federal employees, a detective with the U.S. Navy and an agent with the Service, a bank employee, names of third parties who were of investigative interest to the FBI and the name of a third party that was merely mentioned in the FBI's files. (Hardy Decl. ¶¶ 13, 15, 16, 17, and 19.)

- 5 U.S.C. § 552(b) (7)(C) protects from disclosure information identifying individuals who assisted the Federal Bureau of Investigation in its law enforcement investigations. Disclosure of such information could cause harassment and/or undue embarrassment. Additionally, disclosure of the identities of the individual witness(es) who assisted the FBI in this investigation would be an unwarranted invasion of their personal privacy

because it could subject them to invasive contact while providing little, if any, information to the public about how the FBI operates. The Service is withholding documents containing identifying information of two FBI Special Agents, two non-FBI federal employees, a detective with the U.S. Navy and an agent with the IRS, a bank employee, names of third parties, and their bank account numbers, who were of investigative interest to the FBI and the name of a third party that was merely mentioned in the FBI's files. (Hardy Decl. ¶¶ 24- 29 .)

## ARGUMENT

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); *see also* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Matsushita Electronics Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Where the nonmoving party bears the burden of proof on an issue, the movant need not produce evidence showing the absence of a genuine issue of material fact, but instead the movant may discharge its burden by showing "that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. To rebut the motion for summary judgement, plaintiff must "point to some facts in the record that demonstrate a genuine issue of material fact and, with all reasonable inferences made in plaintiffs' favor, could convince a reasonable jury to find for the plaintiffs." Reese v. Jefferson School District No. 143, 208 F.3d 736, 738 (9th Cir.

2000). Virtually all FOIA cases are resolved via summary judgment. See Manna v. United States Dep't of Justice, 832 F. Supp. 866, 870, aff'd 51 F.3d 1158 (3d Cir. ), cert. denied, 116 S. Ct. 477 (1995). Summary judgment may be granted solely on the basis of agency affidavits if they are "sufficiently detailed and are submitted in good faith." Manna, 832 F. Supp. at 870. Here, the pertinent facts are not in dispute and the issues in this case can be decided as a matter of law. The Service performed an adequate search for documents responsive to plaintiff's two FOIA requests. The Service is properly withholding certain information pursuant to FOIA exemptions 6 and 7.

## I.
## THE SERVICE CONDUCTED A REASONABLE SEARCH FOR THE FBI DOCUMENTS

For the reasons set forth in the Service's Motion for Partial Summary Judgment filed March 19, 2007 (PACER #27), the Service conducted a reasonable search for the Documents.

## II.
## THE INTERNAL REVENUE SERVICE'S WITHHOLDINGS ARE JUSTIFIED UNDER THE GOVERNING FOIA EXEMPTIONS.

### A.  5 U.S.C. § 552(b)(6)

Exemption 6 exempts from disclosure in personnel, medical, and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. 5 U.S.C. §552(b)(6). The Supreme Court found that Congress intended the term "similar files" to be interpreted broadly, reasoning that the protection of an individual's privacy was not intended to turn upon the label of the file

which contains the damaging information.  *See* Department of State v. Washington Post Co., 456 U.S. 595, 599-603 (1982).  Instead, all information which pertains to a particular individual meets the threshold requirement.  *See id.* at 602.  The information withheld contains the names of FBI Special Agents responsible for conducting investigations of individuals who pose a threat to the United States in terrorism, espionage, racketeering and bank robbery cases. (Hardy Decl. ¶ 15.)  Additionally, the information contains the names of two non-FBI federal employees, a detective with the U.S. Navy and an agent with the IRS, a bank employee, names of third parties who were of investigative interest to the FBI and the name of a third party merely mentioned in the documents. (Hardy Decl. ¶¶13,15,16,17 and 19.)   This information clearly pertains to particular individuals.

