IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAULINE STONEHILL,                    )
                                      )
            Plaintiff,                )
                                      )
      v.                              )      Case No. 06-599 (JDB)
                                      )
INTERNAL REVENUE SERVICE,             )
                                      )
                                      )
            Defendant.                )
_____)

**DECLARATION OF MARILYN DORN,**
**RECORDS VALIDATION OFFICER,**
**CENTRAL INTELLIGENCE AGENCY**

I, MARILYN A. DORN, hereby declare and state:

1.   I am the Deputy Chief of the Policy and Community
Action Staff (PCAS) of the National Clandestine Service
(NCS) of the Central Intelligence Agency (CIA or Agency).
At the time I reviewed the records discussed in this
declaration, I was the Information Review Officer (IRO) for
the NCS.  I was the NCS/IRO from August 2003 to January
2007.  Prior to that time, I was Associate NCS/IRO for one
and a half years.  As NCS/IRO, I was responsible for the
review of records maintained by offices in the NCS which
may be responsive to Freedom of Information Act (FOIA) and
Privacy Act requests, and Department of Justice requests in
criminal and civil proceedings.  As part of my official
duties, I ensured that determinations as to the release or

1

withholding of information in CIA documents were proper and did not jeopardize CIA interests, personnel, facilities, or intelligence activities, sources and methods. Therefore, as explained below, when I reviewed the records discussed in this declaration, I was authorized to conduct classification reviews and to make original classification and declassification decisions. I have held operational and executive positions in the CIA since 1980.

2.    The NCS is the organization within CIA responsible for the conduct of foreign intelligence collection activities through the clandestine use of human sources. As such, the NCS is responsible for a multitude of missions:  conducting CIA's foreign intelligence and counterintelligence activities, and covert action; coordinating liaison with foreign intelligence and security services; serving as the repository for foreign counterintelligence information; supporting clandestine technical collection; and coordinating CIA support to the Department of Defense.

3.    While NCS/IRO, as a senior CIA official and under a written delegation of authority pursuant to section 1.3(c) of Executive Order 12958, as amended,[1] I held

---

[1] Executive Order 12958 was amended by Executive Order 13292. See Exec. Order No. 13292 (Mar. 28, 2003).  All citations to Exec. Order No. 12958 are to the Order as amended by Exec. Order No. 13292.  See Exec.

original classification authority at the TOP SECRET level.
I was authorized, therefore, to conduct classification
reviews and to make original classification and
declassification decisions.

4.    The Chief, Information Management Systems, Chief
Information Officer, has appointed me Records Validation
Officer (RVO) for purposes of this litigation.  As RVO, I
have authorized access to all CIA records on any subject
relevant to this litigation, and am authorized to sign
declarations on CIA's behalf regarding CIA records systems
searches and records contents, including those located in,
or containing information under the purview of, CIA
directorates other than the NCS.

5.    Through the exercise of my official duties, I am
familiar with this civil action.  I make the following
statements based upon my personal knowledge and information
made available to me in my official capacity.

6.    The purpose of this declaration is to describe, to
the greatest extent possible on the public record, the
documents at issue, the information CIA has determined must
be withheld, and the FOIA exemptions upon which the CIA
relies to withhold that information.

---

Order No. 12,958, 3 C.F.R. 333 (1995), *reprinted as amended* in 50
U.S.C.A. § 435 note at 180 (West. Supp. 2006).

## I.    INFORMATION AT ISSUE

7.    The present action is based upon Plaintiff's 10 July 1998 FOIA request to the IRS.  On 10 October 2002, IRS sent to CIA for coordination one 21-page IRS document.  (This document is the same as the document described in paragraph 8, below, as items (3) and (4).)  On 22 January 2003, CIA responded to IRS and stated that the CIA information in that document could be released in part with deletions made on the basis of FOIA exemptions (b)(1) and (b)(3).

8.    On or about 30 January 2007, IRS informed CIA that it had twelve additional documents responsive to the request that required CIA coordination.  Those documents are (1) and (2) two copies of a nine page memorandum dated 9 March 1966 from William McAleer, Director, IRS, to Mitchell Rogovin, Assistant Attorney, containing a factual and legal analysis of the Stonehill and Brooks cases; (3) and (4) two copies of a twenty-one page memorandum of an interview of a United States government employee regarding Stonehill and Brooks; (5) a twenty-four page report of an interview of Robert Chandler; (6) a forty-three page set of handwritten notes by Mr. Ragland; (7), (8), and (9) three copies of a one hundred and fifteen page Memorandum Of Fact And Law; (10) a five page set of handwritten notes

regarding the prosecution of the Stonehill and Brooks cases; (11) a four page set of handwritten notes regarding certain government activity; and (12) a one page cover sheet.

9.   CIA reviewed the twelve IRS documents and determined that each contained information that had to be withheld on the basis of FOIA exemptions (b)(1) and (b)(3).

## II.   APPLICABLE FOIA EXEMPTIONS

### A.   FOIA Exemption (b)(1)

10.   FOIA exemption (b)(1), 5 U.S.C. § 552(b)(1), provides that FOIA does not apply to matters that are:

   (A)   specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy, and

   (B)   in fact properly classified pursuant to such Executive order.

