IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULINE STONEHILL, Co-executor and Co-special administrator of the Estate of Harry S. Stonehill, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | NO. 1:06-cv-00599 JDB |
| INTERNAL REVENUE SERVICE, ) ) | |
| Defendant. ) | |

INTERNAL REVENUE SERVICE'S FIFTH
MOTION FOR PARTIAL SUMMARY JUDGMENT

The Internal Revenue Service, defendant, moves for partial summary judgment. As grounds for its motion, defendant states that the material facts are not in dispute and that it is entitled to judgment as a matter of law. Specifically, defendant states that it has (1) performed an adequate search for documents responsive to plaintiff's FOIA request; and (2) with respect to the withheld documents identified on defendant's Vaughn index, it has withheld only those documents, or portions thereof, authorized by 5 U.S.C. § 552(b). Accordingly, the Court should dismiss this case.

Attached to this motion as Exhibit 1 is the declaration of Krista Piersol. Attached as Exhibit 2 is the declaration of Mae Lew. A statement of facts, supporting memorandum of law, and proposed order are also filed with this motion.

2466106.1

DATED:      May 18, 2007.

                                      Respectfully submitted,

                                      /s/ Brittney N. Campbell
                                      DAVID M. KATINSKY
                                      BRITTNEY N. CAMPBELL
                                      Trial Attorneys, Tax Division
                                      U.S. Department of Justice
                                      P.O. Box 227
                                      Ben Franklin Station
                                      Washington, D.C. 20044
                                      Telephone: (202) 307-6435

OF COUNSEL:

JEFFREY TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that service of the foregoing defendant's fifth Motion for Partial Summary Judgment has been made this 18th day of May, 2007, by mailing, postage prepaid, addressed to:

> JOHN R. GERSTEIN
> ROBERT E. HEGGESTAD
> JONATHAN COHEN
> Ross, Dixon & Bell, LLP
> 2001 K Street, N.W.
> Washington, D.C. 20006-1040.

/s/ Brittney N. Campbell
BRITTNEY N. CAMPBELL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULINE STONEHILL, Co-executor and Co-special administrator of the Estate of Harry S. Stonehill, <br><br> Plaintiff, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, <br><br> Defendant. | ) ) ) ) ) ) ) ) NO. 1:06-cv-00599 JDB ) ) ) ) ) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF INTERNAL REVENUE SERVICE'S
SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT**

STATEMENT

The Internal Revenue Service incorporates by reference the facts enumerated in the Internal Revenue Service's Fourth Supplemental Statement of Material Facts Not in Genuine Dispute ("Fourth Statement of Facts").

SUMMARY OF ARGUMENT

The Court should grant the Internal Revenue Service's second motion for partial summary judgment here because based upon the material, undisputed facts, the Service, as a matter of law, has (1) performed an adequate search for documents responsive to plaintiff's FOIA request; and (2) with respect to the documents referenced in paragraphs 11, 15 and 18 of the Internal Revenue Service's Fourth Statement of Facts, withheld only those documents authorized by 5 U.S.C. § 552(b).

First, the Service must execute a search reasonably calculated to uncover all relevant documents based upon the four corners of the FOIA request. Here, the Service searched all logical locations suggested by the FOIA request for the exact material requested.

Likewise, the Service's withholdings meet the standards prescribed by the FOIA:

- 5 U.S.C. § 552(b)(3), in conjunction with 26 U.S.C. § 6103(a), authorizes the Service's decision to withhold in part or in full documents that are the actual tax returns of third parties, consist of third party return information in their entirety, and those that reference specific third party taxpayers or the investigations/audits thereof for violations of the Internal Revenue Code. Those provisions also support the withholding of portions of documents which, although they are not themselves tax return information under § 6103(a), contain such information.

