IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULINE STONEHILL, Co-executor and Co-special administrator of the Estate of Harry S. Stonehill,<br><br>      Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>      Defendant. | NO. 1:06-cv-00599 JDB |

**INTERNAL REVENUE SERVICE'S FOURTH SUPPLEMENTAL STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

The Internal Revenue Service incorporates by reference the facts set forth in paragraphs one through 54 of the Internal Revenue Service's Statement of Material Facts Not in Genuine Dispute filed on March 19, 2007 (the "Statement of Facts")(PACER #29) and the Internal Revenue Service's First Supplemental Statement of Material Facts Not in Genuine Dispute filed on March 23, 2007 (PACER #33). Further, the Internal Revenue Service supplements its Statement of Facts and, pursuant to L.Civ.R. 7.1(h) and 56.1, asserts that the following additional facts are not in genuine dispute:

    1.  On March 19, 2007, the Internal Revenue Service (the "Service") filed a partial Vaughn index and a motion for partial summary judgment. (PACER #27 & #28.)

    2.  As of March 19, 2007, the Service had not yet completed the Vaughn index with respect to various documents, including certain documents that required

coordination and review by the United States Competent Authority and the Taxing Authorities of Australia, Canada and Japan pursuant to treaty agreements with the treaty partners (the "Treaty Partners"). (Piersol Decl. ¶2.)

    3. The search for these documents is identical to the search for the documents described in paragraphs seven through 10 of the Service's Statement of Facts.

    4. Piersol forwarded these documents to Mae Lew, attorney with the office of Associate Chief Counsel (International)("ACCI") for her review. (First Supplemental Statement of Facts ¶5.)

    5. In the course of her review, Lew discovered several pages containing information received from a treaty partner that were not among those documents previously reviewed and sent to the taxing authorities of the countries from which the Internal Revenue Service received information and/or documents. It was necessary for the U.S. Competent Authority to forward the documents for review by, and to consult with, the treaty partner country's taxing authority in order to determine whether disclosure of the documents would constitute impairment of tax administration. (Lew Decl. ¶3.)

    6. The documents and/or information necessitated consultation with the taxing authorities of Australia, Canada and Japan. The consultation process has been completed. (Lew Decl. ¶3.)

    7. On May 11, 2007, the treaty partners returned their responses. The taxing authority of Canada did not consent to the release of the documents sent for its

review.  The taxing authorities of Japan and Australia consented to the release of all the documents forwarded for their review.  (Piersol Decl. ¶3.)

8.  The Internal Revenue Service reviewed the documents sent to Canada, Japan and Australia and determined that entire documents are exempt from disclosure based on the following FOIA exemptions:  5 U.S.C. §552(b)(3) in conjunction with 26 U.S.C. §6103 and 26 U.S.C. §6105; and 5 U.S.C. §552(b)(5) on the basis of the Work Product Privilege. (Piersol Decl. ¶4; Lew Decl. ¶5.)

EXEMPTION (b)(3) IN CONJUNCTION WITH 26 U.S.C. §§ 6105 and 6103(e)(7)

9.  The Service is withholding certain documents that constitute "tax convention information" as defined under 26 U.S.C. § 6105(c)(1). (Piersol ¶5.)

10.  In addition to 26 U.S.C. § 6105, another basis for the government's (b)(3) claim is 26 U.S.C. §6103(e)(7), which prevents disclosure or inspection of return information if such disclosure would seriously impair Federal tax administration. The Secretary (or his delegate) has made the determination that disclosure of information (that a treaty partner has objected to) to the taxpayer would constitute serious impairment of tax administration, under 26 U.S.C. § 6103(e)(7), in that relations with that Treaty Partner would be harmed. (Lew Decl. ¶5.)

11.  The Service is withholding certain documents, either in whole or in part, because a determination has been made by the Secretary (or his delegate) that disclosure of such documents would constitute serious impairment of tax administration.  Accordingly, the following documents, as more fully described in

the <u>Vaughn</u> index, have been withheld as exempt from disclosure pursuant to FOIA exemption (b)(3) in conjunction with 26 U.S.C. §§ 6105 and 6103(e)(7):

> Box 30-167, Box 30-168, Box 30-170 through Box 30-175, Box 30-205 through Box 30-207, Box 30-222, Box 30-236 through Box 30-239, Box 35-404 through Box 35-412, Box 51-123, Box 51-134, Box 59-1688 through Box 59-1690, Box 59-1718, Box 85-420 through Box 85-427, Box 85-432 through Box 85-440, Box 85-480 through Box 85-484, Box 85-578 through Box 85-586.

