IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STONEHILL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06-cv-0599 |
| | ) | |
| INTERNAL REVENUE SERVICE | ) | |
| | ) | |
| Defendant. | ) | |

DECLARATION OF KRISTA L. PIERSOL

I, Krista L. Piersol, being of legal age and pursuant to the provisions of 28 U.S.C. § 1746, declare and say:

1. I am an attorney in the Internal Revenue Service's Office of Chief Counsel, Office of the Associate Chief Counsel, Procedure and Administration, (Branch 7), in Washington, D.C. I have held this position since February 2006. The duties of attorneys in this office include assisting the Department of Justice (DOJ) and Offices of the United States Attorneys in defending the Government in litigation brought under the Freedom of Information Act (FOIA), the Privacy Act, and 26 U.S.C. § 7431.

2. Within the course and scope of my duties, I have been assigned to assist the DOJ in connection with the above-captioned litigation. Several documents required coordination and review by the United States Competent Authority and the Taxing Authorities of Australia, Canada and Japan pursuant to treaty agreements with the treaty partners as is more fully explained in the declaration of Mae Lew, Attorney, IRS Office of Chief Counsel (International).

3. On May 11, 2007, the U.S. Competent Authority informed Ms. Lew of the treaty partner's responses. The Canadian taxing authority did not consent to the

release of any documents sent to them for review. The taxing authorities of Japan and Australia consented to the release of all the documents forwarded for their review. I reviewed these documents to determine if they contained additional material exempt from disclosure.

4. After a thorough review of the documents, I have determined that entire documents are exempt from disclosure based on the following FOIA exemptions: (b)(3) in conjunction with I.R.C. § 6103 and (b)(5) on the basis of the Work Product Privilege.

5. Exemption (b)(3) is being asserted in conjunction with 26 U.S.C. § 6103, as the basis for withholding certain documents consisting of third party return information in their entirety, those that reference specific third party taxpayers or the investigations/audits thereof for violations of the Internal Revenue Code. FOIA subsection (b)(3) permits the withholding of records that are specifically exempted from disclosure pursuant to a qualifying statute other than the FOIA. I.R.C. § 6103, which sets forth particularized criteria for the disclosure of returns and return information, has been held to be a statute meeting the criteria of FOIA subsection (b)(3). See Church of Scientology v. IRS, 484 U.S. 9 (1987); Chamberlain v. Kurtz, 589 F.2d 827 (5th Cir.), cert. denied, 444 U.S. 842 (1979).

Exemption (b)(3) is being asserted in conjunction with I.R.C. § 6103(a) to withhold the returns and return information of individuals and entities other than the plaintiff.[1] I.R.C. § 6103(b)(2) defines "return information," in pertinent part, as:

> (A) a taxpayer's identity ... or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible

1 Plaintiff is entitled to the returns and return information of Brooks pursuant to a Power of Attorney.

> existence, of liability [under the Internal Revenue Code] ... .

Accordingly, the Government is withholding the following types of documents and/or information: identifying information of the third party taxpayer consisting of, *inter alia*, the name, address and taxpayer identification number of the third party taxpayer; documents recommending investigation and/or prosecution of the third party taxpayer; all correspondence to and from the third party or the third party's representative; and all documents comprising the investigative and/or audit files of the third party taxpayer.

I.R.C. § 6103(a) provides that returns and return information shall not be disclosed except as authorized by any provision of the Code. No provision of the Code authorizes the release of third party tax returns or return information without the third party's consent to such disclosure consistent with 26 U.S.C. § 6103(c) or without the plaintiff demonstrating a material interest within the meaning of 26 U.S.C. § 6103(e). Plaintiff has not demonstrated a material interest, nor has plaintiff furnished the Service with consents of any third party taxpayers, other than William Saunders, Sr. Accordingly, plaintiff has not demonstrated its entitlement to any third party tax information.

6. The Government is withholding certain information in the documents responsive to plaintiff's FOIA request pursuant to subsection (b)(5) of the FOIA. FOIA subsection (b)(5) exempts from disclosure "inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than agency in litigation with the agency." This exemption has been construed to encompass the attorney-client privilege, the work product doctrine, and the deliberative process privilege.

7. Pursuant to FOIA subsection (b)(5) and the work product doctrine (labeled as Attorney Work Product in the Vaughn Index), the Government is withholding information that was prepared by Chief Counsel and DOJ attorneys during, and in reasonable anticipation of, various judicial proceedings arising out of the investigation and subsequent prosecutions of Stonehill, Brooks and numerous third party taxpayers. The information being withheld includes the mental impressions, conclusions, opinions and litigation strategy of Chief Counsel attorneys, DOJ attorneys and the investigators (including Special Agents, Revenue Agents and Revenue Service Representatives) for use in, and in anticipation of, various court proceedings. Even though at the time some of the documents were created, the IRS was not in litigation with the taxpayers involved in these transactions, based on the numerous transactions involving the taxpayers and the financial and punitive ramifications of disallowing the tax benefits associated with these transactions, the agency fully expected many of those taxpayers involved in these transactions would pursue legal challenges if the IRS took adverse action. The documents being withheld in full pursuant to the work product doctrine have been more fully described in the document description section of the Vaughn Index submitted to the Court.

8. The Vaughn Index referred to throughout this declaration and hereby incorporated by reference are those documents filed with the Court and labeled Stonehill FOIA – Documents Reviewed §6105 Exemption File 4.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 18th day of May 2007.

Krista L. Piersol

Krista L. Piersol
Office of Chief Counsel
1111 Constitution Avenue
Washington, DC 20224