IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULINE STONEHILL, Co-Executor and Co-Special Administrator of the Estate of Harry S. Stonehill,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, ET. AL.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:06-CV-00599<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF MAE J. LEW

I, Mae J. Lew, being of legal age and pursuant to the provisions of 28 U.S.C. § 1746, declare and say:

I am an attorney with the office of Associate Chief Counsel (International) ("ACCI") and hold the title of Special Counsel. In my capacity as Special Counsel, I provide legal advice and assistance to IRS personnel on numerous matters, including responding to Freedom of Information Act (FOIA) requests implicating matters within ACCI's field of expertise.

2.      Within the course of my official duties, I was assigned to review documents responsive to plaintiff's 1998 and 2001 FOIA requests that implicated information and/or documents received from various income tax treaty partners of the United States. The requests were for documents related to the Federal income tax investigations of Harry S. Stonehill and Robert P. Brooks; specifically documents related to United States v. Stonehill, 65-cv-0127 (C.D. Cal.). I was assigned the case due to

ACCI's[1] involvement in the investigations which began in the 1960's, and collection of taxes after assessments were made against Messrs. Stonehill and Brooks.

3. Due to my previous involvement, Krista Piersol, Attorney, Office of Chief Counsel, Procedure and Administration (Branch 7) requested my assistance in assessing the accuracy of the records with respect to the documents. During this subsequent review, I discovered several pages containing information received from a treaty partner that were not among those documents previously reviewed and sent to the taxing authorities of the countries from which the IRS received information and/or documents. It was necessary for the U.S. Competent Authority to forward the documents for review by, and to consult with, the treaty partner country's taxing authority, in order to determine whether disclosure of the documents will constitute impairment of tax administration. The documents and/or information necessitated consultation with the taxing authorities of Australia, Canada and Japan, and that consultation process has now been completed.

4. Each of the tax treaties provides that the information obtained pursuant to the tax treaty is to be treated as confidential or secret under the treaty. For treaty language stating that information received by a Contracting State shall be treated as confidential, see Convention Between The Government Of The United States Of America And The Government Of Australia For The Avoidance Of Double Taxation And The Prevention Of Fiscal Evasion With Respect To Taxes On Income, Article 25; Convention Between The United States Of America And Canada With Respect To Taxes On Income And On Capital, Article 27; and Convention Between The

---

[1] ACCI was created in 1986; before then, the Stonehill case was being handled by the Tax Litigation Division of Chief Counsel.

Government Of The United States Of America And The Government Of Japan For The Avoidance Of Double Taxation And The Prevention Of Fiscal Evasion With Respect To Taxes On Income, Article 26.

5.      The IRS is withholding certain documents, either in whole or in part, because the documents are exempt from disclosure pursuant to FOIA exemption (b)(3) in conjunction with I.R.C. §§ 6105 and 6103(e)(7).

The documents that are being withheld constitute "tax convention information" as defined under I.R.C. § 6105(c)(1). The general rule found in I.R.C. § 6105(a) is that tax convention information cannot be disclosed, unless it falls under one of the exceptions found in I.R.C. § 6105(b).[2] In the instant case, if the Secretary (or his delegate), after consultation with each of the three treaty partners, finds that a treaty partner objects to disclosure of any or all of the documents containing information that it provided to the U.S., our disclosing it would constitute impairment of tax administration in that our relations with that treaty partner will be harmed. In that regard, the IRS is withholding certain documents, either in whole or in part, because a determination has been made by the Secretary (or his delegate) that disclosure of such documents would constitute serious impairment of tax administration. Accordingly, the documents that have been withheld are exempt from disclosure pursuant to FOIA exemption (b)(3) in conjunction with I.R.C. §§ 6105 and 6103(e)(7) and have been more fully described in the Vaughn Index submitted to the Court and hereby incorporated by reference.

---

[2] Even if the exception under I.R.C. § 6105(b)(1) applies, and the taxpayer himself may be entitled to the tax convention information, the information would only be disclosed if the Secretary (or his delegate) finds that such disclosure would not seriously impair federal tax administration, in accordance with I.R.C. § 6103(e)(7).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 16th day of May 2007.

*Mae J. Lew*
Mae J. Lew
Office of Chief Counsel
1111 Constitution Avenue
Washington, DC 20224