# Exhibit A-2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAULINE STONEHILL, Co-executor )
and Co-special administrator of the )
Estate of Harry S. Stonehill, )
)
        Plaintiff, )   Case No. 1:06-cv-599 (JDB)
)
v. )   Honorable John D. Bates
)
INTERNAL REVENUE SERVICE, )
)
        Defendant. )
)

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN GENUINE DISPUTE

1.  On March 15, 2001, Plaintiff's counsel questioned the original IRS Disclosure Officer, Steven Fletcher, to determine why documents had not been produced in response to Plaintiff's 1998 FOIA request. Mr. Fletcher, who was no longer an IRS disclosure officer, acknowledged that documents responsive to the 1998 request were, in fact, available and could be found at the Office of the Assistant Chief Counsel, Office of Intelligence Operations. Declaration of Robert E. Heggestad ("Heggestad Decl.") ¶ 9.

2.  On March 15, 2001, Plaintiff's counsel asked the Manager of the IRS Headquarters Disclosure Office to conduct a new search at the Office of the Associate Chief Counsel, International Operations Branch for documents responsive to Plaintiff's July 10, 1998 FOIA request.[1] Heggestad Decl. ¶ 10.

---

[1] See Letter from R. Heggestad to C. Campbell (March 15, 2001), attached to Heggestad Decl. as Ex. 8.

3.   On August 28, 2001, the District Court in Stonehill issued its decision denying Plaintiff's Rule 60(b) motion.[2]  Heggestad Decl. ¶ 12.

4.   On December 19, 2002, the Court of Appeals reversed and remanded the Stonehill case for further proceedings to consider the documents obtained after the District Court's decision in the first instance.  During the hearing on November 6, 2002, two Ninth Circuit panelists stated that Hawley's lies were more than "just a few sort of innocent mistakes of fact"[3] -- "it's pretty clear he lied" and that McCarthy "at the time he filed his brief in this Court, knew things that should have precluded him from making certain representations to this Court."[4] Heggestad Decl. ¶ 18.

5.   The IRS has asserted the deliberative process privilege as the basis for withholding one-hundred and seventy-two (172) documents in this proceeding.  The Government did not assert the deliberative process privilege in Stonehill as a basis for withholding documents from the 92 IRS boxes.  See Chart titled Vaughn Deliberative Process Not Asserted by Tax Division, attached to Heggestad Decl. as Ex. 43.  Heggestad Decl. ¶ 42.

6.   The IRS has also asserted the attorney-work product doctrine as the basis for withholding 681 documents that were not withheld based on attorney-work product doctrine in the original District Court litigation.  Heggestad Decl. at ¶¶ 24, 25 and Exhibits 51-58.  The IRS has also asserted the attorney-work product doctrine as the basis for withholding 48 documents that were previously withheld in Stonehill based only on attorney-client privilege.  See Chart titled Vaughn AWP and Tax Division ACP Only, attached to Heggestad Decl. as Ex. 44.  The

---

[2] The District Court denied Plaintiff's motion to stay a decision pending the completion of the review of IRS boxes.  Order, United States v. Stonehill, No. 65-127 (OMP) (C.D. Cal.) (filed Aug. 28, 2001).

[3] See Nov. 6, 2002 Tr. at 7, attached as Heggestad Decl. Ex. 60.

[4] Opinion, Case No. 01-35943 (9th Cir. Dec. 19, 2002), attached to Heggestad Decl. as Ex. 11. See also Nov. 6, 2002 Tr. at 7, attached to Heggestad Decl. as. Ex. 60.

358501 v1                                                2

IRS has also asserted attorney-work product doctrine as the basis for withholding 33 documents that were previously withheld in the Stonehill litigation based only on 26 U.S.C. § 6103. See Chart titled Tax Division Redacted Docs with 6103 and/or 6105 Privilege Only, attached to Heggestad Decl. as Ex. 45. Heggestad Decl. ¶ 43. The District Court in Stonehill rejected the Government's claim of attorney-work product doctrine and attorney-client privilege as the basis for withholding documents from the 92 IRS boxes. Heggestad Decl. at ¶ 30 and Exhibit 27.

7. The IRS has asserted FOIA Exemption 3 in conjunction with 26 U.S.C. § 6103, third-party tax return information as the basis for withholding 157 documents previously withheld in the Stonehill litigation based only on attorney-work product and/or attorney-client privilege. See Chart titled Vaughn 6103 Not Asserted by Tax Division, attached to Heggestad Decl. as Ex. 46. Heggestad Decl. ¶ 44.

8. The documents released to the Plaintiff in response to Plaintiff's July 10, 1998 FOIA request have included the names of almost every IRS agent involved in the investigation of Stonehill released in literally thousands of IRS documents. The IRS agents assigned to the Stonehill investigation in the Philippines, Robert Chandler, William Ragland and Sterling Powers are deceased. Heggestad Decl. ¶ 45.

9. Documents previously released to the Plaintiff by the FBI have included the unredacted names of FBI Special Agents from Pittsburg,[5] Washington, D.C.,[6] and San Francisco.[7] Heggestad Decl. ¶ 46.

---

[5] See Report of FBI Special Agent Thomas J. Doody (July 6, 1962), attached to Heggestad Decl. as Ex. 61. The report also includes the unredacted name of Special Agent Donald G. Fischer. The names of both Special Agents were redacted in documents submitted with the FBI Vaughn Index.

[6] See Report of Special Agent Joseph A. Genau (Feb. 19, 1962) attached to Heggestad Decl. as Exhibit 62.

[7] See Report of Special Agent Matthew J. Lightbody (Feb. 27, 1962), attached to Heggestad Decl. as Exhibit 63.

10. The Plaintiff did not agree to pay $5,000 in search costs for documents that had already been located by the IRS in response to Plaintiff's initial FOIA request because the Plaintiff had previously paid all search and duplication costs assessed by the IRS to process Plaintiff's FOIA request. Heggestad Decl. ¶ 48.

11. The deposition transcript of IRS agent Sterling Powers and a November 20, 1984 hearing transcript were located in the files of the Tax Division attorneys who represented the IRS in the Stonehill litigation.[8] Both of these transcripts were subsequently provided to the Plaintiff pursuant to an agreement with the IRS that Plaintiff would file no further FOIA requests with the IRS or the Tax Division for a period of seven years.[9] Heggestad Decl. ¶ 49.

Dated: September 7, 2007

                                      Respectfully submitted,

                                      /s/       Robert E. Heggestad
                                    Robert E. Heggestad (D.C. Bar. No. 953380)
                                    Jonathan Cohen (D.C. Bar. No. 483454)
                                    ROSS, DIXON & BELL, LLP
                                    2001 K Street, N.W.
                                    Washington, D.C. 20006-1040
                                    (202) 662-2000

                                    Attorneys for Plaintiff

---

[8] See Letter from B. Campbell to R. Heggestad (May 2, 2007), attached to Heggestad Decl. as Ex. 49.

[9] See Letter from E. O'Connor/D. Hubbert to R. Heggestad (May 7, 2007), attached to Heggestad Decl. as Ex. 50.