IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PAULINE STONEHILL, Co-executor and Co-special administrator of the Estate of Harry S. Stonehill, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 1:06-cv-00599 JDB |
| INTERNAL REVENUE SERVICE, | ) ) | |
| Defendant. | ) | |

**INTERNAL REVENUE SERVICE'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AND IN REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO INTERNAL <u>REVENUE SERVICE'S SUMMARY JUDGMENT MOTION</u>**

This case is brought by plaintiff pursuant to the Freedom of Information Act (FOIA) in which plaintiff alleges that the Internal Revenue Service (the "Service") refused to supply requested records and files. The Service provided plaintiff with the documents and a <u>Vaughn</u> Index of withheld documents prior to the parties' filing of cross-motions for summary judgment. In its cross motion for summary judgment, plaintiff contends that the Service is not entitled to claim exemptions under 5 U.S.C. §552(b)(5) that are based on attorney work product doctrine, attorney client privilege. Plaintiff also claims that the Internal Revenue

Service waived its right with respect to certain documents to claim exemptions under 5 U.S.C. § 552(b)(3), in conjunction with 26 U.S.C. § 6103(a) and 5 U.S.C. §552(b)(5) based on deliberative process.  Plaintiff further claims that the Service improperly withheld the name of an Internal Revenue Service Agent under the FOIA exemptions 5 U.S.C. §552(b)(6) and (b)(7).  In this opposition to plaintiff's motion for summary judgment, the Service asserts that it is entitled to claim the exemptions pursuant to 5 U.S.C. §552(b)(5) and that the name of Internal Revenue Agent was properly withheld pursuant to §5 U.S.C. §(b)(6) and (7).

ISSUES PRESENTED

Based on plaintiff's opposition, the following issues are addressed in the United States' opposition and reply:

- In <u>U.S. v. Stonehill</u>, No. 65-127 (C.D.Cal.)("<u>Stonehill</u>"), the Court issued an order directing the United States to produce certain documents sought by plaintiff through discovery.  Prior to the Court's order, the United States had withheld certain of these documents based on attorney work product doctrine and attorney client privilege.  The effect of the Court's order in <u>Stonehill</u> was to allow the United States to withhold documents solely based on

2

2827279.1

relevancy, 26 U.S.C. §6103 and §6105. (Pl. Ex. 27, December 20, 2005 Order.)  In this action, the Internal Revenue Service has claimed that certain documents are exempt from disclosure pursuant to 5 U.S.C. §552(b)(5)–based on attorney client privilege and work product doctrine.  Is the Internal Revenue Service collaterally estopped from asserting work product and attorney client privileges due to the Order issued by the Court in Stonehill?

- Plaintiff asserts that the Internal Revenue Service has waived the right to claim any exemptions based on deliberative process privilege, work product doctrine and 26 U.S.C. §6103 that were not originally asserted by the United States in its response to plaintiff's discovery requests in Stonehill.  Should the Court find that the Internal Revenue Service has waived exemptions based on claims of attorney work product doctrine, deliberative process privilege, and 26 U.S.C. §6103 not asserted in Stonehill?

- Plaintiff argues that the Service is improperly withholding the name of an Internal Revenue Service agent based on 5 U.S.C. § 552(b)(6) and 5 U.S.C. § 552(b) (7)(C).  5 U.S.C. § 552(b)(6) protects from disclosure personnel and medical files and similar files when the

3

disclosure of such information would constitute a clearly

unwarranted invasion of personal privacy, without providing any

information about how the Service conducts its official activities.

 5 U.S.C. § 552(b) (7)(C) protects from disclosure information

identifying individuals who assisted the Federal Bureau of

Investigation in its law enforcement investigations. Is the withheld

information protected by  5 U.S.C. § 552(b)(6) and 5 U.S.C. § 552(b)

(7)(C)?[1]

## ARGUMENT

I.    **THE INTERNAL REVENUE SERVICE IS NOT COLLATERALLY
      ESTOPPED FROM ASSERTING WORK PRODUCT DOCTRINE AND
      ATTORNEY CLIENT PRIVILEGE AS A BASIS FOR EXEMPTING FROM
      DISCLOSURE CERTAIN DOCUMENTS PURSUANT TO 5 U.S.C.
      §552(B)(5).**

In her opposition, plaintiff argues that the Internal Revenue Service is

collaterally estopped by the District Court's prior decision in United States v.

