IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PAULINE STONEHILL, Co-executor and Co-special administrator of the Estate of Harry S. Stonehill, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 1:06-cv-00599 JDB |
| INTERNAL REVENUE SERVICE, | ) ) ) | |
| Defendant. | ) | |

INTERNAL REVENUE SERVICE'S RESPONSE TO
PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE
UNDER LOCAL RULE 56.1

Pursuant to L.Civ.R. 7.1(h) and 56.1, the Internal Revenue Service "the Service" submits this response to plaintiff's Statement of Material Facts Not In Genuine Dispute:

1.  Undisputed.

2.  Disputed but not material. The Internal Revenue Service Disclosure Officer's name is Steven Flesner.

3.  Undisputed.

4.  Undisputed.

5.  Disputed but not material. The Service disputes that the documents referenced by plaintiff revealed that the IRS and FBI agents had presented false testimony about the United States' involvement in the raids during the District Court proceedings on Stonehill's motion to suppress filed in 1967, 1971 and 1974.

6.  Undisputed but not material.

7. Disputed but not material. The Service cannot verify the subject matter of discussions plaintiff alleges her counsel had with Disclosure Officer Flesner.

8. Undisputed but not material.

9. Undisputed but not material.

10. Undisputed but not material.

11. Undisputed but not material.

12. Undisputed but not material.

13. Disputed but not material. The Service cannot verify the exact date of Harry S. Stonehill's death.

14. Undisputed but not material.

15. Undisputed but not material.

16. Disputed but not material. The Service agrees that at least one judge at the hearing thought that Hawley lied; however, the United States disputes that Hawley did, in fact, lie.

17. Undisputed but not material.

18. Disputed but not material. The United States was not required to produce any documents that were withheld pursuant to 26 U.S.C. §§6103 or 6105. Additionally, the Court sustained the redactions made by the Central Intelligence Agency.

19. Disputed but not material. The Service admits that the United States produced thousands of pages of documents to plaintiff; however, the Service does not admit that it specifically produced 5,419 pages consisting largely of financial records.

20. Disputed but not material. The final decision sustained the denial of access to material withheld under 5 U.S.C. §552(b)(3) in conjunction with 26 U.S.C. §6103.

21. Disputed but not material. The Service admits that the United States produced thousands of pages of documents and the Service admits that the United States produced a privilege log.

22. Undisputed but not material.

23. Undisputed but not material.

24. Undisputed but not material.

25. Undisputed but not material.

26. Undisputed but not material.

27. Undisputed.

28. Disputed but not material. The Service disputes plaintiff's characterization of the rationale of the Court's order. The Order itself is the best evidence of its contents and any rationale given by the Court will be set forth in the Order.

29. Undisputed but not material.

30. Disputed but not material. The Service disputes plaintiff's characterizations that documents were "heavily" and "signficantly" redacted. Additionally, the documents themselves are the best evidence of their contents.

31. Disputed but not material. The Service disputes plaintiff's characterization of the rationale of the Court's order. The Order itself is the best evidence of its contents and any rationale given by the Court will be set forth in the Order.

32. Undisputed but not material.

33. Undisputed but not material.

34. Undisputed but not material.

35. Undisputed but not material.

36. Undisputed but not material.

37. Disputed but not material. Other than counsel for plaintiff's declaration, plaintiff does not point to any pleadings or transcripts that details plaintiff's description of the United States' position with respect to the documents at issue.

38. Undisputed but not material.

39. Disputed but not material. In support of her contention that the Service asserted attorney work product doctrine as the basis for withholding 681 documents that were not withheld based on attorney-work product

doctrine in <u>Stonehill</u>, plaintiff references the chart attached as Exhibit 43. This chart appears to only list approximately 200 documents. Therefore, it is not clear on the facts provided by plaintiff, if, in fact, the Service withheld 681 documents based on attorney work product doctrine that were not withheld on work product in <u>Stonehill.</u> Additionally, the Service disputes that this fact is material. This fact is material only if plaintiff provides sufficient evidence that the United States actually voluntarily produced the documents which the Service has now allegedly withheld based on work product doctrine.

40. Undisputed.

41. Disputed. The Service cannot confirm that documents released to plaintiff in response to plaintiff's July 10, 1998 FOIA request included the names of "almost every IRS agent involved in the investigation of Stonehill."

42. Undisputed but not material.

43. Disputed but not material. Plaintiff's assertion is vague and ambiguous. It is unclear to which "case" plaintiff is referring when she states that "there have been no changes in the factual context of the case." To the extent that plaintiff is referring to the facts of the <u>Stonehill</u> case, the Service is without knowledge or information sufficient to confirm this statement.

Dated: October 26, 2007.

                                        Respectfully submitted,

                                        /s/ Brittney N. Campbell
                                        DAVID M. KATINSKY
                                        BRITTNEY N. CAMPBELL
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        P.O. Box 227
                                        Ben Franklin Station
                                        Washington, D.C. 20044
                                        Telephone: (202) 307-6435

OF COUNSEL:

JEFFREY TAYLOR
United States Attorney

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that service of defendant's reply to plaintiff's statement of material facts not in genuine dispute has been made this 27th day of October, 2007, by mailing, postage prepaid, addressed to:

> JOHN R. GERSTEIN
> ROBERT E. HEGGESTAD
> JONATHAN COHEN
> Ross, Dixon & Bell, LLP
> 2001 K Street, N.W.
> Washington, D.C. 20006-1040.

  /s/ Brittney N. Campbell
BRITTNEY N. CAMPBELL