FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **PAULINE STONEHILL**, Co-executor and Co-special administrator of the Estate of Harry S. Stonehill, | ) ) ) ) ) |  |
| Plaintiff, | ) ) | Case No. 1:06-cv-599 (JDB) |
| v. | ) ) | Honorable John D. Bates |
| **INTERNAL REVENUE SERVICE**, | ) ) ) |  |
| Defendant. | ) ) |  |

**PLAINTIFF'S REPLY IN SUPPORT OF
CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

**INTRODUCTION**

In its Opposition to Plaintiff's Cross-Motion for Summary Judgment, the Government claims that the doctrine of collateral estoppel does not prevent the Internal Revenue Service from relitigating its claims of attorney-client privilege and work product doctrine, rejected by the District Court in the Stonehill civil litigation, and that the doctrine of waiver does not prevent it from asserting new privilege claims for the first time in this proceeding. The doctrine of collateral estoppel does apply in this FOIA proceeding because this proceeding involves the same issues and the same parties that litigated privilege issues in the civil proceeding.[1] Because the Government failed to assert all its FOIA exemptions in the original District Court proceedings, those exemptions are deemed to have been waived.[2]

---

[1] See McLaughlin v. Bradlee, 803 F.2d 1197, 1201 (D.C. Cir. 1986)

[2] See Maydak v. U.S. Dep't of Justice, 218 F.3d 760, 764 (D.C. Cir. 2000)

**I.   THE DISTRICT COURT IN STONEHILL REJECTED THE GOVERNMENT'S CLAIMS OF ATTORNEY-CLIENT PRIVILEGE AND WORK-PRODUCT DOCTRINE**

The Government claims that the doctrine of collateral estoppel does not apply in this FOIA proceeding because the "Court in the Stonehill case did not reach [a] decision on whether the United States had properly withheld documents based on attorney-client privilege or work product doctrine."[3] The District Court, however, considered the merits of the Government's arguments "citing the work product doctrine or attorney client-privilege,"[4] and rejected those arguments in it's December 20, 2005 Order[5] which granted in-part the Plaintiff's Motion to Compel Production of Documents withheld from the 92 IRS boxes.[6] Subsequently, when the

---

[3] Opp. at 9.

[4] See December 20, 2005 Order at 8, Exhibit 27 to Declaration of Robert E. Heggestad in Support of Plaintiff's Opposition to Defendant's Motions for Partial Summary Judgment and Cross-Motion for Partial Summary Judgment, file September 7, 2007.

[5] Its order requiring the Government to produce documents claimed by the Government to be privileged was consistent with the Court's statement when it ordered the Government to produce all documents from the 92 IRS boxes on December 19, 2003:

> DUFFY: "You ordered the production of the 84 plus the eight. I assume that you are saying no privileges, no objections, no anything? I mean, you know, there are certain, you know things in there—
>
> THE COURT:   Well, I can't –I can't imagine any privileges or objections, but if you want to make them you certainly can." 26:3-9
>
> DUFFY: As I understand your order, the Government is going to produce documents that were withheld from him?
>
> THE COURT:  That's right.

See Hr. Tr. 29:16-18 (December 19, 2003), Exhibit 14 Plaintiff's Cross Motion for Partial Summary Judgment.

See also 12/19/03 Order. Exhibit 13 to Plaintiff's Cross Motion for Partial Summary Judgment

[6] See December 20, 2005 Order, Exhibit 27 to Plaintiff's Cross Motion for Partial Summary Judgment. Although the District Court rejected the Government's claim of attorney-client privilege and work product doctrine, it allowed the Government to withhold certain documents based on relevance objections and it upheld the Government's objections based on 6103, 6105 and certain CIA documents (other than 6103, 6105 or CIA protected).

Government attempted to redact documents produced for the Court's in-camera review, the Court again overruled the Government's privilege objections.[7]

The Government's argument that the issue of whether the Government properly withheld documents based on attorney-client privilege and work product doctrine was "not raised" in the <u>Stonehill</u> litigation,[8] is contradicted by the Government's Opposition to Plaintiff's Motion to Compel Production of Documents,[9] the Government's Surreply in Opposition to Plaintiff's Motion to Compel Production of Documents,[10] and at least two hearings held to resolve this issue.[11] The District Court considered the Government's privilege claims and it rejected those claims.

> A. **The Government Produced Privileged Documents in the Stonehill Litigation to Comply With the Court's December 20, 2005 Order.**

On April 14, 2006, in its production of documents to the Plaintiff, the Government acknowledged that "pursuant to the Court's December 20, 2005 order," it was producing documents protected by attorney-client privilege and work product doctrine:

> Enclosed are the documents that we are producing pursuant to the Court's December 20, 2005 Order….Except for the document described in number 7, below, all of the documents produced herewith are privileged documents (i.e.

