# EXHIBIT 1

3-1406A3.TXT

1

```
 1              IN THE UNITED STATES DISTRICT COURT
 2                   FOR THE DISTRICT OF OREGON
 3
 4   UNITED STATES OF AMERICA,    )
                                  )
 5               Plaintiff,       )  CV No. 65-127-PA
                                  )
 6         vs.                    )  March 14, 2006
                                  )
 7   HARRY S. STONEHILL, et al.,  )  Portland, Oregon
                                  )
 8               Defendants.      )
 9
10
11
12       TRANSCRIPT OF TELEPHONE CONFERENCE PROCEEDINGS
13           BEFORE THE HONORABLE OWEN M. PANNER
14       UNITED STATES DISTRICT COURT SENIOR JUDGE
15
16
17   APPEARANCES:
18   FOR THE PLAINTIFF:       Charles Duffy
19   FOR THE DEFENDANTS:      Robert E. Heggestad
                              Jonathan Cohen
20                            John R. Gerstein
21
22
     COURT REPORTER:          Dennis R. Grube
23                            1000 S.W. Third Ave, Rm. 301
                              Portland, OR  97204
24                            (503) 326-8180
25
```

2

```
 1                        (March 14, 2006)
                             Page 1
```

```
                         3-1406A3.TXT
     2                         1:30 p.m.
     3
     4                    P R O C E E D I N G S
     5
     6              THE CLERK:   Counsel?
     7              MR. HEGGESTAD:   Yes.
     8              THE CLERK:   Now is the time for the status
     9    conference in USA v. Stonehill, et al.  Civil case number
    10    65-127.  Judge Panner and the court reporter are here.
    11                   Please state your name for the record.
    12              MR. HEGGESTAD:   Good afternoon, Judge Panner.
    13    This is Bob Heggestad for the defendants, and with me is
    14    Jonathan Cohen and Jack Gerstein.
    15              MR. DUFFY:   Your Honor, this is Charles Duffy
    16    for the U.S. Department of Justice for the United States.
    17              THE COURT:   All right.  Let me tell you what I'm
    18    inclined to do as far as rescheduling goes.  In December I
    19    closed discovery February 1st and motion to set aside the
    20    judgment March 1st.  A good bit of time was taken up by the
    21    petition for mandamus, and I think the defendants are --
    22    defendant's entitled to some more time, so I'm going to
    23    move the closing of discovery up to May 1st and the motion
    24    to set aside the judgment to June 1st.
    25              MR. HEGGESTAD:   Your Honor, this is Bob
```

                                                              3

```
     1    Heggestad.
     2              THE COURT:   Yes.
     3              MR. HEGGESTAD:   Your Honor, given the length of
     4    this proceeding and, you know, it's been three years just
```

3-1406A3.TXT

5  on the production of documents, and we have a lot to --
6  this will be our final brief, I think, and we would
7  respectfully request that we be given 60 days rather than
8  30 days.
9              The Government's been allowed extensions
10 almost on every brief and it would be very helpful to us,
11 Your Honor, there's a lot to cover, if we could have 60
12 days from the time that Your Honor makes a final decision
13 on any documents that are to be produced pursuant to your
14 decision.
15             THE COURT:  I followed you until that last
16 comment but I don't understand what you're saying in that
17 last comment.
18             MR. HEGGESTAD:  Just this, Your Honor:  That in
19 your decision you said that if there were any discovery
20 disputes that you could be reached quickly in a conference
21 call to resolve them.  Just anticipating that there may be
22 some disputes, if there are disputes, I would just like the
23 60 days to begin to run from the time that we received the
24 last document that was going to be produced pursuant to
25 your decision.

