**EXHIBIT 2**

**U.S. Department of Justice**

Tax Division

*Facsimile No. (202) 307-0054*
*Trial Attorney: Richard A. Latterell*
*Attorney's Direct Line: (202) 307-6406*

Please reply to:  Civil Trial Section, Western Region
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044

EJO'C:RSW:CMDuffy
5-12-4862
CMN 1977107280

June 12, 2006

**FEDERAL EXPRESS MAIL**

Judge Owen M. Panner
c/o Donald Cinnamond, Clerk
United States District Court
District of Oregon
740 United States Courthouse
1000 S.W. 3rd Avenue
Portland, OR 97204-2902

Re:  United States v. Harry S. Stonehill and Robert P. Brooks
Civil No. 65-127-OMP (USDC CD California)

Dear Judge Panner:

The enclosed documents are being sent to you based on a ruling that you made at the June 6, 2006 hearing in this case.

Before discussing the enclosed documents, it might be helpful to provide some background. On April 14, 2006, the Government produced 11 documents pursuant to your December 20, 2005 order from the list of 1,154 documents filed by the defendants in conjunction with their motion to compel production. The Bates-stamp numbers and other information concerning the 11 documents are set forth in the United States' April 14, 2006 letter to the defendants, a copy of which is attached to the United States' Notice of Production that was filed with the Court on or about April 20, 2006.

Prior to the document production, the Central Intelligence Agency ("CIA") made redactions on documents 1 through 9 of the 11 referenced documents and then declassified the remaining parts of those 9 documents. The United States Department of Justice ("DOJ") also made redactions on *some* of the referenced 9 documents based on the "relevance rulings" set forth at pages 8 and 9 of the Court's December 20, 2005 order (at pages 8 and 9). No DOJ relevance redactions were made to documents number 3, 5, 7 and 8.

The Department of Justice also made relevance redactions on the documents referred to herein as documents number 10 and 11. The CIA did not make any redactions on those 2 documents.

The CIA redactions and the DOJ relevance redactions are described in the left hand column of the above-referenced April 14, 2006 letter, at pages 2 and 3.

Pursuant to your previous rulings, the Government did *not* make redactions on the 11 documents produced on April 14, 2006 based on the attorney-client privilege or the work product privilege, although many of the documents are clearly privileged. However, we listed the privileges in the right hand column of pages 2 and 3 of the April 14, 2006 letter because it is our intent to preserve the privileges.

My understanding is that you now want to determine whether DOJ's relevance redactions on the documents produced to defendants are consistent with your December 20, 2005 order and other rulings. For purposes of your determination, enclosed herewith are a folder (not in a sealed envelope) and a sealed envelope. The folder, which is not in a sealed envelope, contains copies of declassified documents number 1, 2, 4, 6, 9, 10 and 11 which were produced to defendants with the DOJ's relevance redactions. (Again, as stated above, there were no DOJ relevance redactions to documents number 3, 5, 7 and 8).

There are no DOJ relevance redactions on the corresponding declassified documents in the sealed envelope. Thus, you can discern DOJ's relevance redactions by comparing the documents contained in the folder of produced documents to the corresponding documents in the sealed envelope.

Finally, please note that in your April 12, 2006 order (at ¶ 1), you directed that certain names be redacted and substituted with "U.S. government official" or "Philippine government." Some of the references to "U.S. government official" or Philippine official" were placed on the documents produced to defendants after the CIA declassified them. Thus, there are more such references set forth on the documents produced to defendants than are on the documents declassified by the CIA (in the sealed envelope).

Pursuant to another ruling that you made at the June 6, 2006 hearing, we will now review the 135 documents that you referenced at the hearing and that defendants did not set forth on the list of 1,154 documents they filed in conjunction with their motion to compel production.

Sincerely yours,

Charles M. Duffy

CHARLES M. DUFFY
Trial Attorney
Civil Trial Section, Western Region

Enclosures

cc: Robert Heggestad, Esquire
    (Without enclosures)

-2-

1756155.11