      The Court must then consider whether public disclosure of the information would violate a viable privacy interest of the individual.  *See* Rinskis v. HUD, 746 F.2d 1, 3 (D.C. Cir. 1984); Schnell v. HHS, 843 F.2d 933, 938 (6th Cir. 1988).  This step involves identifying the relevant privacy interests in non-disclosure and the public interests in disclosure, and determining "whether, on balance, disclosure would work a clearly unwarranted invasion of personal privacy." Reed v. National Labor Relations Board, et al., 927 F.2d 1249, 1251 (D.C. Cir. 1991) *quoting* National Assoc. of Retired Federal Employees v. Horner, 879 F.2d 873, 875 (D.C. Cir. 1989), cert. denied, 494 U.S. 1078 (1990).   The information need not be intimate or embarrassing to qualify for protection. *See* Department of State v. Washington Post Co., 456 U.S. at 600; National Assoc. of

Retired Federal Employees v. Horner, 879 F.2d at 875.  Public disclosure of the names of FBI Special Agents, two non-FBI federal employees, a detective with the U.S. Navy and an agent with the IRS, a bank employee, names of third parties who were of investigative interest to the FBI and the name of a third party merely mentioned in the documents would constitute an invasion of the individuals' personal privacy.

    Further, the courts must balance the individual's right to privacy against the public's interest, if any, in disclosure of the withheld information.  *See* Department of the Air Force v. Rose, 425 U.S. 352, 372 (1976); Andrews v. Veterans Administration, 838 F.2d 418, 423 n.8 (10th Cir.), cert. denied, 488 U.S. 817 (1988).  The public's interest is limited to the statutory purpose of FOIA, namely, to "shed light on an agency's performance of its statutory duties."  *See* Department of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 773 (1989.)  The requestor's personal interest is irrelevant.  Id. The information withheld is of little, or no, interest to the general public in that it does not shed any light on how the government operates.  The information, if released, would constitute an unwarranted invasion of the privacy interests of the individuals involved with little or no benefit to the public.  (Hardy Decl. ¶¶13-19.)  Therefore, the information is properly withheld under FOIA exemption (b)(6).

    **B.  5 U.S.C. § 552(b)(7)(C)**

    Exemption 7(C) authorizes the withholding of information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. §552(b)(7)(C).  The application of

Exemption 7(C) requires a multi-step analysis. The first step is determining whether the information has been complied for a "law enforcement purpose." Documents compiled in investigations or proceedings in the civil or criminal context are within the meaning of "records or information compiled for law enforcement purposes." *See* Center forNat'l Policy Review v. Weinberger, 502 F.2d 373 (D.C. Cir. 1974). The documents outlined in the declaration of Hardy under this exemption are documents compiled for law enforcement purposes, thereby meeting the threshold test of Exemption 7.

The next step is to determine if there is a privacy interest. Exemption 7(C) permits an agency to withhold information compiled for law enforcement purposes to the extent their release "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. §552(b)(7)(C). A privacy interest sufficient to justify application of exemption 7(C) has been found to exist in a wide variety of circumstances. Dep't of Justice v. Reporters Committee for Freedom of Press, 489 U.S. 749 (1989)(subject of "rap sheets" has privacy interest outweighing public interest); Computer Professionals for Social Responsibility v. U.S. Secret Service, 72 F.3d 897, 904 (D.C. Circ. 1996)(the identities of suspects and witnesses who are identified in agency records in connection with law enforcement investigations withheld); Davis v. U.S. Dept. of Justice, 968 F.2d 1276, 1281 (D.C. Cir. 1992)(privacy interest in confidential informant's testimony properly withheld); Lesar v. U.S. Dept. of Justice, 636 F.2d 472, 487-488 (D.C. Cir. 1980)(convicted defendants and the names of law enforcement officers who work on criminal investigations); Farese v. U.S. Dept. of Justice, 683 F.

Supp. 273, 275 (D.D.C. 1987)(withheld identity of individuals who provided information to law enforcement authorities).

Finally, courts considering this exemptions have held that it requires a court to balance the public interest in disclosure against the individual's right to privacy. *See* U.S. Dept. of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 776 (1989); Safecard Services, Inc. v. SEC, 926 F.2d 1197, 1205 (D.C. Cir. 1991); L&C Marine Transport, Ltd., v. United States, 740 F.2d 919, 922 (11th Cir. 1984). The Supreme Court has held that disclosure of a document under exemption 7C turns on the nature of the requested document and its relationship to the basic purpose under FOIA, which is to open agency action to the light of public scrutiny. *See* Reporters Comm., 489 U.S. at 772. The statutory purpose of FOIA is not "fostered by disclosure of information about private citizens that is accumulated in various government files but reveals little or nothing about an agency's own conduct." Id. at 773. Not only must the requester state a legitimate public interest, but she must demonstrate that the public interest in disclosure is sufficiently compelling to outweigh strong privacy interests. Reporters Comm., 489 U.S. at 775.