5 U.S.C. § 552(b)(1).

11.   The authority to classify information is derived from a succession of Executive orders, the most recent of which is Executive Order 12958.  I reviewed the twelve documents received from IRS under the criteria established by Executive Order 12958 and determined that the information withheld on the basis of FOIA Exemption (b)(1) is in fact properly classified pursuant to the Order.

12.    Section 6.1(h) of the Executive Order defines "classified national security information" or "classified information" as "information that has been determined pursuant to this order or any predecessor order to require protection against unauthorized disclosure and is marked to indicate its classified status when in documentary form." Section 6.1(y) of the Order defines "national security" as the "national defense or foreign relations of the United States."

13.    Section 1.1(a) of the Executive Order provides that information may be originally classified under the terms of this order only if all of the following conditions are met:

(1)  an original classification authority is classifying the information;

(2)  the information is owned by, produced by or for, or is under the control of the United States Government;

(3)  the information falls within one or more of the categories of information listed in section 1.4 of this order; and

(4)  the original classification authority determines that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security, which includes defense against transnational terrorism, and the original classification authority is able to identify or describe the damage.

Exec. Order 12958, § 1.1(a).

14.  *Original classification authority* – Section
1.3(a) of the Executive Order provides that the authority
to classify information originally may be exercised only by
the President and, in the performance of executive duties,
the Vice President; agency heads and officials designated
by the President in the *Federal Register*; and United States
Government officials delegated this authority pursuant to
section 1.3(c) of the Order.  Section 1.3(c)(2) provides
that TOP SECRET original classification authority may be
delegated only by the President; in the performance of
executive duties, the Vice President; or an agency head or
official designated pursuant to section 1.3(a)(2) of the
Executive Order.

15.  In accordance with section 1.3(a)(2), the
President designated the Director of the CIA as an official
who may classify information originally as TOP SECRET.[2]  At
the time I reviewed the documents at issue, under the
authority of section 1.3(c)(2), the Director of the CIA had
delegated original TOP SECRET classification authority to
me.  Section 1.3(b) of the Executive Order provides that

_____

[2] Order of President, Designation under Executive Order 12958, 70 Fed.
Reg. 21,609 (Apr. 21, 2005), *reprinted in* U.S.C.A. § 435 note at 192
(West Supp. 2006).  This order succeeded the prior Order of President,
Officials Designated to Classify National Security Information, 60 Fed.
Reg. 53,845 (Oct. 13, 1995), *reprinted in* U.S.C.A. § 435 note at 486
(West 2006), in which the President similarly designated the Director
of the CIA as an official who may classify information originally as
TOP SECRET.

original TOP SECRET classification authority includes the authority to classify information originally as SECRET and CONFIDENTIAL. With respect to the information for which FOIA Exemption (b)(1) is asserted in this case, I reviewed the twelve IRS documents responsive to Plaintiff's FOIA request that contain CIA-originated information and determined that they contain information that is currently and properly classified SECRET by an original classification authority.

16. *U.S. Government information* - Information may be originally classified only if the information is owned by, produced by or for, or is under the control of the United States Government. With respect to the information for which FOIA Exemption (b)(1) is asserted in this case, I reviewed the twelve IRS documents responsive to Plaintiff's request that contain CIA-originated information and have determined that the information is owned by the U.S. Government, produced by the U.S. Government, and under the control of the U.S. Government.

17. *Categories of classified information* - Information may be classified only if it concerns one of the categories of information set forth in section 1.4 of the Executive Order. With respect to the information for which FOIA Exemption (b)(1) is asserted in this case, I

reviewed the twelve IRS documents responsive to Plaintiff's request that contain CIA-originated information and determined that they contain information that concerns one or more of the following classification categories in the Executive Order:

a.  Information concerning intelligence activities or intelligence sources or methods [§ 1.4(c)]; and

b.  Information concerning foreign relations or foreign activities of the United States, including confidential sources [§ 1.4(d)].

18.  *Damage to the national security* - Section 1.2(a) of the Executive Order provides that information shall be classified at one of three levels if the unauthorized disclosure of the information reasonably could be expected to cause damage to the national security, and the original classification authority is able to identify or describe the damage.  Information shall be classified TOP SECRET if its unauthorized disclosure reasonably could be expected to result in *extremely grave damage* to the national security; SECRET if its unauthorized disclosure reasonably could be expected to result in *serious damage* to the national security; and CONFIDENTIAL if its unauthorized disclosure reasonably could be expected to result in *damage* to the national security.

19.  With respect to the information for which FOIA

Exemption (b)(1) is asserted in this case, the unauthorized disclosure of the CIA-originated information in the twelve IRS documents responsive to Plaintiff's FOIA request reasonably could be expected to result in serious damage to the national security, and thus the information is classified SECRET.  The damage to national security that reasonably could be expected to result from the unauthorized disclosure of this classified information is described in the relevant paragraphs below.  See ¶¶ 26-40.

20.    *Proper purpose* - I reviewed the twelve IRS documents responsive to Plaintiff's FOIA request that contain CIA-originated information and determined that no information has been classified in order to conceal violations of law, inefficiency, or administrative error; prevent embarrassment to a person, organization or agency; restrain competition; or prevent or delay the release of information that does not require protection in the interests of national security.

21.  *Marking* - I reviewed the twelve IRS documents responsive to Plaintiff's FOIA request that contain CIA-originated information and determined that they are properly marked in accordance with section 1.6 of the Executive Order.  When we received the documents from the IRS, however, they were not properly marked.  During my