- 5 U.S.C. § 552(b)(5), in conjunction with the governmental deliberative process privilege, protects from compelled disclosure drafts of documents and other records, either in full or in part, containing advisory opinions and recommendations generated during the course of Chief Counsel and DOJ attorneys' review and consideration of various legal guidance in conjunction with agency positions. To the extent that other documents reflect the opinions or recommendations of agency personnel involved in the drafting and review of such guidance, that information is also subject

> to the protections of the deliberative process privilege. Such documents are both predecisional and deliberative in nature. 5 U.S.C. § 552(b)(5), in conjunction with the attorney work product also protects from disclosure other discrete documents prepared by Chief Counsel attorneys which meet the requirements of these privileges, as well as of 26 U.S.C. § 6103(a).

- Finally, 5 U.S.C. §552(b)(3), in conjunction with 26 U.S.C. §§ 6103(e)(7) and 6105 supports the withholding of documents that constitute tax convention information which cannot be disclosed unless the treaty partner agrees to its disclosure and/or the Secretary determines that the disclosure would not constitute impairment of tax administration.

## ARGUMENT

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); *see also* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Matsushita Electronics Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Where the nonmoving party bears the burden of proof on an issue, the movant need not produce evidence showing the absence of a genuine issue of material fact, but instead the movant may discharge its burden by showing "that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. To rebut the motion for summary judgement, plaintiff must "point to some facts in the record that demonstrate a genuine issue of material fact and, with all

reasonable inferences made in plaintiffs' favor, could convince a reasonable jury to find for the plaintiffs." Reese v. Jefferson School District No. 143, 208 F.3d 736, 738 (9th Cir. 2000). Virtually all FOIA cases are resolved via summary judgment. *See* Manna v. United States Dep't of Justice, 832 F. Supp. 866, 870, aff'd 51 F.3d 1158 (3d Cir. ), cert. denied, 116 S. Ct. 477 (1995). Summary judgment may be granted solely on the basis of agency affidavits if they are "sufficiently detailed and are submitted in good faith." Manna, 832 F. Supp. at 870. Here, the pertinent facts are not in dispute and the issues in this case can be decided as a matter of law. The Service performed an adequate search for documents responsive to plaintiff's FOIA request. The Service is properly withholding certain information pursuant to FOIA exemptions 3 and 5.

I.
**THE SERVICE CONDUCTED A REASONABLE SEARCH FOR THE DOCUMENTS**

For the reasons set forth in the Service's Motion for Partial Summary Judgment filed March 19, 2007 (PACER #27), the Service conducted a reasonable search for the Documents.

II.
**THE INTERNAL REVENUE SERVICE'S WITHHOLDINGS ARE JUSTIFIED UNDER THE GOVERNING FOIA EXEMPTIONS.**

A.   **5 U.S.C. § 552(b)(3) in Conjunction with 26 U.S.C. § 6103(a)**

The Service has properly withheld under 5 U.S.C. § 552(b)(3), in conjunction with 26 U.S.C. § 6103(a), certain documents that consist of third party tax return information in their entirety or portions of documents that reference third party taxpayers as described in paragraph 5 of Piersol's declaration and paragraph 15 of the Service's

Fourth Statement of Facts. FOIA Exemption 3 allows the withholding of information prohibited from disclosure by another statute under certain circumstances. 5 U.S.C. § 552(b)(3). Under this exemption, if the Court determines that a relevant statute exists and that any of the withheld information is within the statute's coverage, the material must be withheld no matter how unwise or self-protective the statute may be. *See* Fund for Constitutional Gov't v. National Archives & Records Serv., 656 F.2d 856, 868 n.29 (D.C. Cir.1981); Goland v. CIA, 607 F.2d 339, 350 n. 65 (D.C. Cir. 1978) (sole issue for decision is the existence of a relevant statute and the inclusion of withheld material within the statute's coverage).