### EXEMPTION 3 IN CONJUNCTION WITH §6103(a)

12. Exemption (b)(3) is being asserted in conjunction with 26 U.S.C. § 6103, as the basis for withholding certain documents, or portions of documents, that are the actual tax returns of third parties, consist of third party return information in their entirety, those that reference specific third party taxpayers or the investigations/audits thereof for violations of the Internal Revenue Code. (Piersol Decl. ¶5.)

13. Exemption (b)(3) is being asserted in conjunction with 26 U.S.C. §6103(a) to withhold the returns and return information of individuals and entities other than Stonehill and Brooks.[1] (Piersol Decl. ¶6.) The Internal Revenue Service is withholding the following types of documents and/or information: the actual tax returns and all schedules attached thereto, filed by or on behalf of the third party taxpayer; identifying information of the third party taxpayer consisting of, *inter alia*,

---

[1] Plaintiff is entitled to the returns and return information of Brooks pursuant to a Power of Attorney.

the name, address and taxpayer identification number of the third party taxpayer; documents recommending investigation and/or prosecution of the third party taxpayer; all correspondence to and from the third party or the third party's representative; and all documents comprising the investigative and/or audit files of the third party taxpayer. (Piersol Decl. ¶5.)

14. Plaintiff has not demonstrated a material interest, nor has plaintiff furnished the Service with consents of any third party taxpayers, other than William Saunders, Sr. Accordingly, plaintiff has not demonstrated its entitlement to any third party tax information. (Piersol Decl. ¶5.)

15. The following documents have been withheld, in full or in part, pursuant to Exemption b(3) in conjunction with 26 U.S.C. §6103 and have been more fully described in the document description section of the Vaughn Index submitted to the Court: Box 31-0155 and Box 49-042.

## EXEMPTION (b)(5)

16. The Service is also withholding certain information in the documents that is responsive to plaintiff's FOIA request pursuant to subsection (b)(5) of the FOIA. (Piersol Decl. ¶6.)

17. Pursuant to FOIA subsection (b)(5) and the work product doctrine (labeled as Attorney Work Product in the Vaughn index), the Service is withholding information that was prepared by Chief Counsel and DOJ attorneys during, and in reasonable anticipation of, various judicial proceedings arising out of the

investigation and subsequent prosecutions of Stonehill, Brooks and numerous third party taxpayers.  The information being withheld includes the mental impressions, conclusions, opinions and litigation strategy of Chief Counsel attorneys, DOJ attorneys and the investigators (including Special Agents, Revenue Agents and Revenue Service Representatives) for use in, and in anticipation of, various court proceedings.  Even though at the time some of the documents were created, the Service was not in litigation with the taxpayers involved in these transactions, based on the numerous transactions involving the taxpayers and the financial and punitive ramifications of disallowing the tax benefits associated with these transactions, the agency fully expected many of those taxpayers involved in these transactions would pursue legal challenges if the Service took adverse action.  (Piersol Decl. ¶7.)

18. The following documents are being withheld in whole or in part pursuant to the Work Product Doctrine and have been more fully described in the document description section of the <u>Vaughn</u> Index submitted to the Court:  Box 31- 0155.

//
//
//
//
//
//

Dated: May 18, 2007.                    Respectfully submitted,

/s/ Brittney N. Campbell
DAVID M. KATINSKY
BRITTNEY N. CAMPBELL
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6435

OF COUNSEL:
JEFFREY TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that service of the foregoing defendant's supplemental statement of material facts has been made this 18th day of May, 2007, by mailing, postage prepaid, addressed to:

> JOHN R. GERSTEIN
> ROBERT E. HEGGESTAD
> JONATHAN COHEN
> Ross, Dixon & Bell, LLP
> 2001 K Street, N.W.
> Washington, D.C. 20006-1040.

/s/ Brittney N. Campbell
BRITTNEY N. CAMPBELL