Stonehill, No. 65-127 (C.D. Cal.)("Stonehill") from claiming exemptions based on

attorney work product and attorney client privileges.  In the course of the

---

[1] Plaintiff dedicates 20 pages of its summary judgment memorandum (Pl. Mem. at 1-19) to facts and procedural history.  As the majority of the background information is not material nor even relevant to the present FOIA action, the Service will not respond to it.

2827279.1

litigation, a discovery dispute arose between plaintiff and the United States. (Pl. Opp. 23.) In response to plaintiff's discovery requests, the United States had withheld certain documents on the grounds of work product and/or attorney client privilege. (Pl. Opp. 23.) Plaintiff filed a motion to compel on various grounds. On December 20, 2005, the Court issued an order directing the United States to turn over documents regarding the 1966 Tax Division investigation into the government's role in the 1962 raids. (Pl. Ex. 27; Order at 8.) The Court concluded that because Stonehill had accused the United States of "intentionally concealing its role in the 1962 raids during litigation of motions to suppress," the United States must turn over notes given to, or taken by, government counsel if the notes concern the Tax Division's investigation of the United States' involvement in the 1962 raids. (Id.) Based on this ruling in Stonehill, plaintiff now claims that the Internal Revenue Service is collaterally estopped from claiming, in this FOIA litigation, exemptions pursuant to 5 U.S.C. 552(b)(5). Specifically, plaintiff claims that the Service cannot claim exemptions based on attorney work product doctrine or attorney client privilege. Plaintiff's argument is misconceived.

The law of collateral estoppel "is intended to protect the parties from the burden of relitigating the *same issue* following a final judgment and to promote

2827279.1

judicial economy by preventing needless litigation. <u>Consolidated Edison Co. of New York v. Bodman</u>, 449 F.3d 1254, 1258 (D.C.Cir. 2006)(emphasis added); *citing* <u>Freeman United Coal Mining Co. v. Office of Workers' Comp. Program</u>, 20 F.3d 289, 294 (7th Cir.1994).   The doctrine "only applies to issues 'in substance the same as those resolved' in an earlier proceeding," <u>Alabama Rivers Alliance v. F.E.R.C.</u>, 325 F.3d 290, 296, (D.C. Cir. 2003); *citing* <u>Kidwell v. Dep't of Army</u>, 56 F.3d 279, 287 (D.C.Cir.1995) (*quoting* <u>Montana v. United States</u>, 440 U.S. 147, 155 (1979) ).

The standards for establishing the preclusive effect of a prior holding are: (1) the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case; (2) the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case; and (3) preclusion in the second case must not work a basic unfairness to the party bound by the first determination. <u>Yamaha Corp. of Am. v. United States</u>, 961 F.2d 245, 254-255 (D.C.Cir. 1992).   The objective of collateral estoppel is "judicial finality." <u>Id</u>. "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." <u>Id</u>.  (*citing*

2827279.1

Restatement (Second) Of Judgments § 27 (1981)).

In this case, the standards required to assert collateral estoppel have not

been met.  First, collateral estoppel requires that the <u>same</u> issue be raised and

litigated by the parties.  The issues in discovery proceedings and the issues in the

context of a FOIA action are quite different.  <u>Playboy Enterprises, Inc. v.</u>

<u>Department of Justice</u>, 677 F.2d 931, 937 (D.C.Cir. 1982.)  The FOIA confers on

members of the public a right to information from the Government "independent

of the contextually based right provided by Rule 26 of the Federal Rules of Civil

Procedure."  <u>Horsehead Industries, Inc. v. United States Environmental</u>

<u>Protection Agency</u>, 999 F.Supp 59 (D.D.C. 1998.)  Although both discovery and

FOIA requests involve the demand for documents, plaintiff's attempt to

characterize them as the same "issue," creates an overly broad definition of the

word. *See* <u>North v. Walsh</u>, 881 F.2d 1088, 1095 (D.C.Cir. 1989). This

characterization would "swell the concept of 'issue' so that the term becomes

virtually synonymous with 'demand for relief.'" <u>Id.</u>

Although the demands for relief may be similar, the FOIA is "animated"

by different policies than those informing the rules governing civil discovery in

the federal courts. <u>Horsehead Industries, Inc.,</u> 999 F. Supp. at 59; *citing* <u>Baldridge</u>