---

[7] <u>See</u> Hr. Tr. 2:3-3:11 (June 6, 2006), Exhibit 38 to Plaintiff's Cross Motion for Partial Summary Judgment.

[8] Opp. at 9.

[9] <u>See</u> Exhibit 16 to Plaintiff's Cross Motion for Partial Summary Judgment at 20-23, " The Defendants' Claim That They Have "Made the Necessary Preliminary Showing that the Government Committed Fraud on this Court and the Ninth Circuit; 35-38 "The Court Should Reject the Defendants' Arguments that the Government's Assertion of the Attorney Work-Product Privilege in the Supplemental Privilege Logs are Improper," 38-41, "The Defendants' Arguments that the Government Waived the Attorney-Client and Attorney Work Product Privileges are Flawed."

[10] See also Exhibit 18 to Plaintiff's Cross Motion for Partial Summary Judgment at 13-15, "The Defendants Arguments That they Have Made Enough of A showing of Fraud to Allow Them Greater Discovery Rights is Inconsistent With the Facts of the Court's 40-Year Old Record;" 15-17, "The Defendants Arguments That the Government Waived Its Privileges Are Without Merit."

[11] See March 14, 2006 Hearing Transcript, attached hereto as Exhibit 1 and June 6, 2006 Hearing Transcript, Exhibit 38 to Plaintiff's Cross Motion for Partial Summary Judgment.

documents prohibited from disclosure based on the attorney-client privilege and attorney work product privileges).  However, the United States did *not* withhold any portion of the referenced documents based on these privileges.[12]  (emphasis added).

The Government's position in this proceeding that the District Court in <u>Stonehill</u> did not decide privilege issues is contrary to the position of the Government in the <u>Stonehill</u> litigation.

### B. The Government's Reassertion of Privilege to Withhold Documents Produced for In-Camera Review Was Also Rejected by the District Court.

Several months after the District Court had rejected the Government's claims of privilege, the Government reasserted its privilege claims in connection with the Court's review of CIA redacted documents.  At the June 6, 2006 hearing, the District Court overruled the Government's privilege objections:

> THE COURT: I know you wanted to preserve your position on appeal.  But what I want to happen on those documents is the CIA submitted the documents and lifted all restrictions except on those that I reviewed in camera.
>
> Mr. Duffy:  Okay
>
> THE COURT: Now, you also objected on the grounds of relevance and attorney/client and maybe something else.  I don't –I'm overruling those objections."[13]

Two days, later, in its June 8, 2007 letter to the District Court, the Government acknowledged that the Court had rejected its claims of attorney-client privilege and attorney work product doctrine:

> *Pursuant to your previous rulings*, the Government did not make redactions on the 11 documents produced on April 14, 2006 based on the attorney-client privilege or the work product privilege, although many of the documents are clearly privileged (emphasis added).[14]

---

[12] See letter from C. Duffy to R. Heggestad (April 14, 2006), Exhibit 29 to Plaintiff's Cross Motion for Partial Summary Judgment.

[13] Hr. Tr. 2:3-3:11 (June 6, 2006) at 1, Exhibit 38 to Plaintiff's Cross Motion for Partial Summary Judgment

[14] See Letter from C. Duffy to Judge Owen M. Panner (June 12, 2006), attached hereto as Exhibit 2.

The reason the Government did not make redactions based on privilege is that the District Court had overruled its claims of attorney-client privilege and work product doctrine as a basis for withholding documents from the 92 boxes.[15]

## II. THE ISSUES IN THE STONEHILL DISCOVERY PROCEEDING AND THE FOIA ACTION ARE THE SAME

The Government claims that the standards required to assert collateral estoppel have not been met because the "issues raised in discovery in Stonehill and the issues raised in this litigation are not the same."[16] In support of its argument that the issues in Stonehill and this proceeding are "not the same,"[17] the Government cites Playboy Enterprises, Inc. v. Department of Justice, 677 F.2d 931, 936 (D.C. Cir. 1982) (because "a document *may* be exempt from discovery does not mean it will be exempt from a demand under FOIA" (emphasis added)[18] and North v. Walsh, 881, F. 2d 1088,1094 (D.C. Cir. 1989) ("because the factors determinative of [appellant's] two efforts to obtain documents are different-relevance and need in one case, statutory exception in the other-the issues are not the same").[19] However, the decisions in Playboy or North are not relevant to the issue of collateral estoppel in this proceeding because neither case involved the issue of whether a document found <u>not</u> to be privileged in *civil*

---

[15] While eventually complying with the Court's order by producing documents that the Government claimed were privileged, the Government made extensive redactions to those documents "based on the scope and relevance rulings in the Court's December 20, 2005 Order (*see* pages 8-9). These redactions are at issue in this proceeding and, as discussed in the Plaintiff's cross motion for partial summary judgment, they have no basis under FOIA. Id. at 1.