                                                          4

1              THE COURT:  Robert, I want to be as helpful to
2  you as I can but that's too open-ended, and I have been and
3  will continue to be available on a few hours' notice to
4  resolve any discovery disputes.
5              But I'm going to stand by my ruling.  I
6  didn't make any adjustments before when and after you filed
7  the petition to mandamus.  I'm essentially doing the same

Page 3

3-1406A3.TXT

8  thing I did before, to not hold that time against you,
9  because discovery was scheduled to close February 1st. I'm
10 going to close discovery May 1st and any motions to be
11 filed June 1st.
12         MR. HEGGESTAD:  Okay, Your Honor.
13         THE COURT:  Now, I will do my very best to
14 oblige you with any discovery disputes. I assume in the
15 years that have gone by most of them had been resolved, and
16 I can't imagine that there are still some out there, but
17 we'll do the best we can to respond to any problems that
18 come up.
19         MR. HEGGESTAD:  Your Honor, then could I ask
20 that we be provided with some deadline by which the initial
21 documents will be produced, are you saying that no
22 documents have to be produced prior to May 1st?
23         THE COURT:  No, I'm not saying that at all. I'm
24 saying that everything needs to move as rapidly as possible
25 because discovery will close on May 1st. It will all be

                                                          5

1  over then.
2          MR. HEGGESTAD:  Okay. Your Honor, for example,
3  the documents that you've ordered to be produced like the
4  chief counsel's memorandum and the notes, interviews with
5  the agents regarding the raid, are those documents that --
6          Mr. Duffy, are those documents we can be
7  expected to be provided with in the very near future so
8  that we can at least begin this process?
9          MR. DUFFY:  Your Honor, is it proper for him to
10 ask me questions?

Page 4

3-1406A3.TXT

11      THE COURT: It's not, but I think in this case,
12  I guess I want to know, too. If there are some documents
13  that I have ordered produced that haven't been produced,
14  the question is when will they be produced.
15      MR. DUFFY: Well, Your Honor, I'm working as
16  hard as I can in going through the documents. As you
17  stated, the defendants went to the Ninth Circuit on the
18  writ of mandamus to alter your order, and basically they
19  also asked for a new judge. At that point in time since
20  your order, your December 20, 2005 order would have been
21  mooted if they would have got their --
22      THE COURT: Oh, I don't think so.
23      MR. DUFFY: Well, it could have been. I mean,
24  they asked the Ninth Circuit to alter your order, they
25  asked the Ninth Circuit to remove you from the case, so,

6

1   you know, clearly that order that you entered back in
2   December could have changed. Thus, the Government focused
3   on the appeal. We did not work --
4       THE COURT: Okay. Well, just tell me how long
5   it's going to take you.
6       MR. DUFFY: We will -- I'm working as fast as I
7   can. I think that the process will be done -- as you
8   stated, Your Honor, I think May 1st is a realistic date.
9       THE COURT: Okay. The problem, though, is it
10  should be done before that so that the defendants can plan
11  on closing all discovery May 1st because that's when it's
12  going to close.
13      So I'm going to order that you expedite it

Page 5

3-1406A3.TXT

14  and deliver anything I've ordered to be produced by April
15  1st.
16           MR. DUFFY:  Your Honor, in your order you
17  ordered us to produce documents or file them in camera.
18           THE COURT:  Well, that's fine.  By April 1st.
19  That's fine.
20           MR. GERSTEIN:  Your Honor, this is Jack --
21           THE COURT:  Wait a minute.  I'm not through with
22  Mr. Duffy yet.
23           MR. DUFFY:  Right.  Your Honor, I just don't --
24  now, I'll do the best I can but I don't -- at this point in
25  the case, I mean, I'm coordinating -- as you stated in your

7

1   order, you talked about in camera filings regarding CIA
2   objections, and I think that it would be better if we could
3   maybe split -- split the baby and say April 14th.
4            THE COURT:  I'll do that.  That's all right.
5            MR. DUFFY:  I think that's more realistic.  I
6   mean, that's going to take --
7            THE COURT:  I want to oblige both of you all as
8   much as possible, but this case, as near as I can tell, is
9   now 45 years old, I believe.
10           MR. DUFFY:  41.  Over 41.
11           THE COURT:  41 years old.  All right.
12           MR. GERSTEIN:  Your Honor, Jack Gerstein.  I
13  apologize for interrupting.
14           THE COURT:  Wait a minute.  Who is it?
15           MR. GERSTEIN:  Jack Gerstein with Mr. Heggestad
16  here.