As described in the declaration of Hardy, the Service is withholding information that would identify FBI Special Agents. The disclosure of the names of the FBI Special Agents would not demonstrate how the FBI performs its mission to uphold and enforce the criminal laws of the United States and to provide leadership and criminal justice services to federal, state, municipal, and international agencies and partners. (Hardy

11

Decl. ¶24.) Thus, the disclosure of the names of these individuals would constitute an unwarranted invasion of their personal privacy (Hardy Decl. ¶24).

The Service is also withholding information that would identify two non-FBI federal employees, a detective with the U.S. Navy and an agent with the Service and the name and job title of a bank employee in Memphis, Tennessee who was in a position to furnish information to the FBI. (Hardy Decl. ¶¶ 26 and 27.) There is no public interest served by disclosing the identity of these individuals. (Id.) The release of this information could cause harassment and/or undue embarrassment or could result in undue public attention which would constitute an unwarranted invasion of personal privacy. (Id.)

The Service is also withholding information that would identify the names and bank account numbers of several third parties who were of investigative interest to the FBI (Hardy Decl. ¶28.) The disclosure of the third parties' names and identifying information would not shed light on the operations and activities of the FBI. (Hardy Decl. ¶29.) Furthermore, disclosure of the identities of third parties in this context could cause unsolicited and unnecessary attention to be focused on them and disclosure may embarrass them. (Hardy Decl. ¶28.) Accordingly, the FBI determined that the disclosure of this information would constitute an unwarranted invasion of personal privacy. (Hardy Decl. ¶29.)

Finally, the Service is withholding information information that would identify an individual that is merely mentioned in the FBI documents. (Hardy Decl. ¶30.) The

document in question is a memorandum created by the FBI detailing various bank transactions related to the tax evasion investigation of Harry S. Stonehill. (Id.) The individual mentioned in this memorandum was not of investigative interest to the FBI. This third party maintains a legitimate privacy interest in not having his/her information disclosed. (Id.) If the FBI disclosed the name, the disclosure would reveal that this third party was connected with the FBI's investigation, which carries an extremely negative connotation. Disclosure of his/her identity could subject this individual to possible harassment or criticism and focus derogatory inferences and suspicion on him/her. (Id.) Accordingly, the FBI determined that this third party maintains a substantial privacy interest in not having information about him/her disclosed. After identifying the substantial privacy interests of this individual, the FBI balanced the right to privacy against the public interest in disclosure. The FBI has determined that there is no public interest in disclosure. (Id.)

Based upon the foregoing analysis and the analysis provided above, the Service is properly withholding this information pursuant to exemptions 7(C).

## CONCLUSION

For the reasons stated above, the Service's search was adequate, and its withholdings justified. Accordingly, based upon the undisputed facts, the Service is entitled to partial judgment as a matter of law. The Service therefore respectfully

requests that this Court grant its motion for partial summary judgment and dismiss this action with prejudice.

Dated: March 27, 2007.

                                        Respectfully submitted,

                                        /s/ Brittney N. Campbell
                                        DAVID M. KATINSKY
                                        BRITTNEY N. CAMPBELL
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        P.O. Box 227
                                        Ben Franklin Station
                                        Washington, D.C. 20044
                                        Telephone: (202) 307-6435

OF COUNSEL:

JEFFREY TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that service of the foregoing defendant's Memorandum in Support of Motion for Partial Summary Judgment has been made this 27th day of March, 2007, by mailing, postage prepaid, addressed to:

> JOHN R. GERSTEIN
> ROBERT E. HEGGESTAD
> JONATHAN COHEN
> Ross, Dixon & Bell, LLP
> 2001 K Street, N.W.
> Washington, D.C. 20006-1040.


    /s/ Brittney N. Campbell
BRITTNEY N. CAMPBELL