Section 6103 of Title 26 is an exempting statute within the meaning of exemption 3; thus, documents protected under section 6103 are exempt from disclosure. Long v. United States, 742 F.2d 1173, 1178-79 (9th Cir. 1984) (the basic policy decision in favor of nondisclosure was one made by Congress and because its applicability is limited by "a formula whereby the administrator may determine precisely whether disclosure in any instance would pose the hazard that Congress foresaw"); Lehrfeld v. Richardson, 132 F.3d 1463, 1466 (D.C. Cir. 1998); Tax Analysts v. Internal Revenue Service, 117 F.2d 607, 611 (D.C. Cir. 1997). Section 6103's prohibitions are clear. The section provides that tax returns and return information are to be kept confidential, unless disclosure is permitted by Title 26. Church of Scientology of California v. Internal Revenue Service, 484 U.S. 9 (1987). The term "return information" is broadly defined as follows:

> a taxpayer's identity, the nature, source, or
> amount of his income, payments, receipts,

> deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, or is being examined, or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition or offense . . . .

26 U.S.C. § 6103(b)(2)(A).

The Court of Appeals has held that this definition covers "'virtually any information collected by the Internal Revenue Service regarding a person's tax liability.'" Landmark Legal Foundation v. Internal Revenue Service, 267 F.3d 1132, 1135 (D.C. Cir. 2001) (quoting Allan Karnes & Roger Lirely, Striking Back at the Internal Revenue Service: Using Internal Revenue Code Provisions to Redress Unauthorized Disclosures of Tax Returns or Return Information, 23 Seton Hall L.Rev. 924, 933 (1993)); see also, Lehrfield, 132 F.3d at 1467 (deferring to the Service determination that documents it receives or creates during an initial investigation of an organization seeking tax-exempt status is "return information").  Moreover, in the event the document is received or collected during an investigation of a person's tax liability or a determination of whether such an investigation should be undertaken, the entire document is "return information"; the Service is not free to withhold only taxpayer identifying information and release the remainder.  See Church of Scientology of Cal.,

484 U.S. at 12. 17; Landmark Legal Foundation, 267 F.3d at 1137 (withheld return information included not only identities of third persons requesting the Service to investigate tax-exempt status of certain entities but also the contents of the letters they wrote). Thus, Exemption 3 broadly authorizes the withholding here of information collected or received by Service personnel in the investigation of taxpayers as well as taxpayer identifying information in documents which are not themselves return information.

The withheld information consists of the actual tax returns and attached schedules filed by or on behalf of the third party taxpayer; identifying information of a third party taxpayer consisting of, *inter alia,* the name, address and taxpayer identification number of the third party taxpayer; documents recommending investigation and/or prosecution of a third party taxpayer; all correspondence to and from a third party or the third party's representative and all documents comprising the investigative and/or audit files of the third party taxpayer. (Piersol Decl. ¶5). Thus, the information constitutes tax return information of the third party(ies) as defined in section 6103. The records, therefore, are protected from disclosure by FOIA exemption 3. See DeSalvo v. Internal Revenue Service, 861 F.2d 1217 (10th Cir. 1988).

### B.    5 U.S.C. § 552(b)(5)

The Service has also justifiably claimed protection under FOIA Exemption 5 for withholding the certain documents, or portions thereof, described in paragraph 7 of the Piersol declaration. Section 552(b)(5) protects from disclosure under the FOIA "inter-

agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). As the language suggests, Exemption 5 incorporates those privileges which the government enjoys in pretrial discovery under relevant statutes and case law. *See* United States v. Weber Aircraft Corp., 465 U.S. 792, 799 (1984); *see also*, NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 148 (1975) ("Exemption 5 withholds from a member of the public documents which a private party could not discover in litigation with the agency."). Nor are the needs of a particular FOIA plaintiff relevant to whether Exemption 5 applies; only documents "normally" or "routinely" disclosable in civil discovery are outside Exemption 5. Martin v. Office of Special Counsel, Merit Systems Protection Bd., 819 F.2d 1181, 1184 (D.C. Cir. 1987) (*citing* Sears, Roebuck & Co., 421 U.S. at 149); *see also*, Weber Aircraft Corp., 465 U.S. at 799 (test is whether documents "routinely" or "normally" disclosed upon a showing of relevance). The Service has justifiably withheld the documents, or portions thereof, described in paragraph 7 of the Piersol declaration based upon their protection under one of the three well-established common law privileges: the attorney work product doctrine. *Cf.* Tax Analysts v. Internal Revenue Service, 294 F.3d 71, 76 (D.C. Cir. 2002) (three privileges encompassed in Exemption 5).