<u>v. Shapiro</u>, 455 U.S. 345, 360 (1982.)  Unlike Fed.R.Civ.P.  26, the FOIA is founded

on an "equality principle or non-discrimination principle" that makes irrelevant the identify of the requester or her particular interest in the information sought. Id; *see also* Playboy Enterprises, Inc. 677 F.2d at 936 ("That for one reason or another a document may be exempt from discovery does not mean that it will be exempt from a demand under FOIA.") Similarly, in the criminal context, this Circuit has held that the Federal Rules of Criminal Procedure and the FOIA provide two independent schemes for obtaining information.  North v. Walsh, 881 F.2d at 1094 (stating that because the factors determinative of [appellant's] two efforts to obtain the documents are different – relevance and need in one case, statutory exception in the other– the issues are not the same.)    The litigation in Stonehill concerns plaintiff's underlying federal tax liability.  Because this litigation concerns FOIA, the issues raised in discovery in Stonehill and the issues raised in this litigation are not the same.

Furthermore,  when a second action between the same parties is upon a different cause, the principle of collateral estoppel is applied more narrowly. *See* Commissioner v. Sunnen, 333 U.S. 591, 597-598 (1948).  When the causes of action are different, as they are in this case, the judgment in the prior action operates as an estoppel, not as to matters which *might* have been litigated and determined, but 'only as to those matters in issue or points controverted, upon the

8

determination of which the finding or verdict was rendered.' Id. *citing* Cromwell v. County of Sac, 94 U.S. 351, 353 (1876).  Even if the Court were to find that the issues in the two cases are the same, collateral estoppel does not apply because "the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case."  The Court in the Stonehill case did not reach decision on whether the United States had properly withheld documents based on attorney client privilege or work product doctrine.  The Court ordered all documents be produced if they were relevant to the issue of alleged fraud on the Court. (Pl Ex. 27, December 20, 2005 Order.) The Court never specifically addressed the actual merits of the claims of privileges and whether the documents were properly withheld under the attorney client privilege and work product doctrine. (Id.)  Since collateral estoppel does not apply to issues that *might* have been raised, but were, in fact, not raised, collateral estoppel does not prevent the Service from asserting exemptions based on attorney client privilege and work product doctrine.

II.    **The Service Has Not Waived Deliberative Process, Attorney Work Product Doctrine or Exemptions Based on 26 U.S.C. §6103**

A.    The Service did not waive deliberative process.

Plaintiff next argues that the United States cannot assert privilege claims in this proceeding which were not previously raised as the basis for withholding

9

2827279.1

documents in <u>Stonehill.</u> (Pl. Opp. 30.)  For the same reason that the United States is not collaterally estopped from asserting attorney client privilege and work product doctrines, the United States has not waived its ability to claim exemptions based on deliberative process.  The two proceedings are entirely separate.  In fact, all of the cases cited by plaintiff in support of her argument are actions in which the underlying litigation was based on the FOIA.   In this case, the United States claimed certain privileges during the course of discovery in an *entirely* separate proceeding.  As set forth above, privileges claimed pursuant to the Federal Rules of Civil Procedure are entirely separate issues from exemptions claimed pursuant to the FOIA.

Furthermore, to the extent plaintiff argues that the United States has waived the ability to exempt from disclosure certain documents based on deliberative process if those documents were previously withheld in <u>Stonehill</u> on other grounds, this argument must also fail.  The concept of subject-matter waiver is almost uniquely a function of the attorney-client relationship. There is no authority for applying the waiver rule to the deliberative process privilege. <u>General Elec. Co. v. Johnson,</u> 2006 WL 2616187, *17 (D.D.C. 2006).  Disclosure of a deliberative document waives the privilege only as to that document, not as to other documents dealing with the same subject matter. <u>Id.</u>  In this case, plaintiff

2827279.1

has not made a factual showing that the United States actually produced the documents at issue through discovery in <u>Stonehill.</u>  Plaintiff has merely alleged that the United States did not *claim* deliberative process. (Pl. Statement of Material Facts Not in Genuine Dispute ¶38.)  Accordingly, the Service has not waived its right to claim an exemption based on deliberative process.