[16] Opp. at 8.

[17] Id.

[18] Id.

[19] Id.

litigation can be found to be privileged under FOIA and because the parties in Playboy were not the same parties in the civil litigation.

> A. **The Issue of Whether a Privileged Document Found to be Exempt from Disclosure in Civil Discovery *May Be Disclosed* Under FOIA is Not the Same as the Issue of Whether a Document Found *Not* to be Privileged in Civil Discovery May Be Withheld Based on Privilege Under FOIA.**

The general rule cited by the Government – that because a document is exempt in discovery does not mean it will be exempt in FOIA – has no relevance to the issue of whether the Court's decision in the Stonehill litigation estops the Government from asserting attorney-client privilege and work product doctrine in this proceeding as a proper basis for withholding documents from the Plaintiff. In the Stonehill litigation, the documents withheld under FOIA Exemption 5 were found not to be exempt from disclosure because the District Court rejected the Government's claims of attorney-client privilege and work product doctrine. In Playboy and North, the documents demanded in FOIA litigation had been found to be exempt from disclosure in a civil proceedings involving a different party (Playboy) and during grand jury proceedings based on Criminal Rule 16 materiality and relevance requirements that did not apply under FOIA (North).[20]

These differences are important for two reasons. First, under FOIA, "Exemption 5 creates an exemption for such documents[21] only insofar as they 'would not be available by law to the

---

[20] The District Court's determined that it would not enforce North's subpoena because the documents sought by North "were not necessary at that stage.'" See North 881 F. 2d at 1092. In North's FOIA litigation, the District Court determined that the issues raised by North's subpoena for documents during the grand jury proceeding and those involved in North's FOIA action were the same-"whether [North] is entitled by law to particular documents" and that the differences in burden of proof in the two contexts were "immaterial." Id. at 1093. Subsequently, the Court granted the Government's second partial summary judgment concerning the documents North sought in connection with the Kastigar hearing, because the release of the documents at that time would interfere with the ongoing criminal investigation. Id.

[21] Exemption 5 allows the Government to withhold documents based on attorney-client privilege, attorney work product doctrine and the deliberative process privilege.

party … in litigation with the agency.' This language clearly contemplates that the public is entitled to all such memoranda or letters that a private party could discover in litigation with the agency." Environmental Protection Agency v. Mink, 410 U.S. 73 at 85-86(1973).  In this proceeding, the documents at issue have already been determined not to be exempt from disclosure in civil discovery. Second, the difficulties in applying discovery rules in FOIA proceedings described by the Supreme Court in Mink (cited by the Court in Playboy as the basis for the general rule that "issues in discovery proceedings and the issues in the context of a FOIA action are quite different"[22]) are not present when a determination in a civil case has been made that the documents are not exempt from disclosure:

> In many important respects, the rules governing discovery in such litigation have remained uncertain from the very beginning of the Republic.  Moreover, at best, the discovery rules can only be applied by way of rough analogies.  For example, we do not know whether the Government is to be treated as though it were a prosecutor, a civil plaintiff, or a defendant.  Nor does the Act, by its terms, permit inquiry into particularized needs of the individual seeking the information, although such an inquiry would ordinarily be made of a private litigant.[23]

This Court is not required to determine whether documents withheld based on Government claims of privilege would be available to the party in civil discovery because the District Court in Stonehill has already determined that Exemption 5 privileges do *not* prevent disclosure of documents withheld by the Government.

> **B.    The Doctrine of Collateral Estoppel Applies in this Proceeding Because the Same Parties litigated the Issues in the Stonehill Civil Case**

The Court's decision in Playboy is not relevant to the issue of collateral estoppel in this FOIA proceeding because unlike Stonehill, Playboy was not a party to the civil discovery litigation and was not estopped from relitigating the privilege issue under FOIA. See *In Re*

---

[22] See *Playboy Enterprises, Inc. v. Department of Justice*, 677 F.2d 931, 936 (D.C. Cir. 1982)

[23] Environmental Protection Agency v. Mink, 410 U.S. 73 at 85-86(1973).