3-1406A3.TXT

17       THE COURT:  I don't usually have two lawyers
18  argue --
19       MR. GERSTEIN:  I won't --
20       THE COURT:  -- a situation at the same time.
21  Robert's already been on, Jack --
22       MR. GERSTEIN:  No problem.
23       THE COURT:  Okay.  Anything else anybody has?
24       MR. DUFFY:  So I understand that we could do the
25  in camera or produce by April 14th, Your Honor?

                                                        8

1        THE COURT:  That's right.
2        MR. DUFFY:  Okay.  Thank you.  Nothing further
3   from the United States.
4        MR. HEGGESTAD:  Your Honor, I -- I would just
5   like one further --
6        THE COURT:  All right.  This is Bob?
7        MR. HEGGESTAD:  Yes.  Yes, Your Honor.  That if
8   Mr. Duffy is going to submit all the documents by April
9   14th, that's probably the two most important documents that
10  have been withheld.  There are two chief counsel
11  memorandums and I believe one is March 4th and one's March
12  9th, 1966.
13       We would like to get those documents at the
14  earliest possible time.  And those documents they've
15  identified, they've had for months and months and months
16  and if we could start with those at some point sooner than
17  April 14th that would be very helpful to us, Your Honor.
18       THE COURT:  Charles.
19       MR. DUFFY:  Well, Your Honor, if it can be done
                          Page 7

3-1406A3.TXT

20  before that, I would try to accommodate him but, again, I'm
21  going through the documents right now, based on the Court's
22  order, and I think the April 14th deadline is -- you know,
23  I've got to get to work to meet that deadline.
24          THE COURT:  All right.  Just do the best you
25  can.

9

1           MR. DUFFY:  I will.  Thank you, Your Honor.
2           THE COURT:  Anything else?
3           MR. HEGGESTAD:  Yes, Your Honor.  I had several
4   questions just about procedure and also some clarifications
5   about your decision.
6               First of all, I wanted to ask Your Honor if
7   there was -- if it would be your procedure that I -- I
8   believe you said in your decision that any documents that
9   are being submitted in camera will be submitted to you
10  unredacted, and I just wanted to confirm that those
11  unredacted documents will be maintained as part of the
12  record in the --
13          THE COURT:  Absolutely.  Anything that I don't
14  order turned over to you will be sealed and kept in the
15  record.
16          MR. HEGGESTAD:  And, Your Honor, also the
17  procedure that you had envisioned which makes very good
18  sense is that when they submit these documents in camera
19  that they also identify --
20          THE COURT:  Yes.
21          MR. HEGGESTAD:  -- the basis for their claim of
22  privilege or any new claims of privilege that they might

3-1406A3.TXT

23  have. I would ask that we be also provided -- first of
24  all, that the documents -- the in camera documents, the
25  redacted parts, that we at least be provided with Bates

10

1   numbers of the documents that are being submitted in camera
2   --
3             THE COURT:  I will ask them to file, as this is
4   customary, and I would assume Charles would do it, is file
5   a privilege log when he turns anything over to me in
6   camera.
7             MR. DUFFY:  That's fine, Your Honor.
8             THE COURT:  And it will identify the documents
9   by Bates number, I assume.
10             Charles, is that right?
11             MR. DUFFY:  That's right. That are filed in
12  camera.
13             THE COURT:  That's right.
14             MR. DUFFY:  Okay.
15             THE COURT:  And I assume anything you turn over,
16  I'm sure you've taken care of this already, will be Bates
17  numbered so you have a record of what you turned over.
18             MR. DUFFY:  That's correct, Your Honor.
19             THE COURT:  All right. Anything else?
20             MR. HEGGESTAD:  Yes, Your Honor. Your decision,
21  you ruled that the Government was required to produce any
22  of the other documents other than specifically addressed in
23  your opinion that were relevant to the Government's role in
24  the raids. And I think throughout the last three years,
25  you know, there's been some disagreement between the