The Service has properly withheld documents described at paragraph 7 of the Piersol declaration and paragraph 18 of the Service's Fourth Statement of Facts pursuant to Exemption 5 and the attorney work product doctrine. The Supreme Court

first extended protection to attorney work product in Hickman v. Taylor, 329 U.S. 495 (1947). There, the Court held that a party could not obtain from the opposing party, without a showing of necessity, written statements obtained by the opposing party's attorney and the attorney's mental impressions formed in anticipation of litigation. Id. at 509-13. Exemption 5 clearly incorporates the attorney work product doctrine, and that doctrine includes, at a minimum, memoranda prepared by government attorneys in anticipation of litigation setting forth the attorney's view of the case and his litigation strategy. Sears, Roebuck & Co., 421 U.S. at 154; *see also*, Tax Analysts v. Internal Revenue Service, 152 F.Supp.2d 1 (D.D.C. 2001) (authorizing withholding of Technical Assistances under Exemption 5 and attorney work product doctrine because they were prepared in anticipation of litigation), aff'd in part, rev'd in part, 294 F.3d 71 (D.C. Cir. 2002); Delaney, Midgail & Young v. Internal Revenue Service, 826 F.2d 124 (D.C. Cir. 1987) (documents properly withheld even though no litigation actually occurred). Exemption 5 authorizes withholding regardless of whether the applicable material is deliberative or factual, Martin, 819 F.2d at 1185-86, and regardless of whether it constitutes agency working law. Tax Analysts v. Internal Revenue Service, 152 F.Supp.2 at 18.

The Service has properly withheld documents here under Exemption 5 and the attorney work product doctrine. They are documents prepared by Chief Counsel and DOJ attorneys during, and in reasonable anticipation of, various judicial proceedings arising out of the investigation and subsequent prosecutions of Stonehill, Brooks and

numerous third party taxpayers. (Piersol Decl. ¶7.)  The information being withheld includes the mental impressions, conclusions, opinions and litigation strategy of Chief Counsel attorneys, DOJ attorneys and the investigators (including Special Agents, Revenue Agents and Revenue Service Representatives) for use in, and in anticipation of, various court proceedings.  (Id.)  Thus, these are clearly exempt under 5 U.S.C. § 552(b)(5) and the attorney work product privilege.

### C. Exemption 3 and 26 U.S.C. § 6105 and 6103(e)(7)

The Service has properly withheld, pursuant to Exemption 3 and 26 U.S.C. §§ 6103(e)(7) and 6105, the information described in paragraph 11 of the Service's Fourth Supplemental Facts.  This information was received from the following three foreign taxing authorities: Canada, Japan and Australia. (Lew Decl. ¶3.)  Each of the three tax treaties provides that the information obtained pursuant to the tax treaty is to be treated as confidential or secret under the treaty. (Lew Decl. ¶4.)

26 U.S.C. § 6105(a) generally proscribes the disclosure of tax convention information, including information exchanged pursuant to a tax convention which is treated as confidential or secret under the convention.  Congress intended this to be – and it is – a qualifying nondisclosure statute under Exemption 3.  *See* Tax Analysts v. Internal Revenue Service, 217 F.Supp.2d 23, 26 (D.D.C. 2002) (citing H.R. Conf. Rep. No. 106-1033, at 1012 (2000)); *see also*, Tax Analysts v. Internal Revenue Service, 152 F.Supp.2d 1, 10 (D.D.C. 2001), aff'd in part, rev'd in part, 294 F.3d 71 (D.C. Cir. 2002).