      B.  <u>The Service did not waive work product doctrine.</u>

      Again, for reasons set forth above, the Service did not waive work product doctrine.  <u>Stonehill</u> and this matter are separate actions.  Furthermore,  similar to deliberative process privilege, work product is asserted on a document-by-document basis.  Additionally, because "it looks to the vitality of the adversary system rather than simply seeking to preserve confidentiality, the work product privilege is not automatically waived by any disclosure to a third party."  <u>In re Sealed Case,</u> 676 F.2d 793, 808-809 (D.C. Cir. 1982).   Specifically, if the party's prior disclosure, even to an adversary, resulted from judicial compulsion, courts will not imply a waiver.  <u>In re Sealed Case,</u> 676 F.2d at 817.  Accordingly, to the extent that the United States produced documents to plaintiff in <u>Stonehill</u> pursuant to the Court's order, the United States cannot be found to have waived any exemptions with respect to those documents in this proceeding. Additionally, as with plaintiff's argument concerning the Service's alleged

2827279.1

waiver of deliberative process, plaintiff does make the necessary showing that

the United States has already voluntarily produced the documents at issue.

Plaintiff merely claims that the Service asserted the attorney work product

doctrine as a basis for withholding documents that were not withheld based on

attorney work product doctrine in <u>Stonehill.</u> (Pl. Statement of Material Facts Not

in Genuine Dispute ¶39.)

    C.  <u>The Sevice did not waive the right to claim as exempt certain
documents pursuant to Exemption 3 in conjunction with 26 U.S.C. §6103</u>

    Plaintiff argues that the Service waived any claim based on 26 U.S.C. §6103

as a basis for withholding documents.  This argument is without merit.  The

Service cannot waive nor be estopped from relying on section 26 U.S.C. §6103.

"Insofar as Congress has made explicit statutory requirements, they must be

observed and are beyond the dispensing power of Treasury officials." *see e.g.* <u>In

re Long-Distance Telephone Service Federal Excise Tax Refund Litigation,</u> 501

F.Supp.2d 34, 47 (D.D.C.,2007).  Furthermore, the protection of section 6103

belongs to, and benefits, the taxpayer.  The government merely acts as a steward

of the privilege.  <u>First Heights Bank, FSB v. U.S.,</u> 46 Fed.Cl. 827, 832 (Fed.Cl.

2000).  Section 6103 is intended to protect the confidentiality of information that is

in the possession of the Internal Revenue Service and that relates to specific

taxpayers. <u>Id.</u> ("Defendant's failure to raise the privilege earlier, while

unfortunate, will not be construed as a waiver of protections mandated by

Congress and designed for the benefit of taxpayers."). Accordingly, the Service

properly withheld documents pursuant to 26 U.S.C. §6103.

IV.    **THE SERVICE HAS WITHHELD NO DOCUMENTS BASED ON RELEVANCY OBJECTIONS IN THIS PROCEEDING.**

Plaintiff next argues that all documents that were withheld, in part or in

full, in Stonehill based on relevancy objections should be produced in this

litigation in unredacted form.(Pl. Obj. 38.) The Internal Revenue Service does not

dispute that relevance objections play no part in FOIA litigation. *See* Coastal

States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 862 (D.C. Cir. 1980.) As such,

the Service did not withhold any documents in this litigation based on relevance.

To the extent that the Service withheld these documents based on other

exemptions, for the reasons set forth in Sections I, II, and III of this opposition

and reply, the Service properly withheld documents pursuant to Exemptions 3, 5,

6 and 7.

IV.    **THE SERVICE PROPERLY CLAIMED EXEMPTIONS UNDER 5 U.S.C. §§552(B)(6) AND (B)(7).**

Plaintiff argues that the Service has asserted no reason justifying redacting

the name of an Internal Revenue Service agent to protect his or her privacy

interests. (Pl. Opp. 41.) In support of her argument, plaintiff claims that the

public interest outweighs any privacy interest held by the individual whose name has been redacted. (Pl. Opp. 40.)  Plaintiff's arguments must fail.

A.  <u>The information was properly withheld under Exemption 6</u>

Exemption 6 exempts from disclosure in personnel, medical, and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy.  5 U.S.C. §552(b)(6).  In determining whether information was properly withheld, the Court must consider whether public disclosure of the information would violate a viable privacy interest of the individual.  *See* <u>Rinskis v. HUD</u>, 746 F.2d 1, 3 (D.C. Cir. 1984); <u>Schnell v. HHS</u>, 843 F.2d 933, 938 (6th Cir. 1988). Additionally, the courts must balance the individual's right to privacy against the public's interest, if any, in disclosure of the withheld information.  *See* <u>Department of the Air Force v. Rose</u>, 425 U.S. 352, 372 (1976); <u>Andrews v. Veterans Administration</u>, 838 F.2d 418, 423 n.8 (10th Cir.). The public's interest is limited to the statutory purpose of FOIA, namely, to "shed light on an agency's performance of its statutory duties."  *See* <u>Department of Justice v. Reporters Comm. for Freedom of the Press</u>, 489 U.S. 749,  773 (1989). The specific name of an individual does little to "shed light on an agency's performance of its statutory duties."  Furthermore, the requestor's personal interest is irrelevant.  <u>Id.</u>  In this case, the name of a revenue agent who allegedly