*Subpoena Issued to Commodities Future Trading Commission,* 370 F. Supp 2d. 201 at 206 (D.D.C. 2005*).* In Playboy*,* the Court of Appeals rejected the Government's argument that because the Government's claim of privilege "had been sustained in discovery proceedings in *other cases,*"[24] the District Court ought to have given controlling weight to those determinations. Playboy at 936. Unlike Stonehill the Government in *Playboy* was "asserting estoppel against a party (Playboy)… that was not a party to the underlying litigation…and therefore never had the opportunity to be heard on the …privilege issue." See *In Re Subpoena* at 206 (D.C. 2005) ("basic premise of preclusion is that parties to a prior action are bound and nonparties are not bound.") Here, both parties are the same and the Government is bound by the District's Court's decision rejecting its assertion of attorney-client privilege and work product doctrine as a basis for withholding documents.

### C. The Issues Decided by the District Court Concerning Plaintiff's Motion to Compel Production of Documents Concern the Same Issues of Attorney-Client Privilege and Attorney Work Product Doctrine Under FOIA

The Government claims that the issues in this case are different from those in Stonehill because the "litigation in Stonehill concerns Plaintiff's underlying tax liability."[25] As previously discussed, the issue in this proceeding is whether documents withheld by the Government based on claims of attorney-client privilege and attorney work product doctrine would be available to the Plaintiff "by law… in litigation with the agency." EPA v. Mink, id. at 85-86. Because the District Court in the Stonehill litigation has already determined that the documents would be available to Stonehill, whether the litigation in Stonehill concerns Plaintiff's underlying tax liability is not relevant to the issue of collateral estoppel.

---

[24] The issue in *Playboy* was whether the interlocutory discovery rulings concerning a Government report made in separate non-FOIA civil actions were conclusive as to the Government's claim of the deliberative process privilege as the basis for withholding the report in the FOIA litigation.

[25] Id.

### III. THE GOVERNMENT HAS WAIVED ITS RIGHT TO ASSERT THE DELIBERATIVE PROCESS PRIVILEGE AND THE ATTORNEY WORK PRODUCT DOCTRINE

The Government claims that even though the deliberative process privilege and the work product doctrine was not asserted as a basis for withholding documents in the Stonehill litigation, it has not waived the right to assert those privileges in this litigation for the same reasons it is not collaterally estopped from asserting attorney-client privilege and work product doctrine – the "two proceedings are entirely separate."[26]  As previously discussed, the issues in both proceedings are the same regardless of whether they were "separate" proceedings.  The Government is required to assert all exemptions at the same time in the original District Court proceeding because "the delay caused by permitting the government to raise its FOIA exemption claims one at a time interferes with the statutory goals of 'efficient, *prompt* and full disclosure of information" (citations omitted).  See Maydak v. U.S. Dep't of Justice, 218 F.3d 760, 764 (D.C. Cir. 2000). This purpose of this rule is the same regardless of whether the original District Court proceeding occurs in FOIA litigation or civil discovery litigation.[27]

The Government's argument that there is no authority for applying the waiver rule to the deliberative process privilege because "subject matter waiver is almost uniquely a function of the attorney-client relationship"[28] and that the work product privilege is not automatically waived by disclosure to a third party[29] misstates the Plaintiff's waiver argument.  The Plaintiff is not arguing that the Government has waived the deliberative process privilege and the work product

---

[26] Gov't. Opp. at 10.

[27] The Government has not cited any cases that limit the application of the general waiver rule to District Court proceedings in which the underlying litigation was based on the FOIA.

[28]  Opp. at 10.

[29] Opp. at 11.

doctrine because it has released other documents "dealing with the same subject matter" or disclosed those documents to third parties[30] The Government has waived the deliberative process privilege and the work product doctrine because it failed to assert those privileges in the original District Court litigation.  See August v. Federal Bureau of Investigation and Department of Justice, 328 F.3d. 697, at 698 (Government generally waives any FOIA exemption it fails to raise at the initial proceeding before the District Court" citing Maydak v. Department of Justice).

## CONCLUSION

For all of the foregoing reasons, Plaintiff, Pauline D. Stonehill, requests the Court grant the Plaintiff's Motion of Partial Summary Judgment; and that judgment be entered in her favor.

Dated:  November 26, 2007

Respectfully submitted,

 /s/          Robert E. Heggestad          
Robert E. Heggestad (D.C. Bar. No. 953380)
Jonathan Cohen (D.C. Bar. No. 483454)
ROSS, DIXON & BELL, LLP
2001 K Street, N.W.
Washington, D.C.  20006-1040
(202) 662-2000

Attorneys for Plaintiff

---

[30] Opp. at 10-11.

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing, Plaintiff's Reply In Support Of Cross-Motion For Partial Summary Judgment, was served by United States mail addressed to the following on this 26th day of November, 2007:

>Brittney N. Campbell
>David M Katinsky
>TAX DIVISION
>Post Office Box 227
>Ben Franklin Station
>Washington, D.C.  20044

                      /s/      Robert E. Heggestad
                              Robert E. Heggestad

360511 v 1