Page 9

3-1406A3.TXT

11

1  defendants and the Government in terms of what's relevant
2  to the -- to this proceeding, and you also issued your
3  decision limiting the scope of our motion.
4           What's unclear to me, Your Honor, and it
5  would be helpful if you could provide some clarification,
6  is what documents do you consider relevant to the
7  Government's role in the raid?
8           THE COURT:  I can't possibly do that on the
9  phone today.  I think my order is pretty clear.  Bob,
10 you'll just have to do the best you can with it, and the
11 Government will, also.
12          MR. HEGGESTAD:  I guess I just had one question,
13 Your Honor.  And that is that you have not eliminated the
14 issue of instigation that was addressed in the 1969 Court
15 of Appeals decision and also addressed in the 1976 decision
16 by Judge Solomon.
17          THE COURT:  I'm not prepared to answer that now
18 on the phone.  I haven't looked at that.  I don't -- I'm
19 not going to answer that.
20          MR. HEGGESTAD:  Okay, Your Honor.  Would it be
21 appropriate if we submitted --
22          THE COURT:  Yes, you can.
23          MR. HEGGESTAD:  -- something for the record,
24 just a motion for clarification?
25          THE COURT:  Yes, you can.  And detail it, and I

12

3-1406A3.TXT

1  will try to answer it if I can.
2         MR. HEGGESTAD:  Well, Your Honor --
3         THE COURT:  There's some things in this case
4  that are very, very difficult, and so you submit in writing
5  whatever you want and I'll look at it, give -- I'll give
6  Charles a few days after you submit that to submit his
7  thoughts on it and we'll do the best we can.
8         MR. DUFFY:  Your Honor, this is Charles Duffy.
9  Made I speak?
10        THE COURT:  Sure.
11        MR. DUFFY:  I mean, historically this has always
12 been a problem for the Government.  I mean, we have
13 deadlines but the defendants file briefs like that and,
14 frankly, when they file a brief, I have to drop what I am
15 doing to address the brief, and then, you know, it's very
16 --
17        THE COURT:  What do you want me to do about
18 that?
19        MR. DUFFY:  -- difficult for me to meet the
20 deadline.
21        MR. HEGGESTAD:  Your Honor, we'd be happy to
22 limit whatever we file to three pages if that would help
23 Mr. Duffy.
24        MR. DUFFY:  Well, I think that your order in
25 December 20, 2005 speaks for itself, Your Honor.  I don't

13

1  think it needs to be clarified.
2         THE COURT:  Very good.

3-1406A3.TXT

3          MR. HEGGESTAD:    We'll submit something, Your
4    Honor, and we'll limit it to three pages.
5          THE COURT:    Very good.
6          MR. DUFFY:    Your Honor, there's one other point
7    that the Government would like to make.  It's possible that
8    you talk about the in camera filing, that we're going to
9    have to set up a -- some type of in camera review where we
10   go out to Portland in person to show you the in camera
11   documents or some of them --
12         THE COURT:    That's not necessary.  It can be
13   shipped overnight mail to me.
14         MR. DUFFY:    But you talk about the CIA
15   redactions in your December 20th order and it's possible
16   that some of those documents might have to be shown to you
17   in your chambers.
18         THE COURT:    I want to make a record of those
19   documents, Charles, in any event --
20         MR. DUFFY:    Right.
21         THE COURT:    -- even though they're sealed.  So I
22   have to look at them.
23         MR. DUFFY:    Sure.
24         THE COURT:    And if I say that they properly
25   should be sealed, then they'll have a Bates number and

                                                              14

1    they'll be sealed so the record will show what's going on.
2          MR. DUFFY:    Okay.
3          THE COURT:    So I'm not sure I see why it would
4    be necessary to come out.  You can --
5          MR. DUFFY:    Well, I guess in a certain agency