The withheld information clearly fits within the definition of "tax convention information." 26 U.S.C. § 6105(c)(1)(E) includes in the definition of tax convention information "information exchanged pursuant to a tax convention which is treated as confidential or secret under the tax convention." *See also* Joint Committee on Taxation, General Explanation of Tax Legislation Enacted in the 106th Congress (JCS-2-01), at 147 (April 19, 2001) ("The Congress intends that tax convention information include documents and any other information that reflects tax convention information."); *see also*, Tax Analysts, *supra* (holding that information in internal Internal Revenue Service Technical Assistance memoranda which was received pursuant to a tax convention was itself "tax convention information"). Because the information that is being withheld constitutes "tax convention information" as defined under 26 U.S.C. §6105(c)(1), it is exempt from disclosure. (Lew Decl. ¶5.)

As set forth above, 26 U.S.C. §6103 is an exempting statute within the meaning of Exemption 3. Congress has provided in 26 U.S.C. § 6103(a) that tax return information generally may not be disclosed. It further provided in 26 U.S.C. § 6103(e)(7) that a taxpayer may inspect his or her own tax return information only if the Secretary of the Treasury or his delegate determines that such disclosure would not seriously impair Federal tax administration. If the Secretary's delegate has determined the opposite – that disclosure would seriously impair tax administration – Congress has statutorily provided that the return information may not be disclosed. *See e.g.* McQueen v. United States, 264 F. Supp. 2d 502, 516 (S.D. Tex 2003); Gibbs Int'l, Inc. v. Internal Revenue

Service, No. 7:96-996-13, slip op. at 1 (D.S.C. 1996)(stating "disclosure of the documents would chill future cooperation with foreign government treaty partners"); Church of Scientology v. Internal Revenue Service, 1991 U.S. Dist. LEXIS 3008, at *3 (C.D.Cal. 1991)(concluding that release of documents referring to information obtainable under various treaties would chill future cooperation of foreign governments and tax-treaty partners.")

If the Secretary (or his delegate), after consultation with each of the three treaty partners, finds that a treaty partner objects to disclosure of any or all of the documents containing information that it provided to the United States, then the disclosure of that information would constitute serious impairment of tax administration. (Lew Decl. ¶5.) In that regard, the Internal Revenue Service is withholding certain documents, either in whole or in part, because a determination has been made by the Secretary (or his delegate) that disclosure of such documents would constitute serious impairment of tax administration. (Id.)  Accordingly, the documents described in paragraph 11 of the Service's Fourth Statement of Facts and more particularly described in the Vaughn index, have been properly withheld pursuant to FOIA exemption (b)(3) in conjunction with 26 U.S.C. §§ 6103 and 6105.

CONCLUSION

For the reasons stated above, the Service's search was adequate, and its withholdings justified.  Accordingly, based upon the undisputed facts, the Service is entitled to judgment as a matter of law.  The Service therefore respectfully requests that

2466106.1

this Court grant its partial motion for summary judgment and dismiss this action with prejudice.

Dated: May 18, 2007.

                                    Respectfully submitted,

                                    /s/ Brittney N. Campbell
                                    DAVID M. KATINSKY
                                    BRITTNEY N. CAMPBELL
                                    Trial Attorney, Tax Division
                                    U.S. Department of Justice
                                    P.O. Box 227
                                    Ben Franklin Station
                                    Washington, D.C. 20044
                                    Telephone: (202) 307-6435

OF COUNSEL:

JEFFREY TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that service of the foregoing defendant's Memorandum in Support of Fifth Motion for Partial Summary Judgment has been made this 18th day of May, 2007, by mailing, postage prepaid, addressed to:

> JOHN R. GERSTEIN
> ROBERT E. HEGGESTAD
> JONATHAN COHEN
> Ross, Dixon & Bell, LLP
> 2001 K Street, N.W.
> Washington, D.C. 20006-1040.

      /s/ Brittney N. Campbell
BRITTNEY N. CAMPBELL