2827279.1

received a memorandum from FBI agent Hawley (*see* Pl. Opp. 39) is of little, or no, interest to the general public in that it does not shed any light on how the government operates. The information, if released, would constitute an unwarranted invasion of the privacy interests of the individual involved with little or no benefit to the public. Therefore, the information is properly withheld under FOIA exemption (b)(6).

   **B.  The information was properly withheld under 5 U.S.C. § 552(b)(7)(C)**

   Exemption 7(C) authorizes the withholding of information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. §552(b)(7)(C). As more fully described in the Internal Revenue Service's Third Partial Motion for Summary Judgment, the name of the revenue agent was properly withheld. First, the information was compiled for a "law enforcement purpose." Documents compiled in investigations or proceedings in the civil or criminal context are within the meaning of "records or information compiled for law enforcement purposes." *See* Center forNat'l Policy Review v. Weinberger, 502 F.2d 373 (D.C. Cir. 1974).

   Second, the name of the revenue agent is withheld due to a legitimate privacy interest. Exemption 7(C) permits an agency to withhold information

2827279.1

compiled for law enforcement purposes to the extent their release "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. §552(b)(7)(C).

Finally, the individual's right to privacy outweighs any public interest. The statutory purpose of FOIA is not "fostered by disclosure of information about private citizens that is accumulated in various government files but reveals little or nothing about an agency's own conduct." Dept. of Justice  v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 773.  Not only must the requester state a legitimate public interest, but she must demonstrate that the public interest in disclosure is sufficiently compelling to outweigh strong privacy interests. Reporters Comm., 489 U.S. at 775.  There is no public interest served by disclosing the identity of this individual.  (Id.)  The release of this information could cause harassment and/or undue embarrassment or could result in undue public attention which would constitute an unwarranted invasion of personal privacy.  (Id.)  The fact that the revenue agent may be deceased is irrelevant.  The privacy concerns extend to the individual's family.  Accordingly, the Service is properly withholding this information pursuant to exemption 7(C).

2827279.1

V.   **THE SERVICE IS NOT REQUIRED TO SEARCH FOR DOCUMENTS FOR WHICH THE REQUESTER DOES NOT AGREE TO PAY REASONABLE SEARCH FEES NOR IS THE SERVICE REQUIRED TO PRODUCE DOCUMENTS FOR WHICH REQUESTER HAS NOT AGREED TO PAY THE DUPLICATION FEES.**

Plaintiff argues that she should not be required to pay search fees to locate documents that were not identified in the original privilege log by "control numbers."  For the reasons set forth in the Service's first partial motion for summary judgment, plaintiff's argument is without merit.  Nevertheless, as explained by plaintiff in her opposition (Pl. Opp. 43), the United States has produced the documents at issue –the deposition of Sterling Powers and the transcript for a November 20, 1984 hearing – therefore, the issue is moot.

## CONCLUSION

For the reasons set forth in the Internal Revenue Service's partial motions for summary judgment and the Service's opposition and reply, the Internal Revenue Service  respectfully submits that this Court should grant it summary judgment as a matter of law and dismiss the plaintiff's action with prejudice.

//

//

//

17

2827279.1

Dated: October 26, 2007.

Respectfully submitted,

/s/ Brittney N. Campbell
DAVID M. KATINSKY
BRITTNEY N. CAMPBELL
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6435

OF COUNSEL:

JEFFREY TAYLOR
United States Attorney

18

CERTIFICATE OF SERVICE

IT IS CERTIFIED that service of the foregoing defendant's Memorandum

in Support of Motion for Partial Summary Judgment has been made this 27th day

of October, 2007, by mailing, postage prepaid, addressed to:

        JOHN R. GERSTEIN
        ROBERT E. HEGGESTAD
        JONATHAN COHEN
        Ross, Dixon & Bell, LLP
        2001 K Street, N.W.
        Washington, D.C. 20006-1040.


        /s/ Brittney N. Campbell
        BRITTNEY N. CAMPBELL

19

2827279.1