3-1406A3.TXT

```
 6   such as the CIA, when you talk about the CIA in an order,
 7   they have their own, you know, internal rules and
 8   regulations and --
 9              THE COURT:  If they want to come out and bring
10   them, they can do that, but I do want not just to be shown
11   the document but I want a copy of the document for the
12   record.
13              MR. DUFFY:  Correct.
14              THE COURT:  And I may decide to turn it over in
15   which event --
16              MR. HEGGESTAD:  Your Honor, I'm having somewhat
17   --
18              THE COURT:  Who's this?  Wait a minute.  Who's
19   this?
20              MR. HEGGESTAD:  I'm sorry, Your Honor.  This is
21   Bob Heggestad.
22              THE COURT:  I don't -- wait a minute.  I just
23   take one lawyer at a time, Bob.
24              MR. HEGGESTAD:  Yes, Your Honor.
25              THE COURT:  Charles, do you understand what I'm
```

                                    15

```
 1   saying?
 2              MR. DUFFY:  Yes.  You want an unredacted copy of
 3   whatever -- is that what you're saying?
 4              THE COURT:  Yes.  And indicate what should be
 5   redacted --
 6              MR. DUFFY:  Okay.
 7              THE COURT:  -- so that we can make a record of
 8   it.  If I order it redacted or order it sealed, the record
```

3-1406A3.TXT

9  will be clear what's redacted, what's sealed.

10         MR. DUFFY:  I understand, Your Honor.

11         THE COURT:  All right. Now, Robert, what do you

12  have?

13         MR. HEGGESTAD:  Yes, Your Honor. I just -- I

14  think you clarified things. You've asked them to send the

15  documents out unredacted with --

16         THE COURT:  Is there some question you have?

17  Let's not repeat what I've done.

18         MR. HEGGESTAD:  That I would object to the

19  procedure where Mr. Duffy and the CIA came out to brief

20  Your Honor on --

21         THE COURT:  Wait a minute. I just got through

22  saying I wasn't going to do that.

23         MR. HEGGESTAD:  That's what I didn't understand,

24  Your Honor.

25         THE COURT:  All right. Well, it will all be a

16

1  part of the record. There will be documents, they'll have

2  Bates numbers. It will be part of the record.

3         Anything further?

4         MR. DUFFY:  Yes. This is Duffy from the

5  Government, Your Honor. I just need for you to clarify.

6  I'm sorry that -- are you saying that we cannot have, if

7  necessary, if the CIA's requiring the Department of

8  Justice, that we cannot have an in camera showing --

9         THE COURT:  Oh, you can have that. The only

10  thing I'm saying is --

11         MR. DUFFY:  Okay.

3-1406A3.TXT

12          THE COURT:    -- that if there is that showing --
13          MR. DUFFY:    Yes.
14          THE COURT:    -- there must be documents that they
15  are showing to me.
16          MR. DUFFY:    Okay.
17          THE COURT:    And the record must be made clearly
18  as to what the Bates numbers are, what the documents are
19  that they're showing me.  That's why I don't see why it's
20  necessary for them to be out.  But if the CIA wants to come
21  out, they can certainly do that.
22          MR. DUFFY:    Okay.  Thank you, Your Honor.
23  Nothing further.
24          THE COURT:    I'll talk to you all some other
25  time.

                                                            17

1           MR. DUFFY:    Thanks so much, Your Honor.
2           THE COURT:    Good-bye.
3                         (Concluded)
4           I certify, by signing below, that the
5   foregoing is a correct transcript of the record of
6   proceedings in the above-entitled cause.  A transcript
7   without an original signature is not certified.
8
9   _____        _____
    DENNIS R. GRUBE                 DATE
10  Official Court Reporter
11
12
13
14

```
                                    3-1406A3.TXT
       15
       16
       17
       18
       19
       20
       21
       22
       23
       24
       25
```

[]=